# Exhibit A

April 13, 2018

*Via Email*
jimgrant@dwt.com

Mr. Jim Grant
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045

CC:   Mr. Robert Corn-Revere
      Davis Wright Tremaine LLP
      1919 Pennsylvania Ave., NW, Suite 800
      Washington, DC 20006-3401

Dear Mr. Grant,

I respectfully request that you and your firm comply with the terms outlined in your engagement letter of December 12, 2017 ("Engagement Letter"). Specifically, my understanding is that this requires that your firm withdraw from representing Mr. Larkin and Mr. Lacey individually.[1]

Now that I have entered guilty pleas in the federal and California matters related to Backpage, I believe an incurable conflict has now arisen as between me and each of the defendants in federal Case No. 2:18-cr-00422-SPL (D. Ariz.) and California Superior Court Case No. 16FE024013. This includes a direct, incurable conflict between me and Mr. Larkin and Mr. Lacey.

To the extent that you assert that I have waived the protections afforded to me as a current and former client of your firm,[2] I do not agree. As stated in my letter to you dated

---

[1] Engagement Letter, Page 3, para. 1: "If an incurable conflict were to arise among the three of you (which also appears unlikely), and agreement cannot be reached regarding DWT's continued representation of one or more of you, DWT will withdraw from representing each and all of you individually, while continuing to represent Backpage.com, as set forth above."

[2] *See, e.g.*, Wash. Rule of Professional Conduct 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing"); RPC 1.9(c)(1)-(2) ("A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.").

April 6, 2018, I have withdrawn any prior waiver that may have existed regarding conflicts of interest. I further believe that any prior informed consent would no longer be valid, as the issuance of a federal indictment in this matter has materially changed the facts and circumstances surrounding any such consent.

Sincerely,

Carl Ferrer

CC:   Nanci Clarence, Jonathan Baum