ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184,john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

JOHN P. CRONAN
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Michael Lacey, et al.,

Defendants.

CR-18-422-PHX-SPL (BSB)

**UNITED STATES' RESPONSE TO MOTION FOR DISCLOSURE OF DOCUMENTS RELATED TO PRETRIAL SEIZURE OF DEFENDANTS' ASSETS**

On May 11, 2018, the defendants filed a motion seeking to compel the United States to disclose certain documents related to the pretrial seizure of assets. *See* CR 141. That motion is now moot. On May 18, 2018, the United States provided defense counsel with thirteen of twenty-two warrants (seizing 62 accounts). *See* Exhibit A (email from Shannen

Beckman to defense counsel disclosing the first of 22 seizure warrants and supporting affidavits). As of the filing of this motion the United States is awaiting the unsealing of the remaining nine warrants. The balance of the warrants will be provided by the close of business on Friday May 18 or on Monday May 21. It is expected that defense counsel will soon inform the Court that they are withdrawing their motion and that, in their view, there is no need to hold the hearing that is currently scheduled for next Wednesday, May 23, 2018.

Because the parties' dispute concerning the disclosure of pretrial seizure-related documents is now resolved, it is unnecessary at this juncture to provide a point-by-point response to the various factual and legal arguments contained in the defendants' motion. Nevertheless, because the United States strongly disputes any suggestion that it acted unreasonably during the discussions with defense counsel that preceded the filing of the motion, it wishes to share some additional background information.

As the Court is aware, the parties stipulated to a detailed scheduling order in this case. *See* CR 131. Although the scheduling order gave the United States until December 2018 to meet its Rule 16 obligations, the United States voluntarily agreed to produce the first wave of discovery—which is expected to be voluminous—within 60 days (*i.e.*, by July 1, 2018). *See* CR 131 at 1 n.2. Furthermore, when one member of the defense team expressed a preference to receive the first wave by the end of May 2018, the United States agreed to this request, too.

The United States has dedicated substantial resources over the past few weeks toward satisfying this obligation (including seeking unsealing orders in multiple jurisdictions, obtaining support from discovery specialists in the U.S. Department of Justice, and conducting evidence reviews.) The United States' objective has been to pull together the discoverable material in a single, comprehensive, well-organized, and easy-to-understand package. The United States' expedited efforts are proceeding successfully and it is expected that each defendant will receive a package of hard drives and CDs/DVDs before the end of May 2018 containing in excess of 7 million pages of discovery.

Notwithstanding all of this, several members of the defense team have contacted members of the prosecution team over the past few weeks and requested immediate assistance with various issues. The United States has, without exception, responded to these requests promptly and attempted to meet-and-confer with the defense in good faith in an attempt to resolve the issues without the need for judicial intervention. It is regrettable that, although the defense chose to include, as an exhibit to its motion, one of the letters that was sent to the government as part of this process, the defense declined to include the government's response. The email included with this pleading as Exhibit B summarizes some of the government's many efforts to go beyond its discovery obligations over the past few weeks.

As for the particular documents that were the subject of the (now moot) motion to compel, they are the applications that were filed, under seal, in the Central District of California to obtain various civil seizure warrants. The warrants were executed in April 2018. Under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), the United States ordinarily need not even initiate a civil forfeiture proceeding until 150 days from the date of seizure. Nevertheless, in the spirit of cooperation, here the United States informed the defense that it would move to unseal the applications from the Central District of California and include them as part of the initial wave of discovery to be produced by the end of May 2018—a production schedule several months ahead of what would ordinarily occur. When the defense expressed dissatisfaction with this offer, the United States further offered to produce the underlying financial records on which the seizure applications were based. *See* Exhibit B. The defense initially accepted this offer but later rejected it and filed the motion to compel.

Respectfully submitted this 18th day of May, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*<u>/s Kevin Rapp</u>*
KEVIN M. RAPP

MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

JOHN P. CRONAN
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Anne Chapman, Erin McCampbell, Gregory Zamora, James Grant, Larry Debus, Lawrence Kazan, Lee Stein, Paul Cambria, Robert Corn-Revere, Ronald London, Janey Henze Cook, John Littrell, Kenneth Miller, Thomas Bienart, Jr., Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, David Wakukawa, Michael Piccarreta, Stephen Weiss.

