XAVIER BECERRA
Attorney General of California
JAMES ROOT
Senior Assistant Attorney General
RANDY MAILMAN
Deputy Attorney General
State Bar No. 246134
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7253
Fax: (916) 322-2368
E-mail: Randy.Mailman@doj.ca.gov
*Attorneys for the People of the State of California*

FILED / ENDORSED
APR 12 2018
By [signature] Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,**<br>Plaintiff,<br>**v.**<br>**CARL FERRER**<br>(DOB: 03-16-1961) (Xref # 5094010)<br>Defendant. | Case No. 16FE024013<br><br>**PLEA AGREEMENT** |

In order to resolve the charges against him, Carl Ferrer ("Defendant"), represented by and through his attorney of record, Nanci Clarence, agree with the People as follows:

1. Defendant will plead **guilty** to counts 1, 2, 3, and 12 in the First Amended Criminal Complaint charging him as follows:

   a. Count 1 – Conspiracy to commit money laundering in violation of California Penal Code sections 182 (a)(1) and 186.10(a)(1) and (2), a felony.

   b. Count 2 – Money laundering in violation of Penal Code section 186.10(a), a felony.

c. Count 3 – Money laundering in violation of Penal Code section 186.10(a), a felony.

d. Count 12 – Money laundering in violation of Penal Code section 186.10(a), a felony.

2. The People and Defendant stipulate to the following facts:

On or between January 1, 2013 and September 1, 2016, in the County of Sacramento and throughout the State of California, Defendant, along with Michael Lacey and James Larkin, operated multiple websites, including Backpage.com. Backpage.com offers online classified services, but its overwhelming source of income was generated by charging customers money to post advertisements in the adult escort section. Because of the nature of the revenue stream, several financial institutions refused to process payments for advertisements on Backpage.com. However, Defendant created new merchant accounts, manipulated billing descriptors, misled financial institutions, and created shell companies in order to circumvent the financial institutions' unwillingness to process Backpage.com's commercial sex and other transactions.

Between July 1, 2014 and July 31, 2014, Defendant transferred, between bank accounts, more than $563,575 in revenue generated from the sale of California based adult services section advertisements on Backpage.com, through Bank Corporation, Wells Fargo, and J. P. Morgan Chase, knowing that the money represented the proceeds of bank and wire fraud.

Between August 1, 2014 and August 31, 2014, Defendant transferred, between bank accounts, more than $1,099,309 in revenue generated from the sale of California based adult services section advertisements on Backpage.com, through Bank Corporation, Wells Fargo, and J. P. Morgan Chase, knowing that the money represented the proceeds of bank and wire fraud.

Between May 1, 2015 and May 31, 2015, Defendant transferred, between bank accounts, more than $48,288.85 in revenue generated from the sale of California based adult services section advertisements on Backpage.com, through American Express, knowing that the money represented the proceeds of bank and wire fraud.

3. Defendant agrees to cooperate with the investigation and prosecution of co-conspirators Michael Lacey and James Larkin in Sacramento County Superior Court case number 16FE024013 by making himself available to the Attorney General's Office to assist in the investigation and prosecution, truthfully recalling and relating information regarding the case, providing truthful testimony at preliminary hearing, grand jury, trial, or other court proceeding

without further process of subpoena, identifying forfeitable assets, and providing access to Backpage.com transaction data.

4. No later than five business days after entering this plea agreement, or otherwise as directed by the U.S. Attorney's Office for the District of Arizona, Defendant agrees to take all steps within his power to shut down Backpage.com in all countries where it operates.

5. No later than fourteen business days after entering this plea agreement, or otherwise as directed by the U.S. Attorney's Office for the District of Arizona, Defendant agrees to take all steps within his power to forfeit, to the United States, all operating rights for all internet domains—such as Backpage, Ymas, Postfastr, and Truckrjobs—used to operate the website Backpage.com throughout the world.

6. Defendant agrees that he will make Backpage.com data available for law enforcement and act as the declarant to authenticate business records as the custodian of records, if necessary, until the time of sentencing,

7. The People and Defendant agree that sentencing will be scheduled for as soon as possible after Defendant has completed his cooperation and after sentencing in the federal matter.

8. The maximum sentence that can be imposed under this plea agreement is 5 years. Admission to the factual basis contained in paragraph 2 will not be used to support the imposition of enhancements under Penal Code § 186.10 subd. (c).

9. Pursuant to Penal Code § 1192.5, the People agree to recommend that Defendant be sentenced to a period of incarceration concurrent with and not to exceed the custodial time imposed in the matter of *United States v. Carl Ferrer*, United States District Court, District of Arizona, case number CR-18-464-PHX-DJH. Such sentence shall be served in a federal facility. If the court in this matter, 16FE024013, determines that the Defendant has failed to satisfy the above-described obligations to cooperate and testify truthfully, Defendant may be sentenced up to the maximum term of five years in state custody. The People shall, in good faith, consider the nature and extent of Defendant's cooperation in whatever sentencing recommendation is made to

the Court.

10. In lieu of a fine, Defendant agrees, pursuant to his federal plea agreement, to pay full restitution to all victims directly or proximately harmed by his conduct.

11. The People agree to file any motion necessary in order to achieve the People's recommended sentence.

12. Defendant understands that the Court is not bound by the terms of this agreement. However, if the Court does not follow the People's recommendations outlined in paragraph 9 above, Defendant will be permitted to withdraw the plea and no statement of Defendant received during the plea will be admitted against the Defendant in any subsequent criminal proceedings.

13. The Defendant agrees and acknowledges that this plea waives any and all of his appellate rights.

///

14. The People and the Defendant enter into this agreement with the intent to achieve a global resolution of the various criminal actions now pending against Defendant. If the Defendant's plea agreements in Texas and the federal matter in Arizona are not accepted, Defendant may the withdraw his plea of guilty to the charges set forth in paragraphs 1 and 2 above.

Dated: April 12, 2018

CARL FERRER
Defendant

Dated: April 12, 2018

NANCI CLARENCE
JONATHAN BAUM
Attorneys for Defendant

Dated: April 12, 2018

RANDY MAILMAN
Deputy Attorney General
People of the State of California

STIPULATION SO APPROVED. The above stipulation will be incorporated into the record, and its terms made a part of, or considered by, any probationary order.

Dated: April 12, 2018

JUDGE OF THE SUPERIOR COURT
LAWRENCE G. BROWN