◯R 18FC-1652C

State's Exhibit #1

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | 94TH JUDICIAL DISTRICT |
| | § | |
| CARL FERRER | § | NUECES COUNTY, TEXAS |

## PLEA BARGAIN AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

I, Carl Ferrer, the undersigned Defendant, having had the advice of counsel, hereby agree to the following:

1. I, Carl Ferrer, will enter a plea of guilty to Money Laundering as alleged in the above-referenced cause.

2. I, Carl Ferrer, will give full, complete, and truthful evidence concerning my knowledge of any and all offenses committed by any and all co-defendants identified by Texas, California, or federal authorities. This agreement includes testimony during trial, pre-trial, post-conviction, appellate and re-trial proceedings in any Court, state or federal. Carl Ferrer, the District Attorney of Nueces, County, Texas, [hereinafter The District Attorney] and the Texas Attorney General agree that Carl Ferrer shall be given "use immunity" as to any statements made by him pursuant to this agreement, including statements made to Texas authorities and during trial, pre-trial, post-conviction, appellate and re-trial proceedings given in any Texas court or hearing. The Court, by acceptance of this plea agreement confers use immunity with respect to the aforementioned statements coextensive with Defendant's right against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution.

3. I, Carl Ferrer, agree that I will not disclose the existence of the investigations that have resulted in this plea, the substance of the investigations that have resulted in this plea, or the identity of any potential future targets of the investigations that have resulted in this plea, except as may be required to effectuate withdrawal from the Joint Defense Agreement to which Carl Ferrer is a party.

4. I, Carl Ferrer, will additionally give sworn written or recorded statement(s) detailing any additional facts if that is requested by any attorney for Texas or California or federal Assistant U.S. Attorney.

5. I, Carl Ferrer, will immediately take steps within my power to permanently shut down Backpage.com in all countries in which it is operating, and will take no action to resume operation of Backpage.com or any similar website in the future. "Similar website" is defined as any website or web hosting platform that involves adult content, including classified postings or advertisements for dating, personals, massage, escorts, or any other sexually oriented service.

6. I, Carl Ferrer, will provide all available information to state and federal law enforcement regarding the largest purchasers of advertisements on Backpage.com.

7. I, Carl Ferrer will assist both state and federal law enforcement in the seizure of all domain names registered to Backpage.com, LLC and all related companies.

8. I, Carl Ferrer, will identify all forfeitable assets of my own, co-defendants of which I have knowledge, Backpage.com, LLC, and all related companies to state and federal law enforcement.   18FC-1653C  18FC-1655C  18FC-1657C
18FC-1654C  18FC-1656C  18FC-1658C

9. I, Carl Ferrer, will plead Backpage.com LLC and all specified companies in [Case Number] to 1 Count of Trafficking of Persons, TPC 20A.02, and 1 Count of Engaging in Organized Criminal Activity with an underlying criminal activity of Money Laundering, TPC 34.02.

State's Exhibit #1

10. I, Carl Ferrer, agree that if I breach the terms of this plea agreement or if I intentionally, knowingly or recklessly conceal, misrepresent, or misstate any material fact relevant to this plea agreement, the Court may sentence me up to the maximum punishment allowed by law for a second-degree felony, 2-20 years in the Texas Department of Criminal Justice—Institutional Division.

In return and in consideration thereof, the State of Texas agrees that:

11. If there is a dispute regarding whether Carl Ferrer has met his obligations under this agreement, the Court shall determine whether the defendant has failed to comply with this agreement, including whether the defendant has been truthful.

12. The Court agrees to defer the sentencing of Carl Ferrer until he has had the opportunity to comply with his obligations under this Agreement, through completion of the trials against the other co-defendants discussed in paragraph 2 above. The Court agrees that Carl Ferrer will be sentenced first in the federal matter.

13. In the event Carl Ferrer is sentenced to prison in the federal system, he may serve his Texas prison sentence in a federal facility. The sentence Carl Ferrer receives in this matter shall run concurrent to the sentence he receives in the federal matter.

14. Neither the Court, the District Attorney or the Attorney General of Texas will communicate to the Texas Board of Pardon and Paroles a protest to Carl Ferrer being granted parole.

15. The Court, the District Attorney, and the Attorney General of Texas agree that Carl Ferrer may be released on bond, subject to necessary bond conditions, during the time period after he has been sentenced by Texas but before his federal prison sentence begins. If Carl Ferrer is not sentenced to prison in the federal system, his Texas sentence in TDCJ—Institutional Division will begin immediately upon sentencing.

16. Carl Ferrer, the District Attorney, and the Attorney General of Texas agree that Carl Ferrer will plead guilty to 1 Count of Money Laundering, Texas Penal Code, Section 34.02, a Second Degree Felony. Carl Ferrer, the District Attorney, and the Attorney General of Texas agree that, subject to Paragraph 10 above, in exchange for his plea of guilty and other terms stated herein, Carl Ferrer will be sentenced to a cap of 5 years in the Texas Department of Corrections Institutional Division. Carl Ferrer will make no application for probation or deferred adjudication. Carl Ferrer, the District Attorney, and the Attorney General of Texas shall have the right to argue for any sentence within the cap of 5 years, from a minimum of 2 years to a maximum of 5 years in the Texas Department of Corrections Institutional Division at the time of sentencing. The District Attorney and the Attorney General of Texas shall in good faith consider the nature and extent of the Defendant's cooperation in whatever sentencing recommendation is made to the court.

Other Terms: Fine of $1,500 due at sentencing and Court Costs.

THE UNDERSIGNED certify they have READ ALL TERMS of the above agreement, and the agreement contains ALL the terms of the plea bargain to which they have agreed.

Criminal District Attorney
Nueces County, Texas

By: _____
Asst. Criminal District Attorney

_____
Defendant

_____
Attorney for Defendant