# Exhibit 3

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

April 26, 2018

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

**VIA EMAIL: Kevin.Rapp@usdoj.gov**

Kevin Rapp, Esq.
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Re:   Backpage

Dear Kevin:

It is my understanding that Carl Ferrer has indicated to the government that he is waiving the attorney-client privilege on behalf of himself, Backpage, and the other entities he controls. If that is not the case, please let me know.

Also, regardless of whether Mr. Ferrer and the entities he controls waive the attorney-client privilege as to themselves, such a waiver or waivers would not waive the privilege of any other individuals or entities, nor would it waive any privileges held jointly by Mr. Ferrer and/or his entities and other individuals or entities, whether in materials seized by the government or as to any other privileged communications. These joint privileges held by the various parties require that the government not review any materials concerning communications with counsel in the various civil cases, or any communications concerning Davis Wright Tremaine LLP, Henze Cook Murphy, PLLC, Rusing Lopez & Lizardi, PLLC, or Don Moon, Esq. Any government officials who are inspecting or reviewing such materials or communications, including members of the taint team, should be so advised.

Sincerely,

Michael L. Piccarreta

MLP:mh
cc:   Paul Cambria, Esq. (via email: pcambria@lglaw.com)
      Mike Kimerer, Esq. (via email: mdk@kimerer.com)
      Bruce Feder, Esq. (via email: bf@federlawpa.com; fl@federlawpa.com)
      KC Maxwell, Esq. (via email: kmaxwell@bgrfirm.com)
      Steve Weiss, Esq. (via email; sweiss@karpweiss.com)

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

May 1, 2018

VIA EMAIL

Dominic Lanza (Dominic.Lanza@usdoj.gov)
Kevin Rapp (Kevin.Rapp@usdoj.gov)
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Re: United States v. Lacey, et al.

Dear Dom and Kevin:

I have been asked by the defendants to request early production by the government of the following categories of documents as soon as possible so that they can be made part of the record in regards to the government's motion for disqualification. These requested documents, which are attached to this letter, are necessary in order to properly prepare the response and also prepare whatever related motions need to be filed and heard with the government's motion. I would hope that we could receive some or all of whatever records can be gathered together as quickly as possible.

I am willing to modify my request for ease of production or clarify it if you have any questions.

Sincerely,

Michael L. Piccarreta

MLP:mh
Enclosure
cc:  Tom Bienert (via email: tbienert@bmkattorneys.com)
     Paul Cambria (via email: pcambria@lglaw.com)
     Bruce Feder (via email: bf@federlawpa.com; fl@federlawpa.com)
     Mike Kimerer (via email: mdk@kimerer.com)
     Gary Lincenberg (via email: gsl@birdmarella.com)
     KC Maxwell (via email: kmaxwell@bgrfirm.com)
     Steve Weiss (via email: sweiss@karpweiss.com)

## LIST OF DOCUMENTS

1. All communications between the USAO or any other governmental law enforcement authorities and Carl Ferrer or his counsel concerning DWT's representation of any Backpage parties (this and all of the following requests include any and all communications between Carl Ferrer, his counsel, or any other government representative).

2. All documents including engagement letters, common interest or joint defense agreements or related communications among counsel, parties or others related to joint representation or defense of Backpage parties that have been provided to the government by Mr. Ferrer or his counsel.

3. All communications with Mr. Ferrer or his counsel about representation or putative conflicts of counsel, including all correspondence that has been received from April 5, 2018, onward.

4. Any documents that reflect the date upon which Mr. Ferrer's counsel first had communications with the government related to possible cooperation or with the intention of exploring possible cooperation.

5. All correspondence, documents, writings, tangible or electronic, that were provided by the law firm of Clarence Dyer & Cohen (CDC) to any representative of the government in relation to the criminal and civil resolution of the legal issues relating to Carl Ferrer, Backpage, or any of its related entities.

6. Any correspondence, documents, writings, tangible or electronic, that were provided to any government representatives by the law firm of CDC in relation to the criminal and civil resolution of the legal issues relating to Carl Ferrer, Backpage, or any of its related entities.

7. All reports, FBI Form 302s, or other memoranda prepared by the USAO or any federal law enforcement agency relating to information provided by Carl Ferrer or his legal counsel to the government relating to the entering of a negotiated civil and/or criminal agreement or provided to the government subsequent to entering into a plea agreement.

8. All written agreements between Carl Ferrer, Backpage, or any related entities and the government, or any of its cooperating governmental entities relating to the investigation of Mr. Ferrer, Backpage or any of its related entities that have not previously been provided.

