# Exhibit 4

**CLARENCE**
**DYER**
**COHEN** LLP

ATTORNEYS AT LAW

Nanci L. Clarence
Kate Dyer
Josh A. Cohen
Shaneeda Jaffer
Adam F. Shearer
Jonathan Baum

VIA FEDERAL EXPRESS

April 26, 2018

US District Court - District of Massachusetts Boston Division
Judge Leo T. Sorokin
1 Courthouse Way
Boston, MA 2210

Re: *Jane Doe Nos. 1, 2 & 3 v. Backpage.com LLC et al.*, No. 17-cv-11069 (D. Mass.)

Your Honor,

Our client Carl Ferrer is a named defendant in the above-entitled action. While we do not represent Mr. Ferrer in this action, we do represent him in certain federal and state criminal proceedings of which we believe the Court and parties may be aware.

Mr. Ferrer respectfully requests that the attached correspondence be made part of the record in the above-entitled action. All parties have been provided with a copy of this letter and its attachment.

Respectfully submitted,

Nanci L. Clarence

NLC/ac
Enclosure
cc w/encl.   John T. Montgomery    jmontgomery@ropesgray.com
             Aaron M. Katz         aaron.katz@ropesgray.com
             Jessica L. Soto       jessica.soto@ropesgray.com
             Matthew D. LaBrie     matthew.labrie@ropesgray.com
             Rebecca C. Ellis      rebecca.ellis@ropesgray.com
             Christine Ezzell Singer christine.singer@ropesgray.com
             Jolene L. Wang        Jolene.Wang@ropesgray.com
             Robert A. Bertsche    rbertsche@princelobel.com
             James Grant           jimgrant@dwt.com

Carl Ferrer<br>
Chief Executive Officer<br>
Backpage.com LLC<br>
13601 Preston Road Suite E801<br>
Dallas, TX 75240

**Sent via Email**

April 24, 2018

James Grant
Jeff Gray
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
jimgrant@dwt.com
jeffgray@dwt.com

Robert Corn-Revere
Ronald G. London
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
bobcornrevere@dwt.com
ronnielondon@dwt.com

Scott Commerson
Nicole Phillis
Davis Wright Tremaine LLP
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017-2566
scottcommerson@dwt.com
nicolephillis@dwt.com

Dear Counsel:

    I am in receipt of your letter dated April 20, 2018 in which you informed your clients, Carl Ferrer, Backpage.com, LLC and related entities owned or controlled by Mr. Ferrer (specifically, UGC Tech Group CV, Website Technologies, LLC, Altantische Bedrijven CV, Amstel Holdings, LLC, Lupine Holdings LLC, Kickapoo River Investments LLC, CF Holdings GP LLC, and CF Acquisitions LLC) (collectively, your "Backpage Clients") that Davis Wright Tremaine LLP ("DWT") would be withdrawing as counsel in the following matters:

- Rodgers v. Backpage LLC et al., No. 38-CV-2017-900041.00 (Houston Cty. Cir. Ct., Alabama)
- Doe v. Ferrer et al., No. MCC1700068 (Super. Ct. Riverside Co.)

