ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
KEVIN M. RAPP (Ariz. Bar No. 14249),
kevin.rapp@usdoj.gov
MARGARET PERLMETER (Ariz. Bar No. 024805),
margaret.perlmeter@usdoj.gov
PETER S. KOZINETS (Ariz. Bar No. 019856),
peter.kozinets@usdoj.gov
ANDREW C. STONE (Ariz. Bar No. 026543),
andrew.stone@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184),
john.kucera@usdoj.gov
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806),
reginald.jones4@usdoj.gov
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-422-PHX-SPL (BSB) |
|---|---|
| Plaintiff, | MOTION FOR LEAVE TO LATE FILE REPLY ON DEFENDANT JAMES LARKIN'S OPPOSITION IN RESPONSE TO UNITED STATES' APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY (First Request) |
| v. | |
| LACEY, ET AL., | |
| Defendants. | |

1    Plaintiff United States of America, by and through its counsel

2  of record, the United States Attorney Office for the District of

3  Arizona and Special Assistant United States Attorney John J. Kucera,

4  respectfully moves this Court for an order granting leave to late

5  file their Reply on Defendant James Larkin's Opposition in Response

6  to United States' Application for Order Regarding Criminal Forfeiture

7  of Property in Government Custody.

8    Plaintiff's Reply on James Larkin's Opposition to Response to

9  United States' Application for Order Regarding Criminal Forfeiture of

10  Property in Government Custody is being filed late due to the press

11  of other business that counsel has been addressing in this matter and

12  others, including but not limited to the preparation of civil

13  complaints.  Defendants' counsel has advised that they oppose this

14  motion.

15  //

16  //

17

18

19

20

21

22

23

24

25

26

27

28

1     For the above reasons, the government respectfully moves for

2  leave to late file this Reply on Defendant James Larkin's Opposition

3  in Response to United States' Appliation for order Regarding Criminal

4  Forfeiture of Property in Government Custody.

6  Dated: September 12, 2018    Respectfully submitted,

ELIZABETH STRANGE
First Assistant United States Attorney
District of Arizona

BRIAN BENCZOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of
Justice

KEVIN RAPP
MARGARET PERLMETER
ANDREW STONE
PETER KOZINETS
Assistant United States Attorneys

REGINALD JONES
Senior Trial Attorney

/s/*John J. Kucera*

JOHN J. KUCERA
Special Assistant United States
Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

3

1   ELIZABETH A. STRANGE
    First Assistant United States Attorney
2   District of Arizona
    KEVIN M. RAPP (Ariz. Bar No. 14249),
3   kevin.rapp@usdoj.gov
    MARGARET PERLMETER (Ariz. Bar No. 024805),
4   margaret.perlmeter@usdoj.gov
    PETER S. KOZINETS (Ariz. Bar No. 019856),
5   peter.kozinets@usdoj.gov
    Andrew C. Stone (Ariz. Bar No. 026543)
6   Andrew.stone@usdoj.gov
    Assistant U.S. Attorneys
7   40 N. Central Avenue, Suite 1800
    Phoenix, Arizona 85004-4408
8   Telephone (602) 514-7500

9   JOHN J. KUCERA (Cal. Bar No. 274184),
    john.kucera@usdoj.gov
10  Special Assistant U.S. Attorney
    312 N. Spring Street, Suite 1400
11  Los Angeles, CA 90012
    Telephone (213) 894-3391

12
    BRIAN BENCZKOWSKI
13  Assistant Attorney General
    Criminal Division, U.S. Department of Justice
14
    REGINALD E. JONES (Miss. Bar No. 102806),
15  reginald.jones4@usdoj.gov
    Senior Trial Attorney, U.S. Department of Justice
16  Child Exploitation and Obscenity Section
    950 Pennsylvania Ave N.W., Room 2116
17  Washington, D.C. 20530
    Telephone (202) 616-2807
18
    Attorneys for Plaintiff
19
                    IN THE UNITED STATES DISTRICT COURT
20
                        FOR THE DISTRICT OF ARIZONA
21

