THOMAS H. BIENERT, JR., CA State Bar No. 135311
*(Admitted Pro Hac Vice)*
tbienert@bmkattorneys.com
KENNETH M. MILLER, CA State Bar No. 151874
*(Admitted Pro Hac Vice)*
kmiller@bmkattorneys.com
ANTHONY R. BISCONTI, CA State Bar No. 269230
*(Admitted Pro Hac Vice)*
tbisconti@bmkattorneys.com
WHITNEY Z. BERNSTEIN, CA State Bar No. 304917
*(Admitted Pro Hac Vice)*
wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700 / Facsimile (949) 369-3701
Attorneys for JAMES LARKIN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL LACEY, ET AL.,<br><br>  Defendants. | Case No. CR-18-00422-PHX-SPL (BSB)<br><br>**Response to Government's Motion for Leave to File Untimely Reply in Support of Its Application for Order Regarding Criminal Forfeiture** |

The government has filed a motion for leave to late file a reply to defendants' opposition to the government's *Application for an Order Regarding Criminal Forfeiture of Property in Government Custody* (the "Application"). *See* Dkt. 303. Defendants oppose the government's late filing. But if this Court accepts the late Reply, defendants submit the following response for consideration.

## I.      BACKGROUND

Defendants have a Fifth Amendment right to a prompt hearing on the government's massive pretrial seizures of their property. Defendants have been denied that right to date, and the government continues to try to deny defendants that right.

Between March and June 2018, government counsel from the Central District of California ("CDCA") submitted *ex parte* civil seizure warrants in the CDCA to obtain seizure warrants from the U.S. District Court for the CDCA allowing the government to seize tens of millions of dollars-worth of assets from defendants. On August 1, 2018, defendants moved to vacate or modify the warrants (the "Motion to Vacate") in the CDCA because: (1) the seizures violated defendants' rights under the First Amendment, which prohibits the pre-trial seizure of publishing proceeds; (2) any seizure of publishing proceeds requires more than "probable cause," which the government did not even purport to establish; (3) the seizure warrants were obtained through knowing, material misrepresentations and omissions, in violation of defendants' First and Fourth Amendment rights; (4) even assuming, *arguendo*, that some assets were subject to seizure, the government failed to trace the seized publishing proceeds to any alleged criminal wrongdoing, let alone the knowing and specific violation of prostitution statutes that are required to support forfeiture in the publishing context; and (5) defendants (i.e., the Movants in the CDCA) had a Fifth Amendment right to a prompt hearing on their claims. *See* Dkt. 285, Exhibit A. The challenged CDCA seizure warrants provide the only purported findings to justify the government's pre-trial seizures of defendants' assets. Defendants have been deprived of their assets for almost 6 months and counting, and have yet to have a hearing to substantively challenge the illegality of the seizures.

//

After several requests by the government to delay the hearing date, a hearing on the Motion to Vacate is now scheduled for September 24, 2018 before the Honorable R. Gary Klausner, U.S. District Judge for the CDCA.  Despite requesting and receiving multiple extensions of time to file any opposition in the CDCA, the government has ignored opposition due dates and failed to file a substantive opposition addressing the many constitutional violations raised in defendants' Motion to Vacate.  Instead, the government came to this Court and filed its Application, seeking an Order from this Court summarily maintaining the pretrial seizure of these assets until the criminal case concludes.  It then filed with Judge Klausner a copy of the Application advising him that "[s]hould that Order issue, the government intends to move [the CDCA] to find that defendants' Motion is moot."[1]

In short, the government's Application is an improper attempt to prevent defendants from having a substantive hearing to address the government's illegal pretrial seizure of their assets.  It seeks to use this Court in an attempt to stop the court in the CDCA – the jurisdiction in which the government chose to seek and obtain the civil seizure warrants at issue – from holding the scheduled September 24 hearing to examine the impropriety and unconstitutionality of the warrants the government submitted in the CDCA and has used to illegally deprive defendants of tens of millions of dollars of assets.

In response to the government's actions and Application, defendants immediately filed an Opposition explaining that the government's Application was procedurally improper and should be rejected as an impermissible attempt to forum shop, interfere with the authority and jurisdiction of another district court, and keep possession of assets to which it has no right.  *See* Dkt. 285.  The government now seeks to submit an untimely reply to defendants' Opposition.

