**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>Michael Lacey, et al.,<br><br>           Defendants. | No. CR-18-00422-PHX-SPL<br><br>**ORDER** |

On June 28, 2018, Defendant Michael Lacey ("Lacey") filed a motion (the "Motion") seeking discovery of certain issues related to the privilege waiver of Carl Ferrer ("Ferrer"), the CEO of Backpage.com, LLC ("Backpage"). (Doc. 202) The Motion was fully briefed on August 16, 2018. (Docs. 216, 266) Several Defendants filed joinders to the Motion.[1] The Court heard oral argument on the Motion at a hearing on October 5, 2018. For the reasons set forth below, the Motion is denied as moot.

**A. Motion for Disclosure**

Lacey moves for an order requiring the Government to produce all documents related to Ferrer's waiver of Backpage's attorney-client and work product privilege. (Doc. 202) Lacey argues that disclosure of these documents is necessary in order for him to defend, and for the Court to make an informed decision on, the Government's motion to

---

[1] Defendants Scott Spears (Doc. 206), James Larkin (Doc. 208), John "Jed" Brunst (Doc. 209), Andrew Padilla (Doc. 210), and Joye Vaught (Doc. 211) filed joinders to the Motion.

disqualify counsel (Doc. 118) and the Government's motion to resolve attorney client privilege issues (Doc. 195). (Doc. 202 at 3, 6)  Specifically, Lacey argues that the Government is contradicting itself by claiming (i) that Ferrer has waived all attorney-client privilege on behalf Backpage and himself in his capacity as CEO of the company, and (ii) that the Davis Wright Tremaine law firm and the Henze Cook Murphy law firm must be disqualified as counsel because they may use privileged information, which Lacey argues has already been waived according to point (i), in the law firms' defense of the other Defendants in this case. (Doc. 202 at 8–9)  Lacey argues that precedent does not support this type of selective waiver of attorney-client privilege, and if the Government argues that attorney-client privilege has been waived by Ferrer, then the motion to disqualify should be denied.  Accordingly, Lacey argues that discovery is necessary in order to determine the scope of Ferrer's waiver and whether there is any privilege remaining that would require disqualification of counsel. (Doc. 202 at 10–11)

In response, the Government first argues that the discovery requested by Lacey is unnecessary to address the motion to disqualify because this discovery motion was filed after Lacey had already filed a response to the motion to disqualify; in fact, the Government states that the Motion is an improper sur-reply. (Doc. 216 at 5)  Second, the Government argues that discovery is not necessary to address the motion to disqualify because the issue of whether Ferrer waived attorney-client privilege is irrelevant to disqualification. (Doc. 216 at 6)  Alternatively, the Government argues that the waiver agreement executed by Ferrer in cooperation with the Government demonstrates that he never waived his personal attorney-client privilege, but only waived this privilege on behalf of Backpage as a corporation and on Ferrer's behalf in his capacity as CEO. (Doc. 216 at 12)

**B. Analysis**

Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery, providing that the government must permit a defendant to inspect documents within its possession that are material to preparing a defense when requested by the defendant. Fed. R. Crim. P. 16 (a)(1)(E)(i).  To receive discovery under Rule 16, a

defendant "'must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (quoting *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010))  However, a district court "has wide latitude in controlling discovery." *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979).

It is clear to the Court that the Defendants are seeking the discovery requested in the Motion for the purpose of bolstering their arguments against the Government's motion to disqualify counsel (Doc. 118) and the Government's motion to resolve attorney-client privilege issues (Doc. 195).  The Court denied the Government's motion to disqualify counsel in an Order entered on October 12, 2018. (Doc. 338)  The Court denied the Government's motion to resolve attorney-client privilege issues in an Order entered on October 18, 2018. (Doc. 345)  The primary reasons cited by the Defendants for the discovery requested in the Motion were to aid the Court in deciding the issues in the motion to disqualify counsel and the motion to resolve attorney-client privilege issues. (Doc. 202 at 3, 6)  The Defendants have not otherwise demonstrated the materiality of the information that could be produced in the requested discovery.  The Court has already ruled on the motion to disqualify counsel and the motion to resolve attorney-client privilege issues in the Defendants' favor, and the Court finds that the Defendants have not set forth any additional arguments for why the requested discovery is necessary.  Therefore, the Court finds that there is no need for the discovery requested in the Motion, and the Motion should be denied as moot.

///
///
///
///
///
///

Accordingly,

**IT IS ORDERED** that the Defendants' Motion (Doc. 202) is denied as moot.

Dated this 19th day of October, 2018.

_____
Honorable Steven P. Logan
United States District Judge