ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-18-00422-PHX-SPL |
| PLAINTIFF, | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (Doc. 415)** |
| V. | |
| MICHAEL LACEY, ET AL., | |
| DEFENDANTS. | |

Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney's Office for the District of Arizona and Special Assistant United States Attorney John J. Kucera, requests that this Court deny Michael Lacey's ("Defendant") Motion to Strike and Request for Expedited Relief (Dkt. 415 ("Motion to Strike")), because Defendant's Motion for Release of Funds and Request for

Expedited Relief (Dkt. 385 ("Motion for Release")) constituted a Rule 41(g) motion[1], which is treated as a civil complaint pursuant to Federal Rules of Civil Procedure and affords the Government 60 days to respond. In the alternative, should this Court find that Arizona's Local Rules apply, the Government is afforded 30 days to respond pursuant to Local Rule 56.1(d). Either way, the Government's filing (on December 11, 2018) of its Response in Opposition to Defendant's Motion for Release (Dkt. 412 ("Response")) was within the statutory timeframe.

Even if this was not a Rule 41(g) motion, the Government understood that this Court's November 16, 2018, ruling encompassed Defendant's Motion for Release, given (1) the similarities of relief requested addressed in that hearing, (2) the connection between the motions subject to that hearing and the relief sought in Defendant's Motion for Release, and (3) the timing of the Defendant's Motion for Release in connection with said hearing.

Finally, Defendant has not claimed any prejudice as a result of any delay, and the Government satisfies the requirements outlined under the "excusable neglect" doctrine.

In support, the Government states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On November 16, 2018, at an "Emergency Hearing," this Court reviewed and addressed almost the exact same issues and concerns raised by Defendant's "Supplemental Brief" in support of defendants' Emergency Motion to Stay Seizure of Attorney Fees and Request for an Immediate Hearing (Dkt. 377 ("Supplemental Brief")). In his Supplemental Brief, Defendant alleged that the seizure of funds was improper because, among other things, the seizure restrained funds unrelated to the criminal allegations contained in the Indictment and First Superseding Indictment. In addition, Defendant alleged the seizure left Defendant without sufficient funds to afford his counsel of choice. (*See* Supplemental Brief,

---

[1] In its Response, the Government pointed out that Defendant's Rule 41(g) motion is improper here because this Court lacks jurisdiction to grant such a motion when a related civil forfeiture proceeding is pending.

p. 2). Because the Supplemental Brief was filed one-day prior to the Emergency Hearing, the Court agreed to accept the Government's Response as applicable to the Supplemental Brief (*See* Transcript, pp. 51 – 52).

Also on the date of the Emergency Hearing, Defendant filed his Motion for Release. Because this motion sought the return of property held by the Government, the Motion for Release is properly construed as one arising under Rule 41(g), which are treated as civil complaints. As such, the Government has 60 days from the date of filing to respond. Despite this, on December 3, 2018, Defendant filed a Notice of the Government's Non-Opposition to Defendant Lacey's Motion for Release of Funds ("Notice"). In his Notice, Defendant alleged the Government failed to respond to/oppose his Motion for Release within the 14-day response period as prescribed by Local Rules 7.2(c) and (i). In this way, Defendant incorrectly construes his Motion for Release as a memorandum governed by Local Rule 7.2(c). This is incorrect and ignores well-established case law regarding motions for release of funds.

On December 11, 2018, the Government filed its Response, and pursuant to the 60-day response period prescribed to Rule 41(g) motions (or, in the alternative, pursuant to the 30-day response period pursuant to the Local Rules), the Government filed its response well within the statutory time period permitted under both the Federal Rules of Civil Procedure and the Local Rules under 56.1(d).

## II. DEFENDANTS' MOTION FOR RELEASE CONSTITUTED A RULE 41(g) MOTION, AFFORDING THE GOVERNMENT 60 DAYS TO RESPOND

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved … by the deprivation of property may move for the property's return … ." Fed. R. Crim. Proc. 41(g).[2] In *Ladele v. United States*, No. CR 06-00125

---

[2] "The 2002 amendments redesignated the subsection on motions for return of property from Rule 41(e) to Rule 41(g) without substantive change to the Rule, and courts have applied case law concerning former Rule 41(e) to the current Rule 41(g)." Wright, King, Klein & Welling, Motion to Return Property, 3A Fed. Prac. & Proc. Crim., 3d § 673 n.32 (4th ed.); *see also United States v. Gotti*, 244 F. Supp. 2d 120, 122-24 (E.D.N.Y. 2003); *De Almeida v. United States*, 459 F.3d 377, 308 n.2 (2d Cir. 2006).

MMM, 2010 WL 476957, at *6 (C.D. Cal. Feb. 2, 2010), the Central District of California ("CDCA"), in addressing the issue of a pending related criminal matter, held that because "the government claims the property sought was already the subject of an administrative foreclosure proceeding, the court must convert the government's opposition into a motion for summary judgement … ." *Id* (treating movant's Rule 41(g) motion as a civil complaint). This holding equally applies when the defendant assets are subject to a related civil forfeiture proceeding. *See United States v. Williams*, 267 F. Supp. 2d 1130, 1138 (M.D. Ala. 2003) (motion for return of seized property denied, despite finding of lack of probable cause and granting of motion to suppress, because property is restrained in a criminal case under 21 U.S.C. § 853(e)(1) and an civil forfeiture complaint was filed under 18 U.S.C. § 983(a)(3)(B)(ii)(II)).

There is no dispute that the defendant assets in this criminal proceeding are also subject to a related civil forfeiture proceeding. On November 16, 2018, in CDCA, the Government filed its civil forfeiture complaint seeking to forfeit the assets Defendant now seeks to have returned (*see U.S. v. $689,884.48 Seized from First Federal Savings & Loan of San Rafael Account '3620, et al.*, 18-cv-8597). As such, defendants' Motion for Release should be treated as a civil complaint. No case law suggests otherwise, and Defendant does not argue to the contrary.

Because Defendant's Motion for Release constitutes a Rule 41(g) motion, the Government has 60 days from the date of Defendant's Motion for Release filing to respond pursuant to Rule 12(a) under the Federal Rules of Civil Procedure. *See United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003) (holding that the district court properly treated the government's opposition to a Rule 41(g) motion as the equivalent of a 12(b)(6) motion to dismiss)); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (same). In *Vega v. United States*, No. 00-8920, 2001 WL 823874, at *1 (S.D.N.Y. July 20, 2001), the court held that "because petitioner's filing must be construed as a complaint, the Court construes the Government's Letter [a response] as a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6)." *Id.* at 1. Thus, the Government's response here operates as a motion to dismiss,

even if not labeled as such.  Defendant's Motion for Release was filed on November 16, 2018, giving the Government until Tuesday, January 15, 2019, to submit its response.

### III. GOVERNMENT'S COMPLIED WITH ARIZONA'S LOCAL RULES

Should this Court find that Defendant's Motion for Release did not fall under the Federal Rules of Civil Procedure, it should nevertheless allow the Government to submit its Response in Opposition because it substantially complied and conformed with all substantial respects to the requirements set forth under Local Rules 7.2(c) and 7.2(i).

When a responsive memorandum is filed in this District, Arizona's Local Rules require that "[t]he opposing party shall, unless otherwise ordered by the Court and **except otherwise provided by Rule** 56 of the Federal Rules of Civil Procedure, and Rules 12.1 and **56.1, Local Rules of Civil Procedure**, have fourteen (14) days after service in a civil or criminal case with which to serve and file a responsive memorandum." LRCiv 7.2(c) (emphasis added).  And "[i]f a motion does not conform in all **substantial** respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda … such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i) (emphasis added).

Here, the Government did, in fact, serve and file the required answering memorandum and substantially complied with the requirements set forth under Local Rules 7.2(c) and (i).  Applying the Local Rules, because Defendant's Motion for Release constitutes a Rule 41(g) motion, the Government is well within the response deadline pursuant to Local Rule 56.1(d). This is because a response to a Rule 41(g) motion proceeds under Rule 12(a) of the Federal Rules of Civil Procedure (*see* Section I above for supporting case law).

Rule 56.1(d) of Arizona's Local Rules governs deadlines for responsive and reply memoranda.  *See* LRCiv 56.1(d).  The rule states, in pertinent part, "[n]otwithstanding the provisions of Rule 7.2(c), (d), and (f), Local Rules of Civil Procedure, the opposing party may, unless ordered by the Court, have **thirty (30) days** after service within which to serve

and file a responsive memorandum in opposition … ." *Id* (emphasis added). Defendant's Motion for Release was filed on November 16, 2018, affording the Government until December 16, 2018, to submit its response. Pursuant to the District of Arizona's Local Rule 56.1(d), the Government's response to Defendant's Rule 41(g) motion was within the timeframe to respond to Defendant's Motion for Release.

Even if this Court finds the Motion for Release was not a Rule 41(g) motion, as explained above in Section II, the Government had good reason to believe that it had a significant time to submit its response based on the belief that defendants' Motion for Release constituted a Rule 41(g) motion. There was no intent on the Government's part to act in bad faith or otherwise mislead this Court and the opposition. More importantly, at the time of this writing, the Court has yet to decide on the defendants' Motion for Release. As such, Defendants cannot claim to have been prejudice by the Government's timing.

## IV. GOVERNMENT'S FAILURE TO RESPOND CONSTITES EXCUSIBLE NEGLECT

In the alternative, should this Court find that Defendant's Motion for Release did not constitute a Rule 41(g) motion, the Government should, nevertheless, be excused for this late filing because the Government's failure to respond amounted to excusable neglect.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure allows for the extension of time where "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Criv. Proc. 41(g).[3] "Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control. This flexible understanding comports with the ordinary meaning of 'neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380. 381 (1993) (applying the excusable neglect doctrine in a bankruptcy matter) ("*Pioneer*"). This Court has applied the same standard. *Vitasek v. Maricopa Cty. Sheriff's Office*, No. CV 10-1777-PHX-RCB, 2012

---

[3] The Government responds to defendants' Motion to Strike, which is governed by Rule 12(f) of the Federal Rules of Civil Procedure.

WL 176313, at *2 (D. Ariz. Jan. 23, 2012) (finding that "inadvertence or carelessness generally constitute excusable neglect").

To this end, "[t]he Ninth Circuit dictates that a district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes 'excusable neglect.'" *McSmith v. Poker Prods.*, No. 2:10-CV-00870-GMN, 2011 WL 841350, at *2 (D. Nev. Mar. 7, 2011) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) ("*Ahanchian*")) ("*McSmith*"). The four factors district courts must consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261; *see McSmith*, 2011 WL at *2; *Pioneer*, 507 U.S. at 395.

Here, any neglect by government counsel was excusable. Defendants did not, and has not, suffered any prejudice as a result of any late filing.[4] This is evident in their Motion to Strike, in which Defendant did not assert any such claim. In addition, this case is in its early stages of litigation and any prejudice on defendants to further defend this suit is no more greater as a result of serval days delay. *See McSmith*, 2011 WL at *3 (finding excusable neglect despite a two month delay). Like *McSmith*, in this case, no discovery has commenced and this Court has yet to rule on Defendant's Motion for Release. As such, there is no noticeable impact on the current proceedings. *See id.*

The Government's Response also relies upon this Court's November 16, 2018, ruling, when the Court reviewed and addressed nearly identical issues and concerns raised in the Supplemental Brief. The Motion for Release does not present any new or substantially different evidence, but merely rehashes already decided issues. Given the nature and circumstances surrounding the Court's November 16 ruling, the Government reasonably believed that the Court's ruling resolved the issues presented by the Motion for Release.

---

[4] Although Defendant claims to have been prejudiced by the seizure in the first place, Defendant does not argue to have suffered any prejudice as a result of any untimely Response.

Finally, even if this Court were to find the Government did err in this filing, given the complexity of this matter (as this Court can appreciate) the Government's failure to respond here amounted to a simple oversight, and any late filing of the Opposition Motion constituted—at most—an inadvertent error, amounting to excusable neglect.

## V.      CONCLUSION

For the forgoing reasons, the Government respectfully requests this Court to deny Defendant's Motion to Strike.

Respectfully submitted, December 14, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

KEVIN RAPP
MARGARET PERLMETER
ANDREW STONE
PETER KOZINETS
Assistant United States Attorneys

REGINALD E. JONES
Senior Trial Attorney

     *s/John J. Kucera*

JOHN J. KUCERA
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Anne Chapman, Erin McCampbell, Gregory Zamora, James Grant, Lee Stein, Paul Cambria, Robert Corn-Revere, Ronald London, Janey Henze Cook, John Littrell, Kenneth Miller, Thomas Bienart, Jr., Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, Michael Piccarreta, Stephen Weiss, Gopi Panchapakesan, Ariel Neuman, Gary Lincenberg, Anthony Bisconti, Whitney Bernstein, Seetha Ramachandran.

*s/S. Beckman*
U.S. Attorney's Office