WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | No. CR-18-00422-PHX-SPL<br><br>**ORDER** |

   Before the Court is Defendant Michael Lacey's ("Lacey") Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief (Doc. 385) (the "Motion for Release of Funds") and Lacey's Motion to Strike the Government's Untimely Opposition to His Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief (Doc. 415) (the "Motion to Strike"). The Motion for Release of Funds was fully briefed on December 11, 2018. (Docs. 412, 424) The Motion to Strike was fully briefed on December 21, 2018. (Docs. 423, 426) The Court's ruling is as follows.

**I. Background**

   On March 28, 2018, a federal grand jury returned a ninety-three count indictment against several Defendants, including Lacey, alleging that the Defendants engaged in various crimes related to the operation of the website Backpage.com, including conspiracy, facilitating prostitution, and money laundering. (Doc. 3) The indictment also includes forfeiture allegations.[1] On April 26, 2018, the U.S. District Court for the Central District

---

   [1] On July 25, 2018, the grand jury returned a 100-count superseding indictment

of California issued seizure warrants for certain of Lacey's accounts with the Republic Bank of Arizona ending in x2485, x1897, and x3126. (Doc. 412 at 2; Doc. 385 at 1)

On November 16, 2018, Lacey filed the Motion for Release of Funds seeking an order from the Court providing equitable relief from the seizure warrants issued by the Central District of California. (Doc. 385)  On December 3, 2018, Lacey filed a Notice of Government's Non-Opposition to the Motion for Release of Funds. (Doc. 403)  On December 11, 2018, the Government filed its response to the Motion for Release of Funds (Doc. 412), and Lacey filed the Motion to Strike, citing the response as untimely. (Doc. 415)

**II.    Motion to Strike**

Lacey filed the Motion to Strike seeking to strike the Government's response to his Motion for Release of Funds because the response was filed more than fourteen days after service of the Motion for Release of Funds, as required by Local Rule of Civil Procedure 7.2(c). LRCrim 12.1; (Doc. 415 at 5).  In response, the Government argues that its response was timely because the Motion for Release of Funds is essentially a motion pursuant to Federal Rule of Criminal Procedure 41(g), which would allow the Government 60 days to respond. (Doc. 423 at 2)

The decision to grant or deny a motion to strike is within the Court's discretion. *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018); LRCiv 7.2(i) (stating that the Court may, but is not required to, dispose of the motion summarily).  A court may deny a motion to strike for untimely filing upon a finding of excusable neglect. *Stewart v. Unknown Bezy*, 473 F. App'x 752, 753 (9th Cir. 2012).  To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

---

against the Defendants.  (Doc. 230)

At this time, the Court declines to exercise its discretion to strike the Government's response. First, the Court does not find that the Defendant suffered any prejudice from the untimely filing, and the Defendant did not identify any prejudice in his pleadings. Second, the delay had no impact on the Court's timing in considering the Motion for Release of Funds or any potential impact on the proceedings in this case. The Court finds that the Government's reason for the untimely filing was plausible, as the Motion for Release of Funds could easily be identified as a motion pursuant to FRCRP 41(g), despite the fact that the Court declines to address that issue at this time. Finally, the Court does not find any evidence that either party acted in bad faith. Accordingly, the Court finds that the Government has demonstrated excusable neglect for its untimely filing, and the Motion to Strike is denied. The Court cautions the parties that this exercise of discretion will not excuse untimely filings in the future.

**III.    Motion for Release of Funds**

Lacey also seeks an order from the Court releasing the funds held in three bank accounts identified as "Republic Bank accounts ending in 2485, 1897, and 3126." (Doc. 385 at 1)  The seizure warrants freezing these accounts were issued by the Central District of California. (Doc. 424 at 6)  At a hearing held on November 16, 2018, the Court declined to disrupt the seizure warrants issued by the Central District of California when similar challenges were brought by other Defendants (Docs. 360, 365, 376), and the Court found that the Defendants had a sufficient legal remedy for any challenges to the seizure warrants issued by the Central District of California in that district. (Doc. 401 at 56, 57–58, 59)

Lacey argues that the Court's prior Order is distinguishable from the present Motion for Release of Funds because he is not challenging the issuance, authorization or enforcement of the seizure warrants. (Doc. 424 at 6)  Instead, Lacey argues that the Motion for Release of Funds is seeking equitable relief from the seizure warrants in the form of releasing the funds that are being restricted by the warrants. (Doc. 424 at 6)  However, Lacey has not provided the Court with any precedent or persuasive argument for why he cannot seek the requested equitable relief in the Central District of California. Quite

strangely, Lacey admits that "an Application and Motion" challenging the seizure warrants at issue are presently being litigated before the Central District of California. (Doc. 424 at 8–9, stating "[w]hile the parties continue to litigate the Application and Motion in the Central District of California, the government's handling of that litigation demonstrates that this Motion should not face the same fate . . . .") Therefore, as discussed in the Court's previous Order, the Court finds that any legal or equitable relief from the warrants issued by the Central District of California is properly sought in that district.[2] The Court declines to exercise its jurisdiction to provide equitable relief from seizure warrants issued by another court where the Defendant is able to seek relief from the rendering court.[3]

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief (Doc. 385) is **denied**; and

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike the Government's Untimely Opposition to His Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief (Doc. 415) is **denied**.

Dated this 24th day of January, 2019.

Honorable Steven P. Logan
United States District Judge

---

[2] It is well settled that a court should rarely interfere with the order of another court, as any such interference usurps the power of the rendering court. Although courts have held that justice may occasionally demand this type of interference, the identification of those rare situations is committed to the sound discretion of the district court. *Ord v. United States*, 8 F. App'x 852 (9th Cir. 2001); *Treadaway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418 (9th Cir. 1986).

[3] The Ninth Circuit Court of Appeals has held that considerations of comity and orderly administration of justice demand that the non-rendering court should decline jurisdiction of an action and remand parties for their relief to the rendering court. *Delson Grp., Inc. v. GSM Ass'n*, 570 F. App'x 690 (9th Cir. 2014).