Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com

Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
emccampbell@lglaw.com

*Attorneys for Defendant Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br>vs.<br><br>Michael Lacey, *et al.*,<br><br>                    Defendants. | NO. CR-18-00422-PHX-SPL (BSB)<br><br>DEFENDANTS' JOINT MOTION FOR DESIGNATION OF 39 DOCUMENTS SUBJECT TO THIS COURT'S DESTRUCTION ORDER TO BE PRESERVED AS PART OF THE *IN CAMERA* RECORD IN THIS PROSECUTION |

Defendants, by and through their undersigned attorneys, hereby move for an order designating the 39 documents subject to destruction under this Court's January 28, 2019 Sealed Order to be preserved as part of the *in camera* record in this prosecution. To the extent that those documents are no longer in the Court's possession, Defendants respectfully request that this Court order the government to provide them to the Court under seal for the Court's *in camera*

record in this case. The Court's preservation of those 39 documents as part of the in the *in camera* record in this case will ensure that they are available as part of the record on appeal and for the parties in this case, to the extent that issues arise that require disclosure of them at a later date.

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or an order based thereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 17, 2018, the government filed its Motion to Compel Destruction of Inadvertently Disclosed Documents pertaining to 39 documents that the government claimed that it had inadvertently produced to Defendants on July 2, 2018. (Doc. 343 (*filed under seal*).) In connection with its motion, the government submitted 22 of those documents to this Court for *in camera* review. (*See id*. at 10 n.6.) Defendants vehemently opposed the motion on the ground that the documents at issue contained exculpatory material under *Brady* and *Giglio*, that the Defendants' right to present a defense trumped the government's work-product claim, that the government waived its work-product claim, and that the government had failed to prove that it did not waive any claimed privileges by disclosing the substance of the documents to third parties. (Doc. 405 (*filed under seal*).)

On January 28, 2019, this Court issued an Order compelling Defendants to destroy 39 documents that the government claimed that it inadvertently produced to them. (Doc. 449-1 (*filed under seal*).)

Defendants are in the process of destroying the 39 documents. Nonetheless, Defendants respectfully request that this Court issue an order preserving all 39 documents as part of the *in camera* docket associated with this case. When a district court reviews documents that purportedly contain *Brady* or *Giglio* material during the course of an *in camera* review, those documents must be preserved for the appellate court to make a determination as to whether the district court's ruling was appropriate. Because documents submitted by the government for *in camera* review are not in the possession of a defendant, the appellate court must have access to

the government's *in camera* submissions in connection with its review of a district court's ruling. *See United States v. Strifler*, 851 F.2d 1197, 1201-02 (9th Cir. 1988). The district court's preservation of all *in camera* submissions preserves the record for the appellate court. In addition to preservation of the record, this Court should maintain a copy of the 39 documents to ensure that they are available, should their disclosure be ordered at a later time.

## CONCLUSION

In light of the foregoing, Defendants respectfully request an order from this Court directing the government to submit a complete set of the 39 documents subject to destruction to be preserved by this Court as part of the record in this case.

RESPECTFULLY SUBMITTED this 6th day of February, 2019,

/s/   *Paul J. Cambria, Jr.*
LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant Michael Lacey

/s/   *Michael Piccarreta*
PICCARRETA DAVIS KEENAN FIDEL PC
Attorneys for Defendant Andrew Padilla

/s/   *Bruce Feder*
FEDER LAW OFFICE, PA
Attorneys for Defendant Scott Spear

/s/   *Thomas Bienert, Jr.*
BIENERT MILLER & KATZMAN, PLC
Attorneys for Defendant James Larkin

/s/   *Gary Lincenberg*
BIRD MARELLA BOXER WOLPERT NESSIM
DROOKS LINCENBERG & RHOW PC
Attorneys for Defendant Jed Brunst

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/*    *Stephen Weiss*
KARP & WEISS, PC
Attorneys for Defendant Joye Vaught

| | |
|---|---|
| 1 | On February 6, 2019, a PDF version |
| 2 | of this document was filed with |
| 3 | Clerk of the Court using the CM/ECF |
| 4 | System for filing and for Transmittal |
|   | Of a Notice of Electronic Filing to the |
| 5 | Following CM/ECF registrants: |
| 6 | |
|   | Kevin Rapp, kevin.rapp@usdoj.gov |
| 7 | Reginald Jones, reginald.jones4@usdoj.gov |
| 8 | Peter Kozinets, peter.kozinets@usdoj.gov |
|   | John Kucera, john.kucera@usdoj.gov |
| 9 | Margaret Perlmeter, margaret.perlmeter@usdoj.gov |
| 10 | Patrick Reid, Patrick.Reid@usdoj.gov |
| 11 | Andrew Stone, andrew.stone@usdoj.gov |
|    | Amanda Wick, Amanda.Wick@usdoj.gov |