Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | CASE NO. 2:18-cr-00422-SPL |
|---|---|
| Plaintiff, | **DEFENDANT JOHN BRUNST'S OPPOSITION TO GOVERNMENT'S MOTION TO DEFER DISCLOSURE OF CARL FERRER'S JENCKS ACT STATEMENTS AND OBJECTION TO *IN CAMERA* FILING OF THE SAME, AND REQUEST FOR DISCLOSURE OF THE SAME** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | |
|  | Assigned to Hon. Steven P. Logan, |

Defendant John Brunst hereby objects to and opposes the government's *in camera* Motion to Defer Disclosure of Carl Ferrer's Jencks Act Statements (believed to be Doc. 461).

The government has refused to serve Mr. Brunst (or any other defendant) with the Motion to Defer Disclosure or the related Motion to Seal (Doc. 460). Declaration of Ariel A. Neuman, ¶ 2. Mr. Brunst is therefore unaware of the substance of the Motion to Defer Disclosure, or the government's purported rationale for filing the Motion *in camera* without providing notice to, or serving the

Motion on, the defense. Mr. Brunst can only surmise that the filings are based on Ferrer's status as a government cooperator.

However, ***the government has publicly disclosed that Ferrer is a cooperating government witness***. *See, e.g.*, Government Response in Opposition to Motions to Dismiss (Doc. 476), p. 16, n. 23 (" . . . Ferrer, a cooperating defendant . . ."); *see also United States v. Carl Allen Ferrer*, CR 18-464-SPL, Transcript of Proceedings (Doc. 21) at p. 7 ("Mr. Ferrer is also entering into a cooperation addendum."). There is no basis to conceal his statements from the defense. Production of his statements is critical to Mr. Brunst's ability to understand and analyze the government's case. There is no reason for *in camera* filing as far as Mr. Brunst is aware, and there is no basis to defer disclosure of Ferrer's Jencks Act statements.[1]

Ferrer is the former CEO of Backpage.com, and it is anticipated that his testimony will be central to the government's case-in-chief. Access to his statements is necessary to analyze the government's theory of the case. It appears Ferrer has reversed years of statements to defendants, courts, and the public, but the exact nature of Ferrer's recent allegations about the defendants are unknown to the defense, beyond stray references in the three-paragraph "Factual Basis" section of his plea agreement. Mr. Brunst is entitled to understand exactly what Ferrer is now saying that supposedly incriminates Mr. Brunst so that he can evaluate the government's case and prepare his defense. He also needs the statements to understand why documents that appear innocent on their face have been characterized by the government as "hot documents;" given the nature of the documents, they can only be "hot" because Ferrer is going to say something about what they mean as to a particular defendant. Declaration of Ariel A. Neuman, ¶ 3.

---

[1] Even if the government asserts that it is using the statements to investigate others, that does not justify deferral of disclosure to Mr. Brunst who is willing to consider appropriate protective measures for the documents.

1  Mr. Brunst cannot meaningfully prepare his defense in this case without
2  access to the statements of the government's key witness.  Nor can he meaningfully
3  determine what documents, if any, he intends to use during his case-in-chief to rebut
4  that witness's anticipated testimony.  The government's last minute Motion to Defer
5  Disclosure is but one of many failures by the government to timely meet its Rule 16
6  obligations.[2]

7  Mr. Brunst requests that the Motion to Defer Disclosure (believed to be Doc.
8  461) be disclosed to the defense so that Mr. Brunst can lodge further objections and
9  briefing with the Court.  In the interim, Mr. Brunst objects to the *in camera* filing of
10 the Motion, and opposes the Motion itself.  He further requests that Ferrer's
11 statements be immediately disclosed to the defense consistent with the Court's
12 scheduling order.

13 DATED:  February 27, 2019        Ariel A. Neuman
                                    Bird, Marella, Boxer, Wolpert, Nessim,
14                                  Drooks, Lincenberg & Rhow, P.C.
15
16
17                                  By: _____
18                                       Ariel A. Neuman
                                         Attorneys for Defendant John Brunst

---

[2]  The government was required to disclose all Jencks Act material on February 25, 2019.  It appears their Motion to Defer was filed on or about that date though of course Mr. Brunst cannot be sure given that he was not served.

## DECLARATION OF ARIEL A. NEUMAN

I, Ariel A. Neuman, declare as follows:

1. I am an active member of the Bar of the State of California and a Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Defendant John Brunst in this matter, admitted *pro hac vice* to this Court. I make this declaration in support of Defendant John Brunst's Opposition To Government's Motion To Defer Disclosure Of Carl Ferrer (believed to be Doc. 461). Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2. Late on February 25, 2019, I received via U.S. Mail a Document No. 470-1 in this matter, which is an Order granting the Government's Motion to Seal its Ex Parte Motion to Defer Disclosure of Carl Ferrer's Jencks Act Statements (Doc. 461). I subsequently confirmed with other defense counsel that this was the first notice the defense received of any Motion to Defer Disclosure, or any Motion to Seal such a motion. On February 26, 2019, by email, I contacted the lead AUSA assigned to this matter for an explanation as to why the defense had not received notice of the motions and had not been served with them. He indicated that the motions were filed *in camera* and would not be provided to the defense, and that we had received Doc. 470-1 "in error." He did not respond to my inquiry as to the rationale for *in camera* filing given that Ferrer's status as a government "cooperator" is public knowledge.

3. The government has previously identified certain documents to counsel as documents the government considers "hot." I am informed that the lead AUSA has told counsel that Ferrer's statements about these documents are critical to understand why they are "hot."

4. My colleagues and I do not believe we can meaningfully analyze the government's case or prepare Mr. Brunst's defense without access to the statements

1  of the government's key witness.  Nor can we meaningfully determine what
2  documents, if any, we intend to use during the defense case-in-chief to rebut that
3  witness's anticipated testimony
4        I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct, and that I executed this declaration
6  on February 27, 2019, at Los Angeles, California.

                                              Ariel A. Neuman

3553993.1      2      Case No. 2:18-cr-00422-004-SPL

DEFENDANT JOHN BRUNST'S OPPOSITION TO GOVERNMENT'S MOTION TO DEFER DISCLOSURE OF CARL FERRER AND REQUEST FOR DISCLOSURE OF THE SAME