Paul J. Cambria, Jr. (Cal. Bar No. 177957) (*admitted pro hac vice*)
Erin McCampell (NY Bar No. 4480166) (*admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone:   (716) 849-1333
Facsimile:   (716) 855-1580
Email:       pcambria@lglaw.com
             emccampbell@lglaw.com

*Counsel for Defendant Michael Lacey*

Thomas H. Bienert, Jr. (Cal. Bar No. 135311) (*admitted pro hac vice*)
Whitney Z. Bernstein (Cal. Bar No. 304917) (*admitted pro hac vice*)
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:   (949) 369-3700
Facsimile:   (949) 369-3701
Email:       tbienert@bmkattorneys.com
             wbernsteinr@bmkattorneys.com

*Counsel for Defendant James Larkin*

James C. Grant (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, Washington 98104-1610
Telephone:   (206) 757-8096
Facsimile:   (206) 757-7096
Email:       jamesgrant@dwt.com

*Counsel for Defendants Michael Lacey and James Larkin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR-18-422-PHX-SPL |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION FOR FURTHER CLARIFICATION RE ORDER ALLOWING THE GOVERNMENT TO CONTINUE REVIEW OF PRIVILEGED COMMUNICATIONS** |
| v. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

1

## I. INTRODUCTION

Defendants moved for clarification of the Court's order allowing the Government to continue reviewing privileged attorney-client communications employing a "filter team." *See* Doc. 445 (Court's Order); Doc. 452 (Defendant's Motion). The principle reasons for doing so were because the Government has been less than clear about the protocols to be used by its "filter team," and Defendants sought to ensure they would have a meaningful opportunity to object concerning any documents the Government sought to disclose to its "prosecution team."[1] The Government's response to Defendants' Motion (Doc. 462; "Resp.") underscores these concerns and demonstrates why the Court should further clarify its Order to direct that the Government's "filter team" must disclose to Defendants all documents it contends are not privileged before they are turned over to the "prosecution team." This is a standard practice required in the case law, and even the DOJ recommends this practice to protect privileges. On the other hand, adopting an approach allowing the Government to make unilateral privilege calls while precluding Defendants from having rights to object would raise serious constitutional problems under the Fifth and Sixth Amendments. Moreover, Defendants' request that the Court follow recognized practices for "filter team" review will make the process more efficient and require less involvement by the Court.

## II. ARGUMENT

**A. The Government Previously Represented that Documents Would Not Be Disclosed to Its Prosecution Team Until After Defendants Had Opportunity to Object and the Court Conducted *In Camera* Review.**

The Government's response to Defendants' Motion (Doc. 462, "Resp.") is confusing, as the Government's positions are facially contradictory.

The Government asserts, first, that magistrate judges in this District "have already approved the government's filter team protocol." Resp. at 2. However, the

---

[1] Defendants previously requested that the Court require the government to disclose and explain its proposed process for its "filter team" and privilege review (Docs. 235, 324), but the Court denied that request (Doc. 345, at 8).

search warrants and applications the Government cites do not describe the particulars of any protocol, except to say generally that the government would use a "Filter Team" that would review documents for privilege and would not disclose them to the "Investigative Team" until Defendants had opportunity to object and the Court reviewed the documents *in camera*. More specifically, the Government stated:

> [B]efore the Filter Team submits any materials to the Court *in camera* and moves for their disclosure to the Investigative Team, the Filter Team will confer with counsel for the targets of the investigation and counsel will have an ability to file objections with the Court.

Doc. 462-1, at 6; *see also* Doc. 462-2, at 6.

Despite its prior representations that its "filter team" would not disclose documents until after Defendants had opportunity to object and the Court considered the documents *in camera*, the Government says that following the procedures it proposed "would cause unnecessary delay." Resp. at 4.[2] The Government's position now is that the "filter team" should be permitted to turn over any and all documents *it believes* are not privileged, with no notice to or review by Defendants. While the Government asserted before that documents would not be disclosed to the "prosecution team" until after *in camera* review, the Government now says the Court's oversight and review should be avoided. The Government also represented before that it would afford Defendants' counsel "an ability to file objections with the Court," but obviously that means nothing if, as the Government now advocates, its "filter team" turns over documents to the "prosecution team" without telling Defendants' counsel or providing the documents before disclosure.

---

[2] As discussed below, this is not true—requiring the "filter team" to provide the documents it proposes to disclose should considerably reduce the documents in dispute, thereby requiring less involvement of the Court and promoting efficiencies.

3

### B. Case Law Reflects that It Is a Prerequisite of a "Filter Team" Process that the Government Provide to Defendants Documents Proposed to be Disclosed, to Allow Meaningful Opportunity to Object.

While most courts have disfavored "taint teams,"[3] even those adopting the minority view have carefully defined and directed processes the government must follow to ensure protection of attorney-client privilege and due process rights. As the DOJ itself has written, "courts have generally indicated that evidence screened by a filter team will be admissible only if the government shows that its procedures adequately protected the defendants' rights and no prejudice occurred." U.S. Dept. of Justice, Criminal Division, Computer Crime & Intellectual Property Section Search & Seizure Manual, at 111 (3d ed. Sept. 2009) (citing *United States v. Neill*, 952 F. Supp. 834, 840-42 (D.D.C. 1997), and *United States v. Hunter*, 13 F. Supp. 2d 574, 583 (D. Va. 1998)).

In particular, courts routinely require that government "taint teams" must first provide to defendants the documents they propose to disclose before turning them over to the "prosecution team," to allow defendants an opportunity to contest with the Court privilege calls made by the "taint team." *See, e.g.*, *In re Search of 5444 Westheimer Rd. Suite 1570, Houston, Texas, on May 4, 2006*, 2006 WL 1881370, at *2 (S.D. Tex. July 6, 2006) (requiring taint team to identify all potentially privileged documents to allow the target "the opportunity to challenge the taint team's privilege determination in Court before the documents are given to the prosecution team"); *United States v. Grant*, 2004 WL 1171258 (S .D.N.Y. May 25, 2004) (requiring taint team to provide documents to defendants to allow them to object to any privilege determinations and to ensure the Court would resolve any disputes before materials were turned over to the prosecution team); *In re Ingram*, 2012 WL 6840538, at *3-4 & n.26 (E.D. La. Apr. 30, 2012) (court-approved protocol required government to identify documents to give the target "the opportunity to challenge any privilege determinations before the e-mails are disclosed to

---

[3] R. Behm, E. Mahr & J. Schomig, *"Trust Us": Taint Teams and the Government's Peek at Your Company's Privileged Documents*, 28 No. 5 ACC Docket 74 (Association of Corporate Counsel June 2010) (noting that "courts have disfavored taint teams").

the prosecuting AUSAs," and directing that "this Court [will] perform an *in camera* review of any documents when the parties dispute whether an applicable privilege applies"); *Heebe v. United States*, 2012 WL 3065445, at *3 (E.D. La. July 27, 2012) ("Case law suggests that a clean team using the proper procedure will review documents and distinguish those which are potentially privileged from those which it believes are not privileged, at which point the party to whom the documents belong is able to review the documents and identify any objections.").[4]

This has been called "an essential component—a sine qua non—of a valid taint team procedure." *Preventive Med. Assocs., Inc. v. Commonwealth*, 992 N.E.2d 257, 271–72 (Mass. 2013). "The defendants' involvement in the review procedure in particular is a crucial check against the potential for mistakes or abuse by the taint team." *Id.*; *see also In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006) (where holders of privilege would have had no opportunity to dispute taint team's privilege determination, court "[did] not see any check in the proposed taint team review procedure against the possibility that the government's team might make some false negative conclusions, finding validly privileged documents to be otherwise"). Indeed, even the DOJ itself suggests that "defense counsel [be allowed] to review the output of the filter team to identify those documents for which counsel intends to raise a claim of

---

[4] *See also United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1039 (D. Nev. 2006) ("Because the Government did not provide or implement any procedure for notifying SDI of the taint attorney's privilege decisions or afford SDI an opportunity to challenge those determinations in court before the documents were provided to the prosecution team, it is doubtful that the court would have approved the Government's taint procedures if SDI had challenged them."); *United States v. Warshak*, 2007 WL 1100434, at * 1 (S.D. Ohio Apr. 10, 2007) (requiring all potentially privileged documents be produced to defendants to allow them to "review such materials and seek judicial intervention prior to any disclosure to the prosecution"); *United States v. Taylor*, 2010 WL 2924414, at *1 (D. Me. July 16, 2010) (amending filter team protocol to add "a proviso that [the defendant] be afforded the opportunity to seek court review prior to the turnover of any arguably privileged documents to the prosecution").

5

privilege." DOJ Computer Crime & Intellectual Property Section Search & Seizure Manual, at 111.[5]

Here, the Government states that "the Filter Team will confer with counsel for the affected parties, as appropriate, and counsel will have the ability to file objections with the Court." *See* Doc. 462-2, at 6-7; *see also* Resp. at 2. It should not be left to the Government to determine whether and when it thinks it is "appropriate" to provide notice to Defendants. In any event, the case law makes clear the Government must identify and provide the specific documents its "filter team" proposes to produce to the "prosecution team," and a vague commitment merely to "confer" with Defendants' counsel is a far cry short of what courts have required.

### C. Requiring the Government to Identify to Defendants Documents the Filter Team Proposes to Disclose Will Improve Efficiency.

Finally, the Government contends that if it is required to identify and provide to Defendants the documents the "filter team" proposes to turn over to the prosecutors, this "would eliminate all efficiencies … because it would require three separate reviews" and require the "Court to shoulder the burden of reviewing *all* material." Resp. at 4 (emphasis in original). It is frankly difficult to understand what the Government is talking about, as courts recognize—and the DOJ itself has said—that it is more efficient for defendants to have the opportunity to see documents a "filter team" proposes to disclose and then to be able to object to selected documents. *See, e.g.*, *United States v. Grant*, 2004 WL 1171258, at *3 (procedure of initial review by Government's privilege team followed by Defendants having opportunity to review and assert objections concerning selected documents proposed to be produced "will narrow the disputes to be adjudicated and eliminate the time required to review the rulings of the special master or magistrate judge"); *accord In re Search of 5444 Westheimer Rd.*, 2006 WL 1881370, at

---

[5] *See also* U.S. Dept. of Justice, United States' Attorneys Manual § 9-13.420 (indicating that in searches of attorney files, prosecutors should consider "afford[ing the subject] an opportunity to participate in the process of submitting disputed documents to the court by raising specific claims of privilege").

6

*2; *see also* DOJ Computer Crime & Intellectual Property Section Search & Seizure Manual, at 111 ("hav[ing] defense counsel review the output of the filter team to identify those documents for which counsel intends to raise a claim of privilege" helps "limit the amount of potentially privileged material in dispute").

Following the customary practice here, as Defendants urge, will narrow the documents in dispute and at least reduce if not eliminate the need for Court involvement. The Government's "filter team" would provide to Defendants' counsel those documents it believes are not privileged (and that it proposes to turn over to the "prosecution team"). This presumably will be a small portion of the 10,000-plus documents the "filter team" has segregated as potentially privileged—likely the overwhelming majority of documents to or from attorneys will be privileged.[6] Defendants' counsel would then review this subset. If documents are not privileged, counsel for Defendants and the "filter team" presumably can reach agreement about disclosure. The Court would not have to intervene or conduct *in camera* review except as to those remaining documents about which the parties still have a dispute regarding privilege.

In contrast, under the process the Government apparently advocates—*i.e.*, that its "filter team" would have the final say about disclosure of any documents to the "prosecution team"—the Court would be called upon to review *all* such documents and address privileged determinations for each one. This is so because the Government's improper access to privileged communications is an error of constitutional significance, and, to protect against such errors and prejudices, Defendants would have no choice but

---

[6] Documents that the "filter team" believes are privileged should be provided to Defendants and purged from the Government's document collection, because the Government has no right to have or continue to hold privileged materials. This too is a customary provision of a taint team review protocol. *See In re Grand Jury Subpoenas*, 454 F.3d at 517 (noting that the Government's proposed protocol called for returning privileged documents to the subpoenaed party and defendants, to help avoid the "leaking of privileged materials to investigators").

to ask that the Court review and assess privilege determinations for all documents before they are disclosed.[7]

### III. CONCLUSION

To the extent the Court has determined to allow use of a "filter team" for review of privileged communications, it should require that the Government follow procedures as called for by the case law to ensure fairness and reduce the risk of prejudice. In addition to requiring that the Government's "filter team" be wholly separate from and not communicate with its "prosecution team,"[8] the Court should direct that:

1. Any and all privilege calls made by the government's filter team must respect this Court's rulings that communications among or involving Messrs. Ferrer, Larkin, Lacey, their companies, and counsel are privileged, and Ferrer cannot waive these privileges. *See, e.g.*, Doc. 345 at 4. The Government has agreed this restriction is appropriate. Resp. at 3.

2. The "filter team" must segregate attorney-client and work product communications it believes are not privileged before turning those materials over to the government's "prosecution team." The Government agrees to this as well. Resp. at 3.

3. The "filter team" must provide to Defendants all documents it believes to be privileged and purge those documents from the Government's collection of materials.

4. The "filter team" must produce any and all documents it believes are not privileged (and proposes to turn over to the "prosecution team") to Defendants' counsel for review and to permit objections.

---

[7] And, to be clear, Defendants hereby make this request in the alternative, if the Court decides not to follow the customary practice of allowing Defendants to review and make objections to the documents the "filter team" would disclose.

[8] Defendants' counsel have requested that the Government identify the individuals who will serve on the "filter team," and the Government's counsel has agreed to do so when the team is established and before it resumes work.

8

5. Counsel for the parties should meet and confer about any privilege claims or objections Defendants assert, to attempt to narrow or eliminate disputes.
6. As to any remaining disputes, Defendants may seek relief from the Court (or a magistrate, as the Court may direct), including by way of *in camera* review of selected, disputed documents.
7. The Court will then rule on disputed privilege claims and whether given documents may be disclosed to the "prosecution team."

DATED this 27th day of February, 2019.

LIPSITZ GREEN SCIME CAMBRIA LLP

By: *s/ Paul J. Cambria, Jr.*
    Paul J. Cambria, Jr.
    Erin McCampell
    *Counsel for Defendant Michael Lacey*

BIENERT, MILLER & KATZMAN, PLC

By: *s/ Thomas H. Bienert, Jr.*
    Thomas H. Bienert, Jr.
    Whitney Z. Bernstein
    *Counsel for Defendant James Larkin*

DAVIS WRIGHT TREMAINE LLP

By: *s/ James C. Grant*
    James C. Grant
    *Counsel for Defendant*
    *Michael Lacey and Jim Larkin*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the District of Arizona by using the CM/ECF system, and that service will be accomplished by the CM/ECF system to all counsel of record.

*s/ James C. Grant*
James C. Grant