# EXHIBIT B

```
 1
 2
 3
 4
 5
 6            IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                     IN AND FOR THE COUNTY OF PIERCE
 7
 8   R.O., by and through her mother,   )
     S.H., and K.M., by and through     )
 9   her mother, L.M.,                  )
                                        )
10                       Plaintiffs,    ) No. 17-2-04897-1
                                        )
11        vs.                           )
                                        )
12   MEDALIST HOLDINGS, INC., et al.    )
                                        )
13                       Defendants.    )
14
15                 VERBATIM TRANSCRIPT OF PROCEEDINGS
16
17
                        **Wednesday, May 23, 2018**
18                 Before The Honorable G. Helen Whitener
                          Pierce County Courthouse
19                          Tacoma, Washington
20
                             <<<<<<   >>>>>>
21
22
23
                     Kimberly A. O'Neill, CCR #1954
24                        Official Court Reporter
                        Department 11, Room 202-A
25                           (253) 798-7281

                      R.C. vs. Medalist Holdings, LLC
```

1       I am going to grant the motion for sanctions. I believe
2   an adequate record has been made supporting sanctions in
3   this case for a number of reasons, all listed by Plaintiffs,
4   but also the Court looks at what constitutes a bad faith,
5   and there are three ways the Court can look at it.
6       Pre-litigation misconduct:  I'm finding that given the
7   history of the defendants in this case in the multiple cases
8   they've had, not just before this Court -- I have two -- not
9   just in this state but nationally, it is clear to this Court
10  that their conduct was to necessitate delay where there were
11  what appears to be clearly valid claims or rights being
12  asserted by the Plaintiff which, months and years later, is
13  now being disclosed by Mr. Ferrer as seen by his plea and
14  the statements made in those pleadings in the Arizona case
15  which I reviewed.
16      Another one that the Court can consider in regards to bad
17  faith is procedural bad faith and that is vexatious conduct
18  during the course of litigation, wasting private and
19  judicial resources, making claims that, months later, were
20  found to be untruthful.  Many of the statements that I'm not
21  placing into the record can be seen in the pleadings the
22  Court reviewed in camera provided by the Defense which will
23  be placed under seal if there is further review of this
24  matter.
25      And a third factor that can constitute bad faith is

1  substantive bad faith, and I'm not finding that in this
2  case.
3      I will say, also, supporting my position regarding the
4  pre-litigation misconduct and procedural bad faith were the
5  Court's review of the Interrogatory No. 2 and the Request
6  for Production No. 1.  The various requests for admission
7  were taken into consideration and Exhibit 3, the declaration
8  of Attorney Elizabeth McDougall.
9      I will note that Mr. Ferrer's condition of his plea in
10 March 2018 in Arizona were for overriding conspiracy with a
11 start date of 2004 through March of 2018 during the time
12 period not only when this case was filed but the *J.S.* case,
13 that this Court also had, was filed.
14     Sanctions in the amount of $100,000 for each plaintiff is
15 being ordered.  That needs to be paid within 30 days of
16 today's date.  Failure to comply, the Court will issue
17 sanctions in the amount of one dollar for every page of the
18 1.2 million documents -- and, actually, not page, for the
19 documents.  So, there were 1.2 million documents, one dollar
20 for every document, so that will be $1.2 million for every
21 14 days of noncompliance.
22     Reasonable attorney fees will be allowed and granted,
23 subject, of course, to any objections to the amount.  If not
24 objected to, that needs to be paid within 30 days, as well,
25 of production of the billings.