ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-422-PHX-SMB |
| Plaintiff, | **UNITED STATES' STATUS MEMORANDUM** |
| v. | |
| Michael Lacey, et al., | **[Status Conference set for April 23, 2019, 2:30 p.m.]** |
| Defendants. | |

## I.     Government's Second Status Memorandum

On January 18, 2019, the government filed its first status memorandum detailing its compliance with the Court-issued Scheduling Order deadlines.  (CR 444; *see* CR 131 (Scheduling Order)).  Also, on January 18, 2019, Defendants' filed a mislabeled "Joint Status Report" that in actuality was a motion seeking a four-month delay of their

Scheduling Order deadlines.  In their motion, Defendants contended they needed a continuance because all of their "assets have been seized, virtually, all of the money in their attorneys' trust accounts designated to fund the defense has been seized or is effectively frozen, and the defendants are currently litigating those issues in the Central District of California and Ninth Circuit Court so they can continue to fund their defense." Defendants also asserted that a four-month continuance would allow the Central District of California (CDCA) and/or Ninth Circuit time to address these challenges.  (CR 443 at 3).

On January 23, 2019, the government filed a response to Defendants' motion and opposed the requested continuance because: (1) Defendants had not made a showing that they lacked sufficient untainted funds to continue with their current counsel; (2) the timeline for resolving their litigation in the CDCA and the Ninth Circuit regarding the government's pre-trial seizure of assets linked to Backpage.com, LLC (Backpage) was unknowable; and (3) the government vigorously disagreed with Defendants' belief that they would be successful in the CDCA and/or Ninth Circuit.  (*See* CR 446 at 1-3).

On January 25, 2019, Judge Logan conducted a status conference, heard argument from the government and Defendants, and denied Defendants' motion for a four-month continuance.  (*See* CR 448; *see also* CR 459 Tr. 1/25/19 at 66-67 (Judge Logan: "This Court is in receipt of Document Number 443, which is the defendants' joint status report. This court, after reading the 15-page document several times, I will consider it as a motion requesting a continuance or as was described earlier by Mr. Piccarreta, a request to stay the defendants' obligations. . . . After carefully considering all of the issues, the motion . . . will be denied.  The current deadlines in the scheduling order that are spelled out in Document Number 131, the government and defense, I am ordering you both to continue to meet those deadlines.  In the event that the Ninth Circuit Court of Appeals comes out with a decision, and that decision is one in which this District Court needs to act on it based on if funds are freed or whatever way that they decide the case and send it back to the District Court, I look forward to weighing in on those issues.")).

Since the January 25, 2019, status conference, the government has continued to comply with Court-ordered scheduling deadlines as set forth below.

## II.   Discovery

On February 22, 2019, the government provided Defendants with, among other documents, approximately 75 reports of witness interviews and Jencks statements.  (*See* Exhibit A). The government provided Defendants with additional documents, including approximately 10 additional reports of witness interviews, on March 14, 2019.  (*See* Exhibit B).

Moreover, on March 18, 2019, the government informed Defendants Michael Lacey and James Larkin that their personal device data seized pursuant to a court-authorized search warrant was available for pick-up at an FBI facility in Phoenix.  (*See* Exhibit C). The government also informed all Defendants that additional Backpage cloud service data was available for pick-up at an FBI facility in Phoenix. (*See* Exhibit D).[1]  The government had indicated to Defendants and the Court at the status conference that this data would be forthcoming.  (*See* CR 459 Tr. 1/25/19 at 14 (Mr. Jones: "Now that our filter protocol has been reviewed, we have a few categories, documents, i.e., the defendants tax records, [documents from a] third-party IT firm, Your Honor, and also some of the personal devices that need to go through that attorney filter review.  But those documents should be disseminated to them as well within the next couple of months or so since the filter protocol is in place.")).  However, on February 11, 2018, Defendants requested the government provide them "a listing of all attorneys, firm names, etc. that the taint team is using in its search to remove privileged matters." Defendants further requested to "review this list in case some names had been inadvertently omitted and thus potentially exposing members of the prosecution team to privileged materials." (*See* Exhibit E).   The government subsequently provided Defendants a list of more than 265 terms (*See* CR 269-8, Exhibit

---

[1] In a meet and confer session with counsel for Defendant Larkin on April 9, 2019, counsel indicated that she would pick-up the aforementioned data the week of April 22, 2019.

H) related to attorney representation that it had segregated through its filter review, that the Court had previously found sufficient to reasonably identify any privileged documents present in its discovery materials.  (*See* Court's order approving government's filter review; CR 445).  In order to prevent delay of any review Defendants might want to make of the materials, the government made these materials available to Defendants on March 18, 2019.  On March 25, 2019, Defendants provided the government with a list of additional counsel "that should be screened as privileged and thus segregated from review by the government."  (*See* Exhibit F).  The government will conduct any review of the aforementioned materials after potentially privileged material has been segregated through the Court-approved filter protocol.[2]

On April 11, 2019, the government produced to Defendants the remaining BDO-Consulting as well as Epiq data.  (*See* Exhibit G).  The government will provide Defendants with exhibits of any of the above-mentioned data that it might utilize at trial.

To date, the government has provided Defendants with nearly all discovery nine months before trial.[3]  In fact, approximately 90 percent of discovery in this case was provided to Defendants on May 24, 2018 – nearly 20 months prior to trial.  (*See* CR 444; Exhibit A).  Moreover, this discovery has been produced to Defendants in an electronic, load-ready, industry-standard format[4] – a format agreed to by all parties at the outset of the case.  (*See* CR 137, Tr. 4/30/18).

Approximately 20 percent of discovery produced to Defendants are documents

---

[2] The government has added the additional names provided by Defendants on March 25, 2019, to its list of terms to be segregated through its filter review.

[3] Any remaining records produced by the government in this case will be nominal. However, as per the Court-issued Scheduling Order, any additional records obtained during pre-trial preparation shall be disclosed to Defendants as soon as possible. (*See* CR 121, p.1 at 27-28 ("If additional records are discovered by, or disclosed to, the government during pretrial preparation or otherwise, pursuant to Rule 16(c), Fed. R. Crim. P., the government shall promptly disclose any additional documentary evidence or materials to the defense as soon as practicable after such disclosure or discovery occurs.")).

[4] This format allows documents to be easily searched by text or metadata fields (e.g., email date, sender, etc.).

Defendants previously provided the U.S. Senate Permanent Subcommittee on Investigations (PSI) in 2016 as part of its investigation into Backpage,[5] and were subsequently compelled by the Arizona District Court to be produced to the government in September 2017 as part of the USAO 108 subpoena litigation. (*See* CR 444, Exhibit B). Consequently, Defendants have been in possession of these records for at least two and a half years.

Another nearly 60 percent of discovery provided to Defendants originated from a source from which the government agreed to disclose to Defendants materials that it might utilize from that source at trial; the government disclosed the more than 100 pages of such materials from that source to Defendants more than eight months ago. (*See* CR 444, Exhibit C). In sum, nearly 80 percent of discovery provided to Defendants in this case are either documents Defendants previously produced to the government, or a category of materials whereby the government has provided Defendants with any documents the government might utilize at trial.

The government has also taken several additional steps to facilitate Defendants' review of discovery in this case. Among other things, the government:

(1) Made available a Department of Justice (DOJ) discovery specialist to assist Defendants with technical questions;[6]

(2) Provided detailed indexes to the discovery consisting of nearly 40 categories denoting the source from which the materials were obtained;

---

[5] Declaration of Breena Ross, *Senate Permanent Subcommittee on Investigations v. Carl Ferrer*, Misc. No. 1:16-mc-00625-RMC (D.D.C. Nov. 30, 2016).

[6] To date, the only technical issue involving accessing discovery in the agreed industry-standard platform Defendants have asserted is a February 28, 2019, letter wherein they contended that 2,744 documents that had been provided to them more than nine months prior could not be loaded into their discovery database. (*See* Exhibit I). The government promptly looked into the matter and on March 6, 2019, notified Defendants that the 2,744 documents at issue had been provided to them in the same manner they were produced to the government, and that the 2,744 files could be loaded into and viewed in a discovery database such as the platform both parties agreed at the outset of the case would be used to produce discovery. The government also located and viewed a sampling of the 2,744 documents in its discovery database without issue. (*See* Exhibit J).

(3) Produced subsets of approximately 1,500 "hot documents" – documents specifically related to the allegations in the Superseding Indictment to all Defendants approximately 18 months prior to trial;  (*See* CR 444, Exhibits D and E); and

(4) Provided counsel for a number of Defendants (upon request) with subsets of "hot documents" specifically related to the allegations in the Superseding Indictment against their respective clients; the government has also offered to meet (and have met with several Defendants) with Defendants to discuss its theory of the case and the allegations against the Defendants in detail.  (*See* CR 444, Exhibits F, G, H, and I).

**III.    Backpage Server Data**

On March 7, 2019, the government sent Defendants a letter summarizing its handling of the Backpage server data to date.  (*See* Exhibit H).  As detailed in this letter, the government has 46 Backpage servers in its possession.  Backpage operated as a classified advertising website for a decade and a half so the government is certain Defendants are familiar with the data (including ads and images) hosted on its servers.  The Court also shared this view and expressed such at the 1/25/19 status hearing.  (CR 459, Tr. 1/25/19, p.22 (Judge Logan: "Who is familiar with those documents that Mr. Jones and Mr. Rapp just proffered on the record?  Is anybody?  Has anybody heard of a Backpage ad?  Is anybody familiar with Backpage, with what they do as it relates to ads?  Would anyone argue that if Backpage is responsible for receiving compensation to post an ad, Backpage should know about the ad?  Would everyone agree with that?")).  However, (as it has done throughout this case) the government went above and beyond its discovery obligations under Federal Rule Criminal Procedure Rule 16, and extracted all of the marketplace database files (i.e., all of the ads that were on Backpage.com) from the servers and imaged the server containing all of the Backpage images in order to assist Defendants in any review they would like to conduct of server data.  The extracted ad and image data were made available to Defendants on March 7, 2019.

Additionally – although the government had previously provided Defendants with Backpage ads that are referenced in the Superseding Indictment – on March 14, 2019 (as

per Defendants request), the government provided Defendants a sampling of approximately 70 Backpage ads referenced in counts in the Superseding Indictment as the ads appear in the server data the government imaged.  (*See* Exhibit K).  Moreover, the government has made all Backpage servers in its possession available for defense inspection, in accordance with Federal Rule of Criminal Procedure 16(a)(1)(E).[7]

The government is awaiting receipt of approximately 60 additional servers from Amsterdam through the Mutual Legal Assistance Treaty ("MLAT") process.  The government has been informed by the former Chief Technology Officer for Backpage that the 60 additional servers contain largely duplicate data from the servers currently in the government's possession (and has been made available to defense), as well as Backpage payment processing data. (*See* Exhibit H at 2).  These servers are expected to arrive within the next month or so and will be available for Defendants' inspection at an FBI facility. Also, given the voluminous amount of Backpage server data, the government has agreed to provide Defendants with exhibits of any server data it might utilize at trial to assist Defendants in focusing their efforts and attention on server data relevant to the case.  (*See* Exhibit H at 3).  This is in addition to the entire marketplace of Backpage ads, images, and email data that the government has already extracted and provided Defendants. Based on the foregoing, it is indisputable that the government has exceeded its discovery obligations in facilitating Defendants' review of materials in this case.

**IV.    Initial Expert Disclosures**

On March 14, 2019, Defendants filed their notice of expert witnesses.  (*See* CR 500).[8]

---

[7] Defendants are scheduled to inspect the Backpage servers located in Pocatello on April 18, 2019.  Additionally, Defendants are scheduled to inspect the Backpage servers located at FBI Phoenix the week of April 22, 2019.

[8] As indicated in its January 18, 2019 status memorandum, the government filed its notice of expert witnesses on December 14, 2018 – providing Defendants with an overview of the individuals and subjects that it may seek to present evidence of by way of expert testimony.  (*See* CR 422).

1    **V.     Reciprocal Rule 16 Discovery**

2          On March 4, 2019, Defendants provided the government with more than 4,400

3    pages of reciprocal discovery.   (*See* Exhibit L).    Defendants' transmittal letter

4    accompanying the reciprocal discovery contained a number of inaccuracies regarding

5    Backpage server data which the government addressed in its March 7, 2019 letter to

6    Defendants. (*See* Exhibit H).   Additionally, Defendants' assertions in its transmittal letter

7    that the government has not complied with the deadlines set forth in the Scheduling Order

8    are also misplaced.  Discovery provided to Defendants since the government's initial

9    discovery deadline of December 3, 2018 (i.e., the government's productions on February

10   22, 2019, March 14th, 2019, and April 11th, 2019) represent less than zero and thirteen

11   thousandths of one percent (0.013) of discovery produced in this case and is certainly in

12   line with the government's representation to the Court at the January 25, 2019 status

13   conference that it had already produced over 90 percent of discovery to Defendants in the

14   case. (*See* CR 459 Tr. 1/25/19 at 13 (Judge Logan: "Percentage-wise, how much discovery

15   has been given to the defense?  How much was given by the 3rd of December of 2018?")).

16   In response, the government indicated that other than documents subject to the

17   government's filter protocol and the server data (which have now been made available to

18   Defendants), more than 90 percent of discovery had been provided to Defendants by

19   December 3, 2018 (more than 13 months before trial).  (*See* CR 459 Tr. 1/25/19 at 14. (Mr.

20   Jones: "To answer your question [your Honor], first, other than these two outstanding areas

21   that I'm about to address, [documents subject to filter protocol and server data], more than

22   90 percent of the discovery has been given to defendants to date.")).

23         Moreover, as previously indicated, the government has agreed to provide

24   Defendants with exhibits of any of these materials it might utilize at trial months prior to

25   the commencement of trial.  Thus, any contention that the government has somehow

26   shirked or failed to comply with its discovery obligations is simply inaccurate.

27   **VI.     Preliminary Exhibit and Witness List**

28         On April 1, 2019, more than nine months prior to trial, the government disclosed its

- 8 -

preliminary witness and exhibit list to Defendants and agreed to periodically provide updated and revised preliminary exhibit and witness list to Defendants in the coming months.   (CR 511). The vast majority of the government's exhibits are documents Defendants disclosed to the Senate Permanent Subcommittee in the fall of 2016, and were compelled to re-disclose to the government in September 2017.  As a result, Defendants have been in possession of most of the government's trial exhibits for at least the past two and a half years.

## VII.   Pending Motions

The parties await the Court's ruling on the following motions: (1) Defendants' Motion for Further Clarification Regarding CR 445 Order Allowing the Government to Continue Review of Privileged Communications **(CR 452)**; (2) Defendants' Motion for Designation of 39 Documents Subject to this Court's Destruction Order to be Preserved as Part of the *In Camera* Record in the Prosecution **(CR 453)**[9]; (3) Defendants' Motion to Dismiss Due to Government Interference with Right to Counsel and Request for Disclosure or, in the Alternative Motion to Withdraw **(CR 456)**; Defendants' Motion for Hearing Regarding CR 456 **(CR 501)**; and Defendant Michael Lacey's Motion to Modify Conditions of Release **(CR 503)**.

## VIII.   Upcoming Deadlines:

A. May 27, 2019 – Defendants' production of Rule 26.2 material as to intended witnesses, if any, is due;

B. June 17, 2019 – Government's rebuttal expert disclosures, if any, are due;

C. July 1, 2019 – Defendants' disclosure of preliminary exhibit and witness list is

---

[9] The government previously responded to this motion requesting the Court Order Defendants Michael Lacey, James Larkin, Scott Spear, and Andrew Padilla to destroy the 39 inadvertently-disclosed documents ordered destroyed within 24 hours or be ordered to show cause why they are not in contempt of the Court's January (CR 449) Order. (CR 466). Defendants Lacey, Larkin, Spear, and Padilla have since filed replies to CR 466 indicating that they have destroyed the 39 inadvertently-disclosed documents at issue. (CR 468, 469, 474, and 475). Therefore, the only outstanding issue pertaining to this motion is whether the Court requests the government to file all of the inadvertently-disclosed documents *ex parte under seal* for the *in camera* record in the case.

1          due;

2          D. July 15, 2019 – Substantive motions filing deadline; Government's rebuttal

3          exhibit and witness list due.

4    **IX.   Conclusion**

5          As articulated above, the government has promptly fulfilled its obligations under

6    the Scheduling Order.  By the January 15, 2020 trial, Defendants will have had access to

7    the vast majority of discovery in this case for nearly 20 months, and most of the

8    government's trial exhibits for more than two and a half years.  The government's

9    discovery production has been accompanied by detailed indexes denoting the source from

10   which the materials were obtained.  The government has also assisted Defendants in

11   understanding its key evidence by providing subsets of "hot documents" to all Defendants

12   more than 18 months before trial, and even went a step further by providing counsel for a

13   number of Defendants with subsets of "hot documents" specifically related to the

14   allegations in the Superseding Indictment against their respective clients.  The government

15   has also offered to meet and have met with Defendants to discuss its theory of the case,

16   key evidence, and the allegations against the Defendants in great detail. The 90-page

17   Superseding Indictment (CR 230) also clearly identified the government's theory in this

18   case and discussed some of the most important pieces of the government's evidence.

19          Additionally, the government has extracted all of the Backpage ads contained on

20   servers for Defendants and even provided Defendants samples of ads as they appear in the

21   server data that are referenced in counts in the Superseding Indictment.  The government

22   has also agreed to provide Defendants with exhibits of any server data it might utilize at

23   trial months prior to the commencement of trial.  Further, the government provided

24   Defendants with a preliminary witness and exhibit list more than nine months before trial

25   that it will continue to update and provide to Defendants periodically within the coming

26   months.  It has also promptly responded to Defendants' request for assistance and made

27   available a DOJ discovery specialist to assist Defendants with any technical issues.

28          In sum, the government has expended significant resources with the expectation that

trial will begin January 15, 2020.  The Court set this firm trial date nearly two years post-indictment in this case because of the time Defendants asserted they needed to prepare for trial. The government's witnesses (including numerous sex trafficking victims) have cleared their schedules to be available for trial to begin on this date.  To this end, the government will continue to work diligently to comply with the Scheduling Order, and will also continue to work with Defendants over the course of the next months leading up to trial to facilitate Defendants' review of materials in this case.

Respectfully submitted this 16th day of April, 2019.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/Reginald E. Jones*
REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

1

**CERTIFICATE OF SERVICE**

2

3

4

5

6

7

8

9

10

11

12

13

I hereby certify that on this date, April 16, 2019, I transmitted the foregoing under-seal document for filing to the Clerk of the United States District Court and sent a copy via electronic mail to: Paul J. Cambria Jr. Esq. and Erin e. McCambpell, Esq., Lipsitz Green Scime Cambria, LLC, 42 Deleware Ave, Suite 120, Buffalo, NY 14202, **pcambria@lglaw.com** and **emccampbell@lglaw.com**, Thomas H. Bienert, Jr., Esq., Anthony R. Bisconti, Esq., Kenneth M. Miller, Esq., and Whitney Bernstein, Esq., Bienart, Miller & Katzman, PLC, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673, **tbienert@bmkattorneys.com,                    tbisconti@bmkattorneys.com, kmiller@bmkattorneys.com, wbernstein@bmkattorneys.com**; Mike Piccarreta, Esq., Piccarreta Davis Keenan Fidel, PC, 2 East Congress Street, Suite 1000, Tucson, AZ 85701, **mlp@pd-law.com**; Jim Grant Esq., Davis Wright Termaine, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101, **jimgrant@dwt.com**; Michael D. Kimerer, Esq. and Rhonda Elaine Neff, Esq., 1313 E. Osborn Road, Suite 100, Phoenix, AZ 85014, **MDK@kimerer.com** and **rneff@kimerer.com**; Steve Weiss Esq., Karp & Weiss, PC, 3060 North Swan Rd., Tucson, AZ 85712, **sweiss@karpweiss.com;** Robert Corn-Revere Esq., Davis Wright Termaine, LLP, 1919 Pennsylvania Avenue N.W., Suite 800, Washington, D.C., 20006, **bobcornrevere@dwt.com**; Bruce Feder, Esq., 2930 East Camelback Road, Suite 160, Phoenix, AZ 85016, **bf@federlawpa.com**; Gary Linenberg, Esq., Ariel Neuman, Esq., Gopi K. Panchapakesan, Esq., Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067, **glincenberg@birdmarella.com, aan@birdmarella.com, gkp@birdmarella.com.**

14

15

*s/ Angela Schuetta*
Angela Schuetta
U.S. Attorney's Office

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square          Main:     (602) 514-7500
40 N. Central Ave., Suite 1800   Main Fax:  (602) 514-7693
Phoenix, AZ  85004-4408

February 22, 2019

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
42 Delaware Ave, Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
920 Fifth Avenue,
Suite 3300
Seattle, WA 98104
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue N.W.,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienert, Jr., Esq.
Bienert, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
Suite 100
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
Suite 160
Phoenix, AZ 85016
(attorney for Scott Spear)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel,
PC
2 East Congress Street,
Suite 1000
Tucson, AZ  85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
3060 North Swan Rd.
Tucson, AZ 85712
(attorney for Joye Vaught)

Gary Lincenberg
Bird, Marella, Boxer, Wolpert,
Nessim, Drooks, Lincenberg & Rhow,
P.C.
1875 Century Park East
23rd Floor
Los Angeles, CA 90067
(attorney for Jed Brunst)

Re:     U.S. v. Michael Lacey, et.al.
        CR-18-00422-PHX-SPL (BSB)

Dear Counsel:

Pursuant to your request for discovery and the government's obligations under Fed. R. Crim. P. 16 and the stipulated scheduling order in this case, please find enclosed 7 digital media devices containing the government's seventh disclosure.[1]

---

[1] Digital media devices containing disclosure for defendants Michael Lacey, James Larkin, and Jed Brunst are being provided to Paul J. Cambria Jr., Thomas H. Bienert Jr., and Gary Lincenberg respectively.

Lacey, et. al. Discovery Letter 7
February 22, 2019
Page 2

- The thumb drive contains the following Bates Stamped records:
    o BDO Consulting Documents – DOJ-BP-0004720537 to DOJ-BP-0004735011
    o Reports of Interviews – DOJ-BP-0004735012 to DOJ-BP-0004735223
    o Subpoena Compliance, Reports of Interviews, and other FBI Case Documents – DOJ-BP-0004735224 to DOJ-BP-0004746570

- The DVD labeled *Backpage Hyer Docs* contains reports of interviews for Defendant Daniel Hyer.
- The DVD labeled *Jail Calls* contains jail calls for Defendants Michael Lacey and James Larkin
- The DVD labeled *Macomb County Prosecutor* contains recorded interviews from the Macomb County, Michigan, quadruple murder investigation of James C. Brown.  In February of 2014, Brown was convicted of killing four women he met through Backpage.com.
- The DVD labeled *Recorded Interviews with Victim #4* contains recorded interviews from Victim 4's local investigation.  Victim 4's summary is included in paragraph 163 of the Superseding Indictment.
- The 2 DVD's labeled *JDPA Office Gretna, LA* contains case-related documents from the local investigation of Victim #15 trafficked via Backpage.com.  Victim 15's summary is included in paragraph 174 of the Superseding Indictment.

Additionally, the government has in its possession copies of tax returns and related transmittals prepared by BDO USA Consulting for Backpage and related clients.  These documents will not be made generally available to counsel.  If you believe you have a basis to access these documents, please let us know and we will address this matter with the Court.

Lastly, during our execution of search warrants on April 5, 2018, we seized data from Jill Anderson's personal devices.  Neither the prosecution team nor the taint team have reviewed (or intend to review) this data.  If you would like to review this data, please let us know and we will facilitate your review at an FBI facility in Phoenix.

Please reach out with any questions.

Sincerely,

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

*/s Reginald Jones*
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

Lacey, et. al. Discovery Letter 7
February 22, 2019
Page 3

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
JOHN J. KUCERA
Assistant United States Attorneys

Enclosures

# EXHIBIT B



**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square          Main:    (602) 514-7500
40 N. Central Ave., Suite 1800   Main Fax: (602) 514-7693
Phoenix, AZ 85004-4408

March 14, 2019

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
42 Delaware Ave, Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
1201 Third Avenue,
Suite 2200
Seattle, WA 98101
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue N.W.,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienart, Jr., Esq.
Bienart, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
Suite 100
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
Suite 160
Phoenix, AZ 85016
(attorney for Scott Spear)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel,
PC
2 East Congress Street,
Suite 1000
Tucson, AZ  85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
3060 North Swan Rd.
Tucson, AZ 85712
(attorney for Joye Vaught)

Gary Lincenberg
Bird, Marella, Boxer, Wolpert,
Nessim, Drooks, Lincenberg & Rhow,
P.C.
1875 Century Park East
23rd Floor
Los Angeles, CA 90067
(attorney for Jed Brunst)

Re:    U.S. v. Michael Lacey, et.al.
       CR-18-00422-PHX-SMB

Dear Counsel:

Pursuant to your request for discovery and the government's obligations under Fed. R. Crim. P. 16 and the stipulated scheduling order in this case, please find enclosed a thumb drive containing the government's eighth disclosure.[1]

---

[1] A thumb drive containing disclosure for defendants Michael Lacey, James Larkin, and Jed Brunst are being provided to Paul J. Cambria Jr., Thomas H. Bienart Jr., and Gary Lincenberg respectively.

Lacey, et. al. Discovery Letter 8
March 14, 2019
Page 2

- The thumb drive contains the following Bates Stamped records:
  - Additional Financial Records — DOJ-BP-0004746571-DOJ-BP-0004791098
  - Additional Reports of Interviews – DOJ-BP-0004791099-DOJ-BP-0004791128
  - Additional Subpoena Compliance, Reports of Interviews, and other FBI Case Documents —DOJ-BP-0004791129-DOJ-BP-0004791240

Additionally, as we indicated in our November 30, 2018 discovery transmittal letter, Amazon Web Service ("AWS") data and a virtual machine on which some of the MySQL database was obtained from the State of California pursuant to a search warrant are available upon request.  The AWS data includes raw MySQL data the State of California understood was data from the Backpage Payment Processing Island—a web server hosted by AWS that received credit card and similar payment data from Backpage users.   The virtual machine includes some of the MySQL database data received from AWS.

Also, we have separately mailed counsel Whitney Bernstein of Bienart, Miller & Katzman a DVD that contains a sampling of approximately 70 Backpage ads with associated databases and images (as such ads appear in the server data the government has imaged and made available to you), to include ads referenced in the Superseding Indictment.

Please reach out with any questions.

Sincerely,

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

REGINALD E. JONES
/s Reginald Jones
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
JOHN J. KUCERA
Assistant United States Attorneys

Enclosures

# EXHIBIT C



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | | |
|---|---|---|
| Two Renaissance Square | Main: | (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax: | (602) 514-7693 |
| Phoenix, AZ 85004-4408 | | |

March 18, 2019

<u>**Via E-MAIL**</u>
Thomas H. Bienert, Jr.
Bienert, Miller & Katzman, PLC
(attorney for James Larkin)

Paul J. Cambria Jr.
Lipsitz Green Scime Cambria,
LLC
(attorney for Michael Lacey)

Re:   <u>U.S. v. Michael Lacey, et.al.</u>
      CR-18-00422-PHX-SMB

Dear Counsel:

    We write to inform you that we have imaged the personal devices and documents seized from Defendants Michael Lacey and James Larkin pursuant to a court-authorized search warrant. The hard drives and CD's containing this data are available for pick-up at an FBI facility in Phoenix.[1] As you are aware, the government's filter protocol was recently approved by the Court on January 22, 2019 (*see* CR 445); thus, the aforementioned data is being processed for our review in accordance with the approved filter procedures. However, in order to avoid delay of any review you may want to conduct of these materials, we are providing them to you at this time. We will also provide you with exhibits of any of the above-mentioned data the government might utilize at trial.

    Please reach out to me to schedule a time to pick-up these materials.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

*s/Reginald E. Jones*
REGINALD E. JONES
Senior Trial Attorney, CEOS

---

[1] As detailed in our February 22, 2019 discovery transmittal letter to you, hard drives containing data seized from Jill Anderson's personal devices are also available for pick-up at an FBI facility in Phoenix.

March 18, 2019
Page 2

(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

# EXHIBIT D



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main:     (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax:  (602) 514-7693 |
| Phoenix, AZ 85004-4408 | |

March 18, 2019

**VIA E-MAIL**

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
(attorney for Lacey and Larkin)

Thomas H. Bienert, Jr., Esq.
Bienert, Miller & Katzman,
PLC
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
(attorney for Scott Spear)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel,
PC
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
(attorney for Joye Vaught)

Gary Lincenberg
Bird, Marella, Boxer, Wolpert,
Nessim, Drooks, Lincenberg & Rhow,
P.C.
(attorney for Jed Brunst)

Re:   U.S. v. Michael Lacey, et.al.
      CR-18-00422-PHX-SMB

Dear Counsel:

We write to inform you that data seized from Backupify (a company Backpage utilized to backup and recover its cloud service data) pursuant to a court-authorized search warrant is available for pick-up at an FBI facility in Phoenix. Additionally, as per my March 7, 2019 letter to counsel for James Larkin (letter attached as Exhibit A), hard drives containing Backpage-related email data seized from Backpage servers located in Dallas, Texas are also available for pick-up.[1] As you are aware, the government's filter protocol was recently approved by the Court on January 22, 2019 (*see* CR 445); thus, the aforementioned data is being processed for our review in accordance with the approved filter procedures. However, in order to avoid delay of any review you may want to conduct of these materials, we are providing them to you at this time. We will also provide you with exhibits of any of the above-mentioned data the government might utilize at trial.

---

[1] On March 8, 2019 we provided Counsel Bruce Feder with hard drives containing the entire marketplace of Backpage ads (i.e. all of the ads that were on Backpage.com at the time the website was seized).

Lacey, et. al. Discovery Letter 8
March 18, 2019
Page 2

Please reach out to me to schedule a time to pick-up these materials.

Sincerely,

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

*/s Reginald Jones*
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE

JOHN J. KUCERA
Special Assistant U.S. Attorney





**U.S. Department of Justice**

United States Attorney
District of Arizona

| | | | |
|---|---|---|---|
| Two Renaissance Square | | Main: | (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | | Main Fax: | (602) 514-7693 |
| Phoenix, AZ  85004-4408 | | | |

March 7, 2019

<u>Via E-Mail</u>
Whitney Z. Bernstein
Bienart, Miller & Katzman PLC
EMail:wbernstein@bmkattorneys.com
(attorney for Defendant James Larkin)

Re:   <u>Your letter of February 26, 2019</u>

Dear Ms. Bernstein:

We write in response to your February 26, 2019 letter summarizing our February 20, 2019 phone call regarding Backpage server data. Your letter contains a number of inaccuracies. However, instead of addressing each inaccuracy contained within the letter, we believe it would be most fruitful to provide you with the below written summary of the government's handling of the Backpage server data to date.

<u>Total Servers</u>

The government has 46 Backpage servers in its possession obtained from Amsterdam, Netherlands ("Amsterdam"), Tucson, Arizona ("Tucson"), and Dallas, Texas ("Dallas"). We are currently awaiting receipt of approximately 60 additional servers from Amsterdam through the Mutual Legal Assistance Treaty ("MLAT") process.

<u>Amsterdam Servers</u>

We currently have in our possession nine servers obtained from Amsterdam through the MLAT process. Of these nine servers, three are slave database servers, three are image servers, two are master database servers, and one is a backup server. Backpage operated

March 7, 2019
Page 2

as a classified advertising website for approximately 14 years so we're certain you are aware of the content hosted on the site. However, we extracted all of the Backpage marketplace database files (i.e. all of the ads that were on Backpage.com) from these servers and have imaged the server containing all of the Backpage images in order to help facilitate any review you would like to conduct of this data. As I indicated in my March 4, 2019 email to you, the hard drives containing this data are available for pick-up at an FBI facility in Phoenix. Additionally, in accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), these nine servers are available for your inspection at an FBI data center facility in Pocatello, Idaho. Our forensic examiners located at this facility are available to facilitate your review of these servers and answer any technical questions you may have regarding this particular data.

In addition to the aforementioned nine servers currently in the government's possession, we are awaiting receipt of approximately 60 servers from Dutch officials through the MLAT process. We have been advised by a former Backpage employee who managed these servers that these 60 servers contain payment processing data and data redundancy from the nine Amsterdam servers currently in the government's possession. These servers will also be available for your inspection at an FBI data center facility in Pocatello, Idaho when we receive them.

Dallas Servers

We currently have in our possession five Backpage servers seized from Dallas. Of these five servers, we were advised by a former Backpage employee who managed these servers that two of these servers contain Backpage-related email data. These two servers have been imaged and the hard drives containing this data are available for pick-up at an FBI facility in Phoenix. The former Backpage employee who managed these servers also advised us that the remaining three Dallas servers in our possession contain antivirus servers, asset tracking/inventory software, a backup server, web user interface, virtual private network for end point, VM servers, and WSUS. In accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), these three servers are available for your inspection at an FBI data center facility in Pocatello, Idaho. Our forensic examiners located at this facility are available to facilitate your review of these servers and answer any technical questions you may have regarding this particular data.

Tucson Servers

We currently have in our possession 32 servers and three hard drives seized from Tucson. We were advised by a former Backpage employee who managed these servers that they contain data redundancy of the marketplace database files and images from the

March 7, 2019
Page 3

Amsterdam servers. We have imaged the master marketplace database and image servers. The hard drives containing this data are available for pick-up at an FBI facility in Phoenix. In accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), these 32 servers are available for your inspection at an FBI data center facility in Pocatello, Idaho. Our forensic examiners located at this facility are available to facilitate your review of these servers and answer any technical questions you may have regarding this particular data.

<u>Sampling of Ad data and Ad data the Government Might Utilize at Trial</u>

During our February 20, 2019 phone conversation (and again in your February 26, 2019 letter), you requested samples of "[Backpage] advertisements as such ads now appear in the data the government has imaged." You also requested "discrete parts of all advertisements that are the subject of counts in the Superseding Indictment." To be clear, the government has previously produced to you in discovery ads that are referenced in counts in the Superseding Indictment. However, we are willing to produce samples of Backpage ads as the ads appear in the server data the government has imaged, to include ads referenced in counts in the Superseding Indictment. Although we had hoped to have this sampling to you this week, our forensic examiner culling this data was unexpectedly away from the office for a number of days, so we will need additional time to compile the requested sampling. We will send this sampling to you as soon as possible. Also, as previously noted, the entire marketplace of Backpage ads have been extracted for you and is available for pick-up at your convenience.

Additionally, given the voluminous amount of server data, the government agrees to provide to you with exhibits of any server data that we might utilize at trial. This should greatly assist you in focusing your efforts and attention on server data relevant to the case.

Please reach out to me with additional questions. We will continue to work diligently to answer them and facilitate your review of materials in this case.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

s/Reginald E. Jones
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

March 7, 2019
Page 4

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

# EXHIBIT E

| From: | Barbara Polowetz |
|---|---|
| To: | Rapp, Kevin (USAAZ) |
| Cc: | Michael Piccarreta; Jones, Reginald (CRM) |
| Subject: | Andrew Padilla: taint team procedures |
| Date: | Monday, February 11, 2019 11:59:23 AM |

Kevin:

It appears that the government is going forward in reviewing records through use of its taint team to cull out any privileged communications it discovers. In order to avoid further problems with this procedure, I would request the following:

      1.     A listing of all of the attorneys, firm names, etc. that that the taint team is using in its search to remove privileged matters.

      2.     The names, departments, and agencies of the individuals who are members of the taint team.

I think it is a good idea for the defense to review this list in case some names have been inadvertently omitted and thus potentially exposing members of the prosecution team to privileged materials which would cause all of us problems and a verification on our end that none of the taint teams members have any role that would lead to future motions if not disclosed until later. Best wishes.

Mike Piccarreta

# EXHIBIT F

PICCARRETA DAVIS KEENAN FIDEL PC
· LAWYERS ·

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL
——————————————
BARRY M. DAVIS
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

March 25, 2019

**VIA EMAIL: <u>andrew.stone@usdoj.gov</u>**

Andrew Stone, Esq.
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

  Re: United States v. Lacey, *et al.*, No. CR-18-00422-PHX-SPL (BSB)

Dear Andy:

  Thanks for your response regarding defendants' concerns about potentially privileged materials. The government indicated search terms for how it is segregating materials for taint team review, and we have examined exhibit H to the government's reply on its motion to restore privilege issues (doc. 269-8). In some respects, the list appears to omit some attorneys and law firms that have performed work covered by the privilege. Enclosed is a more comprehensive list. All communications involving or mentioning these individuals should be segregated as likely privileged (including, of course, all variations on the respective names). Additionally, this list should be used in addition to the government's prior list (doc. 269-8) for all review by your taint team whether done before or still to be done if and when you resume this process.

  Defendants' other requests remain outstanding (e.g., identification of individuals assigned to the taint team when it resumes review; production to defendants of documents the taint team proposed to disclose, see Doc. 452, and we reserve all rights as to the review process as a whole.

  We have attached is what we believe is the list of counsel that should be screened as privileged and thus segregated from review by the government in its

PICCARRETA DAVIS KEENAN FIDEL PC

review of electronic and/or paper documents. We've created this list separately from the list the government created last summer. The government had some lawyers on their list that are not on the attached list but that does not mean they should not be included in the filtering process. We have provided data from which the government can create appropriate searches – we've not attempted to create the searches themselves (your list had both names and search terms). In Reggie's recent letter, he indicated the court has approved the government's filtering process but did not note that there is pending motion before the court to clarify this process (docs. 452 and 462) that has yet to be ruled on. I think it would be prudent to wait for a court ruling to avoid future legal issues. Best wishes.

Sincerely,

Michael L. Piccarreta

MLP:bp

2

| Name | Firm | Position | Email Address |
|------|------|----------|---------------|
| Craig L. Meredith | Adams and Reese LLP | Attorney | craig.meredith@arlaw.com |
| Lucian T. Pera | Adams and Reese LLP | Attorney | lucian.pera@arlaw.com |
| Andrew F. Newman | Akin Gump Strauss Hauer & Feld LLP | Attorney | anewman@akingump.com |
| Benjamin Harris | Akin Gump Strauss Hauer & Feld LLP | Staff | bharris@akingump.com |
| Carrie Varner | Akin Gump Strauss Hauer & Feld LLP | Attorney | cvarner@akingump.com |
| Daniel S. Park | Akin Gump Strauss Hauer & Feld LLP | Attorney | dspark@akingump.com |
| Jaime S. Rodriguez | Akin Gump Strauss Hauer & Feld LLP | Staff | |
| Jeffrey Mutterperl | Akin Gump Strauss Hauer & Feld LLP | Staff | jmutterperl@akingump.com |
| Katlyne N. "Katie" Miller | Akin Gump Strauss Hauer & Feld LLP | Attorney | millerk@akingump.com |
| Keertain D. Chauhan | Akin Gump Strauss Hauer & Feld LLP | Attorney | kchauhan@akingump.com |
| M. Scott Barnard | Akin Gump Strauss Hauer & Feld LLP | Attorney | sbarnard@akingump.com |
| Megan L. Greer | Akin Gump Strauss Hauer & Feld LLP | Attorney | megreer@akingump.com |
| Molly E. Whitman | Akin Gump Strauss Hauer & Feld LLP | Attorney | mwhitman@akingump.com |
| Pratik A. Shah | Akin Gump Strauss Hauer & Feld LLP | Attorney | pshah@akingump.com |
| Richard M. Cella | Akin Gump Strauss Hauer & Feld LLP | Attorney | rcella@akingump.com |
| Scarlett Ann York-Cockrill | Akin Gump Strauss Hauer & Feld LLP | Legal Assistant | syork-cockrill@akingump.com |
| Stanley M. Brand | Akin Gump Strauss Hauer & Feld LLP | Attorney | sbrand@akingump.com |
| Steven R. Ross | Akin Gump Strauss Hauer & Feld LLP | Attorney | sross@akingump.com |
| Thomas C. Moyer | Akin Gump Strauss Hauer & Feld LLP | Attorney | tmoyer@akingump.com |
| Alex Wood | Arguedas Cassman Headley & Goldman LLP | Legal Assistant | wood@achlaw.com |
| Cristina C. Arguedas | Arguedas Cassman Headley & Goldman LLP | Attorney | arguedas@achlaw.com |
| Julie Salamon | Arguedas Cassman Headley & Goldman LLP | Attorney | salamon@achlaw.com |
| Ted W. Cassman | Arguedas Cassman Headley & Goldman LLP | Attorney | cassman@achlaw.com |
| John R. Becker | Becker & House | Attorney | john@beckerandhouse.com |
| Anthony "Tony" Bisconti | Bienert Miller Katzman PLC | Attorney | tbisconti@bmkattorneys.com |
| John Littrell | Bienert Miller Katzman PLC | Attorney | jlittrell@bmkattorneys.com |
| Kenneth M. Miller | Bienert Miller Katzman PLC | Attorney | kmiller@bmkattorneys.com |
| Thomas H. Bienert, Jr. | Bienert Miller Katzman PLC | Attorney | tbienert@bmkattorneys.com |
| Toni Lindemann | Bienert Miller Katzman PLC | Legal Assistant | tlindemann@bmkattorneys.com |
| Toni Thomas | Bienert Miller Katzman PLC | Legal Assistant | tthomas@bmkattorneys.com |
| Whitney Bernstein | Bienert Miller Katzman PLC | Attorney | wbernstein@bmkattorneys.com |
| Ariel A. Neuman | Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C. | Attorney | aneuman@birdmarella.com |
| Gary S. Lincenberg | Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C. | Attorney | glincenberg@birdmarella.com |
| Gopi K. Panchapakesan | Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C. | Attorney | gpanchapakesan@birdmarella.com |
| Hemanshu "Hemu" Nigam | Bitiya Consulting, Inc. dba SSP Blue | Attorney | hnigam@sspblue.com |
| Simrin Hooper | Bitiya Consulting, Inc. dba SSP Blue | | shooper@sspblue.com |
| Elizabeth L. (Liz) McDougall | Brentwood, Inc. | Attorney | lmcdougall@backpage.com |
| Angelo Calfo | Calfo Harrigan Leyh & Eakes (nka Calfo Eakes & Ostrovsky) | Attorney | angeloc@calfoharrigan.com |
| Ian O'Neill | Cooley | Attorney | ioneill@cooley.com |
| Susan Lyon | Cooley | Attorney | slyon@cooley.com |
| Della Bryan | Copeland Franco Screws & Gill | Legal Assistant | Bryan@copelandfranco.com |
| Robert D. "Bobby" Segall | Copeland Franco Screws & Gill | Attorney | Segall@copelandfranco.com |
| Ronda Benavidez | Copeland Franco Screws & Gill | Staff | Benavidez@copelandfranco.com |
| Christopher F. Allen | Cozen O'Connor | Attorney | callen@cozen.com |
| Daniel J. Quigley | Daniel J. Quigley, PLC | Attorney | quigley@djqplc.com |
| David W. Dratman | David W. Dratman | Attorney | dwdratman@aol.com |
| Ambika K. Doran | Davis Wright Tremaine LLP | Attorney | ambikadoran@dwt.com |
| Andrew J. Lorentz | Davis Wright Tremaine LLP | Attorney | AndrewLorentz@dwt.com |
| Anita Miller | Davis Wright Tremaine LLP | Legal Assistant | AnitaMiller@dwt.com |
| Brendan Charney | Davis Wright Tremaine LLP | Attorney | BrendanCharney@dwt.com |
| Bret Masterson | Davis Wright Tremaine LLP | Staff | bretmasterson@dwt.com |
| Brian J. Hurh | Davis Wright Tremaine LLP | Attorney | brianhurh@dwt.com |
| Candice Tewell | Davis Wright Tremaine LLP | Attorney | candicetewell@dwt.com |
| Candice Woods | Davis Wright Tremaine LLP | Attorney | candicewoods@dwt.com |
| Carol Kaltenbaugh | Davis Wright Tremaine LLP | Legal Assistant | carolkaltenbaugh@dwt.com |
| Chris Ott | Davis Wright Tremaine LLP | Attorney | ChrisOtt@dwt.com |
| Chris Swift | Davis Wright Tremaine LLP | Attorney | chrisswift@dwt.com |
| Christine Kruger | Davis Wright Tremaine LLP | Legal Assistant | ChristineKruger@dwt.com |
| Daniela Najera | Davis Wright Tremaine LLP | Legal Assistant | DanielaNajera@dwt.com |
| David Maas | Davis Wright Tremaine LLP | Attorney | jamesmann@dwt.com |
| Eric M. Stahl | Davis Wright Tremaine LLP | Attorney | ericstahl@dwt.com |
| James C. Grant | Davis Wright Tremaine LLP | Attorney | jamesgrant@dwt.com |
| James H. (Jamie) Wendell | Davis Wright Tremaine LLP | Attorney | jamiewendell@dwt.com |
| James H. Mann | Davis Wright Tremaine LLP | Attorney | jamesmann@dwt.com |
| Jeffrey B. Coopersmith | Davis Wright Tremaine LLP | Attorney | jeffcoopersmith@dwt.com |
| Jennifer Cygnor | Davis Wright Tremaine LLP | Legal Assistant | JenniferCygnor@dwt.com |
| Joe Weinstein | Davis Wright Tremaine LLP | Attorney | oeweinstein@dwt.com |
| John A. Goldmark | Davis Wright Tremaine LLP | Attorney | johngoldmark@dwt.com |
| Kathleen Forgette | Davis Wright Tremaine LLP | Legal Assistant | kathleenforgette@dwt.com |
| Keith Morton | Davis Wright Tremaine LLP | Legal Assistant | keithmorton@dwt.com |
| Lesley Smith | Davis Wright Tremaine LLP | Legal Assistant | lesleysmith@dwt.com |
| Linda Nordstedt | Davis Wright Tremaine LLP | Staff | lindanordstedt@dwt.com |
| Lisa B. Zycherman | Davis Wright Tremaine LLP | Attorney | lisazycherman@dwt.com |
| Mark Bartlett | Davis Wright Tremaine LLP | Attorney | markbartlett@dwt.com |
| Marni Shapiro | Davis Wright Tremaine LLP | Legal Assistant | marnishapiro@dwt.com |
| Matt Cooper | Davis Wright Tremaine LLP | Attorney | mattcooper@dwt.com |
| Melissa Andrzejewski | Davis Wright Tremaine LLP | Legal Assistant | melissaandrzejewski@dwt.com |
| Nara Neves | Davis Wright Tremaine LLP | Legal Assistant | naraneves@dwt.com |
| Nathan W. Rouse | Davis Wright Tremaine LLP | Attorney | nathanrouse@dwt.com |
| Nicole Phillis | Davis Wright Tremaine LLP | Attorney | NicolePhillis@dwt.com |
| Patrick J. Curran, Jr. | Davis Wright Tremaine LLP | Attorney | patcurran@dwt.com |
| Peter Karanjia | Davis Wright Tremaine LLP | Attorney | peterkaranjia@dwt.com |
| Robert Corn-Revere | Davis Wright Tremaine LLP | Attorney | bobcornrevere@dwt.com |
| Robert E. Miller | Davis Wright Tremaine LLP | Attorney | robertmiller@dwt.com |
| Ronald G. London | Davis Wright Tremaine LLP | Attorney | ronnielondon@dwt.com |
| Scott Commerson | Davis Wright Tremaine LLP | Attorney | ScottCommerson@dwt.com |
| Suzette Barber | Davis Wright Tremaine LLP | Legal Assistant | suzettebarber@dwt.com |
| Thomas E. Scanlon | Davis Wright Tremaine LLP | Attorney | tomscanlon@dwt.com |

| | | | |
|---|---|---|---|
| Tim Cunningham | Davis Wright Tremaine LLP | Attorney | TimCunningham@dwt.com |
| Tom Wyrwich | Davis Wright Tremaine LLP | Attorney | tomwyrwich@dwt.com |
| Zana Bugaighis | Davis Wright Tremaine LLP | Attorney | zanabugaighis@dwt.com |
| Larry L. Debus | Debus, Kazan & Westerhausen, Ltd. | Attorney | lld@dkwlawyers.com |
| Lawrence I. "Larry" Kazan | Debus, Kazan & Westerhausen, Ltd. | Attorney | lik@dkwlawyers.com |
| Avi Schick | Dentons US LLP (fka SNR Dentons fka Sonnenschein Nath & Rosenthal) | Attorney | avi.schick@dentons.com |
| Jeff Modisett | Dentons US LLP (fka SNR Dentons fka Sonnenschein Nath & Rosenthal) | Attorney | jeff.modisett@dentons.com |
| Kenneth G. Kolmin | Dentons US LLP (fka SNR Dentons fka Sonnenschein Nath & Rosenthal) | Attorney | kenneth.kolmin@dentons.com |
| Rebecca Stroder | Dentons US LLP (fka SNR Dentons fka Sonnenschein Nath & Rosenthal) | Attorney | rebecca.stroder@snrdenton.com |
| Rodney J. Boyd | Dentons US LLP (fka SNR Dentons fka Sonnenschein Nath & Rosenthal) | Attorney | rodney.boyd@dentons.com |
| Samuel Fifer | Dentons US LLP (fka SNR Dentons fka Sonnenschein Nath & Rosenthal) | Attorney | samuel.fifer@dentons.com |
| Don Bennett Moon | Don Bennett Moon, PC | Attorney | donbennettmoon@gmail.com |
| Bruce Feder | Feder Law Office, P.A. | Attorney | bf@federlawpa.com |
| Jason H. Fisher | Fisher Law Group | Attorney | jfisher@fisherlg.com |
| Hannah H. Porter | Gallagher & Kennedy | Attorney | hannah.porter@gknet.com |
| Janey Henze Cook | Gallagher & Kennedy | Attorney | janey.henze@gknet.com |
| Kiersten A. Murphy | Gallagher & Kennedy | Attorney | KAM@gknet.com |
| Quintin H. Cushner | Gallagher & Kennedy | Attorney | quintin.cushner@gknet.com |
| Rhonda L. Russo | Gallagher & Kennedy | Legal Assistant | rlr@gknet.com |
| Sheila M. Rath | Gallagher & Kennedy | Legal Assistant | smr@gknet.com |
| Tom E. Henze | Gallagher & Kennedy | Attorney | teh@gknet.com |
| Lori S. Smith | Goodwin Procter, LLP | Attorney | @goodwinlaw.com |
| Francoise Gilbert | Greenberg Traurig LLP | Attorney | gilbertf@gtlaw.com |
| Timothy Alger | Greenberg Traurig LLP | Attorney | algert@gtlaw.com |
| Janey Henze Cook | Henze Cook Murphy PLLC | Attorney | Janey@henzecookmurphy.com |
| Kiersten Murphy | Henze Cook Murphy PLLC | Attorney | kiersten@henzecookmurphy.com |
| Tom E. Henze | Henze Cook Murphy PLLC | Attorney | tom@henzecookmurphy.com |
| Stephen M. Weiss | Karp & Weiss | Attorney | sweiss@karpweiss.com |
| Vicki Vitolo | Karp & Weiss | Legal Assistant | vvitolo@karpweiss.com |
| Edward E. McNally | Kasowitz, Benson Torres LLP | Attorney | emcnally@kasowitz.com |
| Gunnar Martz | Kasowitz, Benson Torres LLP | Legal Assistant | gmartz@kasowitz.com |
| Lyn R. Agre | Kasowitz, Benson Torres LLP | Attorney | LAgre@kasowitz.com |
| Maria Gorecki | Kasowitz, Benson Torres LLP | Attorney | mgorecki@kasowitz.com |
| Mark E. Kasowitz | Kasowitz, Benson Torres LLP | Attorney | mkasowitz@kasowitz.com |
| Shalini K. Rajoo | Kasowitz, Benson Torres LLP | Attorney | srajoo@kasowitz.com |
| Tamara Bruno | Kasowitz, Benson Torres LLP | Attorney | tbruno@kasowitz.com |
| Kenneth M. Miller | Ken Miller Law | Attorney | Ken@KMMillerLaw.com |
| James M. Wagstaffe | Kerr & Wagstaffe LLP | Attorney | wagstaffe@kerrwagstaffe.com |
| Melissa Wallingsford | Kimerer & Derrick PC | Attorney | mwallingsford@kimerer.com |
| Michael D. Kimerer | Kimerer & Derrick PC | Attorney | mdk@kimerer.com |
| Rhonda E. Neff | Kimerer & Derrick PC | Attorney | rneff@kimerer.com |
| Susan Lu Lyon-Hintze | Law Office of Susan Lyon Hintze | Attorney | susan@hintzelaw.com |
| Erin McCampbell Paris | Lipsitz Green Scime Cambria LLP | Attorney | emccampbell@lglaw.com |
| Paul Cambria | Lipsitz Green Scime Cambria LLP | Attorney | pcambria@lglaw.com |
| David Wakukawa | Maxwell Law | Attorney | dsw@kcmaxlaw.com |
| K.C. Maxwell | Maxwell Law | Attorney | kcm@kcmaxlaw.com |
| Bruce S. Rosen | McCusker, Anselmi, Rosen & Carvelli, P.C. | Attorney | brosen@marc.law |
| Sam Neel | McDermott Will & Emery | Attorney | sneel@mwe.com |
| Stephen Ryan | McDermott Will & Emery | Attorney | sryan@mwe.com |
| Andrew D. Herman | Miller & Chevalier | Attorney | aherman@milchev.com |
| James A. Bensfield | Miller & Chevalier | Attorney | jbensfield@milchev.com |
| Anne M. Chapman | Mitchell Stein Carey Chapman, PC | Attorney | anne@mscclaw.com |
| Julie Greenwood | Mitchell Stein Carey Chapman, PC | Legal Assistant | julie@mscclaw.com |
| Lee D. Stein | Mitchell Stein Carey Chapman, PC | Attorney | lee@mscclaw.com |
| Michael Morrissey | Mitchell Stein Carey Chapman, PC | Attorney | michael@mscclaw.com |
| David J. Leviss | O'Melveny & Myers LLP | Attorney | dleviss@omm.com |
| Dawn Dybdahl | Osborn Maledon, P.A. | Legal Assistant | ddybdahl@omlaw.com |
| Joseph Roth | Osborn Maledon, P.A. | Attorney | jroth@omlaw.com |
| Larry A. Hammond | Osborn Maledon, P.A. | Attorney | lhammond@omlaw.com |
| Timothy J. Eckstein | Osborn Maledon, P.A. | Attorney | teckstein@omlaw.com |
| Arielle S. Lapiano | Paul Hastings LLP | Attorney | ariellelapiano@paulhastings.com |
| Chris A. Wenger | Paul Hastings LLP | Attorney | chriswenger@paulhastings.com |
| Christopher F. Allen | Paul Hastings LLP | Attorney | christopherallen@paulhastings.com |
| Daren F. Stanaway | Paul Hastings LLP | Attorney | darenstanaway@paulhastings.com |
| Elizabeth Dorsi | Paul Hastings LLP | Attorney | elizabethdorsi@paulhastings.com |
| Gerald S. Sachs | Paul Hastings LLP | Attorney | geraldsachs@paulhastings.com |
| Jamie S. Gardner | Paul Hastings LLP | Attorney | jamiegardner@paulhastings.com |
| Lindsey B. Meyers | Paul Hastings LLP | Attorney | lindseymeyers@paulhastings.com |
| Robert D. Luskin | Paul Hastings LLP | Attorney | robertluskin@paulhastings.com |
| Stephen B. Kinnaird | Paul Hastings LLP | Attorney | stephenkinnaird@paulhastings.com |
| Thomas P. Brown | Paul Hastings LLP | Attorney | tombrown@paulhastings.com |
| Albert "Al" Gidari, Jr. | Perkins Coie LLP | Attorney | agidari@perkinscoie.com |
| Alisha C. Burgin | Perkins Coie LLP | Attorney | aburgin@perkinscoie.com |
| Ann Marie Painter | Perkins Coie LLP | Attorney | ampainter@perkinscoie.com |
| Breena M. Roos | Perkins Coie LLP | Attorney | broos@perkinscoie.com |
| Brian Lake | Perkins Coie LLP | Attorney | blake@perkinscoie.com |
| Brian Larson | Perkins Coie LLP | Attorney | blarson@perkinscoie.com |
| Clair Wendt | Perkins Coie LLP | Legal Assistant | cwendt@perkinscoie.com |
| Erin Weinkauf | Perkins Coie LLP | Legal Assistant | eweinkauf@perkinscoie.com |
| Harry H. Schneider | Perkins Coie LLP | Attorney | hschneider@perkinscoie.com |
| J. Camille Fisher | Perkins Coie LLP | Attorney | CFisher@perkinscoie.com |
| Jamie L. Sheppard | Perkins Coie LLP | Legal Assistant | JamieSheppard@perkinscoie.com |
| Jason R. Elliott | Perkins Coie LLP | Attorney | jelliott@perkinscoie.com |
| Jay Rossiter | Perkins Coie LLP | Attorney | jrossiter@perkinscoie.com |
| Jean-Jacques "J" Cabou | Perkins Coie LLP | Attorney | JCabou@perkinscoie.com |
| Joel W. Nomkin | Perkins Coie LLP | Attorney | JNomkin@perkinscoie.com |
| Karin S. Aldama | Perkins Coie LLP | Attorney | kaldama@perkinscoie.com |
| Katherine Luck | Perkins Coie LLP | Legal Assistant | kluck@perkinscoie.com |
| Kendra L. Harr | Perkins Coie LLP | Attorney | khaar@perkinscoie.com |
| Kenneth R. Rastello | Perkins Coie LLP | Staff | krastello@perkinscoie.com |
| Kristine Beaudoin | Perkins Coie LLP | Attorney | kbeaudoin@perkinscoie.com |

| | | | |
|---|---|---|---|
| Lauren M. Kulpa | Perkins Coie LLP | Attorney | lkulpa@perkinscoie.com |
| Matthew Gehringer | Perkins Coie LLP | Attorney | MGehringer@perkinscoie.com |
| Mimi Ho | Perkins Coie LLP | Staff | mimiho@perkinscoie.com |
| Paul F. Eckstein | Perkins Coie LLP | Attorney | peckstein@perkinscoie.com |
| Ralph A. "Tony" Caliendo | Perkins Coie LLP | Attorney | tcaliendo@perkinscoie.com |
| Roxann Ditlevson | Perkins Coie LLP | Legal Assistant | RDitlevson@perkinscoie.com |
| Scott Minder | Perkins Coie LLP | Attorney | sminder@perkinscoie.com |
| Sherrye S. Andrews | Perkins Coie LLP | Legal Assistant | SAndrews@perkinscoie.com |
| Simon Conant | Perkins Coie LLP | Staff | |
| Stephen Folkins | Perkins Coie LLP | Staff | sfolkins@perkinscoie.com |
| Steven D. Merriman | Perkins Coie LLP | Attorney | smerriman@perkinscoie.com |
| Sunita Bali | Perkins Coie LLP | Attorney | SBali@perkinscoie.com |
| Timothy L. Alger | Perkins Coie LLP | Attorney | talger@perkinscoie.com |
| Trisha Marino | Perkins Coie LLP | Legal Assistant | tmarino@perkinscoie.com |
| Barbara Polowetz | Piccarreta Davis Keenan Fidel PC | Legal Assistant | bpolowetz@pd-law.com |
| Jefferson Keenan | Piccarreta Davis Keenan Fidel PC | Attorney | jkeenan@pd-law.com |
| Melissa Hahn | Piccarreta Davis Keenan Fidel PC | Legal Assistant | mhahn@pd-law.com |
| Michael L. Piccarreta | Piccarreta Davis Keenan Fidel PC | Attorney | mlp@pd-law.com |
| Antoinette Dellacroce | Poltrock & Giampietro/Wayne B. Giampietro LLC | Legal Assistant | adellacroce@giampietrolaw.com |
| Wayne B Giampietro | Poltrock & Giampietro/Wayne B. Giampietro LLC | Attorney | wgiampietro@giampietrolaw.com |
| Dunning, Dwight | Prince Lobel Tye LLP | Attorney | ddunning@princelobel.com |
| James W. Lawson | Prince Lobel Tye LLP | Attorney | jlawson@princelobel.com |
| Jeffrey J. Pyle | Prince Lobel Tye LLP | Attorney | JPyle@princelobel.com |
| Michelle Sawyer | Prince Lobel Tye LLP | Staff | msawyer@princelobel.com |
| Robert A. Bertsche | Prince Lobel Tye LLP | Attorney | RBertsche@princelobel.com |
| Andrea S. Tazioli | Quarles & Brady LLP | Attorney | andrea.tazioli@quarles.com |
| Carol Fitch | Quarles & Brady LLP | Legal Assistant | carol.fitch@quarles.com |
| Marla J. Weems | Quarles & Brady LLP | Staff | Marla.Weems@quarles.com |
| Robert S. Bornhoft | Quarles & Brady LLP | Attorney | bob.bornhoft@quarles.com |
| Susan G. Boswell | Quarles & Brady LLP | Attorney | Susan.Boswell@quarles.com |
| Aneta Wrzeszcx | Rusing Lopez & Lizardi, PLLC | Legal Assistant | AWrzeszcz@rllaz.com |
| Caroline Caputo | Rusing Lopez & Lizardi, PLLC | Staff | ccaputo@rllaz.com |
| Christopher "Chris" Ambrosio | Rusing Lopez & Lizardi, PLLC | Attorney | cambrosio@rllaz.com |
| Daniel J. Quigley | Rusing Lopez & Lizardi, PLLC | Attorney | quigley@rllaz.com |
| Diane Sitzman | Rusing Lopez & Lizardi, PLLC | Staff | dsitzman@rllaz.com |
| Ed Moomjian | Rusing Lopez & Lizardi, PLLC | Attorney | edm@rllaz.com |
| Ettore Stella | Rusing Lopez & Lizardi, PLLC | Attorney | estella@rllaz.com |
| Isaac S. Crum | Rusing Lopez & Lizardi, PLLC | Attorney | ICrum@rllaz.com |
| J. William "Bill" Brammer, Jr. | Rusing Lopez & Lizardi, PLLC | Attorney | wbrammer@rllaz.com |
| Jacqueline A. "Jackie" Franks | Rusing Lopez & Lizardi, PLLC | Legal Assistant | jfranks@rllaz.com |
| Jason Linamon | Rusing Lopez & Lizardi, PLLC | Legal Assistant | jlinaman@rllaz.com |
| Jon Saffer | Rusing Lopez & Lizardi, PLLC | Attorney | jsaffer@rllaz.com |
| Michael J. "Mick" Rusing | Rusing Lopez & Lizardi, PLLC | Attorney | mrusing@rllaz.com |
| Oscar S. Lizardi | Rusing Lopez & Lizardi, PLLC | Attorney | olizardi@rllaz.com |
| P. Andrew Sterling | Rusing Lopez & Lizardi, PLLC | Attorney | asterling@rllaz.com |
| Patricio P. "Pat" Lopez | Rusing Lopez & Lizardi, PLLC | Attorney | plopez@rllaz.com |
| Paul L. Grijalva | Rusing Lopez & Lizardi, PLLC | Attorney | PGrijalva@rllaz.com |
| Robert J. Lloyd | Rusing Lopez & Lizardi, PLLC | Attorney | RLloyd@rllaz.com |
| Sarah S. Letzkus | Rusing Lopez & Lizardi, PLLC | Attorney | SLetzkus@rllaz.com |
| Timothy J. Reckart | Rusing Lopez & Lizardi, PLLC | Attorney | treckart@rllaz.com |
| Charles H.R. (Chip) Peters | Schiff Hardin LLP | Attorney | cpeters@schiffhardin.com |
| Sebastien Angel | Schiff Hardin LLP | Attorney | sangel@schiffhardin.com |
| Seetha Ramachandran | Schulte Roth & Zabel LLP | Attorney | seetha.ramachandran@srz.com |
| Kathleen M. Miller | Smith Katzenstein & Jenkins, LLP | Attorney | kmm@skjlaw.com |
| Patrick T. Carr | Smith Katzenstein & Jenkins, LLP | Legal Assistant | ptc@skjlaw.com |
| Robert K. Beste | Smith Katzenstein & Jenkins, LLP | Attorney | rkb@skjlaw.com |
| Steven P. Suskin | Suskin Law | Attorney | sps@backpage.com |
| Anthony F. Blum | Thompson Coburn LLP | Attorney | ablum@thompsoncoburn.com |
| Jan Paul Miller | Thompson Coburn LLP | Attorney | jmiller@thompsoncoburn.com |
| Mark A. Mattingly | Thompson Coburn LLP | Attorney | mmattingly@thompsoncoburn.com |
| Mark Sableman | Thompson Coburn LLP | Attorney | msableman@thompsoncoburn.com |
| Michael L. Nepple | Thompson Coburn LLP | Attorney | mnepple@thompsoncoburn.com |
| Elizabeth L. (Liz) McDougall | Village Voice Media Holdings, LLC | Attorney | liz.mcdougall@villagevoicemedia.com |
| Amber Torina | Walters Law Group | Legal Assistant | amber@firstamendment.com |
| Lawrence (Larry) Walters | Walters Law Group | Attorney | larry@firstamendment.com |
| Lisa Brown | Walters Law Group | Legal Assistant | lisa@firstamendment.com |
| Alexandria E. Kane | White and Williams LLP | Attorney | Kanea@whiteandwilliams.com |
| Lori S. Smith | White and Williams LLP | Attorney | smithl@whiteandwilliams.com |
| Joseph Steinfield | | | |

The following lawyers represented Carl Ferrer, Backpage.com, LLC, or its affiliates, but some communications will be privileged under a joint defense privilege or common interest privilege:

| | | | |
|---|---|---|---|
| Adam Atlas | Adam Atlas Attorney at Law | Attorney | atlas@adamatlas.com |
| Larry L. Shosid | Bell Nunnally, LLP/Bell Nunnally & Martin, LLP | Attorney | lshosid@bellnunnally.com |
| David Wakukawa | Browne George Ross LLP | Attorney | dwakukawa@bgrfirm.com |
| K.C. Maxwell | Browne George Ross LLP | Attorney | kmaxwell@bgrfirm.com |
| Jonathan Baum | Clarence Dyer | Attorney | jbaum@clarencedyer.com |
| Nanci Clarence | Clarence Dyer | Attorney | nclarence@clarencedyer.com |
| Shaneeda Jaffer | Clarence Dyer | Attorney | sjaffer@clarencedyer.com |
| Brad L. Whitlock | Scheef & Stone, L.L.P. | Attorney | brad.whitlock@solidcounsel.com |
| E.G. ("Gerry") Morris | The Law Office of E.G. Morris | Attorney | egm@egmlaw.com |

| Email Address | Email Address | Email Address | Email Address |
|---|---|---|---|
| | | | |
| ken@kmmillerlaw.com | | | |
| liz@backpage.com | lmcdougall@postonlinewith.me | lizmcd4@gmail.com | |
| angeloc@calfoeakes.com | | | |
| slyonhintze@cooley.com | | | |
| dquigley@djqplc.com | quigley@quigley.us | quigley@tanqueverde.com | |
| cmtewell@gmail.com | | | |
| fka Candice Tewell | | | |
| jimgrant@dwt.com | | | |

jeff.modisett@snrdenton.com          jeff.modisett@nextlawnetwork.com
kenneth.kolmin@snrdenton.com

rodney.boyd@snrdenton.com            rboyd@sonnenschein.com
samuel.fifer@snrdenton.com           samuel.fifer@sonnenschein.com      sfifer@sonnenschein.com
Don.Moon@azbar.org                   don@donbennettmoon.com             donbmoon@yahoo.com

eparis@lglaw.com

marc-law.com

simon_conant@hotmail.com

dquigley@rllaz.com                    quigley@protonmail.com

steve.suskin@villagevoicemedia.com    steve.suskin@newtimes.com    steve@suskinlaw.com    steve.suskin@voicemediagroup.com

lmcdougall@backpage.com    liz@backpage.com    lizmcd4@gmail.com

# EXHIBIT G



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main:    (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax:    (602) 514-7693 |
| Phoenix, AZ  85004-4408 | |

April 11, 2019

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
42 Delaware Ave, Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
920 Fifth Avenue,
Suite 3300
Seattle, WA 98104
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue N.W.,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienert, Jr., Esq.
Bienert, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
Suite 100
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
Suite 160
Phoenix, AZ 85016
(attorney for Scott Spear)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel,
PC
2 East Congress Street,
Suite 1000
Tucson, AZ  85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
3060 North Swan Rd.
Tucson, AZ 85712
(attorney for Joye Vaught)

Gary Lincenberg
Bird, Marella, Boxer, Wolpert,
Nessim, Drooks, Lincenberg & Rhow,
P.C.
1875 Century Park East
23rd Floor
Los Angeles, CA 90067
(attorney for Jed Brunst)

Re:    U.S. v. Michael Lacey, et.al.
        CR-18-00422-PHX-SMB

Dear Counsel:

Pursuant to your request for discovery and the government's obligations under Fed. R. Crim.
P. 16 and the stipulated scheduling order in this case, please find enclosed a thumb drive containing
the government's ninth disclosure.[1]

---

[1] A thumb drive containing disclosure for Defendants Michael Lacey, James Larkin, and Jed Brunst
are being provided to Paul J. Cambria Jr., Thomas H. Bienert Jr., and Gary Lincenberg respectively.

Lacey, et. al. Discovery Letter
April 11, 2019
Page 2

- The thumb drive contains the following Bates Stamped records:
  - Additional BDO Consulting Docs – DOJ-BP-0004791241-DOJ-BP-0004809000
  - EPIQ data – DOJ-BP-0004809001-DOJ-BP-0004854243
  - Sampling of Backpage Ads with Associated Databases and Images[2] – DOJ-BP-0004854244-DOJ-BP-0004857289

Please reach out with any questions.

Sincerely,

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

*Reginald E. Jones*
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
JOHN J. KUCERA
Assistant United States Attorneys

Enclosures

---

[2] This data was previously provided to counsel for Defendant Larkin as per their request on March 14, 2019; however, we wanted to provide counsel with Bates Stamped copies of these records.

# EXHIBIT H



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main:   (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax:   (602) 514-7693 |
| Phoenix, AZ  85004-4408 | |

March 7, 2019

Via E-Mail
Whitney Z. Bernstein
Bienart, Miller & Katzman PLC
EMail:wbernstein@bmkattorneys.com
(attorney for Defendant James Larkin)

Re:   Your letter of February 26, 2019

Dear Ms. Bernstein:

We write in response to your February 26, 2019 letter summarizing our February 20, 2019 phone call regarding Backpage server data. Your letter contains a number of inaccuracies. However, instead of addressing each inaccuracy contained within the letter, we believe it would be most fruitful to provide you with the below written summary of the government's handling of the Backpage server data to date.

Total Servers

The government has 46 Backpage servers in its possession obtained from Amsterdam, Netherlands ("Amsterdam"), Tucson, Arizona ("Tucson"), and Dallas, Texas ("Dallas"). We are currently awaiting receipt of approximately 60 additional servers from Amsterdam through the Mutual Legal Assistance Treaty ("MLAT") process.

Amsterdam Servers

We currently have in our possession nine servers obtained from Amsterdam through the MLAT process. Of these nine servers, three are slave database servers, three are image servers, two are master database servers, and one is a backup server. Backpage operated

March 7, 2019
Page 2

as a classified advertising website for approximately 14 years so we're certain you are aware of the content hosted on the site. However, we extracted all of the Backpage marketplace database files (i.e. all of the ads that were on Backpage.com) from these servers and have imaged the server containing all of the Backpage images in order to help facilitate any review you would like to conduct of this data. As I indicated in my March 4, 2019 email to you, the hard drives containing this data are available for pick-up at an FBI facility in Phoenix. Additionally, in accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), these nine servers are available for your inspection at an FBI data center facility in Pocatello, Idaho. Our forensic examiners located at this facility are available to facilitate your review of these servers and answer any technical questions you may have regarding this particular data.

In addition to the aforementioned nine servers currently in the government's possession, we are awaiting receipt of approximately 60 servers from Dutch officials through the MLAT process. We have been advised by a former Backpage employee who managed these servers that these 60 servers contain payment processing data and data redundancy from the nine Amsterdam servers currently in the government's possession. These servers will also be available for your inspection at an FBI data center facility in Pocatello, Idaho when we receive them.

### Dallas Servers

We currently have in our possession five Backpage servers seized from Dallas. Of these five servers, we were advised by a former Backpage employee who managed these servers that two of these servers contain Backpage-related email data. These two servers have been imaged and the hard drives containing this data are available for pick-up at an FBI facility in Phoenix. The former Backpage employee who managed these servers also advised us that the remaining three Dallas servers in our possession contain antivirus servers, asset tracking/inventory software, a backup server, web user interface, virtual private network for end point, VM servers, and WSUS. In accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), these three servers are available for your inspection at an FBI data center facility in Pocatello, Idaho. Our forensic examiners located at this facility are available to facilitate your review of these servers and answer any technical questions you may have regarding this particular data.

### Tucson Servers

We currently have in our possession 32 servers and three hard drives seized from Tucson. We were advised by a former Backpage employee who managed these servers that they contain data redundancy of the marketplace database files and images from the

March 7, 2019
Page 3

Amsterdam servers. We have imaged the master marketplace database and image servers. The hard drives containing this data are available for pick-up at an FBI facility in Phoenix. In accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), these 32 servers are available for your inspection at an FBI data center facility in Pocatello, Idaho. Our forensic examiners located at this facility are available to facilitate your review of these servers and answer any technical questions you may have regarding this particular data.

### Sampling of Ad data and Ad data the Government Might Utilize at Trial

During our February 20, 2019 phone conversation (and again in your February 26, 2019 letter), you requested samples of "[Backpage] advertisements as such ads now appear in the data the government has imaged." You also requested "discrete parts of all advertisements that are the subject of counts in the Superseding Indictment." To be clear, the government has previously produced to you in discovery ads that are referenced in counts in the Superseding Indictment. However, we are willing to produce samples of Backpage ads as the ads appear in the server data the government has imaged, to include ads referenced in counts in the Superseding Indictment. Although we had hoped to have this sampling to you this week, our forensic examiner culling this data was unexpectedly away from the office for a number of days, so we will need additional time to compile the requested sampling. We will send this sampling to you as soon as possible. Also, as previously noted, the entire marketplace of Backpage ads have been extracted for you and is available for pick-up at your convenience.

Additionally, given the voluminous amount of server data, the government agrees to provide to you with exhibits of any server data that we might utilize at trial. This should greatly assist you in focusing your efforts and attention on server data relevant to the case.

Please reach out to me with additional questions. We will continue to work diligently to answer them and facilitate your review of materials in this case.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

s/Reginald E. Jones
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

March 7, 2019
Page 4

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

# EXHIBIT I



February 28, 2019

**<u>Via E-Mail</u>**
Kevin Rapp
Assistant U.S. Attorney
E-Mail: kevin.rapp@usdoj.gov

Re:  ***United States v. Lacey, et al.*, 18-CR-0422-PHX-SPL**
**Backpage.com Discovery Production Issues**

Mr. Rapp:

We have encountered some issues with the government's discovery productions.  Many of the files were not made in a format that cannot be loaded into a database such as Relativity.  We hope to quickly remedy these issues.

To date, the government has made eight discovery productions: (1) May 24, 2018; (2) July 2, 2018; (3) July 19, 2018; (4) September 24, 2018; (5) October 4, 2018; (6) October 10, 2018; (7) November 30, 2018; and (8) February 22, 2019.  Additional discovery productions of Jencks material and the approximately 500 terabytes of Backpage.com server data is anticipated as well.

We have not yet reviewed the most recent production.  Nonetheless, we are missing images for 2,744 files produced from the first seven productions.  *See* attached list of files by Bates stamp that are missing images and/or natives.  Please reproduce these 2,744 files in load ready format with natives and images as soon as possible.

Thank you in advance for your timely attention to this matter.  Please let us know the date by which you intend to reproduce these discovery productions without error.  Please also feel free to reach me at (949) 369-3700.

Very truly yours,

Whitney Bernin

Whitney Z. Bernstein
Bienert | Katzman PLC

cc:  Thomas H. Bienert, Jr.
Paul Cambria, Jr.
Gary Lincenberg
Bruce Feder
Michael Piccarreta
Stephen Weiss

# EXHIBIT J



**U.S. Department of Justice**

United States Attorney
District of Arizona

| Two Renaissance Square | Main: | (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax: | (602) 514-7693 |
| Phoenix, AZ 85004-4408 | | |

March 6, 2019

<u>Via E-Mail</u>
Whitney Z. Bernstein
Bienart, Miller & Katzman PLC
EMail:wbernstein@bmkattorneys.com
(attorney for Defendant James Larkin)

Re:    <u>Your letter of February 28, 2019</u>

Dear Ms. Bernstein:

We write in response to your February 28, 2019 letter. Your letter begins by asserting that defense has encountered issues with some of the government's discovery production. Specifically, you state that "many of the [discovery] files were not made in a format that cannot be loaded into a database such as Relativity." You then provide beginning Bates numbers for 2,744 documents you contend "are missing images and/or natives." To start, the government has produced more than 7.8 million documents to you in discovery over the past nine months. Of these more than 7.8 million documents, the documents you identify in your letter as being produced with missing images and/or natives (2,740 PSI documents and 4 CA DOJ documents)—2,744 documents disclosed to you more than nine months ago—were produced to you in the same manner they were produced to us. Some of the 2,744 documents were produced to the government in native format only, image format only, or text format only. Others were produced to us in native, image, and text format. Nevertheless, all 2,744 files can be loaded into and viewed in a database such as Relativity—the commonly-used discovery platform both parties agreed at the outset of the case would be used to produce discovery. Additionally, upon receiving your

March 6, 2019
Page 2

February 28th letter, the government located and viewed a sampling of the 2,744 documents in native, image and/or text format in our Relativity database without issue.

Please reach out with any additional questions.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

s/Reginald E. Jones
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

# EXHIBIT K



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main: (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax: (602) 514-7693 |
| Phoenix, AZ 85004-4408 | |

March 14, 2019

Via FedEx
Whitney Z. Bernstein
Bienart, Miller & Katzman PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Re:   U.S. v. Michael Lacey, et.al.
       CR-18-00422-PHX-SMB

Dear Ms. Bernstein:

As per your request, please find enclosed a DVD that contains a sampling of approximately 70 Backpage ads with associated databases and images (as such ads appear in the server data the government has imaged and made available to you), to include ads referenced in the Superseding Indictment.

Please reach out with any questions.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

s/Reginald E. Jones
REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

# EXHIBIT L



March 4, 2019

**Via Overnight Mail and Electronic Link**

Kevin M. Rapp
Assistant United States Attorney
United States Attorney's Office
District of Arizona
2 Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
E-Mail: kevin.rapp@usdoj.gov

**Re:**  ***United States v. Lacey, et al.,*** **18-CR-0422-PHX-DLR**
**Defendants' Joint Reciprocal Rule 16 Production**

Dear Mr. Rapp:

Defendants' Rule 16 obligations are reciprocal in nature and are therefore limited by the government's failure to comply with its own Rule 16 obligations in a timely fashion. Because the government has not completed its Rule 16 disclosures in this case, Defendants are not obligated to make reciprocal disclosures at this time. *See* Fed. R. Crim. Proc. 16(b)(1)(A) (a defendant's Rule 16 obligations are triggered only if "the government complies" with its own Rule 16 obligations).

Substantial discovery—tens of billions of pages—are still outstanding. On December 10, 2018, you wrote that the government "seized 32 servers and three hard drives located in Tucson at an Internet service provider known as Desert Net. . . In the last subpoena we wrote, we estimated the capacity at approximately 500 [terabytes] or ½ petabyte (PB)" of data from the Backpage.com servers. *See* Rapp Dec. 10, 2018 Letter at page 1. You then listed that, in addition to the Desert Net servers of approximately 500 terabytes of data, the government also seized "[f]ive additional servers from Dallas, TX" and "[i]nvestigating agents also located 40 servers at a datacenter in Amsterdam, the Netherlands." *Id.* at page 2. Defendants have not received *any of this* discovery to date. This will be the subject of a forthcoming motion, but it also limits Defendants' ability to meaningfully analyze the case and make Rule 16 disclosures.

There are numerous additional examples of the government's failures, not all of which are identified here.

903 Calle Amanecer, Suite 350 • San Clemente, CA 92673
Tel. (949) 369-3700 • Fax (949) 369-3701

First, the government has not complied with the Court's Scheduling Order, which required the government's initial compliance with Rule 16 discovery by December 3, 2018. *See* 18-CR-0422-PHX-SPL at Doc. 131. On February 22, 2019, the government produced voluminous Rule 16 discovery. Defendants received this discovery production on February 25, 2019 and have not yet had an opportunity to review it. However, the government's cover letter makes clear that this production includes 11,346 pages of BDO Consulting Documents, Reports of Interviews, and other FBI Case Documents. In addition to these 11,346 pages of Rule 16 discovery, the government also produced, for the very first time, six DVDs containing reports of interviews of cooperating Defendant Daniel Hyer, jail calls from April 2018 for Defendants Michael Lacey and James Larkin, and documents pertaining to Victim 15. No explanation was provided for the production of this Rule 16 discovery nearly three months after the deadline provide for in the Court's Scheduling Order. Further, additional Rule 16 discovery (such as items taken from Defendants at the time of their arrest nearly one year ago, including their cell phones, computers, and other documents and items taken from Backpage.com in addition to the servers such as personal computers and other documents) have yet to be produced.

Second, the government has apparently moved *in camera* to defer the disclosure of Carl Ferrer's Jencks Act statements. Mr. Ferrer is the government's key cooperator whose testimony will be central to the government's case at trial. Given that it is public knowledge that Mr. Ferrer has entered into a "cooperation" deal with the government, it is unclear what justification the government could possibly have for seeking to defer disclosure of Ferrer's statements. Without such statements, Defendants cannot meaningfully analyze the government's case, and certainly cannot analyze what evidence the defense may present to rebut his anticipated testimony. Given that the government did not disclose the existence of the motion to defer disclosure of the Ferrer statements to the defense, Defendants do not know what other evidence the government is withholding at this time. Further, the government seized Ferrer's emails and has yet to produce these as well.

Third, Reggie Jones explained during a telephone call on February 20, 2019, that the government has retrieved **only nine** of the 40 Backpage.com servers it seized in Amsterdam through the MLAT process. Of those nine servers, it has imaged only five. Mr. Jones represented that the servers which have yet to be produced to the defense contain at least 500 terabytes of data, the equivalent of ~37.5 billion pages. When that material is finally produced, it will substantially dwarf the government's document productions in this matter to date.

Nor has the government identified a timeline for when it anticipates retrieving the remaining 31 servers located in Amsterdam. Defendants do not have access to this data given that the government has seized the servers through the MLAT process but has not produced it to the defense. The size of those remaining servers is believed to be enormous, and they are believed to contain important evidence relevant to the defense of this matter.



Fourth, as to the five servers that the government imaged, Mr. Jones told us they consist of the marketplace of advertisements posted on Backpage.com, the very backbone of the government's allegations in the indictment. Your December 10, 2018 letter represented that "[t]hese raw database files cannot be simply reviewed or loaded into a viewer to reconstruct the data. We are currently working on a solution to review these database files and correlate the images posed to the image server to the posts from the database files." However, Mr. Jones and others working for the government recently told us that the government does not have the resources to recreate the relational database and that the forthcoming discovery will be in disparate, uncorrelated files of hundreds of millions of individual advertisements *disconnected from the data underlying those advertisements*. Thus, due to the government's actions, we cannot yet tell, from the information the government has provided, whether it will be possible to determine when a given advertisement was posted, who posted it, how it was paid for, whether any information was added to or deleted from it, whether it was reported to authorities or NCMEC, etc. and, as a result, the information contained on these servers may now be functionally useless

In a case where the government alleges that Defendants intended to facilitate prostitution through the publishing of specific advertisements, it is unfathomable that the government would deconstruct the servers containing these very advertisements in such a way that effectively transformed the underlying data into hundreds of millions of puzzle pieces that no party – not even the government – is capable of putting back together.

Fifth, the government has not provided discovery related to money laundering charges, including a failure to produce the servers that contain payment processing data for Backpage.com. This material is critical to Defendants' assessment of the government's money laundering allegations. To make matters worse, Mr. Jones explained that *the government does not know where the servers that contain this material are located* and thus has no idea when or if it will ever be produced to the defense.

Given that the government is nowhere close to producing all of the material that it represented to the Court and Defendants it would produce, and only recently began producing Jencks Act material, Defendants are hobbled in their ability to make meaningful Rule 16 disclosures at this time.

Despite the fact that disclosure by the defense is not required given the government's failure to complete its own disclosures, and despite the government's egregious failure to produce the most basic evidence in this case, Defendants hereby advise you that they potentially might use the following material at trial:

- Material produced by the government in discovery

- Defense Bates pages DEFENSE000001 through DEFENSE004461



Defendants reserve the right to supplement these disclosures in response to the government's continuing disclosures and obligations and as additional materials become available to defendants.

Very truly yours,

BIENERT|KATZMAN PLC
*s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Thomas H. Bienert, Jr.
Attorneys for James Larkin

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin E. McCampbell
Attorneys for Michael Lacey

FEDER LAW OFFICE PA
*s/ Bruce S. Feder*
Bruce S. Feder
Attorneys for Scott Spear

BIRD MARELLA BOXER WOLPERT
NESSIM DROOKS LINCENBERG AND
RHOW PC
*s/ Gary S. Lincenberg*
Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Attorneys for John Brunst

PICCARRETA DAVIS KEENAN FIDEL PC
*s/ Michael L. Piccarreta*
Michael L. Piccarreta
Attorneys for Andrew Padilla

KARP & WEISS PC
*s/ Stephen M. Weiss*
Stephen M. Weiss
Attorneys for Joye Vaught



cc:    AUSA Reginald E. Jones ([Reginald.Jones4@usdoj.gov](mailto:Reginald.Jones4@usdoj.gov))
       AUSA Andrew Stone ([Andrew.Stone@usdoj.gov](mailto:Andrew.Stone@usdoj.gov))
       AUSA Peter Kozinets ([Peter.Kozinets@usdoj.gov](mailto:Peter.Kozinets@usdoj.gov))
       AUSA Margaret Perlmeter ([Margaret.Perlmeter@usdoj.gov](mailto:Margaret.Perlmeter@usdoj.gov))
       AUSA John Kucera ([John.Kucera@usdoj.gov](mailto:John.Kucera@usdoj.gov))
       Thomas H. Bienert, Jr.
       Paul Cambria, Jr.
       Gary Lincenberg
       Bruce Feder
       Michael Piccarreta
       Stephen Weiss