MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Michael Lacey, et al.,<br><br>          Defendants. | CR-18-422-PHX-SPL (BSB)<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION FOR AN ADJOURNMENT OF THE 5/27/19 DISCOVERY DEADLINE**<br>**(Doc. 610)** |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

The United States of America, by and through undersigned counsel, submits this response to Defendants' Joint Motion for an Adjournment of the 5/27/19 Discovery

Deadline. (Doc. 610). For several reasons, Defendants' continuing requests to delay the Scheduling Order deadlines previously negotiated and agreed to by the parties is unavailing and should be rejected.

*First,* Defendants' claim that they do not have access to servers that contain millions of ads for prostitution (many of them redundant) posted in Backpage's domestic and international markets has nothing to do with their ability to produce statements from testifying witnesses. Notably, some of the defense witnesses have already been identified as expert witnesses. It is unclear why any of the statements produced for these identified witnesses cannot be disclosed.

*Second*, the United States has provided all Jencks Act statements in the government's possession with the exception of a single witness, Carl Ferrer. It is unclear, however, why this prevents Defendants from providing Rule 26.2 statements that are currently in their possession.

*Third*, the government has provided Defendants with a preliminary exhibit list identifying nearly 1200 exhibits. In many cases, the exhibits have a corresponding Bates number. The government is diligently working to supplement the list with a complete set of Bates-number references. As stated in the government's status memorandum (Doc. 524), the government intends to periodically provide updated exhibit and witness lists to Defendants. Importantly, many of the exhibits (mainly numerous internal Backpage emails) were disclosed to the government *by* Defendants (via grand jury subpoena), and many others are public source documents (*e.g*., article, videos, etc.). The United States has also provided disclosure obtained in parallel civil cases *against* Defendants where the United States was not a party. Indeed, some of the same attorneys representing Defendants in this case were attorneys (primarily from the firm of Davis Wright Tremaine) for Defendants in related criminal and civil cases. In sum, the discovery should be familiar to Defendants. But again, this does not prevent Defendants from producing 26.2 statements in their possession.

Lastly, Defendants' claim that they lack sufficient funds to review the evidence is belied by the fact that they are receiving funds on a monthly basis. (*See* Doc. 476-1 at 31-34 (Decl. of Lyndon Versoza).) Moreover, as noted in other pleadings, Defendants have failed to pursue a *Monsanto* hearing (*see, e.g*., Doc. 446 at 1-5), and they have advised the Court that they are exploring ways to reduce their costs of reviewing evidence. (*See, e.g.,* Doc. 348, 10/5/18 Hr'g Tr., Vol. II at 115-18.) In any event, this has nothing to do with their ability to simply produce statements that are currently in their possession.

## RELEVANT FACTS

On April 26, 2018, the parties agreed on a scheduling order. (Doc. 121.) The government requested a trial date of October 7, 2019. (*Id.*) Defendants believed a more reasonable date was January 15, 2020. (*Id.* n.4.) On May 5, 2018, the Court accepted the parties' scheduling order but agreed with Defendants' requested trial date and set a trial date for January 15, 2020. (Doc. 131 (Scheduling Order).) The other deadlines were not extended to correspond with the January 15, 2020 trial date. The government has complied with every date set forth in the Scheduling Order. The compliance by the government is set forth in the United States status memorandum. (Doc. 524.) Importantly, the United States has provided Defendants with 85 witness interviews and Jencks Act statements. (*Id.*)

In addition, on April 1, 2019, the government provided Defendants with preliminary witness and exhibit lists. (Doc. 511.) Despite providing numerous witness interviews, a preliminary witness and exhibit list, segregating "hot" documents, and, in some cases, meeting with individual defense attorneys to review evidence, Defendants claim that they have been provided only limited discovery and allege the government has "failed to comply with their obligations." (*See* Doc. 524 at 4-6; *see also* Exhs. A and B.)

On March 14, 2019, Defendants jointly filed an expert disclosure noticing ten expert witness. (Doc. 500.) They identified six experts by name but failed to identify the names of four other experts. Defendants have not provided any 26.2 statements for any of these witnesses.

Finally, on May 21, 2019, Defendants asked for the government's position on their motion requesting an adjournment of their May 27, 2019 deadline to produce Rule 26.2 material. In response, the government sent them an email objecting to the request, and asked that Defendants include the reason for the government's objection in any filing. (*See* Exh. C.) On May 21, 2019, Defendants filed the instant motion without including the specific objections of the United States. (Doc. 610.)

## LAW AND ARGUMENT

Here, the parties agreed that this case should be designated complex. (Doc. 107.) As a result, the parties negotiated and agreed on certain deadlines. One of those deadlines was the early disclosure of witness's statements. As the Court is aware, the Jencks Act requires the government produce statements that have been adopted by a witness *after* the witness testifies. 18 U.S.C. §3500(e)(1); *see also United States v. Jackson,* 978 F.2d 903, 913 (5th Cir.1992) ("To adopt a statement under the Jencks Act. . . a witness must read the entire statement and formally approve the statement."). Despite having no obligation to produce witness statements until *after* the witness testifies, the United States agreed to disclose those statements well in advance of trial and has, to date, disclosed 85 witness statements. Moreover, in the event that Jencks Act statements are produced *after* the deadline, the Scheduling Order requires the government to promptly disclose those statements. (Doc. 131 n.3.)

The government has complied with its obligations under the Scheduling Order, therefore, the Court should reject Defendants' request to delay disclosure of any Rule 26.2 statements in their possession. Except with respect to Defendants' own statements, the requirement for production of witness statements under Rule 26.2 applies equally to the government and the defense. *See United States v. Nobles*, 422 U.S. 225 (1975) (applying witness statement production obligations to the defense in a pre-Rule 26.2 case); *see also United States v. Wallace*, 326 F.3d 881, 885 (7th Cir. 2003) (noting that "*Nobles* was a basis on which Rule 26.2 was added to the Federal Rules of Criminal Procedure").

Defendants argue other reasons why they should not be obligated to comply with their deadline to disclose witness statements. These claims are irrelevant. For example, they argue that the government's exhibit list does not have Bates numbers for some of the exhibits. As a preliminary matter, the exhibits should be well known to Defendants. Many are emails that they authored by received, and many others are documents that Defendants produced (*e.g.*, meeting agendas, power points, letters, etc.).

In addition, a substantial volume of the discovery was disclosed to the defense in other criminal and civil proceedings. And, in many cases the discovery was provided to the government by Defendants in response to grand jury subpoenas. As noted in other pleadings, the government has provided Defendants "hot docs" and, in some cases, even met with counsel to review relevant discovery—steps far exceeding the government's discovery obligations. (*See, e.g.*, Doc. 524 at 4-6.) In any event, the grievances asserted by Defendants in their instant motion have nothing to do with providing witness statements that are in Defendants' possession now.

Next, they argue they don't have the funds the review the discovery. Again, none of Defendant have made a *Monsanto* claim despite being invited to do so. (*See* Doc. 446 n.1.) And, Defendants advised the Court they were pursing avenues to reduce the cost of discovery review. (*See* Doc. 348, 10/5/18 Hr'g Tr., Vol. II at 115-18.) Importantly, this is immaterial to their obligation to disclose witness statements.

In sum, the Court should deny Defendants' request to suspend their obligation to produce Rule 26.2 statements on the agreed-upon date.

Respectfully submitted this 24th day of May, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul J. Cambria Jr. Esq. and Erin e. McCambpell, Esq., Lipsitz Green Scime Cambria, LLC, 42 Delaware Ave, Suite 120, Buffalo, NY 14202, **pcambria@lglaw.com** and **emccampbell@lglaw.com**, Thomas H. Bienert, Jr., Esq., Anthony R. Bisconti, Esq., Kenneth M. Miller, Esq., and Whitney Bernstein, Esq., Bienert, Miller & Katzman, PLC, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673, **tbienert@bmkattorneys.com, tbisconti@bmkattorneys.com, kmiller@bmkattorneys.com, wbernstein@bmkattorneys.com**; Jim Grant Esq., Davis Wright Tremaine, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101, **jimgrant@dwt.com**; Michael D. Kimerer, Esq. and Rhonda Elaine Neff, Esq., 1313 E. Osborn Road, Suite 100, Phoenix, AZ 85014, **MDK@kimerer.com** and **rneff@kimerer.com**; Robert Corn-Revere Esq., Davis Wright Tremaine, LLP, 1919 Pennsylvania Avenue N.W., Suite 800, Washington, D.C., 20006, **bbcornrevere@dwt.com**; Bruce Feder, Esq., 2930 East Camelback Road, Suite 160, Phoenix, AZ 85016, **bf@federlawpa.com**; Gary Linenberg, Esq., Ariel Neuman, Esq., Gopi K. Panchapakesan, Esq., Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067, **glincenberg@birdmarella.com, aan@birdmarella.com, gkp@birdmarella.com;** David Eisenberg, David Eisenberg PLC, 3550 N Central Ave., Ste. 1155, Phoenix, AZ, **david@deisenbergplc.com;** Joy M. Bertrand, Joy Bertrand Esq LLC, P.O. Box 2734, Scottsdale, AZ 85252, **joyous@mailbag.com.**

*s/Angela Schuetta*
U.S. Attorney's Office

# **Exhibit A**



# Lipsitz Green Scime Cambria LLP

Attorneys at Law     42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924   P 716 849 1333   F 716 855 1580 (Not for Service)   www.lglaw.com

Paul J. Cambria, Jr. ³ ⁵
James T. Scime
Herbert L. Greenman
Michael Schiavone
Laraine Kelley
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
George E. Riedel, Jr. ²
Michael P. Stuermer ³
Jeffrey F. Reina
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown ⁵
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey ⁴
Matthew B. Morey
Max Humann ⁶
Katherine A. Gillette
Lynn M. Bochenek
Joseph L. Guza
Emily H. O'Reilly ⁷
Richard A. Maltese, Jr.
Justin D. Ginter
Erin E. McCampbell
Jeffrey B. Novak
Lucy M. Berkman ²
Dale J. Bauman ² ⁷
Micelle M. Ragusa
Karoline R. Faltas

OF COUNSEL
Patrick C. O'Reilly
Joseph J. Gumkowski

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Diane M. Perri Roberts
Michael M. McDaniel

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

¹ Also admitted in District of Columbia
² Also admitted in Florida
³ Also admitted in California
⁴ Also admitted in Illinois
⁵ Also admitted in Pennsylvania
⁶ Also admitted in Maryland
⁷ Also admitted in New Jersey

March 4, 2019

**Via Overnight Mail & Email**
Kevin M. Rapp
Assistant United States Attorney
United States Attorney's Office
District of Arizona
2 Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, AZ  85004
E-Mail: kevin.rapp@usdoj.gov

Re:   *United States v. Lacey, et al.*, 18-CR-0422-PHX-DLR Defendant Michael Lacey's Reciprocal Rule 16 Production

Dear Mr. Rapp:

As set forth in greater detail in the cover letter accompanying Defendants' Joint Reciprocal Rule 16 Production dated March 4, 2019, Defendants' Rule 16 obligations are reciprocal in nature and are therefore limited by the government's failure to comply with its own Rule 16 obligations and deadlines. Because the government has not completed its Rule 16 disclosures in this case, Defendants are not obligated to make reciprocal disclosures at this time. *See* Fed. R. Crim. Proc. 16(b)(1)(A) (a defendant's Rule 16 obligations are triggered only if "the government complies" with its own Rule 16 obligations).

Indeed, the government's failure to timely meet its discovery obligations, including the failure to disclose *Brady* and *Giglio* material (which has been the subject of motion practice), has hobbled Defendants in their ability to make meaningful Rule 16 disclosures at this time. Nonetheless, in addition to the materials provided in Defendants' Joint Reciprocal Rule 16 Production, Defendant Michael Lacey hereby advises you that he intends to potentially use at trial:



## Lipsitz Green Scime Cambria LLP

1. Material produced by the government in discovery

2. Defense Bates pages DEFLACEY000001 through DEFLACEY000048

    Mr. Lacey reserves the right to supplement these disclosures in response to the government's continuing disclosures and obligations and as additional materials become available to the defense.

        Very truly yours,

        LIPSITZ GREEN SCIME CAMBRIA LLP

        Paul J. Cambria, Jr.
        Erin McCampbell Paris
        Attorneys for Michael Lacey

cc:    AUSA Reginald E. Jones
       (Reginald.Jones4@usdoj.gov)
       AUSA Andrew Stone
       (Andrew.Stone@usdoj.gov)
       AUSA Peter Kozinets
       (peter.Kozinets@usdoj.gov)
       AUSA Margaret Perlmeter
       (Margaret.Perlmeter@usdoj.gov)
       AUSA John Kucera
       (John.Kucera@usdoj.gov)



# **Exhibit B**



Bienert | Katzman PLC



March 4, 2019

**Via Overnight Mail and Electronic Link**

Kevin M. Rapp
Assistant United States Attorney
United States Attorney's Office
District of Arizona
2 Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
E-Mail: kevin.rapp@usdoj.gov

        Re:   *United States v. Lacey, et al.*, 18-CR-0422-PHX-DLR
               **Defendants' Joint Reciprocal Rule 16 Production**

Dear Mr. Rapp:

      Defendants' Rule 16 obligations are reciprocal in nature and are therefore limited by the government's failure to comply with its own Rule 16 obligations in a timely fashion. Because the government has not completed its Rule 16 disclosures in this case, Defendants are not obligated to make reciprocal disclosures at this time. *See* Fed. R. Crim. Proc. 16(b)(1)(A) (a defendant's Rule 16 obligations are triggered only if "the government complies" with its own Rule 16 obligations).

      Substantial discovery—tens of billions of pages—are still outstanding. On December 10, 2018, you wrote that the government "seized 32 servers and three hard drives located in Tucson at an Internet service provider known as Desert Net. . . In the last subpoena we wrote, we estimated the capacity at approximately 500 [terabytes] or ½ petabyte (PB)" of data from the Backpage.com servers. *See* Rapp Dec. 10, 2018 Letter at page 1. You then listed that, in addition to the Desert Net servers of approximately 500 terabytes of data, the government also seized "[f]ive additional servers from Dallas, TX" and "[i]nvestigating agents also located 40 servers at a datacenter in Amsterdam, the Netherlands." *Id.* at page 2. Defendants have not received *any of this* discovery to date. This will be the subject of a forthcoming motion, but it also limits Defendants' ability to meaningfully analyze the case and make Rule 16 disclosures.

      There are numerous additional examples of the government's failures, not all of which are identified here.



First, the government has not complied with the Court's Scheduling Order, which required the government's initial compliance with Rule 16 discovery by December 3, 2018. *See* 18-CR-0422-PHX-SPL at Doc. 131. On February 22, 2019, the government produced voluminous Rule 16 discovery. Defendants received this discovery production on February 25, 2019 and have not yet had an opportunity to review it. However, the government's cover letter makes clear that this production includes 11,346 pages of BDO Consulting Documents, Reports of Interviews, and other FBI Case Documents. In addition to these 11,346 pages of Rule 16 discovery, the government also produced, for the very first time, six DVDs containing reports of interviews of cooperating Defendant Daniel Hyer, jail calls from April 2018 for Defendants Michael Lacey and James Larkin, and documents pertaining to Victim 15. No explanation was provided for the production of this Rule 16 discovery nearly three months after the deadline provide for in the Court's Scheduling Order. Further, additional Rule 16 discovery (such as items taken from Defendants at the time of their arrest nearly one year ago, including their cell phones, computers, and other documents and items taken from Backpage.com in addition to the servers such as personal computers and other documents) have yet to be produced.

Second, the government has apparently moved *in camera* to defer the disclosure of Carl Ferrer's Jencks Act statements. Mr. Ferrer is the government's key cooperator whose testimony will be central to the government's case at trial. Given that it is public knowledge that Mr. Ferrer has entered into a "cooperation" deal with the government, it is unclear what justification the government could possibly have for seeking to defer disclosure of Ferrer's statements. Without such statements, Defendants cannot meaningfully analyze the government's case, and certainly cannot analyze what evidence the defense may present to rebut his anticipated testimony. Given that the government did not disclose the existence of the motion to defer disclosure of the Ferrer statements to the defense, Defendants do not know what other evidence the government is withholding at this time. Further, the government seized Ferrer's emails and has yet to produce these as well.

Third, Reggie Jones explained during a telephone call on February 20, 2019, that the government has retrieved **only nine** of the 40 Backpage.com servers it seized in Amsterdam through the MLAT process. Of those nine servers, it has imaged only five. Mr. Jones represented that the servers which have yet to be produced to the defense contain at least 500 terabytes of data, the equivalent of ~37.5 billion pages. When that material is finally produced, it will substantially dwarf the government's document productions in this matter to date.

Nor has the government identified a timeline for when it anticipates retrieving the remaining 31 servers located in Amsterdam. Defendants do not have access to this data given that the government has seized the servers through the MLAT process but has not produced it to the defense. The size of those remaining servers is believed to be enormous, and they are believed to contain important evidence relevant to the defense of this matter.


Fourth, as to the five servers that the government imaged, Mr. Jones told us they consist of the marketplace of advertisements posted on Backpage.com, the very backbone of the government's allegations in the indictment. Your December 10, 2018 letter represented that "[t]hese raw database files cannot be simply reviewed or loaded into a viewer to reconstruct the data. We are currently working on a solution to review these database files and correlate the images posed to the image server to the posts from the database files." However, Mr. Jones and others working for the government recently told us that the government does not have the resources to recreate the relational database and that the forthcoming discovery will be in disparate, uncorrelated files of hundreds of millions of individual advertisements *disconnected from the data underlying those advertisements*. Thus, due to the government's actions, we cannot yet tell, from the information the government has provided, whether it will be possible to determine when a given advertisement was posted, who posted it, how it was paid for, whether any information was added to or deleted from it, whether it was reported to authorities or NCMEC, etc. and, as a result, the information contained on these servers may now be functionally useless

In a case where the government alleges that Defendants intended to facilitate prostitution through the publishing of specific advertisements, it is unfathomable that the government would deconstruct the servers containing these very advertisements in such a way that effectively transformed the underlying data into hundreds of millions of puzzle pieces that no party – not even the government – is capable of putting back together.

Fifth, the government has not provided discovery related to money laundering charges, including a failure to produce the servers that contain payment processing data for Backpage.com. This material is critical to Defendants' assessment of the government's money laundering allegations. To make matters worse, Mr. Jones explained that *the government does not know where the servers that contain this material are located* and thus has no idea when or if it will ever be produced to the defense.

Given that the government is nowhere close to producing all of the material that it represented to the Court and Defendants it would produce, and only recently began producing Jencks Act material, Defendants are hobbled in their ability to make meaningful Rule 16 disclosures at this time.

Despite the fact that disclosure by the defense is not required given the government's failure to complete its own disclosures, and despite the government's egregious failure to produce the most basic evidence in this case, Defendants hereby advise you that they potentially might use the following material at trial:

- Material produced by the government in discovery

- Defense Bates pages DEFENSE000001 through DEFENSE004461



Defendants reserve the right to supplement these disclosures in response to the government's continuing disclosures and obligations and as additional materials become available to defendants.

Very truly yours,

BIENERT|KATZMAN PLC
*s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Thomas H. Bienert, Jr.
Attorneys for James Larkin

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin E. McCampbell
Attorneys for Michael Lacey

FEDER LAW OFFICE PA
*s/ Bruce S. Feder*
Bruce S. Feder
Attorneys for Scott Spear

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
*s/ Gary S. Lincenberg*
Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Attorneys for John Brunst

PICCARRETA DAVIS KEENAN FIDEL PC
*s/ Michael L. Piccarreta*
Michael L. Piccarreta
Attorneys for Andrew Padilla

KARP & WEISS PC
*s/ Stephen M. Weiss*
Stephen M. Weiss
Attorneys for Joye Vaught



March 4, 2019
*U.S. v. Lacey, et al.*, 18-CR-0422-PHX-DLR
Page 5

cc:    AUSA Reginald E. Jones (Reginald.Jones4@usdoj.gov)
       AUSA Andrew Stone (Andrew.Stone@usdoj.gov)
       AUSA Peter Kozinets (Peter.Kozinets@usdoj.gov)
       AUSA Margaret Perlmeter (Margaret.Perlmeter@usdoj.gov)
       AUSA John Kucera (John.Kucera@usdoj.gov)
       Thomas H. Bienert, Jr.
       Paul Cambria, Jr.
       Gary Lincenberg
       Bruce Feder
       Michael Piccarreta
       Stephen Weiss

# Exhibit C

| | |
|---|---|
| **From:** | Rapp, Kevin (USAAZ) |
| **To:** | Bruce Feder |
| **Cc:** | Stone, Andrew (USAAZ); Jones, Reginald (CRM); Feder Law |
| **Subject:** | Re: Intro sentence for motion - not sure if Joye/Padilla are joining |
| **Date:** | Tuesday, May 21, 2019 11:32:56 AM |
| **Attachments:** | emailsignature_1ef15aa8-cd57-46f8-b1ee-c9bce7560463111.png |

Bruce:

We object for a couple of reasons. First, we don't view the scheduling order as old and feel both parties should continue to comply with the dates. Second, there is no reason why the defense cannot disclose 26.2 statements that are in your possession. Please reflect our position in any motion to extend dates that is filed on behalf of the defense. Thanks.

KMR

Sent from my iPhone

On May 21, 2019, at 12:23 PM, Bruce Feder <bf@federlawpa.com> wrote:

> All- We hope to delay the 5/27 deadline for 26.2 materials from the old scheduling order pending the discussion of deadlines in the 6/1 status as set forth below. Please let know your position so we can state it? Thanks.
>
> Bruce Feder
>
> 2930 East Camelback Road, Suite 160
>
> Phoenix, Arizona 85016
>
> (602) 257-0135
>
> bf@federlawpa.com

Confidentiality Notice
This email or fax, including attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 1510 *et seq*. The information contained in this electronic mail or fax transmission, including any accompanying attachment, is intended solely for its authorized recipient, and may be confidential and/or legally privileged. If you are not an intended recipient, or responsible for delivering some or all of this transmission to an intended recipient, you have received this transmission in error and are hereby notified that you are strictly prohibited from reading, copying, printing, distributing, or disclosing any of the information contained in it. In that event, please contact me immediately by telephone at (602) 257-0135 or by electronic email at bf@federlawpa.com and delete the original and all copies of this transmission, including any attachments, without reading or saving them in any manner.

**From:** Erin McCampbell Paris <emccampbell@lglaw.com>
**Sent:** Monday, May 20, 2019 12:09 PM
**To:** Bruce Feder
**Subject:** Intro sentence for motion - not sure if Joye/Padilla are joining

   Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned attorneys, respectfully request an adjournment of their May 27, 2019 deadline for disclosure of Rule 26.2 material, which will occur prior to the June 1, 2019 status report that this Court ordered the parties to submit on outstanding discovery and how that outstanding discovery impacts the Defendants' remaining pretrial deadlines. It is Defendants' understanding that the Court intends to address *all* remaining deadlines upon receipt of the parties' June 1, 2019 status reports (including Defendants' May 27, 2019 deadline) and this one deadline will occur prior to this Court's consideration of the June 1, 2019 status reports, which is the reason Defendants respectfully seek the adjournment of that deadline at this time.

<emailsignature_1ef15aa8-cd57-46f8-b1ee-c9bce7560463111.png>
**Erin McCampbell Paris**
Attorney at Law

42 Delaware Ave | Suite 120 | Buffalo, NY 14202
TEL 716 849 1333 x323 | FAX 716 855 1580
**email | profile | website | map | vCard**

---

**NOTICE:** This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is prohibited.