MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO VAUGHT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT (Doc. 785)** |

The government responds in opposition to Defendant Vaught's Motion to Strike Surplusage from the Indictment.  (Doc. 785.)  The remaining five Defendants filed a lengthy joinder to Vaught's motion that provided additional arguments.  (Doc. 794.)  For the following reasons, both Vaught's motion to strike and the joinder should be denied.

First, the government does not plan on reading the Superseding Indictment or providing a copy to the jury.  Accordingly, because the "purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges,'"[1] allegations that are never read to the jury are not prejudicial and therefore need not be stricken.  *United States v. Hedgepeth*, 434 F.3d 609, 613 (3d Cir. 2006); *United States v. Ballard*, 2007 WL 4365499, at *2 (E.D. Cal. Dec. 12, 2007).

Second, even if the Superseding Indictment were to be provided to the jurors, it should not be stricken, because while facts in the charging document "may be somewhat prejudicial," they should not be stricken if they are "relevant and material to the charge[d]" offenses.  *Terrigno,* 838 F.2d at 373.  Indeed, a motion to strike surplusage from an indictment is an "exacting standard" that should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial."  Charles A. Wright & Andrew D. Leopold, *Federal Practice and Procedure*, § 128, Amendment of Indictments; Surplusage (4th ed.).  Here, the Superseding Indictment charged seven defendants with, among other things, a conspiracy to facilitate prostitution by helping run a website that was the leading source of prostitution advertisements on the internet.  (Doc. 230 at ¶1.)  The allegations are relevant to the individual defendants' knowledge and intent in committing the charged crimes.  Further, the government intends to prove these allegations at trial.  *See United States v. Turino*, 2016 WL 164991, at *1 (D. Nev. Jan. 14, 2016) ("if language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant").  Defendant's motion should be denied.

---

[1] *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (citing *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983)).

1    Respectfully submitted this 27th day of November, 2019.

2                                    MICHAEL BAILEY
                                     United States Attorney
3                                    District of Arizona

4                                    *s/ Andrew C. Stone*

5                                    KEVIN M. RAPP
                                     MARGARET PERLMETER
6                                    PETER S. KOZINETS
                                     ANDREW C. STONE
7                                    Assistant U.S. Attorneys

8                                    JOHN J. KUCERA
                                     Special Assistant U.S. Attorney
9

10                                   BRIAN BENCZKOWSKI
                                     Assistant Attorney General
11                                   U.S. Department of Justice
                                     Criminal Division, U.S. Department of Justice
12
                                     REGINALD E. JONES
13                                   Senior Trial Attorney
                                     U.S. Department of Justice, Criminal Division
14                                   Child Exploitation and Obscenity Section

15

16                        **<u>CERTIFICATE OF SERVICE</u>**

17

18          I hereby certify that on November 27, 2019, I electronically transmitted the attached

19   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

20   Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

21   as counsel of record.

22   *s/ Angela Schuetta*
23   Angela Schuetta
     U.S. Attorney's Office
24

25

26

27

28