Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Defendant Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>　　　　　Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' REPLY JOINDER ON JOYE VAUGHT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT (Doc. 785)**<br><br>(Oral argument requested) |

　　　　Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, and Andrew Padilla ("Defendants"), by and through their undersigned attorneys, file the instant reply joinder on Joye Vaught's Motion to Strike Surplusage from the Indictment ("Motion") (Doc. 785). Given that the government has stated it "does not plan on reading the Superseding Indictment or providing a copy to the jury" (Gov't's Opp'n, Doc. 806 at 2), the issues raised in the Motion can be addressed closer to trial through motions *in limine*, if the Court agrees the Indictment will not be read or provided to the jury.

　　　　If the Court intends to adjudicate the Motion, however, the Court should grant the Motion in full. Contrary to the government's assertion, none of the challenged allegations are relevant to Defendants' knowledge or intent to conspire to facilitate the activities of a business enterprise

involved in prostitution. The age of website users and the alleged misconduct of third parties, such as murders, kidnappings, etc., do not shed light on Defendants' knowledge or intent concerning the crimes charged. The challenged allegations are offered only to prejudice the Defendants in the eyes of the jury. Indeed, there are no crimes more "emotionally charged" than those involving allegations of child sex abuse. *See United States v. Poandl*, 612 F. App'x 356, 366 (6th Cir. 2015); *see also* Boyd, Fort Worth Star-Telegram, *Child abuse trials: 'There are no higher stakes"* (Jun. 2, 2017) (available at https://www.star-telegram.com/news/special-reports/article153578794.html (last visited on Dec. 20, 2019)). Yet, there are no such charges in the Indictment and inclusion of those allegations is unduly prejudicial.

Further, and not addressed by the government, the allegations concerning "International Operations" cannot be linked to knowledge or intent in this case because prostitution is not a crime in many foreign countries.[1] Indeed, the government conceded its allegations concerning international operations have "no relevance to the crimes" charged. (*see* Gov't's Opp'n to Padilla's Mot. to Continue Trial, Doc. 635, at 1 & 4.)

Similarly irrelevant is the inclusion of an allegation concerning the Travel Act conviction in 1987 of an individual who placed an ad in the Village Voice. That conviction has nothing to do with these Defendants or this case. Defendants Lacey, Larkin, Brunst, and Spear did not own the Village Voice newspaper until decades after that conviction and there are no allegations that Defendants had knowledge of the conviction prior to its inclusion in the Superseding Indictment.

Finally, claims that Defendants purportedly engaged in "fooling" financial institutions or "conceal[ing]" information from them about the origins of their funds are not factual statements indicative of *mens rea*, but, instead, legal conclusions that should be struck.

---

[1]   *See* Countries Where Prostitution is Legal, available at: http://worldpopulationreview.com/countries/countries-where-prostitution-is-legal/ (last visited Dec. 20, 2019).

None of the surplusage identified in Defendants' Joinder is relevant to the establishment of the requisite intent that governs this case, whether the specific intent discussed in Defendants' Motion to Dismiss based on the First Amendment (Doc. 561), the specific intent discussed in Defendants' still-pending Motion to Dismiss based on failure to plead an essential element of the Travel Act (Doc. 746), or the specific intent standard that the government has argued governs this case.

## CONCLUSION

For all these reasons, Defendants do not believe that it is necessary to rule on the Motion at this time. However, to the extent that this Court rules on the Motion, it should be granted in full, with the Court striking the irrelevant and unduly prejudicial surplusage identified in the marked version of the Superseding Indictment attached as Exhibit A to Defendants' Joinder.

RESPECTFULLY SUBMITTED,

DATED: December 23, 2019         Paul J. Cambria, Jr.
                                 Erin E. McCampbell
                                 LIPSITZ GREEN SCIME CAMBRIA LLP

                                 By:   /s/ Paul J. Cambria, Jr.
                                       Paul J. Cambria, Jr.
                                       Attorneys for Michael Lacey

DATED: December 23, 2019         Thomas H. Bienert, Jr.
                                 Whitney Z. Bernstein
                                 BIENERT KATZMAN, PLC

                                 By:   /s/ Whitney Z. Bernstein
                                       Whitney Z. Bernstein
                                       Attorneys for James Larkin

DATED: December 23, 2019         Bruce Feder
                                 FEDER LAW OFFICE, P.A.

                                 By:   /s/ Bruce Feder
                                       Bruce Feder
                                       Attorneys for Scott Spear

| | | |
|---|---|---|
| DATED: December 23, 2019 | | Gary S. Lincenberg<br>Ariel A. Neuman<br>Gopi K. Panchapakesan<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C. |
| | By: | /s/ Ariel A. Neuman<br>Ariel A. Neuman<br>Attorneys for John Brunst |
| DATED: December 23, 2019 | | David Eisenberg<br>DAVID EISENBERG, P.L.C. |
| | By: | /s/ David Eisenberg<br>David Eisenberg<br>Attorneys for Andrew Padilla |

On December 23, 2019, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Patrick Reid, Patrick.Reid@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Amanda Wick, Amanda.Wick@usdoj.gov