Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Defendant Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>          Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO SUPPRESS (Doc. 778)**<br><br>(Oral argument requested) |

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned attorneys, submit the instant reply memorandum in further support of their Motion to Suppress ("Motion") (Doc. 778.)[1]   In this Motion, Defendants challenged the warrants used to obtain email from email accounts held by Carl Ferrer under the Ferrer-Google Warrant (issued under Arizona Docket No. 16-305 MB), and the Defendants and others under the Warrant for CA-AG Data (issued under Eastern District of

---

[1]   For consistency, the instant reply will use the designations and abbreviations set forth in the Motion.

California Docket No. 17-SW-0275 AC) (collectively, the "Warrants").[2]   In particular, Defendants asserted that the Warrants are facially invalid because the underlying affidavits contain no factual information that would have enabled the issuing magistrate to engage in the required neutral, detached, and independent determination as to probable cause.  Alternatively, Defendants asserted that the affidavits contained material misstatements and omissions such that a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) is required.

The government filed a combined opposition to this Motion and others ("Opposition") (Doc. 811).  With respect to this particular Motion, the government has given this Court no reason to deny the Motion.  As set forth in greater detail below, this Court should grant the Motion.

## ARGUMENT

**I.   All evidence (and derivative evidence) obtained from execution of the Warrants should be suppressed because the issuing magistrate lacked a substantial basis to find probable cause.**

**A.   The affidavits lacked sufficient factual information to enable the issuing magistrate to make an independent, neutral, and detached probable-cause determination.**

This Court should enter an order suppressing all evidence (and derivative evidence) obtained from execution of the Warrants because the issuing magistrate lacked a substantial basis to find probable cause.  The affidavits that Fryberger submitted in connection with the applications for the Warrants were similarly lacking.  She stated that she had probable cause to believe that Backpage violated 18 U.S.C. §§ 1952 and 1956.  (Doc. 778-2 at ¶ 3; Doc. 778-4 at ¶ 3.)  Her purported factual basis for this allegation is her claim that "most" of "the paid advertisements" were for prostitution, "most" of "the individuals advertising those services have no other legitimate source of income," and that "most" of "the money used to pay for those

---

[2]   Additionally, because Defendants had not yet located or reviewed a third warrant, issued by this Court, to obtain information from various email accounts in 2018 at the time they filed their substantive motions, Defendants expressly reserved the right to file a motion challenging that warrant upon review of it.  The challenges to that warrant will be addressed in a separate motion.

2

advertisements" was derived from illegal prostitution in violation of the Travel Act.  (Doc. 778-2 at ¶ 10; Doc. 778-4 at ¶ 10.)  Notably, the affidavits provided no information to allow the magistrate to assess whether Fryberger had any factual basis for the sweeping allegations she made about millions of ads posted to Backpage.com, the users who posted those ads, the activities engaged in by those users, or the financial circumstances of those users.  Moreover, even if Fryberger had a factual basis to make those sweeping allegations, the Fryberger Affidavit makes no allegations that Defendants knew what Fryberger claims to have known about the millions of ads, the users who posted them, and the like.

Equally troubling, rather than provide factual information based on her own investigation and observations, Fryberger quoted from the purported findings of other investigatory bodies, the majority of which was nothing more than rank hearsay. (Doc. 778-2 at ¶¶ 32-87, 118-122; Doc. 778-4 at ¶¶ 23-105.)  Moreover, the affidavits (1) contained conclusory rather than factual information; (2) had no allegations concerning the heightened mens rea necessary to hold a website publisher criminally liable for third-party speech; and (3) had no allegations concerning the Defendants' purported intent to facilitate/promote a "business enterprise" involving prostitution.  (Doc. 778 at 11-12.)

Further, she referenced three ads that she claimed "appear[ed] to be criminal on their face."  (Doc. 778-2 at ¶¶ 88-98.)  She casted aspersions on Backpage for permitting lawful categories of adult speech advertisements, such as "adult jobs," "body rubs," "domination & fetish," "escorts," "male escorts," "phone & websites," "strippers/strip clubs," and "transsexual escorts."  (Doc. 778-4 ¶ 19.)

Each of these shortcomings, on their own, deprived the issuing magistrate of the ability to conduct a neutral, detached, and independent determination on probable cause.  (Doc. 778 at 8-12.)

### B.     The government's Opposition does nothing to bolster the flimsy affidavits.

The government's entire defense of these patently insufficient affidavits is that there is no problem with the government's citation to the findings of other investigatory bodies because

those purported findings are the equivalent of "facts learned throughout the scope of the investigation, including other law enforcement investigations related to Backpage, the PSI and civil cases where Backpage was a litigant." (Opp'n at 13.)[3]  The Ninth Circuit has said otherwise.

In particular, the Ninth Circuit has explained that the basis for probable cause must be contained within the application without reference to outside information.   *United States v. Rubio*, 727 F.2d 786, 795 (9th Cir. 1984) ("The facts upon which the magistrate bases his probable cause determination must appear within the four corners of the warrant affidavit; the warrant cannot be supported by outside information.").  A warrant affidavit's recitation of the findings of another body "whose function differs substantially from the magistrate's" is insufficient to establish probable cause.  *See id.* ("[W]arrant affidavit's mere recitation of the indictment is precisely that—the conclusion of another body, and a body whose function differs substantially from the magistrate's constitutional duty to assess probable cause.").  Thus, the purported factual findings of a law enforcement agency, legislature, or civil litigant cannot serve as a proxy for a probable cause determination by a magistrate issuing a warrant.  Indeed, if the government wanted the magistrate to consider evidence presented during an unrelated proceeding or investigation, the government had the obligation to present that evidence in its warrant application.  *Cf. id*.

---

[3]     In passing, and in connection with its response to other motions, the government claims that the affidavits were sufficient notwithstanding the fact that they lacked any factual information concerning the heightened scienter necessary to hold a publisher responsible for third-party speech and the intent to facilitate/promote a "business enterprise" involving prostitution because there is no requirement to provide such factual information.  (Opp'n at 10.)  Defendants maintain that the government must establish heightened intent on both issues to obtain a conviction against these Defendants for their operation of a classified advertisement website.  Thus, any search warrant that fails to contain factual information on these intent elements does not provide sufficient factual information to enable the issuing magistrate to make a neutral, detached, and independent determination that there was a substantial basis to find probable cause.

Here, the magistrate lacked a substantial basis to find probable cause because the affidavits underlying the warrants provided no facts supporting the crimes allegedly committed by the Defendants. Rather than outlining facts known to the affiant as is required, the affidavits summarize findings from "largely publicized" prosecutions, the findings of an investigation conducted by another law enforcement office, the investigation and purported findings of a legislative body, and even the pre-trial allegations of civil litigants. *See Rubio*, 727 F.2d at 795 (reversing convictions because search warrant affidavit that referred to the indictment "furnished no basis whatsoever for believing the defendants" had engaged in a pattern of racketeering); *United States v. Bailey*, 327 F. Supp. 802, 806 (N.D. Ill. 1979) (denying order to compel defendants to provide government with handwriting exemplars because government failed to establish probable cause and recognizing that "the finding of probable cause for arrest of an individual that accrues from his being indicted does not . . . become the equivalent of a finding of probable cause for a warrant to search that person's home, his car, or his business office"). In reaching those purported findings, each of those bodies had a role that is not at all similar to the neutral, detached, and independent role of the issuing magistrate to assess an application for probable cause. As a result, those purported findings did not provide the issuing magistrate with a substantial basis to find probable cause, which renders the warrants deficient and all evidence (and derivative evidence) obtained therein subject to suppression.

## III. Defendants are entitled to a *Franks* hearing because the Warrants contain material misstatements and omissions.

Defendants moved for an order granting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). In particular, they asserted that the Fryberger affidavits omitted material information, including the failure to advise the issuing magistrate that: (1) the First Amendment protects online classified advertisement websites, including Backpage; (2) at the time it sought these search warrants, the government knew that the novel legal theory upon which it was proceeding had been rejected by every court that had considered it, including

rulings indicating that there can be *no liability for publishing and editing third-party ads*; (3) federal courts have expressly recognized that adult speech is protected; and (4) federal courts have expressly held that adult speech is not synonymous with prostitution or trafficking.

The government claims that it was not required to inform the issuing magistrate about contrary rulings because it unilaterally decided that those rulings were "inapposite." (Opp'n at 14.)  Essentially, the government asserts that it has the ability to omit the fact that every court has rejected the government's theory of a case, as long as the government thinks the prior rulings are "inapposite."  The government provides no support for this misstatement of its obligations.  Indeed, the neutral, detached, and independent issuing magistrate, not the government, must make a determination on a search warrant application and to do so, the issuing magistrate needs complete information.

The government's withholding of critical rulings is particularly troubling where, as here, it asserts a novel theory of criminal liability that all prior courts had rejected.  This Court's order denying Defendants' Motion to Dismiss (Doc. 793) does not, as the government claims, inoculate the government from its failure to inform the magistrate about critical rulings because the proper inquiry is what the issuing magistrate knew at the time the warrants were authorized, not what a later court decided at a different stage in a prosecution.  *See Maryland v. Garrison*, 480 U.S. 79, 85 (1987) (explaining that the "validity of a warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate").

/
/
/
/
/
/

**CONCLUSION**

For all these reasons, this Court should:  (1) suppress the evidence obtained from execution of the Ferrer-Google Warrant and Warrant for CA-AG Data and any evidence derived from them; and, to the extent required, (2) hold a *Franks* hearing for Defendants to demonstrate that the Ferrer-Google Warrant and Warrant for CA-AG Data contain material misstatements and omissions in violation of the Fourth Amendment.

RESPECTFULLY SUBMITTED,

DATED:  December 23, 2019          Paul J. Cambria, Jr.
                                   Erin E. McCampbell
                                   LIPSITZ GREEN SCIME CAMBRIA LLP

                                   By:    /s/ Paul J. Cambria, Jr.
                                          Paul J. Cambria, Jr.
                                          Attorneys for Michael Lacey


DATED: December 23, 2019           Thomas H. Bienert, Jr.
                                   Whitney Z. Bernstein
                                   BIENERT KATZMAN, PLC

                                   By:    /s/ Whitney Z. Bernstein
                                          Whitney Z. Bernstein
                                          Attorneys for James Larkin


DATED: December 23, 2019           Bruce Feder
                                   FEDER LAW OFFICE, P.A.

                                   By:    /s/ Bruce Feder
                                          Bruce Feder
                                          Attorneys for Scott Spear

DATED: December 23, 2019         David Eisenberg
                                 DAVID EISENBERG, P.L.C.

                                 By:     /s/ David Eisenberg
                                         David Eisenberg
                                         Attorneys for Andrew Padilla

DATED: December 23, 2019         Joy Bertrand
                                 JOY BERTRAND, ESQ.

                                 By:     /s/ Joy Bertrand
                                         Joy Bertrand
                                         Attorneys for Joye Vaught

On December 23, 2019, a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Patrick Reid, Patrick.Reid@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Amanda Wick, Amanda.Wick@usdoj.gov