Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br>vs.<br><br>Michael Lacey, *et al.*,<br><br>                    Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN REFERENCES TO WITNESSES, DEFENDANTS, AND DEFENSE COUNSEL**<br><br>(Oral argument requested) |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

## MOTION

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, move *in limine* for an order precluding the government from referring to Defendants and their counsel in an unduly prejudicial manner, and from referring to certain individuals as "victims" in front of the jury.  This Motion is based on the following Memorandum of Points and Authorities, the Court's file, and any evidence or argument presented at the hearing on this matter.  Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants move *in limine* for an order precluding the government from referring to the Defendants as the "Backpage Defendants" and Defendants' counsel as the "Backpage Lawyers" in front of the jury because those terms suggest guilt by association in violation of the Defendants' Fifth Amendment rights.  Further, government counsel and witnesses should be precluded from referring to any individuals as "victims" in front of the jury because such references eviscerate the Defendants' presumption of innocence and are so unduly prejudicial that Defendants will be deprived of a fair trial.

## ARGUMENT

**I.      This Court should preclude certain prejudicial terms the government has used to refer to Defendants and defense counsel.**

Throughout the superseding indictment ("Indictment," Doc. 230), the government refers to the Defendants as the "Backpage Defendants." (*See, e.g.*, Indict. ¶¶ 8, 9.) Government counsel has also used this term to refer to Defendants during hearings before this Court, as well as referring to defense counsel as "Backpage lawyers."  As the Court knows, Backpage and its Chief Executive Officer and owner, Carl Ferrer, have pleaded guilty, as the government will surely highlight for the jury.  As a result, any reference to the Defendants as "Backpage Defendants" or defense counsel as "Backpage lawyers" would improperly tar the Defendants

with "guilt by association" liability. This would flout Defendants' individual due process rights. Moreover, such references are factually incorrect: those Defendants who held an ownership interest in Backpage sold that interest in 2015, each Defendant had a different role vis-à-vis the company, and defense counsel did not and do not represent Backpage.

"Guilt by association" liability is inimical to our system of justice. The Supreme Court has denounced it, explaining that "[i]n our jurisprudence guilt is personal" and any suggestion otherwise violates the Due Process Clause of the Fifth Amendment. *See Scales v. United States*, 367 U.S. 203, 224-25 (1961); *see also Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 178 (1951) (Douglas, J., concurring) (recognizing that "guilt by association" is "one of the most odious institutions of history"). Indeed, a conviction obtained by "guilt by association" liability is so unjust that it must be reversed. *See United States v. Polasek*, 162 F.3d 878, 886-87 (5th Cir. 1998) (reversing conviction and explaining that "we repeatedly have characterized guilt by association evidence as highly prejudicial and damaging" (quotations and citations omitted)). The government should not be permitted to violate the Defendants' Due Process rights by referring to them as the "Backpage Defendants" or their counsel as the "Backpage lawyers" or any similar terms.

Although the prosecutors' use of such terms would not constitute "evidence" in the traditional sense, the use of such terms by the government's representatives – who are imbued with authority by jurors – would have virtually the same effect as having a witness testify to such evidence. The use of such terms by prosecutors should thus be evaluated in the same way that evidence would be evaluated --- is it unduly prejudicial or likely to confuse jurors? *See* Fed. R. Evid. 403 (Courts should exclude otherwise relevant evidence if the "probative value" of the evidence "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

"Unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old*

*Chief v. United States*, 519 U.S. 172, 180 (1997); *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) (recognizing that "unfair prejudice" refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one or evidence designed to elicit a response from the jurors that is not justified by the evidence" (quotations omitted)). Where evidence "very well *could* . . . trigger[] an emotional response from the jury members," giving rise to "at least a modest likelihood of unfair prejudice," Rule 403 requires exclusion unless the evidence is of substantial probative value.  *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphasis in original).

Here, referring to Defendants as the "Backpage Defendants" or their attorneys as "Backpage lawyers" are merely an improper shorthand to circumvent ironclad due process protections.  The same concerns about fairness that guide a court's analysis on the admissibility of evidence under Rule 403 are applicable to these references and provide another basis for precluding them.  Indeed, such references are unduly prejudicial in that they attempt to tar the Defendants with "guilt by association" liability, and are likely to confuse the jurors as to the standards by which Defendants must be judged.

## II.   This Court should preclude reference to anyone as a "victim" in front of the jury.

In the Indictment, the government characterizes various persons as "victims" (Indict. ¶¶ 160-176) and Government counsel has repeatedly referred to certain persons this way (Gov't's Expert Discl. (Doc. 422) at 5-9).  It therefore is likely that one or more of the government's fact or expert witnesses (or government counsel) characterize those persons, or others like them, as "victims," in front of the jury.  This Court should preclude such terminology.  The use of the term is not only incorrect in regard to these people in this case, but it would be highly prejudicial.  The Defendants should be judged based on the evidence of what they did and what they knew or intended, not based on how the government or a witness characterizes what occurred.

First, allowing the government or its witnesses to use the term "victim" in front of the jury would turn the presumption of innocence on its head.  At this time, the Defendants are *accused* of crimes, not *convicted* of those crimes.  Consequently, as a matter of law, ***they are cloaked with the***

*presumption of innocence.* Use of the term "victim" eviscerates that presumption by implying that a crime has been committed and that the witness has been injured. Indeed, it implies that there is extra-judicial evidence that has convinced the speaker (be it an Assistant United States Attorney or a government witness) of the Defendants' guilt, while also conferring on the person so described a halo of vulnerability and weakness, and thereby injects an impermissible sympathy element into the trial. Use of this term is so prejudicial that the government has agreed to refrain from its use in other cases. *See, e.g.*, *United States v. Idaho Cnty. Light & Power Coop. Assoc., Inc.*, 2020 WL 1105091, at *7 (D. Ida. Mar. 6, 2020) Indeed, courts have even stricken the term from an indictment as irrelevant and prejudicial. *See, e.g.*, *United States v. Lalley*, 2010 WL 3946659, at *3-4 (D. N.J. Oct. 5, 2010) (granting defendant's motion to strike the term "victim" from the indictment). Because use of the term "victim" will be unduly prejudicial to the Defendants, will likely create bias against them, and will deprive them of a fair trial in violation of the Due Process Clause, this Court should preclude it. Instead, the Court should require the government and its witnesses to refer to those individuals by their names, by their initials, or with some other reference that accurately describes them without injecting the trial with unfair prejudice.

Second, there is no evidence that the people identified as "victims" by the government were victimized by the Defendants. Defendants are charged with violating the Travel Act by facilitating one or more business enterprises involving prostitution through their involvement with a website that allowed users to publish classified ads. Defendants are not accused of being pimps, traffickers, kidnappers, or murderers. While others may have victimized the alleged "victims" in ways that are indefensible, the Defendants had no interaction whatsoever with the "victims" or those who victimized them. There is no evidence that the Defendants even knew of the existence of the victimizers, their victims, their individual circumstances, or any ads on Backpage pertinent to them. The facts of this case render the use of the term "victim" in front of the jury improper and unduly prejudicial. *See United States v. Giraldo-Serna*, 118 F. Supp. 3d 377, 383-85 (D.D.C. 2015) (declining to designate the decedent's children as

"victims" because the defendant was not charged with a crime involving violence and the conduct underlying the conspiracy involved narcotics importation, not violence).

Third, while the persons the government characterizes as "victims" may well have been the victims of crimes committed by third-parties, no such persons qualify for "victim" designation *in this case* under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.  Under the CVRA, the term "victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense."  18 U.S.C. § 3771(e).  Thus, under the plain text of the CVRA, unless a jury determines that there has been a "commission of a Federal offense," there can be no person labeled as a "victim."  *See Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (holding that it is the responsibility of court, not witnesses, to define legal terms).

Finally, as set forth above, courts must preclude presentation of any evidence that is unduly prejudicial or likely to confuse the jurors under Rule 403 of the Federal Rules of Evidence.  The same concerns about fairness that guide a court's analysis on the admissibility of evidence under Rule 403 are applicable to references by prosecutors and witnesses to people as "victims," and provide another basis for precluding them.  Indeed, such references are unduly prejudicial and likely to confuse the jurors.  The use of the term "victim" is a conclusion of fact that should be left to the jury.  Use of the term by prosecutors and government witnesses would involve an unfair prejudging of the issues, and would cause undue prejudice to Defendants' right to a fair trial.  Conversely, there is no reason the prosecutors and the witnesses cannot refer to the people by their names, initials, etc., such that the government can present its case while protecting the due process rights of the Defendants.

/

/

/

/

/

/

1

**CONCLUSION**

2        For all these reasons, this Court should enter an order precluding the government and

3  government witnesses from referring to:  (1) the Defendants as the "Backpage Defendants" and

4  Defendants' counsel as the "Backpage Lawyers"; and (2) any individuals as "victims."

5        RESPECTFULLY SUBMITTED this 17th day of April, 2020,

6

7                          Paul J. Cambria, Jr.
                           Erin E. McCampbell

8                          LIPSITZ GREEN SCIME CAMBRIA LLP

9                          By:    /s/ Paul J. Cambria, Jr.

10                              Paul J. Cambria, Jr.
                              Attorneys for Michael Lacey

11

12  *Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018)*
*§ II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing*

13  *is submitted, concur in the filing's content and have authorized its filing.*

14

15                          Thomas H. Bienert, Jr.
                          Whitney Z. Bernstein

16                          BIENERT KATZMAN, PLC

17                          By:    /s/ Whitney Z. Bernstein

18                              Whitney Z. Bernstein
                              Attorneys for James Larkin

19

20                          Gary S. Lincenberg
                          Ariel A. Neuman

21                          Gopi K. Panchapakesan
                          BIRD, MARELLA, BOXER, WOLPERT, NESSIM,

22                          DROOKS, LINCENBERG & RHOW, P.C.

23                          By:    /s/ Ariel A. Neuman

24                              Ariel A. Neuman
                              Attorneys for John Brunst

25

26

27

28

8

Bruce Feder
FEDER LAW OFFICE, P.A.

By:      /s/ Bruce Feder
         Bruce Feder
         Attorneys for Scott Spear

David Eisenberg
DAVID EISENBERG, P.L.C.

By:      /s/ David Eisenberg
         David Eisenberg
         Attorneys for Andrew Padilla

Joy Bertrand
JOY BERTRAND, ESQ.

By:      /s/ Joy Bertrand
         Joy Bertrand
         Attorneys for Joye Vaught

On April 17, 2020, a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov

9