MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-PHX-SMB |
| Plaintiff, | **RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN REFERENCES TO WITNESSES, DEFENDANTS, AND DEFENSE COUNSEL** |
| v. | |
| Michael Lacey, et al., | **(DOC. 904)** |
| Defendants. | |

**INTRODUCTION**

Defendants have moved *in limine* seeking to prevent the government from using the following three words or phrases at trial: (1) referring to the victims as "victims," (2)

- 1 -

referring to Defendants as "Backpage Defendants," and (3) referring to defense counsel as "Backpage lawyers." First, as to the victims, the Court should deny Defendants' request because the victims named in the Superseding Indictment (SSI) properly qualify as victims under the Crime Victim Rights Act (CVRA). Next, as to referring to the Defendants as the "Backpage Defendants" the Court should deny the request. Defendants are the founders, co-owners, principals, and managers of the website www.Backpage.com; some maintained ownership interest in the company for over a decade while others worked at the company until the website was seized in April 2018. Finally, the Court should deny Defendants' third request, to preclude the government from referring to defense counsel as "Backpage lawyers" as moot. The government does not intend to refer to defense counsel as "Backpage lawyers."[1] If the government needs to refer to defense counsel at trial, it can do so with defense counsel's name or generally and collectively as defense counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    The Victims Identified in the Superseding Indictment Qualify as Victims Under the Crime Victim Rights Act (CVRA) and Should be Referred to as Victims During Trial.**

A.    The Crime Victim Rights Act

The Crime Victim Rights Act, 18 U.S.C. § 3771, was enacted to make crime victims full participants in the criminal justice system. *Kenna v. U.S. Distr. Court for C.D.Cal*, 485 F.3d 1011 (9th Cir. 2006). Defendants argue use of the word "victim" before the jury is overly prejudicial because it would "turn the presumption of innocence on its head." (Doc. 904 at 5.) Defendants also argue that no person can labeled as a victim unless a jury determines that there has been a commission of a Federal offense. (Doc. 904 at 7.) Defendants' position is contrary to the law.

---

[1] The government reserves the right to modify its position should the law firm of Davis Wright Tremaine LLP (DWT) or any of its attorneys become an area of testimony at trial. DWT has represented Backpage and its co-owners, founders, principals, and managers in various civil and criminal proceedings throughout the country. (*See* Doc. 118, 906.)

A crime victim is defined as a person directly and proximately harmed as a result of the commission of a Federal offense. 18 U.S.C. § 3771(e)(2)(A). In *United States v. Turner*, the magistrate judge interpreted "crime victim" to include any person who would be considered a crime victim if the government were to establish the truth of the factual allegation in its charging instrument. 367 F.Supp. 2d 319, 326 (E.D.N.Y. 2005.) In *Turner*, the court contemplated Defendants' argument here - the syllogism which would render the CVRA inapplicable in any criminal case unless and until the defendant is proved guilty beyond a reasonable doubt and concluded an absurdity would result that Congress did not intend. *Id.* About five years later, the court in *United States v. Grace* disagreed with how the *Turner* court defined its crime victims, but came to a similar conclusion that when determining whether a person was a crime victim within the meaning of the Crime Victim Rights Act, a court need only assume that the federal offense alleged has occurred, and then identify, if possible, who was directly and proximately harmed as a result of the commission of the offense. *United States v. Grace*, 597 F.Supp 2d 1157, 1161 (D. Mont. Feb. 13, 2009); 18 U.S.C.A. § 3771(e). Neither court required a finding of guilt beyond reasonable doubt before a person could be considered a crime victim. While courts may differ on how a crime victim may be identified, Defendants have not cited any case that specifically holds a person cannot be identified as a victim until a jury has found the accused guilty.

Moreover, the identification of crime victims under the Crime Victim Rights Act does not depend on the guilt or innocence of the accused, and therefore it is unnecessary to consider what effect the presumption of innocence has when it comes to identifying victims. *Grace* at 1161. *Grace* illustrated this point with the following analogy: If the government indicts a person for allegedly robbing a bank, the court need not assume the accused is guilty in order to conclude the bank was robbed. *Id*. at 1162. Similarly, if a jury determines the government failed to meet its burden of proof and acquits the accused, it does not mean the bank was not robbed. *Id.* A person need not be found guilty beyond a reasonable doubt before there can be a crime victim. Finally, a crime victim is a victim

whose rights attach long before a determination of guilt. *See In re: Dean*, 527 F.3d 391, 395 (5th Cir. 2008) (holding the CVRA was violated when the government failed to confer with victims prior to entering into a plea agreement and before charges were filed.)

Defendants rely upon *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994), in support of the proposition that "victim" is a legal term that the court must define, but their reliance is misplaced. (Doc. 904 at 7.) Berry was a § 1983 action brought by the victim's estate against a police officer and the city after Berry was fatally shot by the police officer. *Id.* at 1342. One of the issues was if the plaintiff's expert was qualified to testify as an expert about whether the alleged failure to properly discipline officers was the proximate cause of the officer shooting. *Id.* at 1348. The Sixth Circuit held it was improper for the expert to testify that gross negligence equates to deliberate ignorance as deliberate ignorance is a legal term. *Id.* at 1353. While the Sixth Circuit held that it is the responsibility of the court, not testifying witnesses, to define legal terms, *Berry* does not extend to define "victim" as a legal term. Whether an individual or entity is a crime victim is factual inquiry for the jurors to decide. *See United States v. Giraldo-Serna*, 118 F.Supp. 3d 377, 383 (D.D.C. August 7, 2015) (citing *In re: Rendon Galvis*, 564 F.3d 170, 175 (2nd Cir. 2009) (finding "the necessary inquiry is a fact-specific one.")).

Similarly, the other cases relied upon by Defendants are dissimilar and easily distinguished. *United States v. Idaho City Light & Power Corp. Assoc., Inc*. is a civil case over fire damages caused to land belonging to the federal government. 2020 WL 1105091 (D. Ida. March 6, 2020). In *Idaho City Light*, the government did not oppose Idaho City Light's motion to prohibit the government from referring to itself as a "victim" out of concern that the term could suggest that Idaho City Light had committed a criminal act and create a potential prejudicial inference in favor of the government. *Id*. Here, Defendants face criminal charges and are accused of creating, owning, and managing a website that facilitated the exploitation of its victims through prostitution.

Next, Defendants rely upon *United States v. Lalley*, 2010 WL 3946659 (D. NJ. October 5, 2010). Lalley was an employee with the Newark Police Department charged with two counts of obstruction of justice for corruptly trying to conceal a past sexual relationship with the victim by asking the victim not to reveal their relationship to investigators. *Id.* at *1. The court removed the term "victim" from the indictment after concluding that the term "victim" was not necessary for the government to establish that Defendant had committed a crime of obstruction of justice. *Id*. at *4. In contrast, here, the government needs to show Defendants violated the Travel Act as to each of the 51 counts charged by using interstate commerce to promote, manage, establish, and carry on prostitution, an unlawful activity.

Defendants' concerns that the use of the word "victim" will be unduly prejudicial, or will confuse the jurors under Fed. R. Evid. 403, is easily cured in the jury instructions. At the beginning and end of the trial, the Court will likely instruct the jury on several principles and topics that will mitigate and diffuse the possibility of prejudice, including: the presumption of innocence and burden of proof, what the lawyers say is not evidence, the indictment is not evidence, separate consideration for each defendant and separate consideration for multiple counts. *See* Ninth Circuit Model Criminal Jury Instructions. (http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, last accessed May 7, 2020). These instructions will make clear to the jurors that they are to determine whether each victim was harmed and whether their injuries were proximately or directly caused by the Defendants.

B. <u>The Superseding Indictment Identifies Victims of Defendants' Travel Act and Conspiracy Crimes.</u>

Defendants argue the government should be precluded from using the term "victim" at trial due to a lack of evidence showing the victims were victimized by the named Defendants. (Doc. 904 at 6.) As a general matter, the government intends to address the victims by their names while they are testifying at trial. But there will be occasions during witness testimony or during opening and closing arguments when referring to the victims

Below:

as a class or collective group will be necessary to move the case along.

Count 1 of the Superseding Indictment charges Defendants with conspiracy; it is possible to have victims of a conspiracy. *United States v. McHenry*, 974 F.2d 1031, 1033 (9th Cir. 1991). The conduct underlying the offense of conspiracy consists of (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense. *United States v. Pemberton*, 853 F.2d 730, 733 (9th Cir. 1988). In some situations, this conduct can cause a loss to innocent persons who happen to become enmeshed with the conspirators' actions. For example, if a conspirator steals an automobile in order to further the conspiracy, the automobile owner has suffered a loss as a result of the conspiracy. That loss transforms the innocent person into a "victim." *McHenry* at 1033. The Superseding Indictment describes in detail the nature of the conspiracy and outlines the many overt acts; the government will not re-plead them here. (Doc. 230).

Counts 2 through 51 of the Superseding Indictment alleges violations of the Travel Act, an offense where a victim may be involved. *United States v. Dailey*, 941 F.3d 1183, 1190 (9th Cir. 2019). In her plea agreement, Dailey admitted she transported the victim-minor child from Arizona to Nevada with the intent that the child would engage in prostitution and that she took additional, affirmative steps to facilitate the child's prostitution, including instructing her in the rules of prostitution, renting a hotel room, and buying her provocative clothing to wear. *Id.* Here, the victims identified in the Superseding Indictment will be testifying about how they were injured as a result of prostitution solicitations published on www.backpage.com. A summary of their experiences is outlined in the Superseding Indictment. (Doc. 230).

Defendants' reliance on *United States v. Giraldo-Serna*, 118 F. Supp. 3d 377 (D. D.C. 2015) to support their argument that using the term victim would be improper and unduly prejudicial is distinguishable. *Giraldo-Serna* involved family members seeking rights under the CVRA in a drug trafficking prosecution that resulted in the death of their family member. *Id.* The court held the family member's death as a result of his

involvement with the defendant was not a direct and proximate harm as a result of the defendant's charged offense that would afford the family's rights under the CVRA. *Id.* at 379. A person is directly harmed by the commission of a federal offense where that offense is a but-for cause of the harm. *Id.* at 383 (internal citations omitted). A person is proximately harmed when the harm is a reasonably foreseeable consequence of the criminal conduct. *Id.* While the criminal conduct forming the basis of the conspiracy in *Giraldo-Serna* did not bridge the gap in causality between the family member's death and the conspiracy, that is not the case here. Here, it is anticipated that each victim will testify that but for the ads, they would not have been sold for sex (or sold for sex as much as they were). It is also anticipated that the victims will testify that they engaged in acts of prostitution as a result of being advertised on Backpage. The victims in the Superseding Indictment clearly fall within the definition of crime victim under the CVRA and should be recognized as such. Defendants' request to preclude the use of the term "victim" should be denied.

## II. Reference to the Defendants Collectively as the "Backpage Defendants" Appropriately Classifies the Defendants in this Case.

As to Defendants request to preclude the government from mentioning "Backpage Defendants" at trial, the Court should deny Defendants' request. Defendants are the founders, co-owners, principals, and managers of the website www.Backpage.com; some maintained ownership interest in the company for over a decade while others continued to work for the company until the website was seized in April 2018. While the government intends to refer to Defendants by name when possible, for example when discussing the actions or conduct of a specific Defendant or Defendants, there will be instances when Defendants are discussed as a collective group, *e.g.,* when a particular topic would apply to all Defendants or in relation to an event where all Defendants were involved. The government anticipates this is likely to occur during a victim's or law enforcement witness's testimony when there may be a need to distinguish between the defendant-pimp/trafficker and the Backpage Defendants. The purpose of and need to refer to

Defendants as a collective group would be to shorten the questions posed to witnesses and is not an "improper shorthand to circumvent iron clad due process protections." (Doc. 904 at 5.) The cases relied upon by Defendants, *Scales v. United States*, 367 U.S. 203 (1961) and *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 178 (1951) are so factually disparate from the instant case that it is difficult to draw any inferences. The bottom line is – the government does not intend to argue to the jury that Defendants are guilty of the crimes charged in the Superseding Indictment just because Carl Ferrer, the former CEO of Backpage has admitted guilt. Any additional concerns will be further mitigated when the jury receives instructions on how to evaluate the credibility of a witness, impeachment evidence – witness, and testimony of witnesses involving special circumstances – benefits, plea, accomplice, immunity. *See* Ninth Circuit Model Criminal Jury Instructions. (http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, last accessed May 7, 2020).

**III.    Backpage Lawyers**

As stated above, the Court should deny as moot Defendants' request to preclude the government from referring to defense counsel as "Backpage lawyers" because government does not intend to refer to defense counsel as "Backpage lawyers." If the government needs to refer to defense counsel at trial, it will do so with defense counsel's name or generally and collectively as "defense counsel."

To be cautious, however, the government informs the Court that to the extent there is testimony regarding the many civil and criminal lawsuits Backpage and its founders, owners, principals and managers are involved in, there may be mention that Backpage retained lawyers to mount their defense. If that occurs, then likely there will be some discussion regarding Backpage lawyers or lawyers for Backpage.

**IV.    Conclusion**

For all the foregoing reasons, the government respectfully requests that the Court deny the Defendants' Motion in Limine to Preclude Certain References to Witnesses,

Defendants, and Defense Counsel.

Respectfully submitted this 8th day of May, 2020.

                    MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Margaret Perlmeter*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office