1 | Thomas H. Bienert, Jr. *(admitted pro hac vice)*
    tbienert@bmkattorneys.com
2 | Whitney Z. Bernstein *(admitted pro hac vice)*
    wbernstein@bmkattorneys.com
3 | BIENERT KATZMAN, PLC
903 Calle Amanecer, Suite 350
4 | San Clemente, CA 92673
Telephone: (949) 369-3700
5 | Facsimile: (949) 369-3701

6 | Attorneys for James Larkin

7 | Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
8 | Erin McCampbell *(admitted pro hac vice)*
    emccampbell@lglaw.com
9 | LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
10 | Buffalo, New York 14202
Telephone: (716) 849-1333
11 | Facsimile: (716) 855-1580

12 | Attorneys for Michael Lacey

13 | *[Additional counsel listed on next page]*

14

# IN THE UNITED STATES DISTRICT COURT

15

## FOR THE DISTRICT OF ARIZONA

16

17

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS LACEY, LARKIN, BRUNST, AND SPEAR'S NOTICE OF ERRATA RE EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT MISCONDUCT INVADING ATTORNEY-CLIENT PRIVILEGE** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:18-cr-00422-PHX-SMB

NOTICE OF ERRATA RE EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT
MISCONDUCT INVADING ATTORNEY-CLIENT PRIVILEGE

1  Gary S. Lincenberg *(admitted pro hac vice)*
       glincenberg@birdmarella.com
2  Ariel A. Neuman *(admitted pro hac vice)*
       aneuman@birdmarella.com
3  Gopi K. Panchapakesan *(admitted pro hac vice)*
       gpanchapakesan@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for John Brunst
8
   Bruce Feder (AZ Bar No. 004832)
9     bf@federlawpa.com
   FEDER LAW OFFICE, P.A.
10 2930 E. Camelback Road, Suite 160
   Phoenix, Arizona 85016
11 Telephone: (602) 257-0135

12 Attorney for Scott Spear

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ERRATA RE EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT
MISCONDUCT INVADING ATTORNEY-CLIENT PRIVILEGE

1    Defendants Michael Lacey, James Larkin, John Brunst, and Scott Spear hereby

2   file this Notice of Errata with respect to their Motion to Dismiss Based on Outrageous

3   Government Misconduct Invading Attorney-Client Privilege [Dkt No. 940]: The

4   document attached as Exhibit 6 to the Declaration of Ariel A. Neuman was a different

5   May 18, 2018 letter from government counsel than was intended.  Attached is a new

6   declaration, with the replacement Exhibit 6.

7

8   DATED:  May 12, 2020                         Thomas H. Bienert, Jr.
                                                 Whitney Z. Bernstein
9                                                BIENERT KATZMAN PC

10

11                                               By:      _s/ Thonas H. Beienert, Jr._
                                                          Thomas H. Bienert, Jr.
12                                               Attorneys for James Larkin

13
    *Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual*
14  *(Jan. 2020) § II (C) (3), Thomas H. Bienert, Jr., hereby attests that all other signatories listed, and
    on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

15  DATED:  May 12, 2020                         Paul J. Cambria, Jr.
16                                               Erin McCampbell
                                                 LIPSITZ GREEN SCIME CAMBRIA LLP
17

18                                               By:      _s/ Paul J. Cambria, Jr._
19                                                        Paul J. Cambria, Jr.
                                                 Attorneys for Michael Lacey
20

21

22

23

24

25

26

27

28

                                                              Case No. 2:18-cr-00422-PHX-SMB

1    DATED:  May 12, 2020           Respectfully submitted,

2
                                    Gary S. Lincenberg
3                                   Ariel A. Neuman
                                    Gopi K. Panchapakesan
4                                   BIRD, MARELLA, BOXER, WOLPERT,
                                    NESSIM, DROOKS, LINCENBERG &
5                                   RHOW, P.C.

6

7
                                    By:    _____*s/Gary S. Lincenberg*_____
8                                                  Gary S. Lincenberg
9                                          Attorneys for John Brunst

10

11   DATED:  May 12, 2020           FEDER LAW OFFICE, P.A.

12
                                    By:    _____*s/ Bruce Feder*_____
13                                                 Bruce Feder
                                           Attorneys for Scott Spear
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                     Case No. 2:18-cr-00422-PHX-SMB
     NOTICE OF ERRATA RE EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT
                     MISCONDUCT INVADING ATTORNEY-CLIENT PRIVILEGE

1

## CERTIFICATE OF SERVICE

2

3

4

I hereby certify that on May 12, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

5

*/s/ Toni Thomas*
Toni Thomas

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS LACEY, LARKIN, BRUNST, AND SPEAR'S NOTICE OF ERRATA RE MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT MISCONDUCT INVADING ATTORNEY-CLIENT PRIVILEGE

1   Thomas H. Bienert, Jr. *(admitted pro hac vice)*
        tbienert@bmkattorneys.com
2   Whitney Z. Bernstein *(admitted pro hac vice)*
        wbernstein@bmkattorneys.com
3   BIENERT KATZMAN, PLC
    903 Calle Amanecer, Suite 350
4   San Clemente, CA 92673
    Telephone: (949) 369-3700
5   Facsimile: (949) 369-3701

6   Attorneys for James Larkin

7   Paul J. Cambria, Jr. *(admitted pro hac vice)*
        pcambria@lglaw.com
8   Erin McCampbell *(admitted pro hac vice)*
        emccampbell@lglaw.com
9   LIPSITZ GREEN SCIME CAMBRIA LLP
    42 Delaware Avenue, Suite 120
10  Buffalo, New York 14202
    Telephone: (716) 849-1333
11  Facsimile: (716) 855-1580

12  Attorneys for Michael Lacey

13  *[Additional counsel listed on next page]*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **FOR THE DISTRICT OF ARIZONA**

17

18  United States of America,                CASE NO. 2:18-cr-00422-004-PHX-
                                             SMB
19          Plaintiff,
                                             **DECLARATION OF ARIEL A.**
20      vs.                                  **NEUMAN IN SUPPORT OF**
                                             **DEFENDANTS' NOTICE OF**
21  Michael Lacey, *et al.*,                 **ERRATA RE EXHIBIT 6 TO**
                                             **MOTION TO DISMISS BASED ON**
22          Defendants.                      **OUTRAGEOUS GOVERNMENT**
                                             **MISCONDUCT INVADING**
23                                           **ATTORNEY-CLIENT PRIVILEGE**

24

25

26

27

28
                                             Case No. 2:18-cr-00422-004-PHX-SMB
    DECLARATION OF ARIEL A. NEUMAN IN SUPPORT OF DEFENDANTS' NOTICE OF ERRATA RE
    EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT MISCONDUCT
                    INVADING ATTORNEY-CLIENT PRIVILEGE

1  Gary S. Lincenberg *(admitted pro hac vice)*
        glincenberg@birdmarella.com
2  Ariel A. Neuman *(admitted pro hac vice)*
        aneuman@birdmarella.com
3  Gopi K. Panchapakesan *(admitted pro hac vice)*
        gpanchapakesan@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for John Brunst
8
   Bruce Feder (AZ Bar No. 004832)
9     bf@federlawpa.com
   FEDER LAW OFFICE, P.A.
10 2930 E. Camelback Road, Suite 160
   Phoenix, Arizona 85016
11 Telephone: (602) 257-0135

12 Attorney for Scott Spear

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:18-cr-00422-004-PHX-SMB

DECLARATION OF ARIEL A. NEUMAN IN SUPPORT OF DEFENDANTS' NOTICE OF ERRATA RE
EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT MISCONDUCT
INVADING ATTORNEY-CLIENT PRIVILEGE

1        I, Ariel A. Neuman, declare as follows:

2        1.        I am an active member of the Bar of the State of California and a

3   Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A

4   Professional Corporation, attorneys of record for Defendant John Brunst in this action.

5   I make this declaration in support of Defendants Lacey, Larkin, Brunst, And Spear's

6   Notice Of Errata Re Exhibit 6 To Motion To Dismiss Based On Outrageous

7   Government Misconduct Invading Attorney-client Privilege.  Except for those matters

8   stated on information and belief, I make this declaration based upon personal

9   knowledge and, if called upon to do so, I could and would so testify.

10       2.        Attached is a replacement **Exhibit 6**, which is a true and correct copy of

11  the May 18, 2018 correspondence from government counsel which is referenced in the

12  Motion.  My prior declaration mistakenly attached a different May 18, 2018 letter from

13  government counsel.  I respectfully request that the Court consider this replacement

14  Exhibit 6 when considering the Motion.

15       I declare under penalty of perjury under the laws of the United States of America

16  that the foregoing is true and correct, and that I executed this declaration on May 12,

17  2020, at Los Angeles, California.

18

19                                                        *s/ Ariel A. Neuman*
                                                          Ariel A. Neuman
20

21

22

23

24

25

26

27

28
                                          3                     Case No. 2:18-cr-00422-004-PHX-SMB

1

## **CERTIFICATE OF SERVICE**

2

      I hereby certify that on May 12, 2020, I electronically transmitted the attached document

3

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of

4

record.

5

                               */s/ Toni Thomas*
                               Toni Thomas

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF ARIEL A. NEUMAN IN SUPPORT OF DEFENDANTS' NOTICE OF ERRATA RE
EXHIBIT 6 TO MOTION TO DISMISS BASED ON OUTRAGEOUS GOVERNMENT MISCONDUCT
INVADING ATTORNEY-CLIENT PRIVILEGE

# Exhibit 6



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main:   (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax:   (602) 514-7693 |
| Phoenix, AZ  85004-4408 | Direct Fax:   (602) 514-7450 |

May 18, 2018

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel PC
2 East Congress Street, Suite 1000
Tucson, AZ  85701

VIA EMAIL

   Re:   *Your Letter of May 17, 2018*

Dear Mike:

   We wish to respond to your May 17, 2018, letter.  The letter requested the immediate disclosure of Mr. Ferrer's statements to law enforcement. We continue to struggle with your position that his statements are relevant to the Motion to Disqualify Counsel. You generally argue that his statements are relevant to this motion "as they relate to waiver," but fail to explain (or provide any authority) what his waiver has to do with the apparent conflict of DWT and HCM.[1]  As you know, he specifically advised, through his counsel, that he does not waive this conflict.  In sum, whether Mr. Ferrer has waived the attorney-client privilege, which you claim you need the interview reports to explore, is an entirely different issue from whether he's waived his right to loyalty by former counsel under ER 1.9,which he hasn't. With all due respect, you  are conflating the two issues.

   *First,* as you know, we had two telephonic calls with defense counsel *prior* to the filing of our Motion to Disqualify in an effort to exchange legal support for our position.  In addition, we met with you for over an hour to discuss the disqualification issue, among others.  At no time have you or any of the subject attorneys (DWT and HCM) provided us any authority for the position that no conflict exists.  You also failed to provide any authority in your May 17 letter except a general 6th Amendment argument.

---

   [1] As noted during our meetings it still remains unclear what Mr. Padilla's interest is in this motion as the attorneys that pose the conflict do not represent him currently nor did they ever. Because HCM is represented by separate, and independent counsel, we presume that your efforts are on behalf of DWT only.

In any event, there are no finalized reports of the April 5 interview of Mr. Ferrer and or any subsequent interviews in existence. Other investigators and prosecutors from the Attorney General Offices in Texas and California have been present at Mr. Ferrer's interviews, but only a single federal agent is preparing the reports. Again, the reports prepared by the federal agent have not been finalized.

*Second*, even if those reports were finalized they still would not be discoverable at this juncture. First, as I explained to you during our meeting, statements have to be adopted by the witness first before they are considered Jencks Act statements. *United States v. Morris*, 957 F.2d 1391, 1402 (7th Cir. 1992) ("[T]he documents are not statements producible under the Jencks Act because they were neither signed nor adopted . . . and further because they are not a verbatim recital . . . but rather only an agent's summary"). In addition, even if Mr. Ferrer provided *Brady* material the Jencks Act would still govern the timing of disclosure. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks and *Brady* material, the Jencks Act standards control"). At any rate, during our meeting we further advised you that we intended to comply with the scheduling order but would make every effort to provide you *available* discovery, including search warrant affidavits, by the end of May to accommodate your June vacation. We never promised that we would provide Mr. Ferrer's statements made recently in proffer interviews even if they existed. Respectfully, you are misrepresenting our position.

*Third*, as you know, the Jencks Act, codified at *18 U.S.C. § 3500*, provides that the statements of a government witness are discoverable *after* the witness has testified on direct examination at trial. But here, the parties agreed to designate the case complex (doc. 64) and negotiated a scheduling order adopted by the Court (doc. 131). The parties specifically agreed that Jencks Act statements will be disclosed on February 25, 2019 —nearly eleven months before trial and well beyond our obligation. (*Id.*)

*Fourth*, aside from having no legal obligation to provide Jencks Act statements of Mr. Ferrer at this juncture (if they existed), we have legitimate law enforcement reasons for not disclosing a variety of reports from Mr. Ferrer and others. The scheduling order specifically includes a date by which the government must supersede the current indictment (July 30, 2018). As we advised you at our meet and confer, we have additional targets and evidence that we are investigating and intend to present to the grand jury. To disclose statements (that we are not required to disclose) would compromise an ongoing investigation. *Cf. United States v. Nava-Salazar*, 30 F.3d 788, 801 (7th Cir. 1994) (rejecting challenge to district court order deferring discovery pending a superseding indictment, where "[p]remature disclosure…would have jeopardized the investigation of a major drug operation" and "could have threatened the life and safety of a number of the persons involved").

In short, even if we had Jencks Act statements of Mr. Ferrer related to his recent interviews we would neither be legally obligated nor required to disclose those statements now. This is especially true where, as here, the parties have already negotiated a date when

May 18, 2018
Page 3 of 3

those reports will be disclosed.  Here, you have not articulated any basis for why those statements must be disclosed nine months before the deadline.  We do not see any relevance to the Motion to Disqualify and have been provided no legal authority supporting your position.  In addition, counsel representing HCM on the disqualification issue has not requested these statements.

Lastly, if you have authority please provide it before filing a motion so that we can meaningfully consider your position. Also, in fairness, please attach both our May 3 letter and this letter to any motion (*e.g.*, motion for extension of time to file a response, motion to compel disclosure, etc.), so that the court  can fully appreciate our attempts at resolving this issue without a hearing.

Sincerely,

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s Kevin Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

KMR/zs