# Exhibit 6



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main: (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax: (602) 514-7693 |
| Phoenix, AZ 85004-4408 | Direct Fax: (602) 514-7450 |

May 18, 2018

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel PC
2 East Congress Street, Suite 1000
Tucson, AZ 85701

<u>VIA EMAIL</u>

  Re: *Your Letter of May 17, 2018*

Dear Mike:

  We wish to respond to your May 17, 2018, letter.  The letter requested the immediate disclosure of Mr. Ferrer's statements to law enforcement. We continue to struggle with your position that his statements are relevant to the Motion to Disqualify Counsel. You generally argue that his statements are relevant to this motion "as they relate to waiver," but fail to explain (or provide any authority) what his waiver has to do with the apparent conflict of DWT and HCM.[1]  As you know, he specifically advised, through his counsel, that he does not waive this conflict.  In sum, whether Mr. Ferrer has waived the attorney-client privilege, which you claim you need the interview reports to explore, is an entirely different issue from whether he's waived his right to loyalty by former counsel under ER 1.9,which he hasn't. With all due respect, you  are conflating the two issues.

  *First,* as you know, we had two telephonic calls with defense counsel *prior* to the filing of our Motion to Disqualify in an effort to exchange legal support for our position.  In addition, we met with you for over an hour to discuss the disqualification issue, among others.  At no time have you or any of the subject attorneys (DWT and HCM) provided us any authority for the position that no conflict exists.  You also failed to provide any authority in your May 17 letter except a general 6th Amendment argument.

---

[1] As noted during our meetings it still remains unclear what Mr. Padilla's interest is in this motion as the attorneys that pose the conflict do not represent him currently nor did they ever. Because HCM is represented by separate, and independent counsel, we presume that your efforts are on behalf of DWT only.

May 18, 2018
Page 2 of 3

In any event, there are no finalized reports of the April 5 interview of Mr. Ferrer and or any subsequent interviews in existence. Other investigators and prosecutors from the Attorney General Offices in Texas and California have been present at Mr. Ferrer's interviews, but only a single federal agent is preparing the reports. Again, the reports prepared by the federal agent have not been finalized.

*Second*, even if those reports were finalized they still would not be discoverable at this juncture. First, as I explained to you during our meeting, statements have to be adopted by the witness first before they are considered Jencks Act statements. *United States v. Morris*, 957 F.2d 1391, 1402 (7th Cir. 1992) ("[T]he documents are not statements producible under the Jencks Act because they were neither signed nor adopted . . . and further because they are not a verbatim recital . . . but rather only an agent's summary"). In addition, even if Mr. Ferrer provided *Brady* material the Jencks Act would still govern the timing of disclosure. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks and *Brady* material, the Jencks Act standards control"). At any rate, during our meeting we further advised you that we intended to comply with the scheduling order but would make every effort to provide you *available* discovery, including search warrant affidavits, by the end of May to accommodate your June vacation. We never promised that we would provide Mr. Ferrer's statements made recently in proffer interviews even if they existed. Respectfully, you are misrepresenting our position.

*Third*, as you know, the Jencks Act, codified at *18 U.S.C. § 3500*, provides that the statements of a government witness are discoverable *after* the witness has testified on direct examination at trial. But here, the parties agreed to designate the case complex (doc. 64) and negotiated a scheduling order adopted by the Court (doc. 131). The parties specifically agreed that Jencks Act statements will be disclosed on February 25, 2019 —nearly eleven months before trial and well beyond our obligation. (*Id.*)

*Fourth*, aside from having no legal obligation to provide Jencks Act statements of Mr. Ferrer at this juncture (if they existed), we have legitimate law enforcement reasons for not disclosing a variety of reports from Mr. Ferrer and others. The scheduling order specifically includes a date by which the government must supersede the current indictment (July 30, 2018). As we advised you at our meet and confer, we have additional targets and evidence that we are investigating and intend to present to the grand jury. To disclose statements (that we are not required to disclose) would compromise an ongoing investigation. *Cf. United States v. Nava-Salazar*, 30 F.3d 788, 801 (7th Cir. 1994) (rejecting challenge to district court order deferring discovery pending a superseding indictment, where "[p]remature disclosure…would have jeopardized the investigation of a major drug operation" and "could have threatened the life and safety of a number of the persons involved").

In short, even if we had Jencks Act statements of Mr. Ferrer related to his recent interviews we would neither be legally obligated nor required to disclose those statements now. This is especially true where, as here, the parties have already negotiated a date when

May 18, 2018
Page 3 of 3

those reports will be disclosed. Here, you have not articulated any basis for why those statements must be disclosed nine months before the deadline. We do not see any relevance to the Motion to Disqualify and have been provided no legal authority supporting your position. In addition, counsel representing HCM on the disqualification issue has not requested these statements.

Lastly, if you have authority please provide it before filing a motion so that we can meaningfully consider your position. Also, in fairness, please attach both our May 3 letter and this letter to any motion (*e.g.*, motion for extension of time to file a response, motion to compel disclosure, etc.), so that the court can fully appreciate our attempts at resolving this issue without a hearing.

                              Sincerely,

                              ELIZABETH A. STRANGE
                              First Assistant United States Attorney
                              District of Arizona

                              */s Kevin Rapp*
                              KEVIN M. RAPP
                              Assistant U.S. Attorney

KMR/zs