Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANT MICHAEL LACEY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral argument requested) |

Defendant Michael Lacey, by and through his undersigned counsel, files the instant supplemental memorandum to the Motion to Continue Trial ("Motion," Doc. 990) filed by Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants").

On May 29, 2020, Defendants filed the Motion, requesting that this Court continue the August 17, 2020 trial start date because proceeding to trial as scheduled, during this highly contaigious and dangerous coronavirus pandemic, would risk the safety of all trial participants and would deprive the Defendants of numerous constitutional rights. On June 19, 2020, Defendants' filed their reply brief, redoubling their request for the continuance because, since the filing of the Motion, Arizona had

become a new coronavirus hotspot, with the Arizona Department of Health Services reporting a sharp uptick in new cases, and hospitals expressing alarm about whether they would have sufficient staff, supplies, and capacity in the coming weeks. (*See* "Reply," Doc. 1025.)

In the few days that have lapsed since the Defendants filed their Reply, there has been a material development that impacts Mr. Lacey and his trial counsel. In particular, New York Governor Andrew Cuomo announced that all travelers from Arizona to New York would be required to quarantine for fourteen days upon arrival in New York.[1] The failure to comply with this order could result in a fine of up to $10,000.[2] Because Mr. Lacey's trial counsel reside in New York, trial counsel will be unable to travel to and from Arizona for pre-trial hearings, witness interviews and preparations, and other pretrial matters without going into quarantine for fourteen days upon return to New York. A two-week quarantine after any visit to Arizona would be very disruptive to trial counsel's practice and woud be a serious impediment to trial preparation. Further, the skyrocketing Arizona infection rates, combined with trial counsel's quarantine, would place trial counsel's family at a heightened risk for infection.

More importantly, as a practical matter, trial counsel also will be unable to meet with Mr. Lacey to prepare for trial. Mr. Lacey cannot travel to New York to meet with his trial counsel in New York without quarantining for fourteen days before the meeting and trial counsel cannot travel to Arizona to meet in Arizona without quarantining for fourteen days upon return to New York. This new travel restriction creates an indefinite and unworkable barrier to trial preparation. Indeed, the travel order, when coupled with this Court's protective order, impedes the ability of trial counsel to review critical Jencks Act material with Mr. Lacey because Mr. Lacey is only allowed to review that material in the presence of trial counsel.

Proccceding to trial in August, while this travel order is in force during the critical weeks before the commencement of trial, will deprive Mr. Lacey of his Sixth Amendment rights. Moreover, the travel restriction also would effectively preclude Mr. Lacey's trial counsel from returning to New York

---

[1] *See* The New York Times, *N.Y. Roundup, New York will require certain out-of-state travelers to quarantine upon arrival* (June 24, 2020), available at: https://www.nytimes.com/2020/06/24/world/coronavirus-updates.html#link-5520fc26 (last visited June 24, 2020).

[2] *See id.*

for three months during the course of the trial—which would create serious hardships for Mr. Lacey's trial counsel.

## CONCLUSION

For all the reasons set forth in Defendants' Motion and Reply, as well as this Supplemental Memorandum, Mr. Lacey respectfully requests that this Court grant the Motion.

RESPECTFULLY SUBMITTED this 24th day of June, 2020,

        Paul J. Cambria, Jr.
        Erin E. McCampbell
        LIPSITZ GREEN SCIME CAMBRIA LLP

By:   /s/ Paul J. Cambria, Jr.
       Paul J. Cambria, Jr.
       Attorneys for Michael Lacey

On June 24, 2020, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov