# Exhibit A

## DECLARATION OF VAUGHN R WALKER

I, Vaughn R Walker, declare as follows:

1. I am an attorney admitted to practice before the Supreme Court of the United States and all courts in California and various federal courts in the United States.  In 2011, I retired as a United States District Judge for the Northern District of California, having served on that court from 1990 and as Chief Judge of that court from 2004 through year-end 2010.

2. During my twenty plus years as a federal judge, I presided over thousands of cases and hundreds of trials involving disputes under United States federal law and the laws of several states, predominantly California.  I also sat by designation as an appellate judge with the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit.  From 2006 to 2011, I served on the Civil Rules Advisory Committee of the Judicial Conference of the United States.

3. Prior to serving as a judge, I practiced law in San Francisco from 1972 to 1990.  My practice principally involved complex civil litigation, including securities, antitrust, environmental, land use and sports law.

4. Since retiring from the federal court, I have served as a mediator and arbitrator in private law practice in San Francisco and elsewhere.  I have also taught courses in law as an adjunct instructor at the University of California Berkeley School of Law, Stanford University School of Law and, most recently at the University of California Hastings College of Law in San Francisco.  In 2014 and 2015, I co-taught an Introduction to American Law course with Geoffrey Hazard at Hastings that, among other topics, touched upon the rules of professional conduct and ethics for judges and lawyers in the United States.

5. I am familiar with 28 USC §455 governing judicial recusal in the federal courts and have a working knowledge of analogous provisions of state law, in particular such law in

California. I am also familiar with the principles which govern disqualification of arbitrators and mediators in private dispute resolution.

6. **My office address is 4 Embarcadero Center, Suite 2200, San Francisco, California 94111, United States of America.**

7. **I have been retained by the defendants in the above matter to render an opinion whether the court in the above-entitled proceeding is under a duty to recuse or whether the court in the appropriate exercise of its discretion should recuse. I formed the opinion that the commands of the statute governing recusal of United States judges warrants recusal because under certain provisions recusal is required and, even if not required, recusal is warranted as a matter of appropriate judicial discretion.**

8. **In forming this opinion, I have reviewed the following materials:**
    a. **Superseding Indictment ("SI") (Doc 1);**
    b. **Defendants' Motion for Recusal (Doc 1059), and the exhibits attached thereto;**
    c. **United States' Response to Defendants' Motion for Recusal (Doc 1067);**
    d. **Human Trafficking: Arizona's Not Buying It, a publication of the Office of Attorney General of Arizona, https://www.azag.gov/sites/default/files/publications/2018-06/Human_Trafficking_Not_Buying_It.pdf;**
    e. **Arizona Attorney General's Office Combatting Human Trafficking, https://www.azag.gov/criminal/trafficking**
    f. **A letter dated August 16, 2017 signed by the court's husband to the chairs and ranking members of the Senate and House communications and technology committees urging Congress to enact amendments to the Communications Decency Act of 1996 to affirm the authority of state attorneys general and others to prosecute the website Backpage.com and persons associated with it; and**
    g. **Webinar offerings by the Arizona Attorney General's Office, including titles such as "Human Trafficking for Parents" and "Student Presentations: Human Trafficking – Grades 7-12" https://www.azag.gov/outreach/webinars.**

9. **In my opinion, the court has a duty under 28 USC §455 to recuse. The reasons for this opinion are:**
    a. **This case relates to the defendants' alleged involvement in the Backpage.com web site;**

    b.   The SI herein makes 661 specific references to Backpage;

    c.   All of the defendants are referred to in the SI as "BACKPAGE DEFENDANTS," a defined term in the SI in ¶8 at 3;

    d.   According to the SI, the BACKPAGE DEFENDANTS allegedly intended to facilitate prostitution through advertisements on the Backpage website, SI ¶9 at 3;

    e.   The SI uses the terms "prostitution" and related terminology and "trafficking" interchangeably, see, e g, SI at ¶13 at4 ("pimps trafficking children"); ¶14 at 5; ¶74 at 17; ¶100 at 23; ¶111 at 26; ¶131 at 30; ¶136 at 33; ¶ 144 at 36; ¶151 at 37; ¶160 at 40; ¶168 at 42;

    f.   A letter described in the SI refers to Backpage as a "'hub for' human trafficking" and goes on to state that "forensic training" is not required to understand that Backpage advertisements "are advertisements for prostitutions," SI ¶111 at 26;

    g.   The SI alleges: "Many of the ads published on Backpage depicted children who were victims of sex trafficking," SI ¶13 at 4;

    h.   The Attorney General's publication identified in ¶8.a., above, specifically mentions Backpage as fostering and facilitating human trafficking, including trafficking in underage sex; and

    i.   All defendants are charged in the SI with violation of 18 USC §1952(a)(3)(A), travel to facilitate prostitution, among other offenses arising out of prostitution-related activities.

10. **Recusal is mandatory in the following situations:**

    a.   The judge's "impartiality might reasonably be questioned," 28 USC §455(a);

    b.   The judge knows that her spouse has "an interest that could be substantially affected by the outcome of the proceeding," 28 USC §455(b)(4); and

    c.   The judge's spouse has "an interest that could be substantially affected by the outcome of the proceeding," 28 USC §455(b)(5)(iii).

11. **Each of the foregoing grounds for recusal apply in this case and each such ground individually warrants recusal.  The facts relevant to my opinion do not appear to be disputed, except with respect to the timeliness of the defendants' filing their motion for**

recusal.  With respect to the facts of timeliness, I am unable to offer an opinion.  As set forth below, I can assume that the defendants were untimely in seeking recusal and opine whether that untimeliness should affect the court's decision to recuse.

12. Of the three grounds for recusal set forth ¶10, above, the relevant facts do not neatly fit under each ground.  To a degree, they overlap and apply to more than one of the grounds for recusal.  This makes the basis for recusal compelling.  Suffice to say, that if any one of these three statutory grounds for recusal is met, recusal is required.

13. When the circumstances described in §455(b) (4) or (5) are present, recusal is required as a matter of express statutory command and not subject to judicial discretion. Application of the more nuanced recusal provisions of §455(a) are reviewed for abuse of discretion.  Section 455(a) was enacted in 1974 and displaced the court's duty to sit in a case except upon a showing of bias or prejudice.  See 28 USC §144.  Under §455(a) recusal is required where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v Studley*, 783 F 2d 934,939 (9 Cir 1986).  Proof of actual bias or prejudice is not, however, required for recusal under §455(a).

14. Impartiality being a core attribute of the judiciary, judges are reluctant to find grounds for recusal under §455(a), because of the implication that the judge lacks an essential component of what it means to act as a judge.  Context, however, is crucial.  Recusal under §455(a) in one case in no way suggests deficiency in the qualifications to act as a judge in other cases.  Indeed, recusal under §455(a) more likely reflects the judge's accurate perception of how judges are perceived by the relevant observers.

15. The standard under §455(a) is not, however, the judge's state of mind about the case. Instead, what matters is the standard of the "reasonable person with knowledge of all the facts."  And the "reasonable person" in this context is not necessarily an omniscient or entirely detached individual.  The reasonable person is one "with knowledge of all the facts" and knowledge requires understanding or appreciation of the facts.  Thus, the reasonable person for the recusal motion directed to the late Judge Stephen Reinhardt in *Perry v Schwarzeneger*, 630 F 3d 909 (9 Cir 2011), a case upon which the government

places considerable reliance, is a person familiar with the role of an appellate judge, the appeals process and involvement of public interest groups seeking to vindicate or oppose a voter initiative.  By contrast, this case involves a criminal proceeding whose facts would be decided by lay jurors untrained and inexperienced in law or the judicial process and who likely would be exposed to the actions of the Attorney General directed at Backpage.com with which the defendants were allegedly involved.  The reasonable person here is not the reasonable person of the *Perry* context.[1]

16. The reasonable person here could be expected to appreciate that both the court and the Arizona Attorney General hold public office, discharge duties to the public generally and are charged to protect the public interest in the fair and impartial administration of justice.  The fact that the court administers justice under federal law and the Arizona Attorney General does so at the state level would for the reasonable person here appear to be an immaterial difference.  The reasonable person in this context would more likely be sensitive to fundamental considerations of fairness than to principles of federalism.

17. In the situation at bar, the appearance of partiality does not arise from the court's actions in the conduct of these proceedings.  An appearance that a trial judge's rulings or demeanor favors one side or the other is routinely cured by appropriate curative instructions.  Instead, in this case the appearance of partiality would stem from extrajudicial facts and circumstances.  This presents a compelling ground for recusal as opposed to a situation in which the court's rulings or demeanor in court is cited as a basis for recusal.  Cf: *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation*, 623 F 3d 1200, 1209 (8 Cir 2010).

---

[1] At any rate, the vitality of *Perry* decision on recusal is doubtful as the Ninth Circuit lacked jurisdiction in that case and its judgment was vacated.  *Hollingsworth v Perry*, 520 US 693 (2013).  Because I was the trial judge in the *Perry* case, I am familiar with its history.  No recusal motion was brought against me in that case although after losing and after I retired from the bench, the proponents of the voter initiative sought to vacate that judgment on the ground that I failed to disclose my sexual orientation and a personal relationship.  Another judge determined that disclosure was not warranted under those facts and declined to set aside the judgment. *Perry v Schwarzeneger*, 790 F Supp 2d 1119 (N D Cal 2011).

18. **This also distinguishes the situation at bar from a situation in which the spouse of the court has taken a public position on a policy matter that is brought to court. That was obviously the situation with Judge Reinhardt and his spouse. Spouses may obviously differ in their political, policy, religious and social views. The view of one spouse may or may not reflect the views of the other. Even similar spousal views may not preclude a judge's impartiality in a case where those views are tested in court.**

19. **Judges frequently are called upon to decide cases involving issues on which they hold opinions, involving parties or attorneys whom they know or have had dealings with and involving matters of which they have studied or acquired knowledge or experience. These circumstances alone do not usually raise a question about the judge's impartiality. But the government overreaches in arguing that because the Attorney General takes positions on a variety of matters that also find their way into federal court, the court would be disqualified from a broad range of cases if it acknowledges that her impartiality would be questioned in this case.**

20. **The problem here stems not from the Attorney General's enforcement of state laws against prostitution and sex trafficking. Instead, the problem is that in doing so Attorney General has expressly targeted an entity with which these defendants are identified. This makes it impossible to dissociate the views of the Attorney General from the issues in this case. Where those views are general and not specifically pointed as here, recusal might generally not be required. This situation differs.**

21. **The Attorney General, the chief law enforcement official of the state in which this court sits, has in effect opined on the criminal liability of the website with which the SI alleges the defendants were involved. The Attorney General's allegation of criminal lability of Backpage does not automatically translate to criminal liability of the defendants, but it sends a signal that the reasonable observer in this context is unlikely to miss.**

22. **Because recusal under §455(a) is discretionary, a recusal decision does not depend on the court's determination that it is, in fact, not impartial. A decision to recuse under this section does not amount to a confession of partiality. Rather, it is simply an appreciation that a reasonable person – in this case from the perspective of a lay juror – would likely**

associate the court with the views of the Attorney General.  Discretion and sensitivity to such considerations would seem especially warranted when, as here, the subject matter of the charges against the defendants touch highly charged issues, such as prostitution and sex trafficking.  Whether same-sex couples should be accorded the right of civil marriage, the underlying issue in *Perry,* while controversial at the time, lacked the emotional content of the issues in this prosecution.  Sensitivity to this circumstance is an appropriate component in the exercise of the court's discretion under §455(a).

23. Turning to the grounds identified under 28 USC §455(b), it is important to note that these grounds cannot be waived.  28 USC §455(e).  An objective viewer of the public statements of the Arizona Attorney General and his office, cited above, would conclude that the court could not dissociate herself from the views of the Attorney General.  First, those views relate directly to the Backpage website with which all defendants are allegedly associated.  Second, the state laws that the Attorney General in his statements seeks to vindicate condemn essentially the same conduct that the federal laws under which defendants are charged also condemn.  Hence, the Attorney General has, in essence, publicly expressed views on the outcome of the proceedings in this case.  Third, as a public official charged with knowledge of and enforcement of the laws, the Attorney General has, in effect, expressed an interest in the outcome of these proceedings.

24. The Attorney General is presumed to have knowledge of the facts on which his office undertakes official action.  While, of course, in a large law enforcement agency, such as that of the Attorney General of Arizona, the Attorney General himself may not have actual personal knowledge of the facts on which every enforcement action is taken.  The present situation appears to differ from the routine, however.  It appears that the Attorney General's office has commented on facts pertaining to Backpage.  Second, the Attorney General has specifically undertaken action to route out sex trafficking and prostitution in Arizona.  While almost certainly these measures enjoy widespread public support, the Attorney General's singling out Backpage with which the defendants here are allegedly associated bespeaks "personal knowledge of disputed evidentiary facts" in

this proceeding. The Attorney General's personal knowledge does not translate to the court's knowledge, but it does connote an interest in the outcome of the proceedings.

25. The Attorney General is an elected official of the State of Arizona whose continuance in office and influence on public policy depends upon maintenance of credibility in the realm of his responsibilities which centers on law enforcement. The Attorney General's interest in his reputation makes that interest subject to and directly affected by the successful prosecution of the defendants here, implicating the ground for recusal under 28 USC §4555(b)(4). An acquittal of the defendants in this case would draw into question the campaign against internet-related sex trafficking and prostitution that the Attorney General has undertaken. Such a rebuke to an important policy endeavor of the Attorney General would affect his reputation in a way that is analogous to the impact on financial interests for which recusal is mandated under 28 USC §455(b)(4). To be sure, the Attorney General holds office in his own name and his successes or failures only derivatively affect the court, if at all. But the same is true in a situation in which the judicial spouse holds financial interests separate and apart from the judge. Recusal is nonetheless required in that situation.

26. Given the notoriety of the Attorney General's campaign against internet-related sex trafficking and prostitution, it is implausible that the court is unaware of the Attorney General's endeavors in this regard. Furthermore, having taken the position that he has, it is impossible for the Attorney General to divest himself of the conflict his actions create for the court, divestment sometimes being a possible remedy when a spouse's financial interest is minimal and only discovered after prolonged proceedings in a case. Here, by contrast, one must assume that the Attorney General's views on internet-related sex trafficking and prostitution are genuine expressions of his views on the best interests of Arizonans and not undertaken lightly or solely for political advancement. Nor can the Attorney General be expected to cast these views aside as one might divest ownership of securities. Whether the Attorney General's sentiments are shared by the court, the adverse effect on the Attorney General's reputation or standing that acquittal or dismissal of all or many of the charges in the present case would be palpable and

mandates recusal under 28 USC §455(4). Relatedly, therefore, it is inappropriate for the court to rule on substantive matters while the recusal motion remains pending.

27. Closely related to the grounds for recusal under 28 USC §455(b)(4), recusal under 28 USC §455(b)(5)(iii) is required in this situation because of the interests of the Attorney General would be substantially and adversely affected by rulings of the court favorable to the defendants. The partiality that the Arizona Attorney General's pronouncements betoken and the similarity of the Arizona laws that the Attorney General invokes and the laws under which the defendants here are charged demonstrate that the Attorney General's reputation would suffer from rulings of this court favorable to the defendants. The substantial effect test under 28 USC §455(b)(5)(iii) is not limited to financial or monetary effects. The interest described in §455(b)(5)(iii) includes noneconomic as well as economic interests. *Potashnick v Port City Const Co,* 609 F 2d 1101, 1113 (5th Cir), *cert denied,* 449 US 820, 101 SCt 78, 66 LEd2d 22 (1980). These interests include the Attorney General's prospects for re-election, political advancement and stature in the legal community. Recusal is required. 28 USC §455(e).

28. Although the grounds for recusal described in ¶10, above, are separately applicable and each individually would require recusal, the facts here create a mosaic that makes recusal unavoidable. The tension between the Attorney General's prominent public campaign against internet-related sex trafficking and prostitution and the court's obligation both to avoid the actuality and appearance of partiality and "to administer justice without respect to persons," 28 USC §453, makes it necessary for the court to grant the motion for recusal.

29. Finally, the government argues that the defendants waited too long to bring their motion to recuse. A party's right to seek recusal can sometimes be deemed waived by delay if the grounds for recusal are insubstantial, such as ownership of an insignificant financial interest, and the case has long proceeded before a recusal motion is submitted. Those circumstances do not apply here. Pursuing enforcement of Arizona laws against prostitution and sex trafficking is a major priority of the Attorney General. Furthermore, there are numerous other judges without any connection to these proceedings and who

are fully able to preside in these proceedings.  Waiver of recusal through untimeliness does not apply in these facts.

Date:  October 14, 2020

_____

**Vaughn R Walker**

**United States District Judge (Ret)**