# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion in Limine to Preclude Irrelevant and Non-Percipient Witnesses. (Doc. 921.) The Government filed a response (Doc. 960.), and the Court issues the following Order.

In this Motion in Limine, Defendants ask the Court for an order "precluding the Government from presenting witnesses who lack percipient, relevant knowledge as to the elements of the crimes charged." (Doc. 921, p. 3.) Such a broad and vague request is impossible to enforce or decide before trial. Despite the vagueness of the request, Defendants do mention some specific witnesses and those will be considered. Defendants seek to preclude the testimony from Andrea Powell, Brad Lander, Bradley Myles, David Vigilante, Katherine Henderson, Isaac Luria, Martin Hansen, Paul Paolucci, Rob Spectre, Dr. Sharon Cooper, and an unnamed representative from the National Association of Attorneys General ("NAAG").

The Government says it intends to call Andrea Powell, Brad Lander, Brad Myles, Katherine Henderson, and Isaac Luria to testify about meetings or correspondence they each had with Defendants about the illegal nature of the Backpage website. The Government says it intends to call David Vigilante about his correspondence with Defendants and the representative from NAAG to authenticate their correspondence with Defendants. Assuming the Government's assertions are true, and they can lay the foundation for personal knowledge, then the testimony of these witnesses appear to be relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. One of the issues for the jury to decide will be Defendants' intent. Evidence relating to Defendants' notice and knowledge of ads being used to facilitate any business enterprise involving prostitution is relevant. The testimony of these five witnesses may be relevant to the issue of intent.

Defendants also challenge the admission of testimony from various state law enforcement agents who investigated third-party crimes. The Government explained the relevance of their testimony in its response. Absent some other specific information, the Court cannot find pretrial that their testimony is inadmissible.

Defendants seek to preclude the testimony of family members of victims who were murdered after being sold on Backpage. The Government seeks to introduce the testimony from family members on contact they made with Backpage, again to show notice and knowledge on the part of Defendants.

Finally, Defendants include two noticed experts in their list of potentially irrelevant witnesses. The government points out that Defendants have filed another motion in limine that addresses expert witness testimony. The Court agrees that a ruling on that motion (Doc. 928) will cover the testimony of Dr. Cooper and Rob Spectre.

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of

lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (citations omitted).  Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990); *see United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) (describing how motions in limine "narrow the issues remaining for trial and [] minimize disruptions at trial").

A trial court does not have to decide a motion in limine before trial and may wait until the testimony is presented at trial.  *See Wechsler v. Hunt Health Sys., Ltd.*, 381 F.Supp.2d 135, 140 (S.D.N.Y. 2003).

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

This Court does not know what foundation the government will lay for each witness's testimony and cannot speculate before trial about whether a witness's testimony is admissible.

**IT IS ORDERED** denying Defendants' Motion in Limine to Preclude Irrelevant and Non-Percipient Witnesses (Doc. 921.) without prejudice to raising specific objections at trial.

Dated this 26th day of October, 2020.

Honorable Susan M. Brnovich
United States District Judge

- 3 -