**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Scott Spear,<br><br>　　　　　Defendant. | No. CR-18-00422-PHX-SMB<br><br>**ORDER** |

　　　　Defendant Scott Spear filed an Amended Motion for Issuance of Rule 17(c) Subpoenas seeking documents from third-party witnesses in this case. (Doc. 1019.) Defendants Padilla, Larkin, Lacey, and Brunst joined the motion. (Docs. 1030, 1032, 1033, & 1041.) The Government filed a response, (Doc. 1027), and Defendant Spear replied. (Doc. 1040.) Oral argument was not requested or scheduled. The Court now issues the following Order.

**I.　BACKGROUND**

　　　　Defendant Spear filed this motion on June 12, 2020, seeking to issue subpoenas to Carl Ferrer and his attorney, Dan Hyer and his attorney, and to the National Center for Missing and Exploited Children ("NCMEC") pursuant the Rule 17(c) of the Federal Rules of Criminal Procedure. (Doc. 1019, Ex. A.) The subpoenas ask for a broad array of materials, including, from Ferrer and his attorney: (1) all communications between Ferrer and his attorney and any prosecutors or members of law enforcement related to Ferrer,

Backpage, or any defendant; (2) any notes or other writings documenting communications regarding Request 1; (3) all communications between Ferrer or his counsel and any prosecutors or members of law enforcement, including any emails, text messages, voicemails, letters, notes, or other communications; (4) all writings or communications made by Ferrer about his communications with prosecutors or members of law enforcement; (5) all documents reflecting Ferrer or Backpage plea agreements, waiver of privilege and/or their property forfeiture by Ferrer, his relatives, or his ex-wife; (6) any scripts or other format Ferrer was told or given by any prosecutor or member of law enforcement to use with any defendant or defense counsel prior to April 1, 2018. (*Id.*)

The subpoenas to Hyer and his counsel include the following four requests: (1) all communications between Hyer's counsel's firm or co-counsel and prosecutors or members of law enforcement regarding or related to Hyer, Backpage, or any defendant in this matter; (2) any notes or other writings documenting any evidence of the communications in Request 1; (3) all communications between Hyer and any prosecutors or members of law enforcement, whether directly or through counsel; and (4) all notes, texts from or other comments and communications made by Hyer about his communications with any prosecutors and/or members of law enforcement. (*Id.*)

The subpoena to NCMEC included the following three requests: (1) all correspondence and other communications or summaries of communications regarding NCMEC efforts, suggestions, discussions and requests to have Craigslist, Google, Facebook, or other internet service providers, prosecuted or otherwise sanctioned; (2) all digital and written correspondence, memoranda, and other communications or summaries of communications regarding NCMEC's efforts to have Backpage, its principles, or employees prosecuted by the United States; and (3) all written correspondence or communications regarding NCMEC efforts, suggestions, discussions, and requests concerning or demonstrating contacts with the government, since the prosecution began in April 2018 to the present. (*Id.*)

**II.    ANALYSIS**

**A.     Government's Standing to Oppose Defendant Spear's Motion**

The Court first will address Defendant Spear's argument that the Government does not have standing to challenge a subpoena to a third party. (Doc. 1040 at 2.) Rule 17(c) states, "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." The cases cited by Defendants in support of their argument apply in cases where a third-party subpoena is issued and the Government thereafter files a motion to quash. *See United States v. Tomison*, 969 F.Supp. 587, 589-90 (E.D. Cal. 1997); *see also United States v. Jenkins*, 895 F.Supp. 1389, 1391 (D. Haw. 1995). Where subpoenas have not been served and the Government is merely objecting to a subpoena's issuance in a response to a motion for a Rule 17(c) subpoena, courts may properly decide to hear the government's arguments. *See United States v. Wittig*, 250 F.R.D. 548, 551 (D. Kan. 2008) (deciding that the government's response to defendant's motion for subpoena could be heard because the subpoena to a third-party had not yet been issued).

Here, the Government is merely objecting to the issuance of the subpoena in its response to Defendants' motion for Rule 17(c) subpoenas. Thus, because this is not a situation where the Government has filed a motion to quash, the Court finds that it may consider the Government's response.

**B.     Relevance, Admissibility, and Specificity Threshold**

Rule 17(c)(1) provides that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

A proponent of a subpoena under Rule 17(c) must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *U.S. v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (citing *U.S. v. Nixon*, 418 U.S. 683, 700 (1974)). Rule 17(c) "'was not intended to provide an

additional means of discovery.'" *U.S. v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). If the information sought under Rule 17(c) is sought merely for impeachment purposes, it is generally insufficient to justify the pretrial production of documents. *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *see also U.S. v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes. This use is generally insufficient to justify the pretrial production of documents.") (citations omitted). A Rule 17(c) subpoena cannot be issued on "'mere hope' that the desired documents [will] produce favorable evidence." *Hang*, 75 F.3d at 1283. Indeed, a court may properly deny a Rule 17(c) subpoena that constitutes a mere "'fishing expedition.'" *See id.* at 1283-84. When a proponent of a subpoena merely states why he or she wants to look into materials, but fails to set forth what they contain, a court may properly quash a subpoena for lack of specificity or relevance. *See United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) ("he has not set forth what the subpoena's materials contain, forcing the court to speculate as to the specific nature of their contents and its relevance.").

### 1. Ferrer Subpoenas

As to the proposed subpoenas to Ferrer, Defendant Spear has completely failed to state why the subpoenaed materials would be relevant to the action, and relevancy is not clear on the face of the subpoenas. (Doc. 1019.) As in *Arditti*, Defendant Spear explains why he wants the materials he seeks from Ferrer, but he fails to set forth what the materials contain, leaving the court guessing about their contents, relevance, and admissibility. *See Arditti*, 955 F.2d at 346. Instead, Defendant Spear merely states that the "Defendants are entitled to test the government's implausible assertions" that they did not communicate with Ferrer prior to April 5, 2018 when it received a proffer of information from Mr. Ferrer's counsel. (*Id.* at 2.) Defendant Spear clearly intends to use the Rule 17(c) as a fishing expedition with the mere hope that the materials subpoenaed will be relevant and

admissible. This is improper. *See Hang*, 75 F.3d at 1283. Further, based on the nature of the documents requested by Defendants, it appears that the materials would be used for impeachment purposes if produced, and both the Supreme Court and the Ninth Circuit have held that impeachment is not sufficient to satisfy the requirements applicable to a Rule 17(c) subpoena. *See Nixon*, 418 U.S. at 701; *Fields*, 663 F.3d at 801. Thus, the Court denies Defendant Spear's motion with respect to the proposed subpoenas to Ferrer.

### 2. Hyer Subpoenas

Defendant Spear makes no showing of relevancy, admissibility, or specificity for the materials requested from Hyer and his attorney. Instead, Defendant Spear merely states that he is "entitled to evidence of the negotiations of the plea agreements and forfeiture entered into by Mr. Hyer…" (*Id.* at 5.) This is insufficient to satisfy the *Nixon* factors. Further, Defendant Spear has not shown any specificity regarding the materials he expects to receive in response to the subpoena. Instead, this appears to be another fishing expedition with the mere hope that the subpoena will turn up relevant and admissible material. As with the subpoena to Ferrer, all the materials requested from Hyer and his attorney in Defendants' proposed subpoena appear to request information that would only be relevant for impeachment purposes. As the Court explained above, this is improper. Thus, the Court denies Defendant Spear's motion with regard to his proposed subpoena to Hyer and his attorney.

### 3. NCMEC Subpoena

With respect to Defendant Spear's proposed subpoena to NCMEC, Defendant Spear again fails to explain the relevancy of the expected materials. In fact, upon examining the proposed subpoena to NCMEC, the Court affirmatively finds that the first request seeking communications regarding NCMEC requests to have Craigslist, Google, Facebook, or other internet service providers prosecuted is completely irrelevant to this matter. Further, like the subpoenas to Ferrer and Hyer and their counsel, Defendant Spear has failed to provide any specificity regarding the materials sought. Instead, Defendant Spear asks the Court to approve a subpoena requesting large swaths of communications and internal

documents regarding conversations between NCMEC and prosecutors and/or law enforcement with no explanation about how they could be relevant. Essentially, Defendant Spear seeks to use the Rule 17(c) subpoena as a discovery tool, which it is not. As with the two subpoenas above, all the materials the subpoena requests from NCMEC appear to only be relevant for impeachment purposes, which is improper for the reasoning stated above. Thus, the Court denies the motion as to the requested subpoena to NCMEC.

### III. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant Spear's Amended Motion for Issuance of Rule 17(c) Subpoenas (Doc. 1019) is denied.

Dated this 5th day of November, 2020.

Honorable Susan M. Brnovich
United States District Judge