**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. CR-18-0422-PHX-SMB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | January 4, 2021 |
| Michael Lacey, | ) | 11:21 a.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

BEFORE:  THE HONORABLE SUSAN M. BRNOVICH, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

TELEPHONIC STATUS CONFERENCE

Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1                    **A P P E A R A N C E S**

2    For the Government:

3        U.S. ATTORNEY'S OFFICE
         By:  **Mr. Peter S. Kozinets**
4             **Mr. Kevin M. Rapp**
              **Ms. Margaret Wu Perlmeter**
5             **Mr. Andrew C. Stone**
         40 North Central Avenue, Suite 1200
6        Phoenix, Arizona 85004

7        U.S. ATTORNEY'S OFFICE
         By:  **Mr. Daniel G. Boyle**
8        312 North Spring Street
         Los Angeles, California 90012
9
         U.S. ATTORNEY'S OFFICE
10       By:  **Mr. Reginald E. Jones**
         1400 New York Avenue NW, Suite 600
11       Washington, D.C. 20530

12
     For the Defendant Lacey:
13
         LIPSITZ GREEN SCIME CAMBRIA
14       By:  **Mr. Paul J. Cambria, Jr.**
              **Ms. Erin E. McCampbell**
15       42 Delaware Avenue, Suite 120
         Buffalo, NY 14202
16

17   For the Defendant Larkin:

18       BIENERT KATZMAN
         By:  **Mr. Thomas H. Bienert, Jr.**
19       903 Calle Amanecer, Suite 350
         San Clemente, CA 92673
20

21   For the Defendant Spear:

22       FEDER LAW OFFICE
         By:  **Mr. Bruce S. Feder**
23       2930 East Camelback Road, Suite 160
         Phoenix, AZ 85016
24

25

```
 1   For the Defendant Brunst:

 2       BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
         LINCENBERG & RHOW
 3       By:  Mr. Gopi K. Panchapakesan
              Mr. Gary S. Lincenberg
 4       1875 Century Park E, Suite 2300
         Los Angeles, CA 90067
 5

 6   For the Defendant Padilla:

 7       DAVID EISENBERG, PLC
         By:  Mr. David S. Eisenberg
 8       3550 North Central Avenue, Suite 1155
         Phoenix, AZ 85012
 9

10   For the Defendant Vaught:

11       JOY BERTRAND, LLC
         By:  Ms. Joy M. Bertrand
12       P.O. Box 2734
         Scottsdale, AZ 85252
13

14

15

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

COURTROOM DEPUTY:  On the record in CR 18-422, United States of America versus Michael Lacey and others, before the Court for a status conference.

Counsel, please announce.

MR. KOZINETS:  Good morning, Your Honor.  This is Peter Kozinets for the United States.  With me on the phone is Kevin Rapp, Reginald Jones, Margaret Perlmeter, Andrew Stone, and Daniel Boyle.

MR. BIENERT:  I guess I'll go first, Your Honor.

Good morning, Your Honor.  This is Thomas Bienert on behalf of defendant James Larkin, who I believe is on the phone as well.

THE COURT:  Okay.  And for Mr. Lacey.

MR. CAMBRIA:  Yes.  Paul Cambria and Erin McCampbell on behalf of Mike Lacey, who is also on the phone, Your Honor.

MR. FEDER:  Bruce Feder for Scott Spear, who is also on the line.  Thank you.

Good morning, Your Honor.

THE COURT:  Good morning.

MR. LINCENBERG:  Your Honor, Gary Lincenberg and Gopi Panchapakesan for Mr. Brunst.

MR. EISENBERG:  And good morning, Your Honor.  This is David Eisenberg on behalf of Andrew Padilla.  We waive his appearance.  He is not on the line.

1          THE COURT:  Okay.

2          MS. BERTRAND:  Good morning, Your Honor.  Joy Bertrand

3    appears for Joye Vaught.  We waive her appearance.  She is not

4    on the line.  Thank you.

5          THE COURT:  Okay.  And I think that should be

6    everybody.

7          We're set for a status conference.  I just said that

8    last time we talked I said I'd set a status conference so we

9    could see if the Ninth Circuit was moving forward.  I have seen

10   that they have moved forward and a response and a reply have

11   been filed to the petition for writ.

12         Mr. Bienert, do you have any indication of if they're

13   going to have oral argument, do they normally on this; and, if

14   not, what do you expect?

15         MR. BIENERT:  First of all, I've had no indication

16   whether, in this case, they plan on having oral argument.  In

17   the very few mandate -- writ of mandate kind of entering type

18   of appellant matters I've had in my 30 years, there's probably

19   been three or four, I think I've had oral argument in all of

20   them, so I think they probably would, but it's just nothing

21   more than that, Your Honor.  I don't know one way or the other.

22         THE COURT:  Okay.  Mr. Kozinets.

23         MR. KOZINETS:  Yes, Your Honor.  We have also seen no

24   indication yet regarding oral argument.  My understanding is

25   that the motions panel will review the briefs and they could

1    either decide this on the papers or set it for oral argument.

2    Under either scenario, we don't really have any way of knowing

3    the time line for when they ultimately would make a decision.

4           THE COURT:  Okay.  Well, we have a trial coming up in

5    April.  I have sort of held off on issuing any rulings because

6    this is pending, even though I didn't grant the stay, which

7    I'll probably do for another couple of weeks to see if there is

8    any movement.  And then at some point I'll just resume, because

9    I know you guys need the rest of the rulings before we proceed.

10          So I don't see the need to set another status

11   conference.  We have some idea of what's going on, it just

12   depends on how fast they're going to move.

13          Do the -- do you have anything to add for the defense,

14   Mr. Bienert?

15          MR. BIENERT:  Yes, Your Honor.  I would say, just

16   trying to be practical, I think the elephant in the room, in

17   addition to what happens on the merits, if they address the

18   merits of the motion, is the whole COVID scenario, coupled

19   against the fact that we have an unusually, at least,

20   potentially, long and complex trial.  With the government, I

21   think they're at 98 declared witnesses.  Now, Your Honor has a

22   lot of motions.  I think it's going to be hotly contested how

23   long the trial should actually be, but this is a long lead item

24   trial.

25          I go back to Your Honor's order, which I think was in

1    June, you know, basically, a significant factor in that need to

2    continue was just the issues of can we guarantee safety of

3    everyone with COVID flaring, given that we'll probably have 40-

4    plus people in the courtroom every day.  And while I am out of

5    state, I certainly know that nationally COVID is a lot worse

6    now than it was in June.  And I believe, based on what I'm

7    seeing online, the same is true in the Phoenix and Arizona

8    areas.

9         I think, number one, I think we should have the stay.

10   I think, though, what makes the most sense would be to do one

11   of two things.  And that is either to just issue a stay and

12   vacate a trial date with an order that says something like,

13   we'll have a status conference, you know, 14 days after the

14   Ninth Circuit issues a ruling, or if Your Honor wants a set

15   date, we at least move things back several months to another

16   date.  That at least gives us all a better ability to target

17   for preparation, et cetera.

18        Because, again, it's just a -- it's a big undertaking

19   to have everyone lined up to actually go to trial.  So I think

20   that would make more sense than sort of delaying things a few

21   weeks at a time, but I just think that the more we can focus on

22   a date or a range of dates, the better it is for all parties in

23   terms of preparation.

24        THE COURT:  Okay.  Well, I am not granting a stay.  We

25   already went through that analysis.  I don't think anything has

1    changed.

2         With respect to the trial date, a lot can happen in a

3    couple of months.  If you would like me to entertain a motion

4    to continue, I'd ask that you file it in writing so the

5    government can respond, and I can reconsider the COVID issues,

6    which I have been all along, and will continue to, but, as you

7    know, we've opened up; we've closed; we've opened up.

8         I had no issues with jury trials while we were -- in

9    the three that I handled while we were open.  I understand that

10   this one is a little more difficult because there is more

11   participants, but -- so if you want me to reconsider that, feel

12   free to file a motion.  Okay?

13        Mr. --

14        MR. BIENERT:  Yes, Your Honor.  Understood.

15        THE COURT:  Thank you.

16        MR. BIENERT:  And the only thing I would say -- and,

17   again, it's probably self-evident because we all are closely

18   monitoring the news.  I would say the one thing that has

19   changed is at least I think we're all optimistic that because

20   of the vaccine, and at least what we're assuming, if we believe

21   the various press accounts, the game changer here I think is

22   the vaccines.  And it sure looks like everybody is assuming

23   vaccines will be widely available by the summer.

24        And so the only reason, to me, things are a little

25   different -- because I agree with Your Honor, it's kind of hard

1    to live life, much less run a court, with the start/stop,

2    start/stop cycles we have.  But it just strikes me, as a

3    practical matter, that the vaccine situation means that by

4    summer, some point in the summer, there is going to be enough

5    people vaccinated that we should all think with a pretty high

6    degree of confidence we're going to be able to go about our

7    business in court.  But that, until then, we're going to always

8    be in limbo, and it just makes more practical sense to set

9    something for after the summer, presuming vaccine rate.

10            But other than pointing out that practical point, Your

11   Honor, I understand your view, and that we will certainly make

12   something in writing if we collectively want to do that.

13            THE COURT:  Okay.  Let me just go through.

14            Mr. Cambria, is there anything you want to say?

15            MR. CAMBRIA:  No, Your Honor.  I, being in New York,

16   New York, and the west coast, we're up to our ears in COVID.

17   And I see the numbers are worse in Phoenix than they were when

18   you visited this issue the first time, so I think that it makes

19   sense for us to file a motion with the support, including the

20   statistics and some of the other unique aspects of this, and

21   then move forward that way makes sense to me.

22            THE COURT:  Mr. Feder.

23            MR. FEDER:  I join in the comments, Judge.  The Court

24   already knows of the somewhat unique medical concerns that my

25   client, myself, and others -- and others, other clients and

1    lawyers involved have with the coronavirus, and that will be

2    reiterated in any motion filed.

3              THE COURT:  Mr. Eisenberg.

4              MR. EISENBERG:  Thank you, Your Honor.  I would just

5    point out that based upon the Maricopa County civic website,

6    civic alert website, as of right now, phase two of the

7    vaccines, which is going to cover the general population, is

8    scheduled between spring 2021 and summer 2021, phase three,

9    which is -- also covers the general population, summer 2021 and

10   beyond.  So I'm sure if we do file a motion to continue, it's

11   going to be based in great part on what the county is

12   projecting, and most of our jury pool -- well, much of it would

13   be coming from Maricopa County.

14             Thank you, Your Honor.

15             THE COURT:  Ms. Beltrand -- Bertrand.  Sorry.

16             MS. BERTRAND:  Your Honor -- that's okay.  I -- I join

17   with my colleagues about the concern, not just for a smooth

18   trial, but really for the safety of all involved.  And until

19   everyone, or at least the bulk of the community has been

20   vaccinated, I can't imagine a way we could safely run a trial

21   with this many people involved.  And it's not just that there

22   is a number of witnesses, it's that there is so many that have

23   to travel from out of state to appear.  So that would be my

24   only additional comment.  I join with my colleagues.

25             THE COURT:  Okay.

1          MR. LINCENBERG:  Your Honor, Gary Lincenberg on behalf

2     of Mr. Brunst.  I think you accidentally skipped over us.

3          I would join in the comments and only point out that,

4     although there is a lot of uncertainty here, the sooner some

5     date is -- if this is going to be pushed, for example, to

6     whenever it is, the better, because I have two trials that keep

7     getting pushed that are supposed to be happening before this

8     trial.  And as I go into court and December dates get pushed to

9     January, get pushed to February, and there is this rolling

10    along, and I don't really know what to do if they then say

11    they're going to move it to March, which rolls into April.

12         And this one in particular being a very lengthy trial,

13    it probably makes sense to set a date, perhaps in September

14    when we are quite confident, because of the vaccination

15    situation and the like, that -- with so many different counsel

16    in the court, we could schedule it.

17         THE COURT:  Okay.  And from the government.

18         MR. KOZINETS:  Yes, Your Honor.  This is Peter

19    Kozinets.

20         I think it's really too early to tell, you know,

21    whether -- and -- and, you know, a continuance would be

22    warranted -- how long of a continuance.  The news changes from

23    week to week.  The vaccines are starting to roll out now.  And

24    I think that, you know, if there is briefing on this, we can,

25    you know, think about it more and address it further down the

1   line.

2          With that said, I would also invite Kevin Rapp from

3   the government to chime in, as he may have further insight on

4   this issue.

5          MR. RAPP:  I really don't have anything to add.  We

6   have been tracking similar cases across the country.  Many of

7   those cases are set for the March and April time period, and

8   they happen to be in districts that have the same numbers of

9   COVID cases as the District of Arizona, and in some cases even

10  more.  And so I think it's fair to say that the trend is, is

11  that the courts are wanting to see even these complex trials

12  start sooner rather than later.

13         We -- we're happy to take a look at any motion the

14  defense files and we will respond in kind.

15         Nothing -- nothing further.

16         THE COURT:  Okay.  Thank you, everybody.  We're at

17  recess.

18         (Proceedings concluded at 11:35 a.m.)

19                    *         *         *

20

21

22

23

24

25

1                      C E R T I F I C A T E

2

3          I, CHRISTINE M. COALY, do hereby certify that I am

4  duly appointed and qualified to act as Official Court Reporter

5  for the United States District Court for the District of

6  Arizona.

7          I FURTHER CERTIFY that the foregoing pages constitute

8  a full, true, and accurate transcript of all of that portion of

9  the proceedings contained herein, had in the above-entitled

10  cause on the date specified therein, and that said transcript

11  was prepared under my direction and control.

12          DATED at Phoenix, Arizona, this 19th day of January,

13  2021.

14

15

16                    /s/ Christine M. Coaly_____
17                    Christine M. Coaly, RMR, CRR

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT