**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Michael Lacey, et al.,

Defendants.

No. CR-18-00422-001-PHX-SMB

**ORDER**

Pending before the Court is the government's Motion in Limine to Admit Evidence as to Non-hearsay Statements. (Doc. 929.) Defendants have filed a Response. (Doc. 964.) After considering the parties' briefing and applicable law, the Court renders the following decision.

The government seeks to admit three categories of evidence "(1) statements made by attorneys Elizabeth McDougall and Don Bennet Moon; (2) statements made in emails, correspondence, and PowerPoint reports by a brand analysis firm, various public relation firms, and attorneys acting in a public relations capacity; and (3) statements made by co-conspirators Dollar Bill and David Elms." (Doc. 929 at 2.) The government seeks to admit Ms. McDougall and Mr. Moon's statements under Federal Rule of Evidence 801(d)(2)(B)-(D). Similarly, the government seeks to admit the "statements made in emails, correspondence, and PowerPoint reports" based on Rule 801(d)(2)(C)-(D). Finally, the government seeks to admit the statements of Dollar Bill and David Elms under Rule 801(d)(2)(E). The Defendants have responded arguing the government's motion fails to

actually delineate with any specificity the actual statements it wants admitted and has failed to establish the foundation necessary to admit the statements. (Doc. 964 at 1-7.) The Defendants further argue that the government has not meet the high standard necessary before a court will admit an attorney's statements against his client in a criminal case. (*Id.* at 8.) Further, Defendant's argue the government has not adequately shown that the statements of William Mersey or David Elms are subject to the "co-conspirator" exception to hearsay. (*Id.* at 11-15.) Finally, the Defendants argue the evidence the government seeks to admit is unduly prejudicial.

In deciding the present motion, the Court need not address the various theories and objections specifically. The foundational issues noted by Defendants are alone sufficient for the Court to refuse the government's motion and deny admittance of the evidence at this time. The simple fact is that the government has declined to describe with any specificity what statements it seeks to have admitted or the circumstances in which the individual statements were made. The Court cannot analyze the admissibility of statements without looking at the specific circumstances and content surrounding them.

For example, the government seeks to admit statements as "adopted statements" under Rule 801(d)(2)(B), as "authorized statements" under Rule 801(d)(2)(C), and as "agent statements" under Rule 801(d)(2)(D). However, the Court cannot evaluate whether statements have been "adopted" by Defendants without knowing the content of the statement made nor the circumstances in which it was spoken. *See United States v. Sanchez-Soto*, 617 Fed. Appx. 695, 696-97 (9th Cir. 2015) ("A statement is only admissible as an adoptive admission if there are 'sufficient foundational facts'"). Neither can the Court evaluate whether the statements were "authorized" by Defendant without examining the content and context in which statements were made. *See United States v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010) (noting that "FRE 801(d)(2)(C) …requires the declarant to have *specific authority* from a party to make a statement concerning a particular subject." (emphasis added)). Similarly, the Court cannot evaluate whether the statements proffered by the government were admissible as statements of a party's agents without knowing

whether the specific statements were "concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *Id*.

The same lack of specificity prevents the Court from admitting any of the government's requested evidence under the co-conspirator exception. Fed. R. Evid. 801(d)(2)(E). To admit statements under this exception the government must show (1) there was a conspiracy involving both the declarant of the statement and the defendant it is offered against; (2) the declarant's statement was made during the pendency of the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *United States v. Franco-Beltran*, 229 Fed. Appx. 592, 593 (9th Cir. 2007); *see also*, *United States v. Wells*, 153 Fed. Appx. 417, 420 (9th Cir. 2005) (citing *United States v. Vowiell*, 869 F.2d 1264, 1267 (9th Cir. 1989)). While the government generally alleges these elements are met, the Court cannot in any way determine the veracity of that claim without determining the content of the specific statements, and whether they were made in a context that furthered the conspiracy.

Accordingly,

**IT IS ORDERED** that the government's Motion in Limine to Admit Evidence as to Non-hearsay Statements, (Doc. 929), **is denied**.

Dated this 20th day of May, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge