WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Disclose Grand Jury Instructions on Prostitution. (Doc. 1171.) The Government responded, (Doc. 1176), and Defendants replied. (Doc. 1177.) Defendants requested oral argument, but the Court declines to hold oral argument, finding that it is unnecessary. After considering the pleadings and relevant authority, the Court denies Defendants' motion.

**I.   BACKGROUND**

   **A.  Current Motion**

On July 25, 2018, a federal grand jury returned a one hundred count superseding indictment against the Defendants in this case alleging the Defendants engaged in various crimes related to the operation of the website Backpage.com ("Backpage"), including conspiracy to violate the Travel Act, substantive Travel Act violations, conspiracy to commit money laundering, and substantive counts of money laundering. (Doc. 230.) The Travel Act charges related to allegations that Defendants facilitated business enterprises involved in prostitution.

Defendants bring this motion seeking an order requiring the Government disclose the grand jury instructions related to state offenses of prostitution as incorporated in the Travel Act charges. (Doc. 1171 at 3.) Alternatively, Defendants move for an order requiring the Government to disclose those instructions to the Court for *in camera* review. (*Id.*) Defendants seek the grand jury instructions based upon the Government's draft jury instructions. Defendants' motion states:

> Notably, the government's proposed Travel Act instructions do not include the elements of a prostitution offense or offenses under state law. Because the government did not include the elements of a prostitution offense or offenses in its draft jury instruction, defense counsel believe that the government gave no such instruction to the grand jury when the grand jury made its decision to indict the Defendants.

(*Id.*) Defendants' suspicions also stem from statements the Government made to the Court on June 7, 2021. At that time, the Government sought to include a question in the jury questionnaire that asked if jurors thought that prostitution should be legal. (Doc. 1171-1 at 16-17.) Defendants complain that this question does not contain a definition of prostitution. (Doc. 1171 at 3.) Further, Defendants argue that "the government's comments indicate that its still undefined unlawful prostitution offense or offenses includes legal escort services." (*Id.* at 4.) Thus, Defendants seek the disclosure of the instructions given to the grand jury.

### B.  Previous Orders

In a previous order submitted on January 9, 2020, the Court denied a motion from the Defendants which sought to dismiss the indictment for grand jury abuse. (Doc. 844.) In the alternative, Defendants sought the disclosure of the grand jury transcripts. (*Id.* at 1.) The Court denied both requests. As to Defendants' request that the Government disclose the grand jury transcripts, the Court found, "Defendants have identified no compelling reason with any sort of particularity worthy of breaching the secrecy of the grand jury." (*Id.* at 9 (citations omitted).) Additionally, the Court determined, "Defendants are not 'entitled to the legal instructions provided to the grand jury and any colloquy between the grand jurors and prosecutors.'" (*Id.* at 10 (quoting *United States v. Stephanyan*, No. CR

15-0234 CRB (JSC), 2016 WL 4398281, at *2 (N.D. Cal. Aug. 28, 2016).)

On February 11, 2020, the Court ordered the Government to disclose the grand jury instructions related to the Travel Act for *in camera* review. (Doc. 879.) The Government disclosed the grand jury instructions on the Travel Act to the Court on February 18, 2020. (Doc. 892.) The Court later denied Defendants' Motion to Dismiss Indictment on Failure to Allege the Necessary Elements of the Travel Act in a May 4, 2020 order. (Doc. 946.)

## II.     LEGAL STANDARD

"[T]he grand jury is deeply rooted in Anglo-American history." *United States v. Calandra*, 414 U.S. 338, 342 (1974); *see Costello v. United States*, 350 U.S. 359, 361-62 (1956). It exists to "determin[e] whether there is probable cause to believe a crime has been committed" and to "protect[] . . . citizens against unfounded criminal prosecutions." *Calandra*, 414 U.S. at 343. "The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'CONNOR, J., concurring); *see also Costello*, 350 U.S. at 363 ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more[]"); *see also United States v. R. Enters, Inc.*, 498 U.S. 292, 300 (1991) (noting how "the law presumes, absent a showing to the contrary, that a grand jury acts within the legitimate scope of its authority").

The longstanding cornerstone of the grand jury is that "[i]t deliberates in secret and may determine alone the course of its inquiry." *Calandra*, 414 U.S. at 343; *see also United States v. Johnson*, 319 U.S. 503, 513 (1943); *Costello*, 350 U.S. at 362. Not even a judge presides to monitor its proceedings. *Calandra*, 414 U.S. at 343. "This 'indispensable secrecy of grand jury proceedings,' must not be broken except where there is a compelling necessity" that is "shown with particularity." *United States v. Procter & Gamble Co*, 356 U.S. 677, 682 (1958) (internal citation omitted). "To allow the intrusion . . . into the indispensable secrecy of grand jury proceedings—as important for the protection of the

innocent as for the pursuit of the guilty—would subvert the functions of federal grand juries by all sorts of devices . . . such as ready resort to inspection of grand jury minutes." *Johnson*, 319 U.S. at 513.

This showing must be made even if the grand jury whose transcripts are sought has "ended its activities." *Id*. "Mere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citation omitted).

### III. ANALYSIS

Once again, Defendants have requested the disclosure of the grand jury instructions. Defendants speculate that either the wrong instructions were given or no instruction was given reasoning that:

> In light of the government's omission of a proposed jury instruction of any kind concerning prostitution here, notwithstanding the fact that such an instruction is required, as well as the government's comments at the June 7, 2021 status conference, there is no basis to believe that the government provided such instructions to the grand jury.

(Doc. 1171 at 5.) In support of their position, Defendants argue that grand jury instructions do not fall within Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings and a showing of particularized need is not necessary to obtain such instructions. *See, e.g., United States v. Diaz*, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006); *United States v. Bolton*, No. 14-CR-00030-JST, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015); *United States v. Fuentes*, No. CR.S-07-0248 WBS, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008). *Diaz*, however, only granted access to instructions regarding concerning their duties as grand jurors, their attendance and manner of deliberation which could all be categorized as ministerial instructions. *Diaz*, 236 F.R.D. at 475. While the Courts in *Bolton* and *Fuentes* allow for the disclosure of instructions given to the grand jury, they do so with almost no analysis. In *Fuentes*, the Court talks about the disclosure of the Court's instructions and charges to the grand jury but does not specify

whether that includes instructions from the prosecution. *Fuentes*, 2008 WL 2557949, at *4.

The Government argues that the grand jury instructions must remain secret unless Defendants are able to show a particularized need. *United States v. Chambers*, No. 3:18-CR-00079 (KAD), 2019 WL 1014850, at *3 (D. Conn. Mar. 4, 2019); *United States v. Stepanyan*, No. CR 15-0234 CRB (JSC), 2016 WL 4398281, at *2 (N.D. Cal. Aug. 18, 2016); *United States v. Morales*, No. CR. S-05-0443 WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007); *United States v. Barry*, 71 F.3d 1269, 1274 (7th Cir. 1995) (finding a defendant needs to "show particularized need" under Rule 6 to obtain grand jury instructions).

The Court agrees with the authority cited by the Government. In order to obtain instructions provided to the grand jury, Defendants must meet the requirements of Rule 6(e) and show a particularized need concerning why disclosure is appropriate. The Court is not persuaded that the relaxed approach proposed by Defendants adequately protects the long-recognized goals of grand jury secrecy. *Chambers*, 2019 WL 1014850, at *3 (citing *In re Grand Jury Subpoena*, 103 F.3d 234, 237 (2d Cir. 1996)). Even though some cases cited by Defendants rely on a Ninth Circuit case, *United States v. Alter*, that case did not determine that Defendants are entitled to grand jury instructions without particularized need. 482 F.2d 1016 (9th Cir. 1973). Instead, as noted by *Stepanyan*, the case merely decided that "the defendant was entitled to know the contents of the *court's* charges to the grand jury. *Stepanyan*, 2016 WL 4398281, at *2 (citing *Alter*, 482 F.2d at 1029, n.21) (emphasis original). Thus, there appears to be no controlling law governing this issue in this Circuit. "Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy, but does not define its outer limits; a release may violate grand jury secrecy even if it does not necessarily violate the rule." *Morales*, 2007 WL 628678, at *2 (citing *In re Special Grand Jury*, 674 F.2d 778, 781 (9th Cir. 1982)). Because Rule 6(e) does not define its outer limits, the Court finds that its most likely interpretation is that it includes grand jury instructions given by the prosecutor. Accordingly, the Court finds

Defendants are required to show particularized need in order to obtain the grand jury instructions.

Under Rule 6(e)(3)(E)(ii), in order to obtain the release of grand jury materials, a defendant must show that a ground may exist to dismiss the indictment. In order to justify this release, the Supreme Court has required what has been described as "particularized need." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Under this standard:

> [p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

Here, Defendants have failed to show a particularized need to obtain the grand jury instructions. First, Defendants have merely shown that the Government left instructions on state prostitution law out of its *draft* jury instructions, that the Government included a question on the jury questionnaire asking if potential jurors favor legalizing prostitution with no definition of the term prostitution, and that counsel for the Government misstated the law as to prostitution at oral argument. (emphasis added). Based on this, Defendants speculate that the Government provided insufficient instructions to the grand jury on the Travel Act charges. However, speculation is insufficient to show particularized need. *See United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987); *Stepanyan*, 2016 WL 4398281, at *2; *Morales*, 2007 WL 628678, at *4 (noting that deductive reasoning is insufficient to overcome the presumption of grand jury regularity).

Second, Defendants have failed to show the material sought is necessary to avoid a possible injustice. Defendants' motion argues that dismissal of the indictment is appropriate if the instruction was omitted from the grand jury instructions. *See, e.g., United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991). In response, the Government argues that it is under no obligation to provide legal instructions to the grand jury in this Circuit,

and therefore dismissal would not be appropriate even if disclosure was appropriate. *See United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989); *United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981).

Specifically, under Ninth Circuit caselaw, "'Erroneous jury instructions do not automatically invalidate an otherwise proper grand jury indictment.'" *Larrazolo*, 869 F.2d at 1359 (quoting *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982)). At least one court in this Circuit went as far as to say, "We are not persuaded that the Constitution imposes the additional requirement that the grand jury receive legal instructions." *Kenny*, 645 F.2d at 1347. Thus, Defendants have not shown that the disclosure of the grand jury instructions could avoid a possible injustice. Accordingly, the Court finds that Defendants have failed to show a particularized need.

## IV. CONCLUSION

For the above stated reasons,

**IT IS ORDERED** denying Defendants' Motion to Disclose Grand Jury Instructions on Prostitution. (Doc. 1171.)

Dated this 15th day of July, 2021.

Honorable Susan M. Brnovich
United States District Judge