GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-422-PHX-SMB |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' MOTION RE BANK RECORDS AND SUMMARY EXHIBITS** |
| Michael Lacey, et al., | |
| Defendants. | |

The United States files this motion in accordance with Federal Rule of Evidence 104 to provide further explanation with respect to (1) bank records and (2) summary exhibits, in light of the Court's recent Order (Doc. 1212). First, the government seeks a ruling on the 902(11) certifications for the bank records to help avoid needlessly extending

the trial through a parade of custodian witnesses. *See* Fed. R. Evid. 104(a). Second, the United States attaches its proposed summary exhibits and provides a list of each trial exhibit that is being summarized. The Court delayed ruling on the admissibility of the summary exhibits until after the United States provided the exhibits for inspection; by doing so with this motion, the government is attempting to streamline trial and avoid delays.

## I.    Admissibility of Bank Records

The United States seeks a pretrial ruling on the authentication of the bank records that will be marked as exhibits in the upcoming trial. The Court recently ruled that "the bank records may be admissible as business records subject to other objections at trial." (Doc. 1212 at 12.) The Court also noted that "Defendants do not challenge the certifications for the bank records. Accordingly, as long as the records are accompanied by a proper certification pursuant to Rule 902(11), they may be admitted under the rule." (*Id.*) The United States files this motion to clarify that there won't be any future challenges to the 902(11) certifications for the bank records and that Defendants' objections at trial will be limited to "relevance and prejudice under Rule 403." (*Id.*)

On February 14, 2020, the United States filed a notice of intent to offer business records pursuant to Federal Rule of Evidence 902(11). (Doc. 889.) That notice attached a table that listed the 902(11) certifications identified by subpoena number, financial institution, Bates number, and BEGDOC, which is the number used to locate the document in Relativity. (*Id.*; *see also* Doc. 889-A.) On September 11, 2020, the government filed a supplemental notice that included two additional 902(11) certifications. (Doc. 1057.) Rule 902(11) provides that "[b]efore the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." The United States has complied with this rule.

Defendants have now had over 18 months to challenge the government's 902(11) certifications. They have not done so. (*See* Doc. 1139 at 18-19) (objecting to the admission

of bank records based only on potential relevance issues.)  Because Defendants have not yet articulated any objection to the 902(11) certifications, they should be precluded from doing so at trial.  If Defendants are permitted to raise challenges related to the authentication of the bank records at trial, then the proceedings may be delayed as the Court reviews the relevant certification(s).  If the objection is sustained, then the government would need to identify and call a custodian of records to the witness stand.  The applicable custodian may live in another state.  This process will certainly cause an unnecessary delay for an already lengthy trial.  If Defendants had specific objections to the 902(11) certifications listed in the government's filings (Docs. 889 & 1057), they should have raised those challenges during the last 18 months.  *See* Fed. R. Evid. 902(11), Advisory Committee Notes to 2000 Amendments ("The notice requirement in Rule 902(11) and (12) is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration.").  The government would be prejudiced by Defendants waiting until trial before raising any such challenges.  The Court should rule that the bank records have been authenticated under Rule 902(11) and are not excluded by the rule against hearsay in accordance with Rule 803(6).[1]

---

[1] *See, e.g., United States v. Davis*, 2021 WL 1931871, at *2-3 (D. Alaska May 13, 2021) (granting pretrial motion finding 902(11) certifications properly authenticated certain business records); *United States v. Way*, 2018 WL 2470944, at *2 (E.D. Cal. June 1, 2018) (granting government's motion for pretrial authentication of business records under Rule 902(11) and finding that the records "have been properly authenticated and []qualify for admission under the exception to the rule against hearsay set forth in FRE 803(6)"); *United States v. Taylor*, 2017 WL 11458484, at *1 (D. Ariz. Nov. 2, 2017) (finding a business record supported by a 902(11) certification was "admissible, self-authenticating, non-hearsay evidence" because "a certification under Rule 902(11) provides sufficient foundation for the admissibility of business records"); *United States v. Kuzmenko*, 2014 WL 1334003, at *3 (E.D. Cal. April 3, 2014) ("Provided that, in the discovery given to Defendant, each FRE 902(11) certification is immediately followed by the corresponding bank, loan, and escrow files, the records are self-authenticating under FRE 902(11) and the Government need not call a custodian-witness to lay foundation for this evidence."); *United States v. Gardley*, 2013 WL 4857691, at *1-2 (D. Nev. Sept. 10, 2013) ("[T]he Court interprets the Government's motion as merely a preliminary motion to determine if a custodian of records must be subpoenaed to authenticate each document. . . . [T]he Court hereby finds [exhibits] admissible as business records, are authentic, and are not barred by the hearsay rule pursuant to Rules 803(6) and 902(11).").

## II.   The United States' Summary Exhibits

The Court articulated its reasons for not yet admitting the government's summary exhibits in its recent order.

> [T]he government has clearly not met its burden to admit its summary exhibits under Rule 1006.  First, the Court has not been given an opportunity to inspect the exhibits which makes it difficult to see what they are, what they are summarizing, whether they properly summarize voluminous records, or whether they are merely argument regarding the evidence as Defendants contend.  In addition, the government merely states in a conclusory manner that the records on which the summary exhibits are based are admissible without explaining with specificity what the records are. . . . Accordingly, the Court will not admit the summary exhibits at this time but will consider them again at trial if the government seeks their admission.

(Doc. 1212 at 21.)

In an effort to streamline trial and optimize the jury's time, the United States provides the Court with the summary exhibits it intends to admit and the exhibits relied upon in creating the summaries.

### A.   United States' Summary Exhibits

The United States anticipates introducing the following nine summary exhibits at trial:

- Trial Ex. 1479 – Money Laundering Counts Tracing, attached as Ex. A.
- Trial Ex. 1480 – Backpage Gross Revenue by Ad Category, attached as Ex. B.
- Trial Ex. 1481 – Annual Revenue for Business Entities, attached as Ex. C.
- Trial Ex. 1545 – Website Technologies LLC Revenue Through GoCoin, attached as Ex. D.
- Trial Ex. 1689 – Payments from Camarillo Holdings to Spear, attached as Ex. E.
- Trial Ex. 1690 – Payments from Cereus Properties to Spear, attached as Ex. F.
- Trial Ex. 1691 – Payments from Website Tech to Cereus Properties, attached as Ex. G.

- Trial Ex. 1693 – Payments from Cereus Properties to Michael Lacey – 1/11/2016-1/4/2017, attached as Ex. H.
- Trial Ex. 1694 – Payments from Cereus Properties to James Larkin and Family – 1/11/2016-1/11/2017, attached as Ex. I.

**B.    List of the Underlying Exhibits for the Summaries**

Here is a table that identifies the underlying exhibits that are summarized by each of the summary exhibits and why the underlying exhibits are admissible.

| Summary Exhibits | Exhibits Relied Upon for Summary | Reason for Admissibility |
|---|---|---|
| Trial Ex. 1479 – Money Laundering Counts Tracing, attached as Ex. A | Bank records listed in Doc. 889-A (Trial Exs. 1248-1431) | 902(11) Certifications (Trial Ex. 1247 & Doc. 889-A) |
| Trial Ex. 1480 – Backpage Gross Revenue by Ad Category, attached as Ex. B | Backpage Ad Revenue Spreadsheet (Trial Ex. 1482, DOJ-BP-0002724567) | 902(11) Certification from Carl Ferrer (USAO-BP-0033766-USAO-BP-0033767), attached as Ex. J |
| Trial Ex. 1481 – Annual Revenue for Business Entities, attached as Ex. C | Certified IRS Income Tax Returns (2012-2015) for John E. Brunst; Michael Lacey; James Larkin; Medalist Holdings; Scott Spear (Trial Exs. 1432-1460)  Revenue Documents from Carl Ferrer (Trial Exs. 1461-1468) | Certified IRS income tax returns are self-authenticating  902(11) Certification from Carl Ferrer, Ex. J. |
| Trial Ex. 1545 – Website Technologies LLC Revenue Through GoCoin, attached as Ex. D | Spreadsheets produced by GoCoin (Trial Exs. 1532-1544) | Spreadsheets produced by Go Coin (Trial Ex. 1268) with a 902(11) Certification (Trial Ex. 1247 & Doc. 889-A) |
| Trial Ex. 1689 – Payments from Camarillo Holdings to Spear, attached as Ex. E | Bank records from National Bank of Arizona (Trial Ex. 1321) | 902(11) Certification (Trial Ex. 1247 & Doc. 889-A) |

| Summary Exhibits | Exhibits Relied Upon for Summary | Reason for Admissibility |
|---|---|---|
| Trial Ex. 1690 – Payments from Cereus Properties to Spear, attached as Ex. F | Bank records from National Bank of Arizona (Trial Ex. 1321) | 902(11) Certification (Trial Ex. 1247 & Doc. 889-A) |
| Trial Ex. 1691 – Payments from Website Tech to Cereus Properties, attached as Ex. G | Bank records from Branch Banking and Trust Co (Trial Ex. 1313) | 902(11) Certification (Trial Ex. 1247 & Doc. 889-A) |
| Trial Ex. 1693 – Payments from Cereus Properties to Michael Lacey – 1/11/2016-1/4/2017, attached as Ex. H | Bank records from Arizona Bank of Trust (Trial Ex. 1248) | 902(11) Certification (Trial Ex. 1247 & Doc. 889-A) |
| Trial Ex. 1694 – Payments from Cereus Properties to James Larkin and Family – 1/11/2016-1/11/2017, attached as Ex. I | Bank records from Arizona Bank of Trust (Trial Ex. 1248) | 902(11) Certification (Trial Ex. 1247 & Doc. 889-A) |

### C.     The Underlying Exhibits Are Admissible

The United States has prepared these nine summary exhibits to assist in proving the content of over 165,000 pages of financial records.  (*See* Jan. 13, 2020 Letter from R. Jones, attached as Ex. K.)  The United States does not presently anticipate introducing the underlying bank records as trial exhibits.  Rather, the government plans to introduce these summary exhibits in accordance with Rule 1006 to "prove the content of voluminous writings . . . that cannot be conveniently examined in court."  Fed. R. Evid. 1006.  The Court has articulated the standard for a party to admit summary exhibits: "A proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible into evidence, and (2) those underlying materials were made available to the opposing party for inspection."  (Doc. 1212 at 23) (citations omitted.)

- 6 -

The chart above demonstrates that both elements for admitting summary exhibits have been satisfied.  All the underlying documents are "admissible," and all the materials were produced to Defendants.

**D.      Summary Exhibits Should Be Admitted**

Based on the foregoing, the nine summary exhibits the government intends to introduce at trial should be admitted.

Respectfully submitted this 19th day of August, 2021.

> GLENN B. McCORMICK
> Acting United States Attorney
> District of Arizona
>
> *s/ Andrew C. Stone*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER S. KOZINETS
> ANDREW C. STONE
> Assistant U.S. Attorneys
>
> DAN G. BOYLE
> Special Assistant U.S. Attorney
>
> KENNETH POLITE
> Assistant Attorney General
> U.S. Department of Justice
> Criminal Division, U.S. Department of Justice
>
> REGINALD E. JONES
> Senior Trial Attorney
> U.S. Department of Justice, Criminal Division
> Child Exploitation and Obscenity Section

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office

- 7 -