Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION** |
| vs. | |
| Michael Lacey, *et al.*, | (Oral argument requested) |
| Defendants. | |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

On August 19, 2021, the Court circulated proposed preliminary jury instructions. (*See* Aug. 19, 2021 Proposed Preliminary Jury Instructions, attached hereto as Exhibit A.) As discussed at the August 20, 2021 hearing, the Court's instructions did not include any instruction concerning the application of the First Amendment to this case in contravention of fundamental First Amendment law. Preliminary instructions are necessary because First Amendment presumptive protection is as critical as the presumption of innocence: it exists unless the government can prove otherwise. The government's objections to this cannon assume the very conclusion it must prove at trial. Defense counsel respectfully requests inclusion of the following Proposed Preliminary Jury Instructions:

### DEFENSE PROPOSED PRELIMINARY INSTRUCTION NO. 1

All speech is presumed to be protected under the First Amendment of the United States Constitution unless the government establishes otherwise. The speech at issue in this case – advertisements – are legally protected speech under the First Amendment.

### Authorities:

*See Bursey v. United States*, 446 F.2d 1059, 1082 (1972) ("All speech, press, and associational relationships are presumptively protected by the First Amendment; the burden rests on the Government to establish that the particular expressions or relationships are outside its reach."); *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561, (1980) ("The First Amendment . . . protects commercial speech from unwarranted governmental regulation. . . . Even when advertising communicates only an incomplete version of the relevant facts, the First Amendment presumes that some accurate information is better than no information at all."); *Reno v. ACLU*, 521 U.S. 844, 868-70 (1997) ("[O]ur cases provide no basis for qualifying the level of First Amendment scrutiny that should be applied to [the Internet].").

**DEFENSE PROPOSED PRELIMINARY INSTRUCTION NO. 2**

Advertisements for escort services, strippers, massage services, dominatrix, and dating are presumptively legal and constitutionally protected speech, unless the government proves otherwise, because escorting, stripping, providing massage or dominatrix services, and dating all are legal activities.

**Authorities:**

*See Dart v. Craigslist, Inc.*, 665 F.Supp.2d 961, 968 (N.D. Ill.2009) (Sheriff Dart "is simply wrong when he insists that [craigslist's adult services category and related subcategories] are all synonyms for illegal sexual services;" craiglist's "adult services" section "is not unlawful in itself nor does it necessarily call for unlawful content"); *Backpage.com, LLC v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015), *cert. denied*, 137 S. Ct. 46 (2016) (rejecting sheriff's presumption that ads on Backpage.com were illegal: Backpage.com was "an avenue of expression of ideas and opinions" protected by the First Amendment, including its "classified ads for 'adult' service;" "Fetishism? Phone sex? Performances by striptease artists? (Vulgar is not violent.) One ad in the category 'dom & fetish' is for the services of a 'professional dominatrix'—a woman who is paid to whip or otherwise humiliate a customer in order to arouse him sexually. It's not obvious that such conduct endangers women or children or violates any laws, including laws against prostitution. The district judge remarked 'that the majority of the advertisements [in Backpage's adult section] are for sex'—but a majority is not all, and not all advertisements for sex are advertisements for illegal sex.") (internal citations omitted); *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1281-82 (W.D. Wash. 2012) (rejecting similar presumption of state AG defending law targeting Backpage and noting the "third-party publication of offers to engage in illegal transactions does not fall within [the] 'welldefined and narrowly limited classes of speech' that fall outside of First Amendment protection." (*quoting Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)); *Backpage.com, LLC v. Cooper*, 939 F. Supp. 2d 805, 833-34 (M.D. Tenn. 2013) (rejecting state's argument that escort ads on Backpage.com were unprotected speech); *Backpage.com, LLC v. Hoffman*, 2013 WL 4502097, at *9-11 (D.N.J. Aug.

20, 2013) (same); *M.A. ex rel. P.K v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1049-50 (E.D. Mo. 2011) (rejecting similar presumption in dismissing plaintiff's civil claims based on 18 U.S.C. §§ 2, 1595, and 2255); *People v Ferrer*, 2016 WL 7237305, at *9 (Cal. Super. Ct. Dec. 9, 2016) (dismissing state's pimping charges against Larkin and Lacey; noting that the only "whiff of illegality" in the AG's complaint improperly "require[ed] the presumption that illegal content was contained in the ads," yet the website's actions in posting the ads "would not be illegal").

## CONCLUSION

For all these reasons, this Court should read the proposed preliminary instructions.

RESPECTFULLY SUBMITTED this 26th day of August, 2021,

Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By:     /s/ Paul J. Cambria, Jr.
        Paul J. Cambria, Jr.
        Attorneys for Michael Lacey


*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Oct. 2020) § II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*


Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT KATZMAN, PLC

By:     /s/ Whitney Z. Bernstein
        Whitney Z. Bernstein
        Attorneys for James Larkin

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

By:     /s/ Ariel A. Neuman
        Ariel A. Neuman
        Attorneys for John Brunst


Bruce Feder
FEDER LAW OFFICE, P.A.

By:     /s/ Bruce Feder
        Bruce Feder
        Attorneys for Scott Spear


David Eisenberg
DAVID EISENBERG, P.L.C.

By:     /s/ David Eisenberg
        David Eisenberg
        Attorneys for Andrew Padilla

Joy Bertrand
JOY BERTRAND, ESQ.

By:     /s/ Joy Bertrand
        Joy Bertrand
        Attorneys for Joye Vaught

DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION

On August 26th, 2021 a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Daniel Boyle, Daniel.boyle2@usdoj.gov

DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION