IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and Joy Vaught, | |
| Defendants. | |

**PRELIMINARY JURY INSTRUCTIONS**

Dated Sept. 3, 2021

Susan Brnovich
United States District Judge

1

## DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

# THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The United States charges Defendants with conspiracy, violations of the Travel Act, and money laundering. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the [each] defendant. The indictment is not evidence and does not prove anything.

Each defendant has pleaded not guilty to all the charges and is presumed innocent unless the government proves that defendant guilty beyond a reasonable doubt. In addition, each defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

<u>Count 1 is conspiracy</u>—the three elements of conspiracy are as follows:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit at least one Travel Act offense as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects, and intending to help accomplish it and

Third, on or after March 28, 2013, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

<u>Counts 2-51 are Travel Act counts</u>—the two elements to support a Travel Act conviction are as follows:

First, the defendant used the mail or any facility in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any business enterprise involving

3

prostitution offenses in violation of the laws of the State in which they are committed; and

Second, after doing so the defendant performed or attempted to perform an act that did promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed.

Further, you may find a given defendant guilty of the Travel Act as charged in Counts 2-51 of the indictment if the United States has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed the Travel Act offense as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

Third, the person committed the Travel Act offense alleged in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts 2-51 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Count 52 is conspiracy to commit money laundering—the two elements of money laundering conspiracy are as follows:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit at least one crime alleged in the money laundering conspiracy, and

Second, that the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

<u>Counts 53-62 are concealment money laundering</u>—the three elements of <u>concealment money laundering are as follows:</u>

First, the defendant conducted a financial transaction involving property that represented the proceeds of promoting, managing, establishing, carrying on, or facilitating the promotion, management, establishment, or carrying on, of any business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed.

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

<u>Counts 63-68 are international promotional money laundering</u>—the two elements of international promotional money laundering are as follows:

First, the defendant transported money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote the carrying on of the specified criminal activity in the indictment.

<u>Counts 69-99 are transactional money laundering</u>—the five elements of transactional money laundering are as follows:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from specified unlawful activity, that is promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed; and

Fifth, the transaction occurred in the United States.

<u>Count 100 is international concealment money laundering</u>—the three elements of international concealment money laundering are as follows:

First, the defendant transported money from a place in the United States to or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution offenses; and

Third, the defendant knew the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution offenses.

## SPECIFIC INTENT – DEFINED

The Travel Act is a specific intent crime and that means for each defendant to be found guilty, the government needs to prove that each defendant specifically intended to facilitate an activity which the defendant knew to be unlawful under state law, specifically, promoting or facilitating the promotion of any business enterprise involved in prostitution.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness; and

    (2)    the exhibits which are received in evidence; and

    (3)    any facts to which the parties agree.

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys, (questions can be used only to give meaning to the witnesses answer);

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is a physical exhibit or the testimony of a witness who saw, heard, touched, smelled, or otherwise actually perceived an event. Circumstantial evidence is proof of a fact or facts from which the existence of another fact may be determined.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

Admission of evidence in court is governed by rules of law. I will apply those rules and resolve any issues that arise during the trial concerning the admission of evidence.

If an objection to a question is sustained, you must disregard the question and you must not guess what the answer to the question might have been. If an exhibit is offered into evidence and an objection to it is sustained, you must not consider that exhibit as evidence. If testimony is ordered stricken from the record, you must not consider that testimony for any purpose.

Do not concern yourselves with the reasons for my rulings on the admission of evidence. Do not regard those rulings as any indication from me of the credibility of the witnesses or the weight you should give to any evidence that has been admitted.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

# CONDUCT OF THE JURY – THE ADMONITION

I will now say a few words about your conduct as jurors, which I will call the Admonition.

First, always wear your juror badge in and around the courthouse so that everyone will know you are on a jury.

Second, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Third, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as

11

consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

The lawyers and parties have been given the same instruction about not speaking with you jurors, so do not think they are being unfriendly to you. When you go home tonight and family and friends ask what the case is about, remember you cannot speak with them about the case. All you can tell them is that you are on a jury, the estimated schedule for the trial and that you cannot talk about the case until it is over.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

At each break, I will not repeat this entire admonition, I will probably refer to it by saying "please remember the admonition" or something like that. However, even if I forget to make reference to it, remember that the admonition applies at all times during the trial.

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not be given a written transcript of any testimony. You should pay close attention to the testimony as it is given.

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes. After you have rendered your verdict, Elaine will collect your notes and destroy them.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

## QUESTIONS BY JURORS

If at any time during the trial you have difficulty hearing or seeing something that you should be hearing or seeing, or if you get into personal distress for any reason, raise your hand and let me know.

If you have any questions about parking, restaurants, or other matters relating to jury service, feel free to ask one of the court staff. But remember that the Admonition applies to court staff, as it does to everyone else, so do not try to discuss the case with court staff.

If you have a question about the case for a witness or for me, write it down, but do not sign it. When the lawyers are done examining the witness, I will collect any jury questions.

If there is a question, the lawyers and I will discuss the question. The rules of evidence or other rules of law may prevent some questions from being asked. If the rules permit the question and the answer is available, an answer will be given at the earliest opportunity. When we do not ask a question, it is no reflection on the person submitting it. You should attach no significance to the failure to ask a question. I will apply the same legal standards to your questions as I do to the questions asked by the lawyers. If a particular question is not asked, please do not guess why or what the answer might have been.

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may became necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or, by calling a recess.

Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.