1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**
8

9    United States of America,                    No. CR-18-00422-001-PHX-SMB

10                 Plaintiff,                      **ORDER**

11   v.

12   Michael Lacey, et al.,

13                 Defendants.

14

15          Pending before the Court is the United States' Motion Re Bank Records and

16   Summary Exhibits (Doc. 1223), to which Defendants have responded. (Doc. 1264.)

17   The Government seeks a ruling that the bank records, relating to the February 14,

18   2020 notice pursuant to Federal Rule of Evidence 902(11), have been authenticated

19   and are not excluded by the rule against hearsay.  Rule 803(6).  The Government

20   also seeks a ruling that nine summary exhibits are admissible pursuant to Federal

21   Rule of Evidence 1006.

22          As to the bank records, Defendants do not object to authenticity.  Therefore,

23   Defendants will be precluded from raising any objection to the bank records under

24   Federal Rule of Evidence 902(11).  Defendants' right to object for other reasons is

25   preserved.

26          As to the summary exhibits, the Government has provided the exhibits along

27   with the documents used to create them.  Defendants object to the motion but only

28   provide specific objections to three of the summary exhibits.  Under Rule 1006, a

1   "proponent may use a summary, chart, or calculation to prove the content of
2   voluminous writings, recordings, or photographs that cannot be conveniently
3   examined by the court." Fed. R. Evid. 1006. The proponent is required to make the
4   originals or duplicates available to the opposing party for examination or copying at
5   a reasonable time and place. Fed. R. Evid. 1006. "A proponent of a summary exhibit
6   must establish a foundation that (1) the underlying materials on which the summary
7   exhibit is based are admissible into evidence, and (2) those underlying materials
8   were made available to the opposing party for inspection." *Amarel v. Connell*, 102
9   F.3d 1494, 1516 (9th Cir. 1996), as amended (Jan. 15, 1997) (citing *Paddack v. Dave*
10  *Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984)). The underlying materials
11  "must be admissible, but need not themselves be admitted into evidence." *United*
12  *States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (citing *United States v. Meyers*,
13  847 F.2d 1408, 1412 (9th Cir. 1988)). When considering the admissibility of these
14  kinds of exhibits, "'it is critical to distinguish between charts or summaries as
15  evidence and charts or summaries as pedagogical devices.'" *San Francisco*
16  *Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 742 (N.D. Cal. 2011)
17  (quoting *United States v. Woods*, 943 F.2d 1048, 1053 (9th Cir. 1991)). "[S]uch
18  pedagogical devices should be used only as a testimonial aid, and should not be
19  admitted into evidence." *Woods*, 943 F.2d at 1053. The Ninth Circuit has "long held
20  that such pedagogical devices should be used only as a testimonial aid, and should
21  not be admitted into evidence or otherwise be used by the jury during deliberations."
22  *Id*. at 1053-54 (citations omitted).
23       First, Defendants object to Exhibit A by arguing that it is pedagogical and not
24  a true summary exhibit.  Exhibit A is a series of flow charts purporting to summarize
25  money transfers supporting money laundering counts 53 – 100.  This exhibit relies
26  upon bank records which have been authenticated and are admissible.  Additionally,
27  the underlying materials were made available to Defendants during discovery.  Each
28  flow chart merely relates which bank the money was coming from, how much was

transferred, the date of the transfer, and where the money was received.  The Court finds that this is a summary exhibit that properly summarizes the transfer of money and is admissible pursuant to Fed. R. Evid. 1006 subject to the Government laying foundation as to how it was prepared.  Defendants challenge the accuracy of the numbers and should be allowed to cross-examine the preparer of the flow charts.

Defendants object to Exhibits B and C because they are based, in part, on records prepared by Carl Ferrer.  Defendants argue that because Ferrer is the Government's main cooperating witness, they must be afforded the opportunity to cross-examine Ferrer about the records.  The Court agrees, and because documents prepared by Carl Ferrer may be subject to legitimate cross-examination, Exhibits B and C may not be supported by admissible evidence. Thus, the Court cannot rule that the two exhibits are admissible at this time.

As to Exhibits D through I, there was no specific objection by Defendants. The Court has reviewed the exhibits and they are based on bank records which have been authenticated, are admissible, and have been made available to Defendants during discovery.  Therefore, the Court finds that these are summary exhibits that summarize payments to various Defendants and are admissible pursuant to Fed. R. Evid. 1006 subject to the Government laying foundation as to how it was prepared.

**IT IS ORDERED** granting in part and denying in part the United States' Motion Re Bank Records and Summary Exhibits (Doc. 1223) to the extent that the Court finds: (1) the bank records have been authenticated and are not excluded by the rule against hearsay, Rule 803(6) and (2) Summary exhibits A and D through I are true summary exhibits admissible pursuant to Fed. R. Evid. 1006 subject to foundational testimony. Exhibits B and C are not admissible at this time.

Dated this 15th day of September, 2021.

Honorable Susan M. Brnovich
United States District Judge

- 3 -