Exhibit P

**Subject:** RE: Follow Up - 18cv8240-RGK
**Date:** Wednesday, October 13, 2021 at 5:26:06 PM Pacific Daylight Time
**From:** Boyle, Daniel (USACAC)
**To:** Whitney Bernstein
**CC:** Ramachandran, Seetha, Thomas H. Bienert, Paul John Cambria, Jr , Erin McCampbell Paris, Gary S. Lincenberg, Gopi K. Panchapakesan, Ariel A. Neuman, Bruce Feder, Daniel J. Quigley (quigley@djqplc.com), Rapp, Kevin (USAAZ)

Whitney-

Following up on your request to release approximately $407k in funds seized from account ending '4862:

 After further review, the '4862 seized funds don't appear to be implicated by the "clerical error" issue which led to the March 2020 stipulation to return funds. That purported error occurred in May of 2017, but as detailed in the FACMC laying out the government's theory as to the '4862 account, this account received tainted funds between September and December of 2017 via the WFB '9863, and the '9863 account was alleged to be a pass-through account which received funds traceable to an AD Tech BV bank account in the Netherlands. See FACMC ¶ 154; 156(b) ("Between September 20, 2017 and December 8, 2017, Account '9863 transferred approximately $944,729.25 among seven transactions into Account 3 [i.e. the '4862 Account]."); 177(d) ("On December 27, 2016, the Netherlands Account transferred $199,970.00 to Account 2, which account then transferred funds through Account '9863 and into Account 3"). While a specific amount is not alleged in the FACMC in ¶ 154, based on a review of account records, at least one September 2017 check for approximately $83k (check number 1472) was transferred from the '3873 account into the '9863 account, and then on to the '4862 account, through the transfers described above. Because the '4862 account was funded in part from the '9863 account, we do not agree that the '4862 account contained no funds traceable to Backpage's operations. If any of this tracing does not appear factually correct, please let me know.

 With respect to the prior stipulation with your client in January 2020, I've reviewed that stipulation and nowhere did government acknowledge "that the Compass Bank Account '4682 contained exclusively print newspaper proceeds." In any event, that stipulation occurred in January of 2020, prior to the filing to the FACMC in June of 2020, which is the operative pleading at this time and includes the above-quoted allegations.

 Finally, with respect to Judge Klausner's order regarding discovery, I believe that it would make sense to reopen discovery on a limited basis as needed following the resolution of the criminal case. Because we currently don't know how the criminal case will resolve and what (if any) discovery would be necessary in any remaining civil proceedings, I believe it would be premature to seek relief at this time. I don't think the Court would deny a stipulated motion to reopen discovery once the parties know what the scope of any such discovery would be.

Regards,

**Dan G. Boyle | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1400 United States Courthouse | 312 North Spring Street | Los Angeles, California 90012
T: 213.894.2426| F: 213.894.0141 | daniel.boyle2@usdoj.gov

---

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Wednesday, September 29, 2021 5:47 PM

**To:** Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Ramachandran, Seetha <SRamachandran@proskauer.com>; Thomas H. Bienert <tbienert@bklwlaw.com>; Paul John Cambria, Jr <pcambria@lglaw.com>; Erin McCampbell Paris <eparis@lglaw.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Gopi K. Panchapakesan <gpanchapakesan@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Bruce Feder <bf@federlawpa.com>; Daniel J. Quigley (quigley@djqplc.com) <quigley@djqplc.com>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Subject:** [EXTERNAL] Re: Follow Up - 18cv8240-RGK

Hi Dan,

Thank you very much for your prompt reply. We clearly disagree with you on the merits of CACD USAO's position. But to the extent we bring any motions on these three issues, we agree that they should be brought to Judge Brnovich in either US v. Lacey, et al. or US v. Backpage.com (probably US v. Lacey, et al.).

To clarify our request for the return of (3) print newspaper proceeds entirely disconnected from Backpage.com, we are referring to at least Cereus Properties LLC VMG Depository account at Compass Bank under Account No. '4862. We seek the return of this account because these assets are exclusively print newspaper proceeds. CACD USAO recognized this in the past when it returned funds from one of Mr. Larkin's accounts. CACD USAO returned these funds because Mr. Larkin's account contained only disbursements from the Compass Bank Account '4682, and the government acknowledged that the Compass Bank Account '4682 contained exclusively print newspaper proceeds. Under this same theory, we seek the return of at least $407,686.14 from Account '4862. Also under the same theory that print newspaper proceeds disconnected from Backpage.com should be returned, Mr. Lacey seeks the release of the rest of the funds at issue in his motion (Docs. 22-24 in 18cv6742).

Hopefully this clears up the third issue. If a phone call would be helpful, we are happy to speak. Please let us know by end of day on Oct. 4 if CACD USAO will be releasing the print newspaper proceeds entirely disconnected from Backpage.com.

Thank you again for your consideration,

Whitney


**Whitney Z. Bernstein**
**Partner** | Orange County
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

---

**From:** Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Date:** Wednesday, September 29, 2021 at 11:28 AM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Cc:** Ramachandran, Seetha <SRamachandran@proskauer.com>, Thomas H. Bienert <tbienert@bklwlaw.com>, Paul John Cambria, Jr <pcambria@lglaw.com>, Erin McCampbell Paris <eparis@lglaw.com>, Gary S. Lincenberg <glincenberg@birdmarella.com>, Gopi K. Panchapakesan <gpanchapakesan@birdmarella.com>, Ariel A. Neuman <aneuman@birdmarella.com>, Bruce Feder <bf@federlawpa.com>, Daniel J. Quigley (quigley@djqplc.com) <quigley@djqplc.com>, Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>

**Subject:** RE: Follow Up - 18cv8240-RGK

Whitney-

Please find below our responses to your emails of September 23rd and 24th. As you'll see, we're stilling running down your third point, but we're tried to respond by your requested date.

- With respect to your first point, the government's position remains the same as it was when claimants sought an indefinite stay of the criminal case in April of 2020 based on a purported need for attorney's fees (see ECF No. 104, a 6-7): the claimants have not yet attempted to make the required showing under United States v. Unimex, Inc., 991 F.2d 546, 551 (9th Cir. 1993), which the parties and Judge Klausner appear to agree is the governing law on this issue in this circuit. See ECF No. 106, at 2. While the parties may disagree about the appropriate showing necessary to obtain a hearing for Monsanto relief, such a showing is certainly more than attorney argument. If your clients wish to discuss a briefing schedule in order to seek to make a Unimex showing, please let me know. Alternately, because certain of the assets you identified are subject to a pending motion before Judge Brnovich (see D.Az Case No. 18-cr-465, ECF No. 45) we would not object if the claimants wish to make an application in the District of Arizona, as Unimex will apply in either forum, and we can discuss whether such an application is best brought in case 18-cr-422 or case 18-cr-465.
    - Separately, to the extent that your clients object that a complaint has not been filed against certain of these assets (I note that certain assets you mention are already identified in the FACMC, such as the $2,412,785.47 found in paragraph 10 of the same), the government anticipates filing a complaint against those assets by no later than November 8, 2021, and we can address a schedule for briefing any motions you may be contemplating.
- With respect to your second point, this demand ignores bedrock law on the forfeiture of commingled criminal assets, and has no merit. The government's position is that, taking all of the allegations in the FACMC as true, the claimants are not entitled to the return of any funds.
- With respect to your third point, we are reviewing the tracing of this asset and I expect we will be able to discuss it fully within the next week. To clarify – your email references "Cereus Properties LLC VMG Depository Account '4860" but I'm not aware of any seized assets from a '4860 account. We are working under the assumption that you were referring to Compass Bank Account '4862, but please let me know if that's wrong. While I was not part of the discussions around the prior consent judgment with your client, the government has been willing to return assets in this case where the defendants raised meritorious issues with the government's tracing, and we remain willing to do so now. Your email does reference the prior consent judgment with claimant Lacey to resolve the so-called "clerical error" funds, and we are working under the assumption that same clerical error is the basis of your concerns with this asset. Please let me know if that is incorrect.

Regards,
**Dan G. Boyle | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1400 United States Courthouse | 312 North Spring Street | Los Angeles, California 90012
T: 213.894.2426| F: 213.894.0141 | **daniel.boyle2@usdoj.gov**

---

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Thursday, September 23, 2021 12:08 PM
**To:** Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Ramachandran, Seetha <SRamachandran@proskauer.com>; Thomas H. Bienert <tbienert@bklwlaw.com>; Paul John Cambria, Jr <pcambria@lglaw.com>; Erin McCampbell Paris <eparis@lglaw.com>; Gary S.

Lincenberg <glincenberg@birdmarella.com>; Gopi K. Panchapakesan <gpanchapakesan@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Bruce Feder <bf@federlawpa.com>; Daniel J. Quigley (quigley@djqplc.com) <quigley@djqplc.com>
**Subject:** [EXTERNAL] Follow Up - 18cv8240-RGK

Hi Dan,

Thank you for speaking on Tuesday.  Given the mistrial in the Arizona criminal case and the multitude of issues that raises, including the need for additional litigation and perhaps a retrial, we need CACD USAO to return at least some of the funds it has seized.

To be clear, we believe we are legally entitled to the return of all seized assets, but are now focusing on three categories for purposes of this conversation.  These three categories include (1) attorney retainer funds, including those in the pending Magistrate cases, totaling over $16 million, (2) assets owed to Defendants even assuming *arguendo* that CACD USAO's position in 18cv8420 is accurate, and (3) print newspaper proceeds entirely disconnected from Backpage.com.

As to (1) attorney retainer funds, including those in the pending Magistrate cases, totaling over $16 million, we seek return of:

| CASE NO. | LAW FIRM FROM WHICH MONEY WAS SEIZED | AMOUNT SEIZED |
| --- | --- | --- |
| 18mj02031 | Davis Wright Tremaine | 3,713,121.03 |
| 18mj02872 | Rusing Lopez & Lizardi PLLC | 5,279,173.07 |
| 18mj02874 | Perkins Coie LLP | 2,167,704.86 |
| 18mj02030 | Becker & House PLLC | 2,412,785.47 |
| 18mj02875 | Piccarreta Davis Keenan Fidel PC | 10,000.00 |
| 18mj02876 | Piccarreta Davis Keenan Fidel PC | 740,000.00 |
| 18mj02880 | Keker Van Nest & Peters | 500,000.00 |
| 18mj02883 | Mitchell Stein Carey Chapman PC | 100,000.00 |
| 18mj02883 | Mitchell Stein Carey Chapman PC | 100,000.00 |
| 18mj02878 | Karp & Weiss PC | 250,000.00 |
| 18mj02873 | Copeland Franco Screws & Gill | 100,000.00 |
| 18mj02879 | David B. Smith PLLC | 10,000.00 |
| 18mj02880 | McDermott Will & Emery LLP | 100,000.00 |
| 18mj02880 | Prince Lobel Tye LLP | 100,000.00 |
| 18mj02874 | Thompson Coburn LLP | 100,000.00 |
| 18mj02875 | Lawrence G Walters PA | 100,000.00 |
| 18mj02875 | Akin Gump Strauss Hauer & Field LLP | 250,000.00 |
| 18mj02877 | Scheef & Stone LLP | 25,000.00 |
| 18mj02875 | Wayne B Giampietro LLC | 100,000.00 |

These seizures are an affront to the Sixth Amendment and have, as the government intended, severely handicapped our ability to defend the criminal case in the District of Arizona.  CACD USAO cannot continue to hold these seized attorney funds pretrial given the mistrial and ensuing litigation the government caused last week in Arizona.

These seizures are also problematic because the government has not traced these attorney funds to demonstrate that the government has the right to hold this money as arguable criminal proceeds for years, pretrial, amidst various criminal and civil cases brought by the government.  Recall that your predecessor at CACD USAO threatened to seize these law firms' entire IOLTA accounts if they did not turn over the amount

CACD USAO sought.  Mitchell Stein Carey Chapman PC, for example, wired funds to the government to comply with this subpoena on November 13, 2018 at 1:34pm PT.  The Court in CACD then issued a stay order nine minutes later at 1:43pm PT.  When Mitchell Stein Carey Chapman PC then tried to recall the funds at 2:00pm PT that day, your predecessor at CACD USAO refused to permit the recall despite the Court's stay order.

Further, the seizures are also impermissible as CACD USAO has never filed a sworn, verified complaint supporting its belief that it can seize these funds in the nearly three years and counting that the government has held these attorney funds.

Accordingly, we seek the return of all attorney funds.

As to (2) assets owed to Defendants even assuming *arguendo* that CACD USAO's position in 18cv8420 is accurate, we seek the return of at least $13,633,946.20.  CACD USAO has argued that "more than 90 percent of Backpage's revenue" "[b]etween 2004 and April 2018" came from Backpage.com's  "adult category," which CACD USAO contends generated criminal proceeds subject to forfeiture.  *See* 18cv8420 at Dkt. 108, First Amended Consolidated Master Verified Complaint, at paragraph 107.  While we disagree and know that the facts and objective evidence will show this statement is completely inaccurate, for purposes of the funds we believe must be released at this juncture, we are seeking that which the government has no right to even under its own theory.  The government has seized at least $136,339,462.65 in liquid assets, though the true number is much higher because (a) this does not include the numerous real properties the government has seized, (b) most assets have appreciated since the seizures, and (c) we lack the exact amount seized as many seizures were listed as "any and all funds in the account" and are thus unaccounted for in this total.  Accordingly, we request the return right now of the 10% the government admits it has no right to hold, which is conservatively at least $13,633,946.20.

Finally, as to (3) print newspaper proceeds entirely disconnected from Backpage.com, the $407,686.14 seized in 18mj1863 and paragraph 99 of the First Amended Consolidated Master Verified Complaint (18cv840 at Dkt. 108) from Cereus Properties LLC VMG Depository Account '4860 represents proceeds of print newspaper sales and has no relation whatsoever to Backpage.com.  Acknowledging this, your office previously returned funds to James Larkin from his Republic Bank of Arizona Account '1938 seized in 18cv8420 that contained disbursements from Cereus Properties LLC VMG Depository Account '4860.  Because the $407,686.14 funds in paragraph 99 of Dkt. 108 (formerly 18mj1863) are also proceeds of print newspaper sales and have no relation to Backpage.com, CACD USAO should also return this $407,686.14.

Similarly, as Michael Lacey has previously demonstrated, the funds at issue in the Motion for Release (*In re Any and All Funds Held in Republic Bank of Arizona Accts. x1889*, 18-cv-6742 Docs. 22-24), are also solely newspaper proceeds and should be released in their entirety.  Indeed, as CACD USAO has recognized, assets procured with newspaper money should not be subject to pretrial seizure.

We appreciate your consideration, and we request your office's position by end of day on Wednesday, September 29 so that we have time to pursue this conversation at DOJ Main if need be.

Thank you,

Whitney


**Whitney Z. Bernstein**
**Partner** | Orange County
Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700

The foregoing message is confidential and intended for the designated recipient only. The foregoing information may be protected by attorney-client and/or work product privileges. Accordingly, if you have received this message in error, please contact BIENERT KATZMAN LITTRELL WILLIAMS LLP immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.