GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (D.C. Bar No. 1620183, reginald.jones4@usdoj.gov)
Senior Trial Attorney
Criminal Division, U.S. Department of Justice
1400 New York Ave N.W., Suite 1200
Washington, D.C. 20005
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　　　Defendants. | No. CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR RECUSAL (Doc. 1378)** |

Defendants' motion for recusal should be denied.  The "facts" raised by Defendants, even assuming they are accurate, would not cause a reasonable person to question Your Honor's impartiality in this matter.  No recusal is warranted.

**Pertinent Factual Background**

This is the second time in this case Defendants have moved for recusal of the presiding district court judge. (*See* Docs. 1059, 1067, 1075.) After the Court denied their first motion for recusal, Defendants sought a writ of mandamus, which the Ninth Circuit denied. (Doc. 1089; April 5, 2021 Memorandum from the U.S. Court of Appeals for the Ninth Circuit, attached as Exhibit A.)

Defendants now seek recusal because they claim to be "aware of some facts that could cause a reasonable person with knowledge of the facts to conclude that Your Honor's impartiality might reasonably be questioned." (Doc. 1378 ("Mot.") at 3.) Defendants raise three reasons why they believe the Court cannot be fair and impartial in this matter.

- First, because Your Honor "held at least one press conference with various organizations to raise awareness of human trafficking, some of which organization [sic] may be affiliated with witnesses on the government's witness list." (Mot. at 3.)
- Second, based on Your Honor's "close personal and professional connection with the late Senator John McCain and his wife, Cindy McCain, as well as Your Honor's significant support for organizations associated with the McCains, including financial contributions to the McCain Institute." (*Id.*) Defendants then claim that the "McCains and the McCain Institute have been outspoken critics of Backpage.com and a driving force behind political efforts to shut down the site." (*Id.* at 3-4.)
- Third and finally, Defendants believe recusal is appropriate because Your Honor may have had "communications relating to investigations or arrests of any Defendants that could influence the appearance of partiality." (*Id.* at 5.)

Based on these three reasons, Defendants question this Court's impartiality and seek recusal.

**Law and Argument**

**I.      No Specific Grounds for Recusal Apply Under 28 U.S.C. § 455(b)**

The criteria for disqualification of judges are defined by 28 U.S.C. § 455.[1] That statute contains both specific grounds for when judges "shall" disqualify themselves under § 455(b), and a catch-all provision, § 455(a). Here, Defendants do not argue that any of the specific grounds for recusal apply. Appropriately so. None do. For example, the three reasons provided for recusal do not raise the specter of Your Honor holding any "financial interest in the subject matter in controversy," or "any other interest that could be substantially affected by the outcome of the proceeding." § 455(b)(4). Accordingly, Defendants appear to focus their recusal argument on the catch-all language of § 455(a).

**II.     Recusal Isn't Appropriate Under 28 U.S.C. § 455(a)**

Under § 455(a), a district court judge must recuse "in any proceeding in which [her] impartiality might reasonably be questioned." Courts apply an "objective" standard to § 455(a) motions. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). A judge has "as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *Clemens v. U.S. District Court for the Central District of California*, 428 F.3d 1175, 1179 (9th Cir. 2005). The judge must consider "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 1178; *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). The reasonable observer is not a "hypersensitive or unduly suspicious person," *Clemens*, 428 F.3d at 1178-79, nor "a 'partly informed man-in-the-street,' but rather someone who 'understand[s] all the relevant facts' and has examined the record and law." *Holland*, 519 F.3d at 914.

One who seeks recusal must show that the judge's bias or prejudice reflects an obvious inability to fairly preside over the proceeding. *See Liteky v. United States*, 510 U.S. 540, 551-552 (1994). "'Bias' and 'prejudice' as used in recusal statutes connote a

---

[1] Defendants cite "18 U.S.C. § 455," but the United States infers that Defendants meant to cite 28 U.S.C. § 455.

favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess or because it is excessive in degree." *Twist v. U.S. Dep't of Justice*, 344 F. Supp. 2d 137, 141 (D.D.C. 2004) (citing *Liteky*, 510 U.S. at 550). The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913. Moreover, because recusal is an extreme measure, *Twist*, 344 F. Supp. 2d at 142, it may not be based on speculation, innuendo, suspicion, or opinion. *Clemens*, 428 F.3d at 1178-79.

Recusal claims under § 455(a) are "fact driven" and guided "by an independent examination" of the facts and circumstances at issue. *Clemens*, 428 F.3d at 1178. Accordingly, the United States will separately examine the three facts that Defendants claim support recusal.

### A. Participation In A Press Conference To Raise Awareness Of Human Trafficking Is Insufficient To Support Recusal

Defendants' first argument in support of recusal is without merit. Defendants are concerned that Your Honor held a press conference with various organizations to raise awareness of human trafficking. As an initial matter, there are no details provided about when the press conference occurred, who presented, who attended, what press it generated, or anything beyond a conclusory assertion that such a conference happened. But even assuming that Your Honor did participate in a press conference to discuss human trafficking, a recusal isn't necessary. Human trafficking is a crime. *See, e.g.,* 18 U.S.C. § 1591. A "reasonable person" would clearly expect a federal district court judge to take a dim view of any federal crimes. Holding an unfavorable opinion of "human trafficking" is not inappropriate. *See Twist*, 344 F. Supp. 2d at 141 ("bias" under § 455(a) involves a judge's unfavorable opinion about a topic that is inappropriate because it is undeserved).

Defendants also make a conclusory allegation that one of the organizations involved in the press conference "may be affiliated" with witnesses on the United States' witness

list. (Mot. at 3.) The Motion does not identify any such organizations or witnesses. The United States cannot specifically respond to this argument without further details, but even if Your Honor participated in a press conference that also involved a representative of an organization that, in turn, might have some unspecified connection to a potential (but unidentified) prosecution witness, clearly more would be needed to support recusal. A reasonable person would not conclude that Your Honor would be biased against Defendants based on the vague and attenuated assertion that you participated in the same press conference as an organization that has some unknown or unspecified association with an unidentified potential witness.

### B. A Close Connection With The McCains Fails To Establish Any Basis For Recusal

Defendants are wrong when they suggest Your Honor's "close personal and professional connection with the late Senator John McCain and his wife, Cindy McCain" is sufficient to support recusal. Neither Senator McCain nor Cindy McCain are parties or witnesses in this matter, nor have they played any role whatsoever in this prosecution. Defendants' argument that a reasonable person would impute the views of the late-Senator and Mrs. McCain to Your Honor, simply because you may be friends, is far-fetched. Other district court decisions are instructive. For example, in denying a litigant's motion for recusal, a district court judge found that "[t]o my knowledge every federal court faced with arguments for recusal based on friendship have found recusal unnecessary." *M.K. Metals, Inc. v. Nat'l Steel Corp.*, 539 F. Supp. 991, 995 (N.D. Ill. 1984). "In short, friendship between judges and trial actors other than parties, untainted by any financial interests, should not generally justify recusal."[2] *Id.* at 996.

---

[2] The United States found one decision since 1984 that may contradict the *M.K. Metals, Inc.* opinion that no court has recused itself based on friendship with a non-trial actor. In *United States v. Jordan*, 49 F.3d 152 (5th Cir. 1995), the court of appeals found the district court judge should have recused herself because there was a publicized history of "bad blood" between the defendant and a close personal friend of the judge. While noting that friendship between the judge and a person with interest in the case need not be disqualifying, here the judge's friend and the defendant "were embroiled in a series of vindictive legal actions resulting in a great deal of publicity," some of which involved the judge's spouse. *Id.* at 157. The court of appeals remanded for resentencing only, after the

Here, the facts are even more attenuated as the McCains aren't trial actors or connected to this case in any manner, beyond making a handful of public comments in support of Backpage's shutdown. (*See, e.g.,* Mot. at 4-5.)  Senator McCain was familiar with Backpage through, among other things, his work as a member of the United States Senate Permanent Subcommittee on Investigations that issued a report on Backpage in January 2017.[3]  The mere fact that Your Honor has connections to the McCains, or may have made charitable contributions to an Arizona State University institute that bears the late Senator's name (the McCain Institute for International Leadership), does not support recusal.  Indeed, the United States can find no case where a district court recused under such a factual scenario.[4]

As the Supreme Court has noted, "friendship is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue," but not typically in other situations.  *Cheney v. U.S. Dist. Ct. for D.C.,* 541 U.S. 913, 916 (2004).  Neither Cindy McCain's "personal fortune" nor her "personal freedom," nor those of the late Senator's, are at issue.  Recusal isn't warranted.

### C. Defendants Lacey And Larkin's 2007 Arrest Does Not Appear To Implicate Your Honor

In October 2007, Defendants Michael Lacey and James Larkin were arrested by former Maricopa County Sheriff Joe Arpaio.  That arrest led to a lawsuit against Sheriff Arpaio and a settlement with Maricopa County.  (Mot at 5.)  Two months after the arrest, on December 17, 2007, Your Honor was sworn in as the United States Attorney for the

---

original judge sentenced defendant to over 40 years in prison for wire fraud and money laundering convictions where the loss amount was less than $1 million.  *Id*. at 154-155, 158.

[3] BACKPAGE.COM'S KNOWING FACILITATION OF ONLINE SEX TRAFFICKING, U.S. Senate Permanent Subcommittee on Investigations, Jan. 2017, available at: https://www.hsgac.senate.gov/imo/media/doc/Backpage%20Report%202017.01.10%20FINAL.pdf

[4] *Cf. United States ex rel Hamilton v. Yavapai Community College Dist*., CV-12-08193-PCT-PGR, 2014 WL 12656540, at *4 (D. Ariz. Dec. 9, 2014) (discussing several cases where courts denied recusal motions based on a judge's charitable contributions to academic institutions).

District of Arizona. Based on these facts alone, it would appear that Your Honor had no connection to the arrest. Certainly, the settlement with Maricopa County would lead a reasonable person to believe that the United States did not have any role in the ordeal.[5]

This argument for recusal, like the two others, is without merit. All three arguments provide zero support for Your Honor's recusal.

> In determining the necessity for disqualification, all circumstances bearing upon it should be considered. But that does not mean that various circumstances, each insufficient standing alone, mandate sufficiency in totality. Under the factual situation here presented, holding that these various circumstances in combination require disqualification would be tantamount to holding that adding several zeroes together would produce something more than zero.

*M.K. Metals, Inc.*, 539 F. Supp. at 996-997 (quoting *Miller Indus. v. Caterpillar Tractor Co.*, 516 F. Supp. 84, 87 (S.D. Ala. 1980)).

//

//

//

//

//

//

//

//

//

---

[5] This point is buttressed by the fact that the United States Department of Justice subsequently prosecuted Sheriff Arpaio for criminal contempt and obtained a conviction before President Trump pardoned Arpaio. *See United States v. Arpaio*, 887 F.3d 979, 980 (9th Cir. 2018).

**Conclusion**

For the foregoing reasons, Defendants' Motion for Recusal (Doc. 1378) should be denied.

Respectfully submitted this 8th day of November, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

s/ Andrew C. Stone
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

DAN G. BOYLE
Special Assistant U.S. Attorney

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

s/ Gaynell Smith
U.S. Attorney's Office