GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (D.C. Bar No. 1620183, reginald.jones4@usdoj.gov)
Senior Trial Attorney
Criminal Division, U.S. Department of Justice
1400 New York Ave N.W., Suite 1200
Washington, D.C. 20005
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>        v.<br><br>Michael Lacey, et al.,<br><br>            Defendants. | No. CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' MOTION TO PARTIALLY VACATE SEIZURE WARRANTS AND RELEASE FUNDS (Doc. 1366)** |

## INTRODUCTION

In their initial motion, Doc. 1366 (the "Motion"), defendants made no effort to make the showings of need required under either *United States v. Monsanto,* 491 U.S. 600 (1989) or *Luis v. United States*, 136 S. Ct. 1088 (2016), and in fact, they denied that they even had to make such a showing. Yet after the government dedicated much of its response to detailing why these procedural defects were fatal to the Motion, for the first time on reply, defendants now purport to make the very same showings they chose not to make in the first instance – but under seal and *in camera*. Not only has the government been denied an opportunity to respond to this new purported evidence, but the government has no way to assess the accuracy, sufficiency, or even truthfulness of these supposed showings at oral argument. The government respectfully requests leave to file a surreply in the form accompanying this request to address this new argument and purported evidence.

## ARGUMENT

"It is hornbook law that a litigant can't raise new arguments for the first time in a reply." *Macy's Inc. v. H&M Constr. Co. Inc.*, No. CV-17-00990-PHX-DWL, 2018 WL 6040054, at *2 (D. Ariz. Nov. 19, 2018); *see also AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2012 WL 129804, at *1 (D. Ariz. Jan. 17, 2012) ("[W]e do not consider new arguments raised in a reply." (*citing Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990))); *Sunburst Mins., LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1060 (D. Ariz. 2018) ("[T]he rule against introducing new facts on reply is not a new one in this district or in the Ninth Circuit. The rule exists to guard against unfairness and surprise." (internal citations omitted)).

Despite this general rule, in certain instances a Court may exercise its discretion to consider new arguments raised for the first time on reply, but "[i]n order for the court to consider an argument raised for the first time in a reply brief, the opposing party must be given an opportunity to respond to the new argument." *Eaton Veterinary Pharm. Inc. v. Diamondback Drugs of Delaware LLC*, No. 2:14-CV-1208-HRH, 2014 WL 6471427, at *3 (D. Ariz. Nov. 18, 2014). "Each time a moving party is permitted to raise new arguments

or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions." *Save the Peaks Coal. v. U.S. Forest Serv.*, No. CV09-8163-PCT-MHM, 2010 WL 3800896, at *2 (D. Ariz. Sept. 22, 2010)

There is no question that defendants are raising new arguments and purported evidence for the first time on reply, as in their opening brief they asserted (incorrectly) that they did not need to make a showing under *Monsanto*, *see* Doc. 1366, at 8 ("[A] showing under *Monsanto* or *Unimex* is not required"), yet in their reply they purport to make the very same showing they originally claimed they did not need to make – while seeking to try and make this showing *in cam*era. *See* Doc. 1390, at 4 ("Defendants show through sworn declarations, submitted *in camera* and under seal, that they have a dire need for these funds"). The government has plainly been "deprived of the opportunity to address these new contentions." *Save the Peaks,* 2010 WL 3800896, at *2. Defendants strategically chose not to make a threshold showing in their moving brief, and instead, purported to make this showing through *in camera* declarations attached to a reply, when the United States would not ordinarily be entitled to respond. The prejudice of permitting this filing is magnified because defendants are not simply offering new arguments and evidence, but as addressed in more detail in the United States' proposed surreply, are claiming to make – *in camera* – a threshold showing they refused to make in their original motion.

The Court can – and should – refuse to consider this new argument and purported evidence. See MJG Enterprises, Inc. v. Cloyd, No. CV-10-0086-PHX-MHM, 2010 WL 3842222, at *6 (D. Ariz. Sept. 27, 2010) ("The Ninth Circuit has consistently held that where new arguments and new evidence is submitted for the first time in a reply brief, the arguments and evidence may be stricken." (*citing Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003))). If the Court does not disregard this new argument and evidence outright, however, the United States requests leave to file the accompanying proposed surreply, which details why defendants' attempt to make their required *Monsanto* showing *in camera* is procedurally improper, unsupported by controlling law,

fundamentally unfair, and would violate basic principles regarding the public's right of access to judicial documents.

## CONCLUSION

The United States respectfully requests that the Court permit the United States to file a Surreply in Further Opposition to Defendants' Motion to Partially Vacate Seizure Warrants and Release Funds (Doc. 1366).

Respectfully submitted this 18th day of November, 2021.

>GLENN B. McCORMICK
>Acting United States Attorney
>District of Arizona
>
> s/Dan G. Boyle
>DAN G. BOYLE
>Special Assistant U.S. Attorney
>
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER S. KOZINETS
>ANDREW C. STONE
>Assistant U.S. Attorneys
>
>KENNETH POLITE
>Assistant Attorney General
>U.S. Department of Justice
>Criminal Division, U.S. Department of Justice
>
>REGINALD E. JONES
>Senior Trial Attorney
>U.S. Department of Justice, Criminal Division

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

s/Marjorie Dieckman
U.S. Attorney's Office