GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (D.C. Bar No. 1620183, reginald.jones4@usdoj.gov)
Senior Trial Attorney
Criminal Division, U.S. Department of Justice
1400 New York Ave N.W., Suite 1200
Washington, D.C. 20005
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Michael Lacey, et al.,

Defendants.

No. CR-18-422-PHX-DJH

**UNITED STATES' [PROPOSED] SURREPLY TO DEFENDANTS' MOTION TO PARTIALLY VACATE SEIZURE WARRANTS AND RELEASE FUNDS (Doc. 1366)**

## INTRODUCTION

*In camera* review is the exception, not the rule. It is certainly not a tool for a criminal defendant to avoid the adversarial process while trying to release funds including tens of millions of dollars in criminal proceeds his coconspirators have already agreed to forfeit pursuant to guilty pleas. And yet, that is exactly what defendants are attempting here.

Courts regularly refuse to consider new arguments and evidence raised for the first time on reply, and the Court should deny the defendants' motion outright. If the Court nonetheless chooses to consider this new argument and evidence, however, the Court should deny defendants' request for *in camera* review, order that defendants publicly file copies of the *in camera* declarations within 48 hours, and grant the government 14 days to file a supplemental response in accordance with L.R. Civ 7.2(e)(1). No further replies should be permitted, as defendants have plainly abused that privilege.

## ARGUMENT

"The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also United States v. Bigley*, No. 2:14-CV-0729-HRH, 2015 WL 854474, at *2 (D. Ariz. Feb. 27, 2015) ("This new argument is procedurally defective because it was raised in defendants' reply, thereby depriving plaintiff an opportunity to respond to the argument."). While the prejudice of raising new arguments or evidence on reply can at times be cured by permitting a surreply, that is not the case here, where defendants are not only presenting new arguments and evidence, but are also offering those same new arguments and evidence *in camera*, so the government cannot reasonably respond to them. Even now, the government can only speculate as to whether defendants have made their required showings, and this prejudice is magnified by the troublingly-brief explanation of these *in camera* filings disclosed in defendant's reply, which barely consists of one paragraph. *See* Doc. 1390, at 4. Defendants are attempting to deny the United States an opportunity to challenge their purported Sixth Amendment injury: first defendants claimed they did not need to make such a showing in

their opening brief (Doc 1366, at 8), then they purported to make this showing in their reply brief (Doc. 1390, at 4), but only *in camera*, while saying as little as possible. *Id*. This is an affront to the adversarial process. The Court should refuse to consider this new purported evidence and deny defendant's Motion (Doc. 1366) for this reason alone.

Second, defendants cite no precedent – *at all* – justifying their attempt to make a *Monsanto* showing *in camera*. This issue was recently analyzed in *United States v. Kolfage*, where a defendant similarly attempted to make a *Monsanto* showing *ex parte*, and the *Kolfage* court denied this request, noting that courts have a general policy of "disfavoring *ex parte* submissions to resolve the Fifth and Sixth Amendment tensions." No. 20 CR. 412, 2021 WL 1792052, at *7 (S.D.N.Y. May 5, 2021).[1] Similarly, in *United States v. Bokhari*, the court held that "[s]ubmissions for the *Monsanto* hearing may be filed under seal, with permission of the reviewing judge, but, absent compelling circumstances, they may not be filed in an *ex parte* manner" and that a court must "balance the proffered need for an *ex parte* filing and the scope, purpose, and design of the *Monsanto* hearing … bearing in mind the presumption against *ex parte* submissions in our adversarial system." No. CR 14-30044-MGM, 2015 WL 7303535, at *7 (D. Mass. Nov. 19, 2015). In a related context, in *United States v. Keyes*, the court considered whether a challenge to the accuracy of a defendant's sealed CJA Financial Affidavit should be addressed *in camera*, and concluded that "in balancing the interests at issue, contested appointments of counsel under the CJA Act are best decided in an adversarial proceeding. It is only through this process that the accuracy of the information provided by the defendant can be accurately tested." 675 F. Supp. 2d 988, 991 (D. Ariz. 2009) (*citing United States v. Harris*, 707 F.2d 653, 662–63 (2nd Cir.1983))). Finally, in *United States v. Wetselaar,* which appears to be the lone in-circuit case where defense counsel was permitted to file certain *Monsanto* documents *in*

[1] The *Kolfage* court held that its decision "was not leaving the defendant in an untenable spot" as the government would not be permitted to use any such submissions in its case in chief a trial, if such information was not otherwise available. *Id*. The government has no objection to a similar condition here.

*camera*, the defendant was still ordered to provide the government with redacted versions of these same documents (apparently redacting the billing diaries reflecting counsel's specific work), and the court nonetheless found that the defendant had failed to make a sufficient showing under *Monsanto*, because a "bare assertion of financial need is insufficient to justify a *Monsanto* hearing." No. 2:11-CR-00347-KJD, 2013 WL 8206582, at *20 (D. Nev. Dec. 31, 2013) (permitting "defense counsel to file an affidavit regarding billing for *in camera* review and provide the Government with a redacted copy"), *report and recommendation adopted*, No. 2:11-CR-00347-KJD, 2014 WL 1366722 (D. Nev. Apr. 7, 2014).[2] Defendants have cited no precedent for their attempt to subvert the adversarial process by making their required *Monsanto* showing *in camera*. For this reason, the Court should refuse to consider this new evidence and deny the Motion.

Third, there is simply no reason for defendants to be permitted to make their *Monsanto* showing *in camera*, as the details of a defendant's ability to pay counsel are the very facts in controversy in a *Monsanto* (or *Luis*) motion. It would make little sense for a court to permit defendants to file *in camera* information which the court would necessarily disclose in any order which granted the relief requested. *See, e.g, United States v. Bonventre*, 720 F.3d 126, 132-133 (2d Cir. 2013) (detailing assets disclosed in defendant's *Monsanto* submission including incoming payments, current assets, and expected trial costs). Indeed, the point of a *Monsanto* showing is that a defendant lacks sufficient assets

---

[2] Neither is the attorney-client privilege a basis for *in camera* review: the privilege governs communications between an attorney and client, so it plainly would not protect a defendant's disclosure of his own financial information to the Court. Neither would any attorney affidavits generally describing their total billing, hours worked, schedules of payments, prior expenses, or amounts owed be privileged. *See United States v. Amlani*, 169 F.3d 1189, 1194 (9th Cir. 1999) ("[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."). At most, like in *Wetselaar,* counsel might be permitted to redact the descriptions of their work billed which might reveal litigation strategy or client communications. But like in *Wetselaar* and as discussed herein, attorney bills can at most show that counsel is not being paid, but they cannot show whether or not defendants actually have unseized funds to pay counsel.

to pay counsel of choice – *i.e.* she should have little to no wealth to disclose. Permitting defendants to make their purported showing *in camera* simply ensures that the United States has no chance to respond to such information until *after* it appears in the Court's decision, at which point the United States would be left with no option but to seek reconsideration if these figures are inaccurate or conflict with the government's evidence.[3]

Fourth, while the United States can only speculate as to what defendants are seeking to submit *in camera*, what little they have disclosed suggests they are still attempting to avoid their burden under *Monsanto*, which the United States should be allowed to challenge. Defendants have not disclosed who these *in camera* declarations are sworn by, only writing vaguely that "[a]s set forth in the declarations, defense counsel are currently owed substantial amounts of earned legal fees for work that has already been done and costs that have already been incurred" and that they "also provide an estimate for the cost of a second trial." Doc. 1390, at 4. But if these *in camera* declarations are simply counsel swearing that they have not been paid,[4] then that proves little more than their argument did in the Motion – for whatever reason, defendants are not paying their counsel. Perhaps defendants truly lack funds, or perhaps they simply prefer to keep their remaining funds hidden to hedge their bets on the outcome of their criminal trial. But in any event, and as

---

[3] As one example, an estimated $1,170,000 in luxury vehicles, jewelry, art, and personal effects were returned to the defendants last year, *see* Docs.1036-1037, but defendants do not explain why they are not seeking to use this returned property to fund their defense, and they have never requested permission to liquidate this property to pay their counsel. If these assets are not disclosed in the *in camera* filings, this might be one potential basis for reconsideration of any order granting the Motion.

[4] It also unclear whether these declarations disclose defense counsel's billings and collections to date. Considering the caliber of the defense team and the number of filings in the Criminal, Civil, and Backpage Actions (collectively approaching 2000 docket entries), as well as three interlocutory appeals, the government estimates this amount likely runs well into the millions of dollars. Courts have found no Sixth Amendment injury in such circumstances. *See, e.g., United States v. Patel*, No. 5:11-CR-00031, 2018 WL 6579989, at *6 (W.D. Va. Dec. 13, 2018) (defendant "did not need the restrained assets to retain counsel as he was represented by retained counsel of his choice and had already paid counsel fees in an amount the court considered to be sufficient to defend this case").

described in the United States' Response, *Monsanto* relief is reserved for when a defendant _cannot_ pay counsel due to the government's seizures. *See* Doc. 1384, at 6-7, 10-11. The fact that counsel may have exhausted their retainers and may be cause for a motion to withdraw, but that alone does not justify *Monsanto* relief. Defendants are not entitled to hide their remaining assets in hopes of using seized assets to fund their defense instead.[5]

Finally, there is a strong presumption of open access to judicial documents, and defendants have offered no explanation why this presumption should not apply here. Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n.7 (1978)). Defendants are seeking to release and spend tens of millions of dollars which might otherwise be available to pay Backpage's substantial restitution order to victims, and the public and victims have a powerful interest in understanding why the Court might chose to grant such a request.[6] It is not difficult to speculate why defendants with long histories of civil litigation and victim lawsuits might not want to publicly disclose their assets, but embarrassment or annoyance is no justification for deny public access to a judicial record. *See Kamakana*, 447 F.3d at 1179 ("[A] litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

---

[5] Nowhere in the reply do defendants explain what would become of any released funds which were ultimately not used to pay counsel, so presumably defendants have either ignored this point or argued it *in camera*. Whether under *Monsanto* or *Luis*, relief is limited to those funds actually needed to retain counsel of choice. Defendants are seeking to release an amount that runs well into the tens of millions of dollars, and even counsel of this caliber might be hard-pressed to spend every last dollar of this money.

[6] The government submits that granting the Motion would effectively be dispositive of these assets, and thus the "compelling reasons" rather than "good cause" standard should apply, *see Kamakana*, 447 F.3d at 1180-1181, but under either standard, defendants have not attempted to meet their burden. *See also United States v. Nicholas*, 594 F. Supp. 2d 1116, 1130 (C.D. Cal. 2008) (holding that closure of records and proceedings in a criminal action "although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness").

**CONCLUSION**

For the reasons stated herein and in the United States' Response (Doc. 1384), Defendants' Motion to Partially Vacate Seizure Warrants and Release Funds (Doc. 1366) should be denied. Alternately, the Court should Order defendants to publicly file within 48 hours all declarations and exhibits filed in support of their Reply (Doc. 1390), and permit the United States to file a supplemental response within 14 days of such a public filing.

Respectfully submitted this 18th day of November, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/Dan G. Boyle*
DAN G. BOYLE
Special Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/Marjorie Dieckman*
U.S. Attorney's Office