1   GARY M. RESTAINO
    United States Attorney
2   District of Arizona

3   KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
    MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4   PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
    ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
5   Assistant U.S. Attorneys
    40 N. Central Avenue, Suite 1800
6   Phoenix, Arizona 85004-4408
    Telephone (602) 514-7500
7
    DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
8   Special Assistant U.S. Attorney
    312 N. Spring Street, Suite 1400
9   Los Angeles, CA 90012
    Telephone (213) 894-2426
10
    KENNETH POLITE
11  Assistant Attorney General
    Criminal Division, U.S. Department of Justice
12
    AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
13  U.S. Department of Justice
    Child Exploitation and Obscenity Section
14  1301 New York Avenue, NW, 11th Floor
    Washington, D.C. 20005
15  Telephone (202) 412-4136
    *Attorneys for Plaintiff*

16                  **IN THE UNITED STATES DISTRICT COURT**

17                     **FOR THE DISTRICT OF ARIZONA**

18

19  United States of America,                      CR-18-422-PHX-DJH

20                 Plaintiff,

21        v.                                **UNITED STATES' MOTION
                                            IN LIMINE TO PRECLUDE
22                                          REFERENCES TO
                                            CERTAIN OTHER LITIGATION**
23  Michael Lacey, et al.,

24                 Defendants.

25

26

27

28

1    The United States moves *in limine* to preclude Defendants, counsel, and witnesses
2    from making reference in the presence of the jury to any of the following: (1) any reference
3    to the previous trial in this matter; and (2) any prior case or legal decision not involving
4    Backpage. These references should be excluded under Fed. R. Evid. 401-403 and 802.[1]

5    References to the September 2021 trial are irrelevant because they would not tend
6    to make the existence of any fact that is of consequence more or less probable. *See* Fed. R.
7    Evid. 401. Trial ended after only a few days of witness testimony, while "the Government's
8    case-in-chief was in its infancy." *United States v. Lacey*, 2021 WL 6197907, at *5 (D. Ariz.
9    Dec. 29, 2021). "Of [76] government witnesses, only four had testified. At minimum, the
10   government still had a clear path to prevailing at trial." *United States v. Lacey*, 2022 WL
11   4363818, at *2 (9th Cir. Sept. 21, 2022).

12   The earlier, foreshortened trial is not probative of Defendants' guilt or innocence,
13   and discussion of that trial or how it ended is not relevant here. *See United States v. Miller*,
14   2022 WL 17464479, at *1 (E.D. Ky. Dec. 6, 2022) (evidence of the defendant's previous
15   trial "is not probative of the defendant's guilt or innocence and so is irrelevant"); *United*
16   *States v. Arrington*, 2022 WL 4077685, at *3 (W.D.N.Y. Sept. 6, 2022) ("the Court cannot
17   fathom how mentioning the prior trial or its result would be relevant in the retrial"). *Cf.*
18   *United States v. De La Rosa*, 171 F.3d 215, 219 (5th Cir. 1999) ("a prior acquittal is not
19   relevant because it does not prove innocence but rather merely indicates that the prior
20   prosecution failed to meet its burden") (cleaned up).

21   Alternatively, the Court should preclude discussion of the prior trial under Rule 403.
22   *Arrington*, 2022 WL 4077685, at *3 ("[A]side from relevancy, remarking on the prior trial
23   or its outcome would certainly confuse and mislead the new jury, and unfairly prejudice
24   the Government"). Any reference to the prior trial would create an undue risk of confusing
25   the issues, wasting time, and misleading the jury. If the defense were permitted to reference

26

27   [1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good
28   faith with Defendants' counsel regarding the relief requested in this motion, and the parties
     could not reach agreement. The Court has not previously considered or ruled on the motion.

- 1 -

1    the mistrial, the United States would have to explain to the jury the Court's reasoning in

2    granting the mistrial. It may then need to explain how Defendants unsuccessfully sought

3    an interlocutory appeal, which further delayed retrial. Again, such discussions would only

4    take more time, and risk confusing the issues and misleading the jury.

5            Moreover, the prior trial and the mistrial order are hearsay not admissible under any

6    exception. *See* Fed. R. Evid. 802. Because Defendants' "first trial did not end in a

7    conviction, the hearsay exception related to prior trials is inapplicable here." *United States*

8    *v. Thomas*, 214 F. Supp. 3d 187, 194 (E.D.N.Y. 2016) (citing Fed. R. Evid. 803(22)).

9            The United States recognizes that the parties may impeach witnesses with their

10   testimony from the first trial, but requests an order that the parties not be allowed to refer

11   to the testimony as coming from a "first trial," "prior trial," "earlier trial," or "mistrial," or

12   otherwise reference that trial. In referencing testimony from the first trial, the parties should

13   refer to the testimony as being taken at a prior "proceeding" or "hearing," without

14   identifying that proceeding as an earlier trial in this case. *See Arrington*, 2022 WL 4077685,

15   at *3 (approving similar language); *United States v. Hicks*, 2018 WL 1789932, at *2

16   (W.D.N.Y. Apr. 16, 2018) (same); *Jelinek v. Am. Natl. Prop. and Cas. Co.*, 2019 WL

17   5425254, at *4 (W.D. Wash. Oct. 23, 2019) ("there is little probative value to referring to

18   a prior trial given the potential for unfair prejudice"; approving similar language).

19           During opening statements in the first trial, defense counsel made multiple, oblique

20   references to various obscenity cases, and proceeded to explain to the jury the supposed

21   difference between the "Playboy standard" the "Penthouse standard" and the "Hustler

22   standard." Counsel concluded "there were a lot of people that thought they [the magazines]

23   were doing something illegal, let's stop them. But the First Amendment protected all of

24   them just like it protects the internet sites." (Doc. 1342 at 84:20-85:10); *see also id.* at 87:5-

25   11 ("to assert their taste standards . . . to see if it passed muster under the Backpage rule of

26   no illegality, and Playboy versus Hustler Magazine standard.").

27           It is black letter law that the court instructs on the law, not attorneys. *United States*

28   *v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988) ("[r]esolving doubtful questions of law is the

1    distinct and exclusive province of the trial judge," and "the judge, not counsel, instructs

2    the jury on the law"), *overruled on other grounds by United States v. Morales*, 108 F.3d

3    1031 (9th Cir. 1997). For this reason alone, Defendants should be precluded from citing

4    legal authority at any stage of the trial. *See, e.g.*, *United States v. Zielie*, 734 F.2d 1447,

5    1455 (11th Cir. 1984) (trial judge did not abuse discretion by preventing defendant from

6    making disputed legal arguments during opening statement), *abrogated on other grounds*

7    *by United States. v. Chestang,* 849 F.2d 528, 531 (11th Cir. 1988)); *Davis v. Maggio*, 706

8    F.2d 568, 571 (5th Cir. 1983) (no error in preventing defendant from making legal

9    arguments in opening statements).

10          References to these other cases should be precluded because they have no relevance

11   to this prosecution, Fed. R. Evid. 401-402, and such discussion would serve only to confuse

12   the issues, mislead the jury, and waste time, Fed. R. Evid. 403. If Defendants are permitted

13   to discuss the history of obscenity case law in this country through conclusory statements

14   about magazines like Playboy, Penthouse, and Hustler, the United States will need to spend

15   time explaining to the jury how those cases involved different statutes and very different

16   issues from this case such that any notion of inconsistency is reconciled for the jury. This

17   would risk devolving the trial into a serious of mini trials about these issues—all of which

18   are far afield from the conspiracy, Travel Act, and money laundering charges at issue here.

## Conclusion

20          This Court should preclude counsel, defendants, and their witnesses from

21   referencing other litigation in front of the jury, including but not limited to the following:

22   1. Any reference to the previous trial in this matter, including but not limited to the

23       references to the fact that the trial ended in a mistrial; provided, however, that

24       witness testimony used to impeach can be described as having been taken at a "prior

25       proceeding" or "prior hearing"—without identifying that proceeding as an earlier

26       trial or mistrial in this case; and

27   2. Any prior case or legal decision not involving Backpage, including, but not limited

28       to Playboy, Penthouse, Hustler, etc.

1      Respectfully submitted this 8th day of June, 2023.

2
                                        GARY M. RESTAINO
3                                       United States Attorney
                                        District of Arizona
4

5                                       KENNETH POLITE
                                        Assistant Attorney General
6                                       Criminal Division, U.S. Department of Justice

7       s/Kevin M. Rapp
                                        KEVIN M. RAPP
8                                       MARGARET PERLMETER
                                        PETER KOZINETS
9                                       ANDREW STONE
                                        DANIEL BOYLE
10                                      Assistant U.S. Attorneys

11                                      AUSTIN M. BERRY
                                        Trial Attorney
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office

- 5 -