GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENSE FROM INTRODUCING NON-WITNESSES OR NON-EVIDENCE** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The United States moves *in limine* to preclude Defendants, their counsel, and their witnesses from commenting, during opening statements or closing argument, on any facts or evidence or individuals that are not anticipated to be introduced into evidence at the trial. For example, during opening statements on September 8, 2021, defense counsel asked the wife and children of one of the defendants to rise in the audience so that he could show them to the jury. (Doc. 1342 at 29:18-22 ("He's got six children. I'm going to ask if they can stand up. And his wife Molly. We have several here. He raised six children. You're looking at his wife Molly and four of them. You guys can all have a seat.").) Similarly, defense counsel mentioned facts that are not anticipated to be introduced through any witness because they are irrelevant. For example, the defense mentioned that Defendant Larkin "[w]ent to Catholic high school here. Went to Phoenix Community College." (Doc. 1342 at 29:15-16.) Likewise, defense counsel offered that "[i]n [Larkin's] personal life, he does not participate or partake in the kind of activities that you are going to hear about today, much like he never participated or partook in many of the activities that his newspaper allowed to be printed about, or people to send in advertisements." (Doc. 1342 at 29:23 to 30:2.) In yet another example, defense counsel told the jury, "to show you the genuineness of these gentlemen as newspaper people, they won over 3,800 awards including the xxx [sic] Pulitzer Prize for a critical article. That's the real deal. These are real newspaper people, and that's where Mike lives. He's a newspaper man." (Doc. 1343 at 33:7-12.)

Additionally, Defendants discussed a civil lawsuit in which Defendants Lacey and Larkin sued a Maricopa County law enforcement official and won a money judgment. (Doc. 1343 at 28:17-29:5.) This information lacks any relevance to the conspiracy, Travel Act, and money laundering charges at issue. On the other hand, discussing this separate litigation—which has no connection whatsoever to the instant prosecution of the former owners and operators of the internet's largest (until 2018) source of prostitution advertising—presents a serious risk of confusing the issues, wasting time, and misleading the jury. If Defendants are permitted to discuss how one local law enforcement official

violated the law by retaliating against them for something they published in a newspaper, the United States will have to explain the difference between the publishing of an article critical of an elected public official and the range of criminal conduct alleged in the 100-count Superseding Indictment here. (Doc. 230.)

All of these comments and theatrics are irrelevant to the issues before the jury and are unfairly prejudicial inasmuch as they attempt to present evidence of Defendants' character and general likeability as a person (local, religious, family oriented, successful), rather than on Defendants' actions and intent concerning the charged offenses. Accordingly, all such comments should be precluded under Fed. R. Evid. 401-403.[1]

## Conclusion

The Court should preclude Defense counsel from:

1. Introducing any Defendant's family or friends in the audience during opening statements or closing arguments;
2. Referencing or discussing any awards received by any of Defendants;
3. Stating facts or opinions in opening statement that are not anticipated to be introduced at trial, e.g., personal history, religious affiliation, family members, etc.; and
4. Referencing any prior case or litigation involving any of Defendants, including, but not limited to Defendant Lacey and Larkin's retaliation lawsuit against a local Maricopa County law enforcement official.

---

[1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

Respectfully submitted this 8th day of June, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> KENNETH POLITE
> Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
> *s/Kevin M. Rapp*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER KOZINETS
> ANDREW STONE
> DANIEL BOYLE
> Assistant U.S. Attorneys
>
> AUSTIN M. BERRY
> Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office