Timothy J. Eckstein, 018321
  teckstein@omlaw.com
Joseph Roth, 025725
  jroth@omlaw.com
Sarah P. Lawson, 036436
  slawson@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, AZ 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CASE NO. 2:18-cr-00422-004-PHX-DJH<br><br>**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' PURPORTED GOOD FAITH RELIANCE ON ADVICE OF COUNSEL (DKT. 1599)** |

DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

Paul J. Cambria, Jr. *(admitted pro hac vice)*
   pcambria@lglaw.com
Erin McCampbell Paris *(admitted pro hac vice)*
   eparis@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Eric W. Kessler
   eric.kesslerlaw@gmail.com
Kessler Law Group
6720 N. Scottsdale Rd., Suite 210
Scottsdale, AZ  85253
Telephone: (480) 644-0093
Facsimile: (480) 644-0095

Bruce S. Feder, 004832
   bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorneys for Defendant Scott Spear

David Eisenberg, 017218
   david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand, 024181
   joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
PO Box 2734
Scottsdale, Arizona 85252
Telephone: (602) 374-5321
Facsimile: (480) 361-4694

Attorney for Defendant Joye Vaught

DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

## I.  INTRODUCTION

The Government's motion to preclude references and testimony regarding attorney advice contradicts the Government's prior actions and positions in this case.  *First*, the Government interviewed Carl Ferrer repeatedly about attorney advice regarding the legality of Backpage's operations.

*Second*, while failing to apprise the Court that it was already questioning Ferrer regarding attorney advice, the Government moved for an order permitting it to do so.  Dkt. 195.  Judge Logan denied the Government's motion.  Dkts. 338, 345.  Nevertheless, the Government continued questioning Ferrer about attorney communications.

*Third*, the Government opposed a motion to dismiss based on these privilege invasions (Dkt. 942), arguing that the attorney communications were not privileged and, if they ever were, the privilege had been waived.  Dkt. 998 at 1-2.  Judge Brnovich agreed and denied the motion.[1]  Dkt. 1168.  Though erroneous, that ruling is the law of the case.

*Fourth*, the Government submitted witness and exhibit lists that reflect purported "notice" evidence from banks, credit card companies, the National Association of Attorneys General (NAAG), the National Center for Missing & Exploited Children (NCMEC), and media outlets regarding the alleged illegality of Backpage's operations. *See, e.g.*, Dkt. 1313 at Exhs. 119, 171, 178a, 486, 681, 1052-55, 1768-a.

Against this backdrop, during opening statements in the first trial, the Court overruled the Government's objections to defense counsel referencing attorney advice. That advice—validated by the results of numerous judicial proceedings and countless accolades from law enforcement—led Defendants to believe they were acting in compliance with the law.  These evidentiary rulings are the law of the case.  And the attorney advice is relevant regardless of whether the Court allows an advice of counsel defense since it is evidence of good faith, which negates specific intent.  *See Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961).

---

[1] The Court did not decide whether Ferrer had the capacity to waive the attorney-client privilege on behalf of Backpage.  Dkt. 1168 at 19 n.5.

Finally, it is premature to consider whether Defendants are entitled to an advice of counsel jury instruction. Case law makes clear that the Court should decide that question after considering the evidence that comes in at trial.[2]

## II. ARGUMENT

### A. The Law of the Case Requires Denial of the Motion.

Prior briefing set forth in detail the Government's extensive inquiry into lawyer advice and communications involving the legality of Backpage's business practices (including ad moderation), the protections afforded by the First Amendment, and defenses to a potential federal criminal prosecution.[3] The Government interviewed Ferrer about the contents of written legal memoranda and emails prepared by several attorneys, including former state and federal prosecutors and First Amendment specialists. *See* Dkt. 1168 at 4-6. In its exhibit lists, pre-trial motions, and even its opening statement in the first trial, the Government previewed its attacks on the propriety of Backpage's attorney communications.[4]

To defend against these attacks, and rebut the suggestion that Defendants were put on notice of wrongdoing, Defendants referenced this attorney advice during their opening statements in the first trial. For example, the Government's allegations regarding letters to Backpage from NCMEC and NAAG are inextricably intertwined with the contemporaneous advice Defendants were receiving regarding these letters. Judge Brnovich approved this approach and *overruled* the Government's objections:

> MR. BIENERT: ***Lawyers, you'll hear Mr. Ferrer -- and I'll talk about him in a minute -- their witness is going to tell them how he told them, we had lawyers the whole time telling us that our moderation practices were legal, that we were protected by the First Amendment.***

---

[2] The motion should also be denied for failure to abide by the Court's order requiring "proposed language for the order being sought from the Court." Dkt. 1524 at 3-4.

[3] *See* Dkts. 942 (lodging Ferrer MOIs under seal), 1000, 1023, 1234, 1238, 1258.

[4] *See, e.g.*, Dkt. 1341 at 23:14-15 (belittling Samuel Fifer of Dentons, one of Backpage's highly-respected First Amendment lawyers and the recipient of the NAAG letters, as a "public relations representative."); *id.* at 24:11-15 (questioning whether Backpage's attorneys were forthcoming with "the AGs and others that they were doing everything they could to prevent these ads from being posted on the website.").

2
DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

1    MR. JONES: Objection.

2    **THE COURT: *The objection is overruled.***

3 Dkt. 1342 at 54:2-21 (emphasis added).[5]

4    The Court's evidentiary rulings during the first trial are likewise the law of the case. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 777924, at *3 (N.D. Cal. Feb. 29, 2016) (holding that prior rulings on "evidentiary objections" are the law of the case).

###    B.    The Government's Request Is Premature.

In arguing that Defendants may not raise an advice of counsel defense, the Government cites *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961) and *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470 (N.D. Cal. May 22, 2021), both of which undercut the Government's argument. The court in *Holmes* deferred ruling on the very same "premature" motion *in limine* that the Government brings here. *Holmes* at *51. In *Bisno*, the court received advice of counsel evidence, concluding at the end of the case that the evidence did not warrant an advice of counsel instruction (but still went to the defendant's good faith): "While the foregoing may constitute some evidence of good faith, it falls short of the minimum proof required to justify an instruction relating to advice of counsel." *Bisno*, 299 F.2d at 719. Defendants are therefore not required, as the Government suggests, to disclose pre-trial any intent to pursue a defense based on attorney advice (whether an advice of counsel or good faith defense).

---

[5]    *See also* Dkt. 1343 at 35:23-36:16 ("And if you were a reasonable person of reasonable intelligence -- and I submit that Mike Lacey is -- and ***you were told we have a number of lawyers who are skilled in the First Amendment area and in the criminal area, some former prosecutors and so on, and they have advised us*** that we -- MR. JONES: Objection, Your Honor. THE COURT: What's your objection? . . . . MR. JONES: Sorry. He's misstating the law, Your Honor. MR. CAMBRIA: I didn't state the law, Your Honor. THE COURT: ***The objection is overruled***." MR. CAMBRIA: Thank you. -- and ***that you have hired lawyers who specialize in this area and they have advised you how to do these things lawfully and not be somebody who is advancing or promoting***.") (emphasis added).

3
DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED: June 15, 2023        Respectfully submitted,

Timothy J. Eckstein
Joseph Roth
Sarah P. Lawson
Osborn Maledon, P.A.

By:    */s/ Timothy J. Eckstein*
              Timothy J. Eckstein
       Attorneys for Defendant James Larkin


DATED: June 15, 2023        Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:    */s/ Gary S. Lincenberg*
              Gary S. Lincenberg
       Attorneys for Defendant John Brunst


DATED: June 15, 2023        Paul J. Cambria
Erin McCampbell Paris
Lipsitz Green Scime Cambria LLP

By:    */s/ Paul J. Cambria*
              Paul J. Cambria
       Attorneys for Defendant Michael Lacey


DATED: June 15, 2023        Kessler Law Group

By:    */s/ Eric W. Kessler*
              Eric W. Kessler
       Attorney for Defendant Scott Spear

| | | |
|---|---|---|
| DATED: June 15, 2023 | | Feder Law Office, P.A. |
| | By: | */s/ Bruce S. Feder* |
| | | Bruce S. Feder |
| | | Attorney for Defendant Scott Spear |
| | | |
| DATED: June 15, 2023 | | The Law Office of David Eisenberg, PLC |
| | By: | */s/ David Eisenberg* |
| | | David Eisenberg |
| | | Attorney for Defendant Andrew Padilla |
| | | |
| DATED: June 15, 2023 | | Joy Bertrand Esq. LLC |
| | By: | */s/ Joy Malby Bertrand* |
| | | Joy Malby Bertrand |
| | | Attorney for Defendant Joye Vaught |