*s/Sally Hawley*
U.S. Attorney's Office

# Exhibit A

**From:** Beckman, Shannen (USACAC) [Contractor]
**To:** Kucera, John (USACAC); Paul Cambria
**Cc:** Lanza, Dominic (USAAZ); Rapp, Kevin (USAAZ); Jones, Reginald (CRM); Perlmeter, Margaret (USAAZ); Janey Henze Cook
**Subject:** RE: documents
**Date:** Friday, May 18, 2018 12:42:08 PM
**Attachments:** Republic Bank of AZ.18-996.Signed SW.pdf
Republic Bank of AZ.18-996.Signed App and Affidavit.pdf
image001.png
18.722.Rep Bank of AZ.pdf
18-996.Ntc of Errata.pdf

---

I contacted the Judge's Clerk who confirmed that the Orders to Unseal have been signed by the Judge for the Republic of Arizona accounts and they have been put into the queue to process and for the docketing department to docket to the record. Attached, please find the Application for Seizure Warrant, Affidavit and Seizure Warrant for both seizure warrants related to the Republic Bank of Arizona – Larkin.

Shannen Beckman
FSA Contractor

**From:** Kucera, John (USACAC)
**Sent:** Thursday, May 17, 2018 2:51 PM
**To:** Paul Cambria <pcambria@lglaw.com>
**Cc:** Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Janey Henze Cook <Janey@henzecookmurphy.com>; Beckman, Shannen (USACAC) [Contractor] <sbeckman2@usa.doj.gov>
**Subject:** RE: documents

Paul,

The unsealing orders are coming through now. Shortly, I will send you the seizure application, affidavits, and warrants related to your client.

Thanks,
John

---

**John Kucera | AUSA**
(213) 894-3391

**From:** Paul Cambria <pcambria@lglaw.com>
**Sent:** Thursday, May 17, 2018 9:53 AM

**To:** Kucera, John (USACAC) <jkucera@usa.doj.gov>
**Cc:** Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>
**Subject:** Re: documents

Ok let's see how it goes

Sent from my iPhone

Lipsitz Green
Scime Cambria LLP

**Paul J. Cambria Jr.**
Attorney at Law

42 Delaware Ave | Suite 120 | Buffalo, NY 14202
**TEL** 716 849 1333 x344 | **FAX** 716 855 1580
**email** | **profile** | **website** | **map** | **vCard**

---

**NOTICE:** This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.

On May 17, 2018, at 12:48 PM, Kucera, John (USACAC) <John.Kucera@usdoj.gov> wrote:

Paul,

The motion was filed yesterday morning. Until the court has ruled, I'm afraid I'm still bound by the sealing order. Once the sealing order is lifted, then I will be able to send you the now sealed documents. I'm afraid that I have no way to get the court to move more quickly or to explain to me how soon it will act.

As I mentioned, since it was an unopposed motion, I expect that the court will proceed quickly… but that's just my best guess.

Thanks,
John

_____________________

John Kucera | AUSA

(213) 894-3391

**From:** Paul Cambria <pcambria@lglaw.com>
**Sent:** Thursday, May 17, 2018 7:06 AM
**To:** Kucera, John (USACAC) <jkucera@usa.doj.gov>
**Subject:** documents

Can you have the documents we have asked for to us by Monday before our motion is scheduled to be argued assuming the motion is granted this week to unseal?

<image001.png>

# Exhibit B

**From:** Kucera, John (USACAC)
**To:** Janey Henze Cook; Paul Cambria
**Cc:** Lanza, Dominic (USAAZ); Rapp, Kevin (USAAZ); Perlmeter, Margaret (USAAZ); Jones, Reginald (CRM)
**Subject:** RE: Documents
**Date:** Thursday, May 10, 2018 12:09:56 PM
**Attachments:** image002.png

Janey and Paul,

Since our 5/7 meeting, the government has taken steps to address the concerns you raised. I'll try to run through those concerns and the government's attempts to cooperate in their resolution.

First, you indicated that your client urgently needed money to pay debts and obligations. When you asked whether the government would allow seized funds to be applied to your client's personal expenses as well as to the maintenance of other assets affected by the forfeiture actions, the government agreed to work with you to resolve. As part of our discussions on this subject, the prosecution team asked that your client provide some sort of verified financial statement—in whatever form—so that the government could be assured of the truth of your client's claims that he was financially unable to attend to these obligations. You declined to produce any information on your client's financial status stating that you considered it an illegitimate attempt by the government to obtain financial information about your client. As a compromise, the government agreed that your firm could use a check that you represented was likely from a wholly untainted source. Although you could not guarantee that this check was in no way intermingled with any illicit funds, because of the urgency you represented to us about the situation, the government agreed to forgo in-depth scrutiny of the funds, and agreed that your firm could deposit the check and apply the proceeds to your client's debts (which you also indicated included about $60,000 owed to your firm). Further, the prosecution team agreed that if additional urgent needs for funds arose, particularly related to other assets subject to forfeiture, the government would work in good faith to find a mutually acceptable solution, including discussing applying other seized funds to the maintenance of assets that might otherwise deteriorate in value.

Next, you asked whether the government would provide all the sealed materials involved in the CDCA civil forfeiture actions. You indicated that you needed these materials to be able to review the basis for the seizure. The government replied that it was unwilling to do provide all the requested documents because such materials were under seal, and any early unsealing would result in the premature disclosure of material that was the subject of a criminal discovery order. Nevertheless, we agreed that we would try to address any issues you had as a result of not being able to access all the under-seal materials. As part of our efforts to be cooperative with you, the prosecution team agreed to seek an order from the court allowing the government to provide you with what we've been calling the "underlying documents" that the government relied upon for the tracing of the bank accounts that resulted in the seizure of your client's accounts. We explained that we believed that these documents would allow you to review

the government's basis for seizure, but, if after you had an opportunity to review, you disagreed and believed that additional materials would be needed, then the government would work with you in good faith to find a mutually acceptable solution. Further, the prosecution team explained that we intended to seek to file civil complaints related to the seized assets, and that we intended to file such complaints this month (May 2018), a timetable much quicker than that required by law. We explained that, under the terms of the sealing order, the filing of these complaints would result in the termination of the sealing order. So, even under the government's timetable, you would have access to the under seal materials by the end of this month.

We had hoped that our efforts to accommodate your requests would have been sufficient. We addressed your client's immediate needs for funds, and agreed to work with you should future needs arise, and we sought to find a mutually acceptable way for you to review the basis for seizure in a timely way. We continue to be willing to work with you on these concerns. Please let us know should you like to discuss further.

-John

____________________

John Kucera | AUSA
(213) 894-3391

**From:** Janey Henze Cook <Janey@henzecookmurphy.com>
**Sent:** Wednesday, May 09, 2018 10:31 PM
**To:** Paul Cambria <pcambria@lglaw.com>
**Cc:** Kucera, John (USACAC) <jkucera@usa.doj.gov>; Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>
**Subject:** Re: Documents

In addition, please keep in mind that we did not know of the existence of the civil case at the time of the stipulation, or while in Court on the 30th. The existence of the additional civil forfeiture action became known to us on May 1. At that time, we immediately requested that the documents be sent to us and were told that they were under seal and "we are looking into it." On May 3 we learned for the first time that the case was in California. We renewed our request for the documents and immediately offered to accept service of process, to receive the documents subject to a protective order, to do whatever necessary to be provided notice.

No one is trying to change positions or undo previous agreements. We can't stipulate to something we don't even know about. And I think it's clear now that Cambria didn't understand the limited nature of the disclosure you were proposing when discussing this issue earlier today.

This request is not complicated- provide the defendants with the documents necessary to defend themselves, and in turn, their counsel the opportunity to give legal advice based on something other than guesswork. The documents we are requesting are not voluminous nor does the government need to wade through 9 million files to find and send them.

If the government wants us to seek judicial intervention to receive things as basic as notice of what has been seized, we will have to do so. Given all of the constitutional issues at play here- especially the denial of due process, we were hoping that wasn't necessary. All we can do now is accept your stated reason at face value- "they are sealed" and move on.



**PLEASE NOTE OUR NEW ADDRESS!!!**

**Janey Henze Cook**
722 E. Osborn Road, Ste 120
Phoenix, Arizona 85014
Direct: 602.956.1930
Cell: 602.402.9576
Main: 602.956.1730
Fax: 602.956.1220
www.henzecookmurphy.com

This email message contains information from the law firm of Henze Cook Murphy, PLLC. The contents of this message and any attachments are intended solely for the addressee(s), and may contain confidential and/or privileged information that is legally protected from disclosure. If you are not the intended recipient of this message, or if you receive this message in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited

On May 9, 2018, at 8:44 PM, Paul Cambria <pcambria@lglaw.com> wrote:

> John the court clearly was interested in early production the records we request are readily available when you said underlying documents I expected just that and to me that means all of them. I was pleased because I thought we could be in a position to review the basis for massive pretrial seizures that have a continuing dramatic impact on our clients and their ability to defend themselves. They are indicted their assets are seized what possible reason could there be to withhold them .we need to challenge the seizures and the extent of the seizures. We were pleased when we thought we were getting all underlying documents. I believe the schedule sets forth the last possible dates for various categories to be produced and that it does not preclude the defense from asking the court for sooner production for easily available documents that we are entitled to and would be in keeping with the courts obvious desire to encourage voluntary discovery. As stated in court we have literally millions of documents to review the ones we requested we thought were the underlying documents you referred to and are needed now to properly fund what will clearly be a tremendous amount of work by the defense. So far you have not specified what you consider the underlying documents are but for saying bank records. To me the underlying documents of PRE trial seizures are the documents which purport to authorize the seizures. I am puzzled as to why you are not willing to provide them now and no good reason has been given except that they are under seal. As we said we consent to them being unsealed or given to us under a protective order. Please understand I am merely doing my job my clients and other clients assets are paralyzed they are needed to meet daily obligations for the nearly 2 years before we can be ready for trial And to adequately fund a defense in a case with up to nine million documents. So we will gladly accept what you intended to supply and further reserve our right to immediately request all of the underlying documents we need to fully address a massive

PRE trial seizure in a First Amendment grounded case. Please understand this very reasonable request and position by the defense

Sent from my iPhone

**Paul J. Cambria Jr.**
Attorney at Law

42 Delaware Ave | Suite 120 | Buffalo, NY 14202
**TEL** 716 849 1333 x344 | **FAX** 716 855 1580
email | profile | website | map | vCard

---

**NOTICE:** This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.

> On May 9, 2018, at 11:12 PM, Kucera, John (USACAC) <John.Kucera@usdoj.gov> wrote:
>
> The parties stipulated, less than two weeks ago, to a comprehensive discovery schedule. That stipulated schedule afforded the government 60 days to produce the initial wave of discovery, which is expected to be voluminous. The government is currently expending substantial resources toward pulling all of the discovery together in a comprehensive fashion. Nevertheless, at your request, we have now agreed to expedite the production of the first wave and provide it by the end of this month. This production will include all of the documents you are now requesting. Additionally, we have further agreed, again at your request, now to file a petition in the Central District of California to permit us to disclose to you the financial records underlying the seizure of your client's accounts. These records will address the exact issue we discussed during our meeting earlier this week - our tracing of tainted funds into the seized accounts. You seemed to agree to that approach earlier today (which likely would have resulted in the production of the financial records to you by early next week), but you have now changed your position and demanded that we immediately unseal and produce an even larger set of records before the end of the month. Although we are trying to be flexible, meet your needs, and avoid the need for judicial intervention, we believe our current proposal - which will not only provide the requested records far earlier than the deadline the parties previously agreed to, but also far earlier than usually required under the forfeiture statutes - is a reasonable one.
>
> Sent from my iPhone
>
> On May 9, 2018, at 6:53 PM, Paul Cambria <pcambria@lglaw.com<mailto:pcambria@lglaw.com>> wrote:
>
> Can you specify for me what you are saying you would provide so I can accurately represent that in my motion and then list what other documents we believe are necessary and we are entitled to?
>
> Sent from my iPhone
>

>
>
>
> [cid:emailsignature_d62b426c-103f-4958-9e29-50e8f1ce530e111.png]
>
>
> Paul J. Cambria Jr.
> Attorney at Law
>
>
> 42 Delaware Ave | Suite 120 | Buffalo, NY 14202
> TEL 716 849 1333 x344 | FAX 716 855 1580
> email<mailto:pcambria@lglaw.com> | profile<http://www.lipsitzgreen.com/attorneys/cambria-paul/> | website<http://www.lipsitzgreen.com/> | map<http://maps.google.com/maps?q=42+Delaware+Avenue,+Buffalo,+NY+14202&daddr=42+Delaware+Ave,+Buffalo,+NY+14202&hl=en-US&view=map&geocode=CR_cHypAIdvBFeFejgIdUWdM-w&t=m&z=16> | vCard<http://www.lipsitzgreen.com/vcard/3/>
>
>
>
>
>
>
> ________________________________
> NOTICE: This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.
>
>
>
>
>> On May 9, 2018, at 9:22 PM, Kucera, John (USACAC) <John.Kucera@usdoj.gov<mailto:John.Kucera@usdoj.gov>> wrote:
>>
>> So, is it fair to say that you agree with our proposal and you will support the government's motion to move to provide you with the 'underlying documents?'
>>
>> Sent from my iPhone
>>
>> On May 9, 2018, at 6:16 PM, Paul Cambria <pcambria@lglaw.com<mailto:pcambria@lglaw.com><mailto:pcambria@lglaw.com>> wrote:
>>
>> Would like anything you are willing to give us at this time
>>
>> Sent from my iPhone
>>
>>
>>
>>
>> [cid:emailsignature_d62b426c-103f-4958-9e29-50e8f1ce530e111.png]
>>
>>
>> Paul J. Cambria Jr.
>> Attorney at Law
>>
>>
>> 42 Delaware Ave | Suite 120 | Buffalo, NY 14202

>> TEL 716 849 1333 x344 | FAX 716 855 1580
>> email<mailto:pcambria@lglaw.com> | profile<http://www.lipsitzgreen.com/attorneys/cambria-paul/> | website<http://www.lipsitzgreen.com/> | map<http://maps.google.com/maps?q=42+Delaware+Avenue,+Buffalo,+NY+14202&daddr=42+Delaware+Ave,+Buffalo,+NY+14202&hl=en-US&view=map&geocode=CR_cHypAIdvBFeFejgIdUWdM-w&t=m&z=16> |
vCard<http://www.lipsitzgreen.com/vcard/3/>
>>
>>
>>
>>
>>
>>
>> ______________________________
>> NOTICE: This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.
>>
>>
>>
>>
>>> On May 9, 2018, at 8:53 PM, Kucera, John (USACAC)
<John.Kucera@usdoj.gov<mailto:John.Kucera@usdoj.gov><mailto:John.Kucera@usdoj.gov>>
wrote:
>>>
>>> We understand your request, but the government won't agree to that at this time. Given our position on your request, how do you wish to proceed on our proposal?
>>>
>>> Sent from my iPhone
>>>
>>> On May 9, 2018, at 5:34 PM, Paul Cambria
<pcambria@lglaw.com<mailto:pcambria@lglaw.com><mailto:pcambria@lglaw.com>
<mailto:pcambria@lglaw.com>> wrote:
>>>
>>> I would hope you would send us the documents Janey stated
>>>
>>> Sent from my iPhone
>>>
>>>
>>>
>>>
>>> [cid:emailsignature_d62b426c-103f-4958-9e29-50e8f1ce530e111.png]
>>>
>>>
>>> Paul J. Cambria Jr.
>>> Attorney at Law
>>>
>>>
>>> 42 Delaware Ave | Suite 120 | Buffalo, NY 14202
>>> TEL 716 849 1333 x344 | FAX 716 855 1580
>>> email<mailto:pcambria@lglaw.com> | profile<http://www.lipsitzgreen.com/attorneys/cambria-paul/> | website<http://www.lipsitzgreen.com/> | map<http://maps.google.com/maps?q=42+Delaware+Avenue,+Buffalo,+NY+14202&daddr=42+Delaware+Ave,+Buffalo,+NY+14202&hl=en-US&view=map&geocode=CR_cHypAIdvBFeFejgIdUWdM-w&t=m&z=16> |
vCard<http://www.lipsitzgreen.com/vcard/3/>
>>>
>>>
>>>

>>>
>>>
>>>
>>> ______________________________
>>> NOTICE: This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.
>>>
>>>
>>>
>>>
>>> On May 9, 2018, at 7:46 PM, Kucera, John (USACAC) <John.Kucera@usdoj.gov<mailto:John.Kucera@usdoj.gov><mailto:John.Kucera@usdoj.gov> <mailto:John.Kucera@usdoj.gov>> wrote:
>>>
>>> Ok, understood. Now that we've got a shared definition for 'underlying documents,' how would you like to proceed?
>>>
>>> __________________
>>> John Kucera | AUSA
>>> (213) 894-3391
>>>
>>>
>>> From: Paul Cambria <pcambria@lglaw.com<mailto:pcambria@lglaw.com> <mailto:pcambria@lglaw.com><mailto:pcambria@lglaw.com>>
>>> Sent: Wednesday, May 09, 2018 4:38 PM
>>> To: Kucera, John (USACAC) <jkucera@usa.doj.gov<mailto:jkucera@usa.doj.gov> <mailto:jkucera@usa.doj.gov><mailto:jkucera@usa.doj.gov>>
>>> Cc: Janey Henze Cook <Janey@henzecookmurphy.com<mailto:Janey@henzecookmurphy.com> <mailto:Janey@henzecookmurphy.com><mailto:Janey@henzecookmurphy.com>>; Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov<mailto:DLanza@usa.doj.gov><mailto:DLanza@usa.doj.gov> <mailto:DLanza@usa.doj.gov>>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov<mailto:KRapp@usa.doj.gov><mailto:KRapp@usa.doj.gov> <mailto:KRapp@usa.doj.gov>>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov<mailto:MPerlmeter@usa.doj.gov><mailto:MPerlmeter@usa.doj.gov> <mailto:MPerlmeter@usa.doj.gov>>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov<mailto:Reginald.Jones4@usdoj.gov> <mailto:Reginald.Jones4@usdoj.gov><mailto:Reginald.Jones4@usdoj.gov>>
>>> Subject: Re: Documents
>>>
>>> Sorry to me john underlying documents are what was used to seize the property.
>>> Sent from my iPhone
>>>
>>>
>>>
>>>
>>> <image001.png>
>>>
>>> On May 9, 2018, at 7:31 PM, Kucera, John (USACAC) <John.Kucera@usdoj.gov<mailto:John.Kucera@usdoj.gov><mailto:John.Kucera@usdoj.gov> <mailto:John.Kucera@usdoj.gov>> wrote:
>>> This has been a frustrating exchange, because there were several points today where you indicated that our proposal was fine. For example, your email of 12:35 stated: "Ok that is fine it is unopposed at this point however I don't understand the need for continued sealing. We can review the documents and discuss with you and then decide the next step." We propose to move to allow the government to provide the underlying documents immediately, as a courtesy to you, and provide

them as soon as possible so you can review and then we can discuss next steps.
>>>
>>> -John
>>>
>>> ____________________
>>> John Kucera | AUSA
>>> (213) 894-3391
>>>
>>>
>>> From: Paul Cambria <pcambria@lglaw.com<mailto:pcambria@lglaw.com>
<mailto:pcambria@lglaw.com><mailto:pcambria@lglaw.com>>
>>> Sent: Wednesday, May 09, 2018 4:04 PM
>>> To: Kucera, John (USACAC) <jkucera@usa.doj.gov<mailto:jkucera@usa.doj.gov>
<mailto:jkucera@usa.doj.gov><mailto:jkucera@usa.doj.gov>>
>>> Cc: Janey Henze Cook
<Janey@henzecookmurphy.com<mailto:Janey@henzecookmurphy.com>
<mailto:Janey@henzecookmurphy.com><mailto:Janey@henzecookmurphy.com>>; Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov<mailto:DLanza@usa.doj.gov><mailto:DLanza@usa.doj.gov>
<mailto:DLanza@usa.doj.gov>>; Rapp, Kevin (USAAZ)
<KRapp@usa.doj.gov<mailto:KRapp@usa.doj.gov><mailto:KRapp@usa.doj.gov>
<mailto:KRapp@usa.doj.gov>>; Perlmeter, Margaret (USAAZ)
<MPerlmeter@usa.doj.gov<mailto:MPerlmeter@usa.doj.gov><mailto:MPerlmeter@usa.doj.gov>
<mailto:MPerlmeter@usa.doj.gov>>; Jones, Reginald (CRM)
<Reginald.Jones4@usdoj.gov<mailto:Reginald.Jones4@usdoj.gov>
<mailto:Reginald.Jones4@usdoj.gov><mailto:Reginald.Jones4@usdoj.gov>>
>>> Subject: Re: Documents
>>>
>>> No I'm not rejecting that at all we would take that information and use it to discuss the accounts we were talking about the other day but we need the other documents so that we can address all of the assets that have been seized in a prompt and timely fashion our position is that it is unfair to tie up this massive amount of property pretrial without allowing us to promptly seek review
>>> Sent from my iPhone
>>>
>>>
>>>
>>>
>>> <image001.png>
>>>
>>> On May 9, 2018, at 7:00 PM, Kucera, John (USACAC)
<John.Kucera@usdoj.gov<mailto:John.Kucera@usdoj.gov><mailto:John.Kucera@usdoj.gov>
<mailto:John.Kucera@usdoj.gov>> wrote:
>>> Ok, I think that I understand your position, but please correct me if I'm wrong. You are rejecting our offer to seek an order to allow the government to provide you with the "underlying documents" (as we've now defined that term), is that right?
>>>
>>> ____________________
>>> John Kucera | AUSA
>>> (213) 894-3391
>>>
>>>
>>> From: Paul Cambria <pcambria@lglaw.com<mailto:pcambria@lglaw.com>
<mailto:pcambria@lglaw.com><mailto:pcambria@lglaw.com>>
>>> Sent: Wednesday, May 09, 2018 3:56 PM
>>> To: Kucera, John (USACAC) <jkucera@usa.doj.gov<mailto:jkucera@usa.doj.gov>
<mailto:jkucera@usa.doj.gov><mailto:jkucera@usa.doj.gov>>; Lanza, Dominic (USAAZ)
<DLanza@usa.doj.gov<mailto:DLanza@usa.doj.gov><mailto:DLanza@usa.doj.gov>
<mailto:DLanza@usa.doj.gov>>; Rapp, Kevin (USAAZ)

<KRapp@usa.doj.gov<mailto:KRapp@usa.doj.gov><mailto:KRapp@usa.doj.gov>
<mailto:KRapp@usa.doj.gov>>; Janey Henze Cook
<Janey@henzecookmurphy.com<mailto:Janey@henzecookmurphy.com>
<mailto:Janey@henzecookmurphy.com><mailto:Janey@henzecookmurphy.com>>
>>> Subject: Documents
>>>
>>>
>>> Sorry if this was not clear but I always meant all the documents the Government used to separate the defendants from their property PRE trial. We are entitled to these and respectfully we know of no reason to delay disclosure especially given the impact seizure has on the defendants personally and defense wise . We also thought the court sought to promote and encourage disclosure sooner than later. I would hope you would reconsider this request before we apply to the court for relief.
>>> Sent from my iPhone
>>>
>>>
>>>
>>> <image001.png>
>>>
>>>