9. Any notes, memoranda, or summaries of any oral conversations or telephone calls between any representative of the government and any representatives of CDC or Carl

Ferrer related to the negotiated civil and/or criminal resolution of the legal issues relating to Carl Ferrer, Backpage, or any of its related entities, whether prior or subsequent to the negotiated resolution of these matters.

10. Copies of any tapes or electronic memorialization of any conversations, interviews, discussions with the law firm of CDC or Carl Ferrer related to the negotiated resolution of the case or subsequent to the negotiated resolution of the case.

11. Any written or recorded statements or testimony provided by Carl Ferrer about the operations of Backpage, or any of its related entities, or any of the defendants.

12. All communications with the USAO or any other government authorities to and from lawyers representing plaintiffs in litigation against Backpage, its employees, or related entities.

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA  
JEFFERSON KEENAN  
LOUIS S. FIDEL  

---

BARRY M. DAVIS  
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1000  
TUCSON, ARIZONA 85701  
(520) 622-6900  
FAX (520) 622-0521  
WWW.PD-LAW.COM

May 2, 2018

VIA EMAIL

Dominic Lanza (Dominic.Lanza@usdoj.gov)  
Kevin Rapp (Kevin.Rapp@usdoj.gov)  
United States Attorney's Office  
Two Renaissance Square  
40 N. Central Avenue, Ste. 1200  
Phoenix, AZ 85004-4408

    Re:   United States v. Lacey, et al.

Dear Dom and Kevin:

    It was mentioned in court this week that the government has set up, through the Justice Department, an interoffice taint team to review certain information, presumably from computers relative to Backpage and presumably for the purpose of segregating all potential privileged communications. On behalf of Mr. Padilla and the other defendants (unless they specifically indicate to the contrary), we are preserving any and all privileges along with any and all objections to the use of interoffice taint teams. This objection is not directed to you personally, it is simply a general objection to use of any interoffice taint team regardless of who is the assigned taint attorney. I also object to any federal law enforcement agents obtaining, reviewing, discussing and using any attorney-client privileged information in the course of any investigation. If, in fact, this has occurred, those agents should be removed from the investigation and any attorney-client privileged information that they were involved with in any manner whatsoever should be sealed and excised from the file.

    Accordingly, on behalf of Mr. Padilla and the other named defendants, we are asserting all privileges, including attorney-client privilege, and objecting to the government's use of "taint team" type procedures with regard to documents or any

PICCARRETA DAVIS KEENAN FIDEL PC

other tangible or intangible objects that may possibly contain attorney-client privileged information.

As stated by Judge Bury,

> liberal use of taint teams should be discouraged because they present "inevitable and reasonably foreseeable risks that privileged information may be leaked to prosecutors." (Renzi's Objection at 25 (citing *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006)). "That is to say, the government taint team may have an interest in preserving privilege, but it also possesses a conflicting interest in pursuing the investigation, and, human nature being what it is, occasionally some taint team attorneys will make mistakes or violate their ethical obligations." *Id.*

*United States v. Renzi*, 722 F.Supp.2d 1100, 1112 (D.Ariz. 2010).

Other courts have been equally critical of the practice, if not more so. "When considering the purposes of the attorney-client privilege, it is obvious that no governmental entity should intentionally review privileged material without the express approval of the court." *United States v. Pedersen*, 2014 WL 3871197, at *29 (D.Ore. 2014). "It would be a rare defendant who would feel comfortable speaking openly with his defense attorney knowing that somebody from the government, even a filter team attorney, was reviewing those communications." *Id.* Moreover, "taint team" procedures should only be used as a last resort. *Id.*, at *31 ["If there is a feasible means to segregate privileged material without risk of accidental review and without use of a taint team, such means should be employed"].

In *United States v. Neill*, 952 F.Supp. 834 (D.D.C. 1997), the court held that "the government's affirmative decision to invoke these procedures constitutes a *per se* intentional intrusion" into the attorney-client relationship. *Id.* at 840-41. Accordingly,

> Where the government choses to take matters into its own hands rather than using the more traditional alternatives of submitting disputed documents under seal for *in camera* review by a neutral and detached magistrate or by court-appointed special masters, …it bears the burden to rebut the assumption that tainted material was provided to the prosecution team.

2

PICCARRETA DAVIS KEENAN FIDEL PC

*Id.* at 841 [numerous citations omitted].

I think the most prudent course is to have a special master, a magistrate, or the district court review any possibly privileged materials to decide whether they are provided to government attorneys and agents. The defendants would request an opportunity to have input prior to the disclosure of any potentially privileged material.

I am therefore asserting Mr. Padilla's and the other named defendants' attorney-client privileges, objecting to the use of internal / governmental / justice department "taint team" procedures, and requesting *in camera* review by the court, a magistrate, or a special master of any documents that possibly contain privileged information including attorney-client privileged information.

Sincerely,

Michael L. Piccarreta

MLP:bp

cc: Tom Bienert (via email: tbienert@bmkattorneys.com)
Paul Cambria (via email: pcambria@lglaw.com)
Bruce Feder (via email: bf@federlawpa.com; fl@federlawpa.com)
Mike Kimerer (via email: mdk@kimerer.com)
Gary Lincenberg (via email: gsl@birdmarella.com)
KC Maxwell (via email: kcm@kcmaxlaw.com)
Steve Weiss (via email: sweiss@karpweiss.com)
John Kucera (via email: john.kucera@usdoj.gov)
Margaret Perlmeter (via email: Margaret.perlmeter@usdoj.gov)
Reginald Jones (via email: reginald.jones4@usdoj.gov)

3

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

May 15, 2018

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

VIA EMAIL: Kevin.Rapp@usdoj.gov

Kevin Rapp
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Re:   United States v. Lacey, et al.:
      objection to government's use of taint team procedures

Dear Kevin:

Thank you for your letter dated May 14, 2018. We are in the midst of digesting the contents and responding to your proposal. However, I would request, in order to avoid any further problems arising out of the use of the Justice Department taint team, that if such a review is currently occurring, it cease and desist until either the parties resolve these issues or an appropriate court order is issued. This would permit matters to be left in the status quo until they are resolved. This does not waive any issues that have occurred prior to any agreement or judicial resolution.

I anticipate we will get back to you next week, and hopefully we can work together to resolve these issues.

Sincerely,

Michael L. Piccarreta

MLP:mh
cc:   Reginald Jones (via email: reginald.jones4@us.doj.gov)
      John Kucera (via email: john.kucera@usdoj.gov)
      Dominic Lanza (via email: dominic.lanza@usdoj.gov)
      Margaret Perlmeter (via email: Margaret.perlmeter@usdoj.gov)
      Tom Bienert (via email: tbienert@bmkattorneys.com)
      Paul Cambria (via email: pcambria@lglaw.com)
      Bruce Feder (via email: bf@federlawpa.com; fl@federlawpa.com)
      Mike Kimerer (via email: mdk@kimerer.com)
      Gary Lincenberg (via email: gsl@birdmarella.com)
      KC Maxwell (via email: kcm@kcmaxlaw.com)
      Steve Weiss (via email: sweiss@karpweiss.com)

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

May 23, 2018

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

VIA EMAIL: Kevin.Rapp@usdoj.gov

Kevin Rapp, Esq.
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Re:   United States v. Lacey, et al.: independent taint team

Dear Kevin:

Before we are able to make decisions as to how to proceed relative to any taint team or submission to the court for ruling, it would be helpful if you could provide me with the source of the documents that need to be reviewed. For example, documents obtained from computers at Backpage or any other entity, computers, etc. seized from which individual defendants, documents obtained from the California or Texas Attorney General's Offices, etc. and the approximate volume of documents from the respective sources.

I am asking, in part, because I understand there is an agreement entered into between the California Attorney General's Office and the defendants in the California criminal case regarding review of privileged documents. We should not be duplicating work that has already been done or contradict procedures that were agreed upon previously. Do the documents we are discussing include documents from the Attorney General's Office or are those documents not involved in our discussion? Although I refer to documents, I am assuming we are discussing electronic documents.

Once we are able to determine the general sources of the documents, we can then move to stage two and discuss how we wish to handle these items. If, of course, we cannot agree, it seems to make sense that we should ask a court to resolve any dispute. However, we should all be on the same page as to the underlying facts relating to the documents and hopefully able to narrow any disagreements.

Sincerely,

Michael L. Piccarreta

MLP:bp

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

June 12, 2018

VIA EMAIL: Kevin.Rapp@usdoj.gov

Kevin Rapp, Esq.
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Re: United States v. Lacey, et al.: Email dated June 4, 2018

Dear Kevin:

This is in response to your email of June 4, 2018, regarding privilege review and the use of a taint team. You are correct that I disagree with your view that filter review is unnecessary due to Backpage's purported waiver of the corporate attorney-client privilege. As I mentioned earlier, there are joint privilege agreements between Mr. Ferrer and Backpage and other individuals and entities and Mr. Ferrer and/or Backpage cannot unilaterally waive these jointly-held privileges. *See* my correspondence to you dated April 26, 2018. Under these circumstances, filter review for privileged materials is necessary. As you suggest, it is probably best that we receive guidance from the court on these matters. I suggest that you file your motion with the court stating your position on these matters and we will respond regarding both the necessity for filter review and the form that review should take.

Sincerely,

Michael L. Piccarreta

JK:mh