- Ambrose v. Backpage LLC et al., No. 2017-L-004979 (Cook Cty. Cir. Ct., Ill.)
- Plaintiff XXXXXXX v. Backpage.com LLC et al., No. DC-17-00951 (44th Jud. Dist. Ct., Dallas Co., Tex.)
- Doe 1 v. Backpage.com LLC et al., No. 2018-04501 (270th Dist. Ct., Harris Co., Texas)
- Doe 2 v. Backpage.com LLC et al., No. 2018-09781 (270th Dist. Ct., Harris Co., Texas)
- Doe 3 v. Backpage.com LLC et al., No. 2018-12781 (125th Dist. Ct., Harris Co., Texas)
- Doe 4 v. Backpage.com LLC et al., No. 2018-12747 (157th Dist. Ct., Harris Co., Texas)
- R.O. & K.M. v. Backpage.com LLC et al., No. 17-2-04897-1 (Super. Ct. Pierce Co., Wash.)
- O.L. v. Backpage.com LLC et al., No. 13-2-13382-8 (Super. Ct. Pierce Co., Wash.)
- Hawley v. Backpage.com, No. 1711-CC00589 (11th Jud. Dist. St. Charles Co., Mo.)
- Backpage.com LLC v. Hawley, No. 4:17-cv-01951 (E.D.Mo.)
- Backpage LLC et al. v. Hawley, No. 18-1096 (8th Cir.)
- Backpage LLC v. Dart, No. 1:15-cv-06340 (N.D.Ill)
- Florida Abolitionist v. Backpage.com LLC et al., No. 6:17-cv-218 (M.D. Fla.)
- Kocher v. Backpage.com LLC et al., No. 3:18-cv-00449 (D. Or.)
- Jane Doe Nos. 1, 2 & 3 v. Backpage.com LLC et al., No. 17-cv-11069 (D. Mass.)
- Backpage.com LLC et al. v. Healey, No. 17-2090 (1st Cir.)

This letter responds to your prior correspondence and requests that DWT immediately take steps to avoid a material adverse effect to the Backpage Clients in these matters. Your sudden withdrawal from these proceedings — if allowed on such short notice — would result in irreparable harm to the Backpage Clients and their legal rights.

## Extensions of Time Are Necessary to Avoid Material Adverse Effects of DWT's Withdrawal.

Your letter acknowledges that the Backpage Clients are facing imminent deadlines for responsive pleadings and critical briefing on dispositive motions in these various matters nationwide. A review of the public dockets of those proceedings indicates that responsive pleadings are due in several actions within the next week or two. *See, e.g., O.L. v. Backpage.com LLC et al.*, No. 13-2-13382-8 (Super. Ct. Pierce Co., Wash.) (responsive pleading due May 2, 2018); *Doe 2 v. Backpage.com LLC et al.*, No. 2018-09781 (270th Dist. Ct., Harris Co., Texas) (response due April 26, 2018); *Doe 4 v.*

*Backpage.com LLC et al.*, No. 2018-12747 (157th Dist. Ct., Harris Co., Texas) (response due April 26, 2018); *Jane Doe Nos. 1, 2 & 3 v. Backpage.com LLC et al.*, No. 17-cv-11069 (D. Mass.) (response due May 3, 2018).

  Under governing rules of professional conduct, an attorney may not withdraw from a client's representation if doing so would result in material harm to the client's position in litigation or would otherwise prejudice the client's interests. *See, e.g.*, Wash. R. Prof. Conduct 1.16(b)(1); Cal. R. Prof. Conduct 3-700(A)(2); Tex. Discip. R. Prof. Conduct 1.15; ABA Model Rule 1.6(a)(1) & (b)(1). An attorney also has an ethical duty to give his or her client sufficient notice and time to hire a new attorney before withdrawing from the representation. *See* Wash. R. Prof. Conduct 1.16(d); Cal. R. Prof. Conduct 3-700(A)(2); Tex. Discip. R. Prof. Conduct 1.15(d). Moreover, as to the cases in which you have entered an appearance, your sudden withdrawal is likely improper without court approval. *See, e.g.*, Tex. R. Civ. P. 10; *Rogers v. Clinton*, 794 S.W.2d 9, 10 n.1 (Tex. 1990).

  Here, DWT's sudden withdrawal threatens to irreparably harm the Backpage Clients' interests, which could remain unprotected if a default were entered against them. There is little time for all of these clients to locate new counsel and prepare responsive pleadings on such short notice, myself included. I did not receive any advance notice of your intention to withdraw, and even if withdrawal were appropriate, I would expect a reputable firm like DWT to adhere to its professional duties when terminating the representation. Please be advised that neither I nor any other Backpage Client consent to the withdrawal of any motions that have already been filed in any pending matter. Those motions should remain on-file with the court, and any attempt by DWT and its affiliates to withdraw those motions will be considered an attempt to prejudice the rights of the Backpage Clients in that litigation.

  To avoid prejudice and irreparable harm, I hereby request that you secure a 30-day extension of time for the Backpage Clients to locate new counsel in all pending matters. I further request that DWT immediately seek stipulations, via special appearance, to extend the time to respond in all cases in which it has not yet entered an appearance. There are two cases in Texas, for instance, in which letter agreements have been filed by your local counsel, Akin Gump, that extends the time to respond.

### DWT's Joint Representation Agreements Preclude The Sudden Withdrawal Proposed in the April 20 Letter.

  Your letter is also striking in what it does not say — i.e., that DWT has decided to terminate one group of clients at the expense of another. Your letter does not indicate

3

that DWT intends to withdraw as counsel for all Backpage-affiliated clients, and it makes no mention of the other individual defendants who have been named in several of the matters listed above (e.g., Michael Lacey and James Larkin). I have reason to believe that DWT cannot terminate its representation of Backpage.com LLC in favor of those two individuals. Moreover, as a joint client of DWT, I do not consent to DWT's continued representation of any other person or entity other than Backpage if DWT terminates its representation.

DWT cannot terminate its representation of Backpage.com LLC, the entity, in favor of other co-defendants. To my knowledge, Backpage.com LLC is the only joint client for whom DWT has secured advance consent in the event of a conflict of interest. That is what was contractually agreed among the parties to the joint representations, and a contrary result would be improper. An attorney simply cannot decide to drop one client in favor of another in the case of a concurrent conflict of interest. *See State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1114 (C.D. Cal. 2016); *see also, Truck Ins. Exchange v. Fireman's Fund Ins. Co.*, 6 Cal. App. 4th 1050, 1057 (1992) ("A law firm that knowingly undertakes adverse concurrent representation may not avoid disqualification by withdrawing from the representation of the less favored client before [the] hearing.").

### DWT's Must Account for and Return the Remainder of Backpage's $6.25 Million Retainer.

To the extent that you wish to terminate your representation of Backpage.com LLC, then you must immediately (i) account for the $6.25 million trust payment that was made by Backpage.com LLC to DWT at the commencement of the representation and (ii) return all unused trust funds, which remain the property of Backpage. *See* Wash. R. Prof. Conduct 1.15(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned."). On behalf of all the clients, I also request that you immediately return all hard disks, files, and other property of the Backpage Clients provided to you during the representation.

Please confirm that (i) DWT will be requesting extensions of time in favor of the Backpage Clients in the various proceedings identified in your April 20 letter and (ii) DWT will continue to represent Backpage.com LLC in these further proceedings (pursuant to the terms of its representation agreements).

We reserve the right to file this letter with the Court in all pending proceedings, if necessary. Please confirm by the close of business on April 25, 2018 that DWT and/or its affiliated counsel will immediately request extensions of time on behalf of the Backpage Clients, before the earlier of (a) three (3) days or (b) any applicable responsive pleading deadlines.

Very truly yours,

*[signature]*

Carl Ferrer
Backpage CEO

Cc: Local Counsel, as follows:
- Robert D. Segall, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL (segall@copelandfranco.com)
- M. Scott Barnard, Akin Gump Strauss Hauer & Feld LLP, Dallas, TX (sbarnard@akingump.com)
- Andrew F. Newman, Akin Gump Strauss Hauer & Feld LLP, Dallas, TX (anewman@akingump.com)
- Molly E. Whitman, Akin Gump Strauss Hauer & Feld LLP, Dallas, TX (mwhitman@akingump.com)
- Wayne B. Giampetro, Poltrock & Giampietro, Chicago, IL (wgiampietro@wpglawyers.com)
- Mark S. Sableman, Thompson Coburn LLP, St. Louis, MO (msableman@thompsoncoburn.com)
- Lawrence G. Walters, Walters Law Group, Longwood, FL (larry@firstamendment.com)
- Robert A. Bertsche, Prince Lobel Tye LLP, Boston, MA (rbertsche@princelobel.com)
- Charles H.R. Peters, Schiff Hardin, LLP, Chicago, IL, (cpeters@schiffhardin.com)