22    United States of America,              CR 18-422-PHX-SPL (BSB)

23                    Plaintiff,              REPLY TO OPPOSITION TO
                                              GOVERNMENT'S APPLICATION FOR
24            v.                              ORDER REGARDING CRIMINAL
                                              FORFEITURE OF PROPERTY IN
25    Michael Lacey, et al.,                  GOVERNMENT CUSTODY

26                    Defendant(s).

27

28

1   Plaintiff United States of America (the "government"), by

2   and through its counsel of record, the United States Attorney's

3   Office for the District of Arizona and Special Assistant United

4   States Attorney John J. Kucera, hereby submits its reply to

5   Michael Lacey's, joined by James Larkin, John Brunst, and Scott

6   Spear (collectively "defendants"), Opposition To The

7   Government's Application For An Order Regarding Criminal

8   Forfeiture Of Property Already In The Government's Custody (the

9   "Opposition").  In support of its motion, the Government states

10  as follows.

11  **I.    PROCEDURAL HISTORY**

12  On March 28, April 9, April 26, and June 24, 2018, for the

13  purpose of initiating forfeiture proceedings, the government

14  executed civil seizure warrants issued by three separate United

15  States Magistrate Judges in the Central District of California.

16  Pursuant to the arrest warrants, the United States seized all

17  right, title, and interest in certain assets (the "seized

18  assets").  Thereafter, on March 28, 2018, the government

19  included several of these assets in its Indictment (CR 18-422-

20  PHX-SPL (BSB), Dkt. #3).  Subsequently, on July 25, 2018, in its

21  Superseding Indictment (CR 18-422-PHX-SPL (BSB), Dkt #230) and,

22  on August 24, 2018, in the First Bill of Particulars (CR 18-422-

23  PHX-SPL (BSB), Dkt. 281), the government included for criminal

24  forfeiture each of the seized assets.

25  On August 1, 2018, in the Central District of California,

26  defendants moved to vacate the government's civil seizure of

27  illicit proceeds arising from alleged illegal activities

28

involving money laundering, prostitution, and obscenity violations.

On August 27, 2018, in the District of Arizona, the government filed its Application for an Order Regarding Criminal Forfeiture of Property in Government Custody. *See* Dkt. 282. Thereafter, on August 29, 2018, defendants filed their Opposition. *See* Dkt. 285.

In their Opposition, defendants' primary argument is that the government is engaged in forum shopping by applying in the District of Arizona for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of the criminal matter in the District of Arizona. Specifically, defendants suggest that the government is avoiding the September 24, 2018, hearing in the Central District of California before the Honorable R. Gary Klausner, by submitting this motion in this District. By doing so, defendants incorrectly allege that the government's motion is "an obvious effort to pull the issues from Judge Klausner and move them [to this District]." Dkt. 285 at 3. Defendants' accusation is false and fails to account for the fact that two different matters, one criminal and one civil, involve the same individuals and assets, and the fact that the government is entitled simultaneously to proceed against these same assets both criminally and civilly, or either one without the other.

## II. ARGUMENT

A. The Government May Apply for an Order Regarding Criminal Forfeiture of Property In Government Custody Because Venue Is Proper In This District

Title 18 U.S.C. § 1355(b)(1) permits the government to initiate a civil forfeiture action in the Central District of California because such actions may be brought in "the district court for the district in which *any* of the acts of omissions giving rise to the forfeiture occurred."  18 U.S.C. § 1355(b)(1)(A) (emphasis added).  Section 1355 has a broad application, establishing venue so long as "at least one of the acts or omissions giving rise to the [forfeiture] action occurred" in the district where the action is brought.  *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1186 (C.D. Cal. 2005); see also *United States v. Hartog*, 513 F.3d 991, 998 (9th Cir. 2008) ("Where an act or omission giving rise to the forfeiture occurs in a district, the corresponding district possesses jurisdiction over the forfeiture action regardless of its control over the res.").  In using the term "any," Congress chose language that is deliberately "broad" and "expansive" in its scope.  *See generally Ali v. BOP*, 552 U.S. 214, 219 (2008) (finding that when Congress uses the word "any" to modify a noun in a statute, it intends the language to have a "broad" and "expansive" scope).

The facts alleged in the indictment outline multiple allegations, including forfeiture based on money laundering statutes and facilitation of prostitution, which statutes provide for the forfeiture of assets involved in or traceable to the proceeds of these enumerated criminal acts.  Numerous acts in connection with the illegal proceeds are alleged to have occurred in the District of Arizona, including conspiracy in violation of the Travel Act (18 U.S.C. § 1952(a)(3)(A)) (Dkt.

1  #230 at ¶¶195-96.), facilitating prostitution (Dkt. #230 at

2  ¶¶200-01.), conspiracy to commit money laundering (Dkt. #230 at

3  ¶¶202-03.), money laundering concealment (Dkt. #230 at ¶¶204-

4  05.), promoting international money laundering (Dkt. #230 at

5  ¶¶206-07.), transactional money laundering (Dkt. #230 at ¶¶208-

6  09.), and concealing international money laundering (Dkt. #230

7  at ¶¶210-11.).  Likewise, these illegal activities have a direct

8  nexus to the Central District of California.

9       Defendants' argument that the government is engaged in

10  "forum shopping" completely ignores the extensive and detailed

11  allegations set forth in the indictment.  As explained above,

12  the indictment very specifically and in detail alleges multiple

13  acts in this District in furtherance of the conspiracy, which is

14  the underlying basis for the forfeiture of the defendant assets.

15      Defendants also ignore the fact that where there is an

16  indictment, the government need not pursue a forfeiture

17  complaint civilly, but, instead, may proceed by criminal

18  forfeiture alone if it elects.[1]  As such, this Court has full

19      [1] The government may elect to pursue civil forfeiture,
20  criminal forfeiture, or both mechanisms to forfeit the same
    property traceable to the same criminal act(s).  *See* 18 U.S.C.
21  §§ 981(a)(1)(A), 982(a)(1); *United States v. One 1978 Piper
    Cherokee Aircraft*, 91 F.3d 1204, 1209-10 (9th Cir. 1996); *United
22  States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999);
    *United States v. Cunan*, 156 F.3d 110, 117 (1st Cir. 1998) ("The
23  United States Code specifically contemplates the possibility of
    duplicative forfeiture proceedings ... ."). Cf. *United States v.
24  One 1985 Mercedes-Benz, 300 SD, VIN WDBCB20C6FA177831*, 14 F.3d
    465, 467 (9th Cir. 1994) ("Congress allowed for both the civil
25  forfeiture, under 18 U.S.C. § 981 . . ., and the criminal
    forfeiture, under 18 U.S.C. § 982, of 'property involved' in
26  violations of reporting requirements included in other sections
    of Title 31.").  This is so because, as the Ninth Circuit
27  pointed out above, "criminal and civil forfeiture actions are .
28  . . based on different legal principles . . . . [C]riminal

1    statutory authority to consider this motion and issue an order

2    allowing the government to maintain custody of property already

3    in the government's possession pending the resolution of this

4    criminal matter.[2]  Moreover, the government is not interfering

5    with the authority and jurisdiction of another district court

6    given that statutory authority contemplated such concurrent

7    proceedings and authorizes the government to pursue both matters

8    concurrently.

9         As such, defendants' "forum shopping" argument is

10   unavailing and lacks merit, and defendants remain free to seek

11   any relief they deem appropriate in this District.

12        B.   The Government Is Justified In Maintaining The Assets

13        Notwithstanding that the Department of Justice's Policy

14   Manual creates no substantive rights, defendants site to the

15   Manuel for the proposition that the government may only seek a

16   _____

17   forfeiture actions are *in personam* proceedings against the
     defendant . . . . By contrast, civil forfeiture actions are *in*

18   *rem* proceedings against specific pieces of property." *United*
     *States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 347 (9th Cir.

19   1994).

20   [2]  Title 21 U.S.C. § 853(a)(1) subjects property "constituting,
     or derived from, any proceeds the [defendants] obtained, directly

21   or indirectly" to criminal forfeiture provided that said
     defendants are "convicted of a violation of this subchapter."

22   Section 853(a)(1) also allows this District to "enter a
     restraining order or injunction" pursuant to 21 U.S.C. § 853(e).

23   Likewise, the Supreme Court has recognized that 21 U.S.C. §
     853(c) "reflects the application of the long-recognized and

24   lawful practice of vesting title to any forfeitable assets, in
     the United States, at the time of the criminal act giving rise to

25   forfeiture."  *Caplin & Drysdale, Chartered v. United States*, 491
     U.S. 617, 627 (1989); *see also United States v. Monsanto*, 491

26   U.S. 600, 613 (1989) ("We cannot believe that Congress intended
     to permit the effectiveness of the powerful 'relation-back'

27   provision of § 853(c) ... to be nullified by any other
     construction of the statute.").  Here, this standard is satisfied

28   by the indictment's specification of multiple acts in furtherance
     of the conspiracy that occurred in this District.

1   protective order pursuant to Section 853(e)(1) when the

2   government has already obtained lawful custody.  Opposition, p.

3   4.  Not only do defendants' arguments on this point appeal to no

4   binding authority upon either the government or this Court,

5   their arguments are internally inconsistent in that they ignore

6   that portion of the Manual that contradicts their argument.  In

7   pertinent part, the Manual states, "[I]t is perfectly

8   appropriate for the Government to maintain possession of such

9   property prior to the entry of a preliminary order of forfeiture

10  as long as [the Government] has a valid basis for holding the

11  property."  Department of Justice, *Policy Manual: Asset*

12  *Forfeiture Policy Manual* (2016) (*available at*

13  https://www.justice.gov/criminal-afmls/file/839521/download),

14  Chap. 1, Sec.III.C (at page 34) (the "Manual").

15      The government is well within its rights to seek custody

16  and control of the property pursuant to a court order, whether

17  it be through an injunction or similar remedy.  Where "the

18  property with respect to which the order is sought would, in the

19  event of conviction, be subject to forfeiture under this

20  section."  21 U.S.C. § 853(e)(1); *see also* 21 U.S.C. § 853(f).

21  This statute also allows this Court to "take any other action to

22  preserve the availability of the property ... for forfeiture ...

23  ."  *Id.*  Moreover, as evidenced by the allegations set forth in

24  the indictment, the government has shown a clear basis for

25  maintaining possession and control of the property pending the

26  resolution of this criminal matter.

27  ///

28  ///

1

2

3        WHEREFORE, pursuant to section 853(e)(1), the United States

4   respectfully moves this Court to issue an Order directing the

5   United States to maintain custody of the seized assets described

6   above through the conclusion of the pending criminal case, and

7   stating that such Order satisfies the requirements of 18 U.S.C.

8   § 983(a)(3)(B)(ii)(II).

9

10   DATED: September 12, 2018      ELIZABETH A. STRANGE
                                   First Assistant United States
11                                 Attorney
                                   District of Arizona
12
                                   BRIAN BENCZKOWSKI
13                                 Assistant Attorney General
                                   Criminal Division, U.S. Department
14                                 of Justice

15                                 */s/John J. Kucera*
                                   _____
16                                 KEVIN RAPP
                                   MARGARET PERLMETER
17                                 PETER S. KOZINETS
                                   ANDREW C. STONE
18                                 JOHN J. KUCERA
                                   Assistant U.S. Attorneys
19
                                   REGINALD JONES
20                                 Senior Trial Attorney

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>LACEY, ET AL.,<br><br>          Defendants. | No. CR 18-422-PHX-SPL (BSB)<br><br>ORDER GRANTING LEAVE TO LATE FILE<br>REPLY ON DEFENDANT JAMES LARKIN'S<br>OPPOSITION IN RESPONSE TO UNITED<br>STATES' APPLICATION FOR ORDER<br>REGARDING CRIMINAL FORFEITURE OF<br>PROPERTY IN GOVERNMENT CUSTODY<br>(First Request) |

     Having considered Plaintiff's Motion for Leave to Late File

Reply on Defendant James Larkin's Opposition in Response to United

States' Application for Order Regarding Criminal Forfeiture of

Property in Government Custody (First Request), and good cause

appearing:


     **IT IS HEREBY ORDERED** that the Motion is **GRANTED.**


DATED this _____ day of _____, 20 ___.


                                        _____
                                        **HON. STEVEN P. LOGAN**
                                        UNITED STATES DISTRICT JUDGE