## II. ARGUMENT

Defendants are entitled to a hearing in the place where the warrants issued.  That process is underway and scheduled for hearing on September 24 in the CDCA.  By the

---

[1] Exhibit A, *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts xxxx1889, xxxx2592, xxxx1938, xxxx2912, and xxxx2500*, C.D. Cal. Docket 18-CV-6742-RGK-PJW, Doc. 40 at 2.

Application and proposed Reply, the government is trying to improperly deprive defendants not only of their property but also of their fundamental right to due process. This Court should not countenance the government's manipulation of the system and should reject its Application.

### A. The Government's Pretrial Seizures Are Unlawful.

The government's Application and proposed Reply do not justify its continued possession of the assets it took from defendants. The government essentially argues that it is in possession of various assets, the assets were identified in the forfeiture allegations of the Superseding Indictment, so pursuant to 21 U.S.C. § 853(e), it simply seeks an Order from this Court authorizing the issuance of a restraining order or injunction to preserve the property for forfeiture:

> In this case, the seized assets are already in government custody, and the government intends to preserve the assets for the purpose of forfeiture through the conclusion of the pending criminal case. All that is required to comply with section 983(a)(3)(B)(ii)(II) is an order from this Court directing the United States and its agencies to continue to maintain custody of the seized assets until the criminal case is concluded.

Dkt. 282 at 6.

But the "seized assets are already in government custody" only because of the CDCA civil seizure warrants. Thus, the government's right to continue to maintain custody of the seized assets turns on whether it rightly possessed those assets in the first place. That issue is being litigated in the district where the warrants issued (the CDCA). If those warrants are invalid, there is no basis for this Court to uphold the government's continued control of those assets.

The government cannot rely on forfeiture allegations in the Superseding Indictment to justify a continued seizure of defendants' assets. The issue here is a pretrial restraint of the assets. Naming the assets in forfeiture allegations of the Superseding Indictment does not give the government a basis to effect pretrial seizures of those assets. Including the

assets in the forfeiture allegations simply provides notice that if convicted, the government intends to seek forfeiture of the identified assets in the future as part of sentencing. Indeed, the express language of the forfeiture allegations in the Superseding Indictment makes clear it is only a notice of potential future actions: "notice is hereby given that the United States will seek forfeiture as part of any sentence . . . in the event of any defendant's conviction . . ." Dkt. 230 at page 63, ¶ 2 and page 77, ¶ 2. This is *not* an independent, legal basis to seize or restrain any of defendants' assets *pretrial*. Notably, neither the Superseding Indictment nor any other government filing reflect that the grand jury specifically was presented with evidence and found probable cause or any higher standard[2] related to the two forfeiture allegation counts in the Superseding Indictment.

The government's legal support is suspect. The government does not cite a single case where a court granted a Section 853(e)(1) Order authorizing the government's continued possession of property where: (1) the government wrongfully acquired the property in the first place, via a misleading *ex parte* application; or, (2) where the propriety of the government's acquisition of that same property was already being litigated in front of another district court where the misleading *ex parte* application was made. No applicable case is cited because the government's conduct here is flagrant, unprecedented and fundamentally improper.

No judicial proceeding has occurred in Arizona authorizing the pretrial restraint of the assets that the government has taken from defendants. The only basis on which the assets were seized and came to be in the government's possession was through the government's illegal *ex parte* warrant applications in the CDCA. Absent a finding that all of the assets were properly seized based on the CDCA civil seizure warrants, this Court has no basis in front of it to make a finding that any of those assets can continue to be held.

---

[2] As noted in the Motion to Vacate, Supreme Court authority establishes that in order to restrain publishing materials or proceeds pre-trial, a finding by more than probable cause is required. *See, e.g., Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 63 (1989); *see also Adult Video Ass'n v. Reno*, 41 F.3d 503 (9th Cir. 1994) ("[t]he First Amendment will not tolerate such seizures until the government's reasons for seizure weather the crucible of an adversary hearing.").

**B.     The Central District of California Must Decide the Validity of the Underlying Civil Seizure Warrants.**

The assets in question were seized through illegal *ex parte* civil warrant applications in the CDCA by government counsel based in the CDCA. The validity of these warrants is precisely what is being litigated in the CDCA, where the litigation rightly belongs.

The government's tautological Application and proposed Reply ignore the fact that *defendants have challenged in the CDCA the validity of the civil seizures warrants*. The government is asking this Court to issue an Order premised upon its challenged and unresolved actions in another district. Unless and until the CDCA resolves that challenge in the government's favor, there is no valid basis for the Section 853(e) Order the government seeks. Defendants' Motion to Vacate is litigating these exact issues and will be heard at the September 24, 2018 hearing in the CDCA.

The government's request to late file its Reply here comes on the heels of its repeated failure to timely file any opposition to the Motion to Vacate in the CDCA, which has now been pending for over six weeks. Its delay is against the backdrop where defendants are constitutionally entitled to a prompt hearing addressing tens of millions of dollars taken from them almost 6 months ago. Yet the government continues to disregard its obligation to ensure defendants have a prompt hearing. Instead it ignores the pending proceedings in the CDCA and seeks to further delay and prevent the legitimate issues in the CDCA from being addressed by obtaining an Order from this Court. The government's tactics seem more aimed at stalling for time to improperly try and wrest the issues away from the CDCA than about meeting its constitutional mandates. The government's Application should be denied, and the issues related to the government's illegal seizures of defendants' assets should be decided in the CDCA as scheduled.

**III.    REQUEST FOR ORAL ARGUMENT**

Defendants submit that this Court should deny both the government's request to late file a Reply and the government's Application on the papers. However, to the extent that this Court considers the matter further, defendants respectfully request oral argument.

## IV. CONCLUSION

For all the foregoing reasons, defendants respectfully request that the Court reject the government's request to late file its Reply and deny the government's Application.

Respectfully submitted,

Dated:   September 14, 2018

/s/ Thomas H. Bienert, Jr.
BIENERT, MILLER & KATZMAN, PLC
Attorneys for James Larkin

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of September, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

/s/ Anthony R. Bisconti

Anthony R. Bisconti

CM/ECF Registrants:

- Whitney Z Bernstein, wbernstein@bmkattorneys.com,admin@bmkattorneys.com
- Thomas Henry Bienert, Jr, tbienert@bmkattorneys.com,tlindemann@bmkattorneys.com,admin@bmkattorneys.com
- Anthony Ray Bisconti, tbisconti@bmkattorneys.com,3166673420@filings.docketbird.com,admin@bmkattorneys.com
- Paul John Cambria, Jr, pcambria@lglaw.com,kdrewery@lglaw.com,gpelletterie@lglaw.com
- Anne Michelle Chapman, anne@mscclaw.com,julie@mscclaw.com
- Janey Henze Cook, janey@henzecookmurphy.com,jackie@henzecookmurphy.com
- Robert Corn-Revere, bobcornrevere@dwt.com,carolkaltenbaugh@dwt.com,ronnielondon@dwt.com
- Bruce S Feder, bf@federlawpa.com,fl@federlawpa.com
- James C Grant, jimgrant@dwt.com,danielanajera@dwt.com,seadocket@dwt.com
- Reginald E Jones, reginald.jones4@usdoj.gov
- Michael D Kimerer, MDK@kimerer.com,mwallingsford@kimerer.com,jpak@kimerer.com
- Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov,tammie.holm@usdoj.gov,melody.karmgard@usdoj.gov
- John Jacob Kucera, john.kucera@usdoj.gov,shannen.beckman@usdoj.gov,deena.bowman@usdoj.gov
- Gary S Lincenberg, glincenberg@birdmarella.com,kferguson@birdmarella.com
- John Lewis Littrell, jlittrell@bmkattorneys.com,tlindemann@bmkattorneys.com,admin@bmkattorneys.com
- Ronald Gary London, ronnielondon@dwt.com
- K C Maxwell, kcm@kcmaxlaw.com,dtc@kcmaxlaw.com
- Erin E McCampbell, emccampbell@lglaw.com,akelly@lglaw.com
- Kenneth Morley Miller, kmiller@bmkattorneys.com,pkralich@bmkattorneys.com,admin@bmkattorneys.com
- Rhonda Elaine Neff, rneff@kimerer.com,mwallingsford@kimerer.com
- Ariel A Neuman, aneuman@birdmarella.com,blee@birdmarella.com
- Gopi K Panchapakesan, gpanchapakesan@birdmarella.com,kminutelli@birdmarella.com,docket@birdmarella.com
- Margaret Wu Perlmeter, margaret.perlmeter@usdoj.gov,nicole.thomas@usdoj.gov,CaseView.ECF@usdoj.gov
- Michael L Piccarreta, mlp@pd-law.com,bpolowetz@pd-law.com,jkeenan@pd-law.com
- Kevin M Rapp, Kevin.Rapp@usdoj.gov,CaseView.ECF@usdoj.gov,sally.hawley@usdoj.gov
- Lee David Stein, lee@mscclaw.com,julie@mscclaw.com,brianne@mscclaw.com
- Andrew C Stone, andrew.stone@usdoj.gov,CaseView.ECF@usdoj.gov,gaynell.smith@usdoj.gov
- Stephen M Weiss sweiss@karpweiss.com,vvitolo@karpweiss.com,aconner@karpweiss.com
- Gregory Michael Zamora, gmz@dkwlawyers.com

477330-1

# EXHIBIT A

```
 1 │ NICOLA T. HANNA
   │ United States Attorney
 2 │ LAWRENCE S. MIDDLETON
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ STEVEN R. WELK
 4 │ Assistant United States Attorney
   │ Chief, Asset Forfeiture Section
 5 │ JOHN J. KUCERA
   │ Assistant United States Attorney
 6 │ Asset Forfeiture Section
   │ California Bar No. 274184
 7 │     Federal Courthouse, 14th Floor
   │     312 North Spring Street
 8 │     Los Angeles, California 90012
   │     Telephone: (213) 894-3391
 9 │     Facsimile: (213) 894-0142
10 │     E-mail: John.Kucera@usdoj.gov
11 │
   │ Attorneys for Plaintiff
12 │ UNITED STATES OF AMERICA
```

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEIZURE OF: | No. CV 18-06742-RGK (MAAx) |
|---|---|
| ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNTS XXXX1889; XXXX2592, XXXX1938, XXXX2912, AND XXXX2500. | **GOVERNMENT'S EX PARTE APPLICATION TO EXTEND DEADLINE AND HEARING**<br><br>CURRENT DEADLINE AND HEARING<br>Opposition Deadline: 8/27/18<br>Hearing: 9/10/18<br>Hearing Time: 9:00 A.M.<br><br>PROPOSED<br>Opposition Deadline: 9/10/1<br>Hearing Deadline: 9/24/18<br>Location: Courtroom of the Hon. R. Gary Klausner |

     On August 1, 2018, James Larkin, defendant in the criminal case
*United States v. Michael Lacey, et al.* CR 18-422-PHX-SPL, though his
attorney of record Thomas H. Bienert, Jr., filed a Notice of Motion

1  and Motion to Vacate or Modify Seizure Warrants, which motion was
2  joined by defendants Lacy, Brunst, and Spear ("defendants' Motion").
3  The matter was initially scheduled to be heard by the Honorable
4  Patrick J. Walsh, United States Magistrate Judge for the Central
5  District of California.  However, on August 7, 2018, the matter was
6  reassigned to the Honorable R. Gary Klausner, United States District
7  Judge for the Central District of California.  Thereafter, the Court
8  vacated all dates set by Judge Walsh and set a hearing date for
9  September 10, 2018.

10  On August 23, 2018, the parties jointly moved to extend the
11  government's opposition to defendants' motion from August 17, 2018,
12  to and including August 27, 2018, and further agreed to continue the
13  related hearing from September 10, 2018, to September 17, 2018.  To
14  date, the Court has not issued an Order based on that stipulation.

15  Now, for the reason described below, the government hereby
16  applies *ex parte* to extend until September 10, 2018, any government
17  deadline to file an opposition to defendants' Motion and to extend
18  the hearing to September 24, 2018, at 9:00 a.m.

19  On August 27, 2018, the government filed its Application for
20  Order Regarding Criminal Forfeiture of Property in Government Custody
21  in the related criminal case CR 18-00422-PHX-SPL (BSB).  *See*
22  Attachment A.  Should that Order issue, the government intends to
23  move this Court to find that defendants' Motion is moot, and the
24  government will not object to the filing of any related appropriate
25  motion defendants may seek to file in the District of Arizona.
26  ///
27  ///
28

The government has sought to contact defendants' counsel, and those counsel with whom the government has spoken have indicated their opposition to this application.

Dated: August 27, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

    /s/ *John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA