**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone:  602-374-5321
Fax:  480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR:  DEFENDANT JOYE VAUGHT**

Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE FROM CRITICIZING THE "LEGITIMACY OF THE PROSECUTION"** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral Argument Requested) |

Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona  85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona  85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

1  *Attorneys for John Brunst*

2  David S. Eisenberg
   DAVID EISENBERG PLC
3  3550 N. Central Ave., Ste. 1155
   Phoenix, Arizona 85012
4  (602) 237-5076
   david@eisenbergplc.com
5
   *Attorneys for Andrew Padilla*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The common thread behind the Government's argument in each of its new Motions *in Limine* is, in essence, that the Government has an unfettered right to its convictions in this case, notwithstanding its lack of any evidence showing any Defendant had any actual knowledge of any of the charged ads in the Superseding Indictment, as this Court has repeatedly stated it must prove.

The prosecution's ongoing attack on the First Amendment now includes its attempts to chill the First Amendment rights of the Defendants and Defense Counsel during the trial. The Government's Motion appears to ask the Court for a sweeping order barring the Defense from even questioning the legitimacy of the Government's conduct in this investigation and prosecution. (ECF Doc. 1598 at 2) Such a broad prohibition would be patent reversible error. Even if the Government limited its request to the two, specific quotes it cites from Defense opening statements at the first trial, an order precluding mention of the pending forfeiture action or the fact that the Government could have pursued a civil remedy, such a prohibition would be improper and violate the First, Fifth, and Sixth Amendments.

**I.  In Seeking to Prohibit Criticism of its Prosecution, the Government Seeks to Impermissibly Curtail the First Amendment Rights of the Defense.**

A prior restraint on speech is "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n. v. Stuart*, 427 U.S. 539, 559 (1976). Any such restraint "bear[s] a heavy presumption against its constitutional validity." *New York Times. Co. v. United States*, 403 U.S. 713, 714 (1971).

Defendants have a First Amendment right to criticize their prosecutions. *United States v. Rosenthal*, 2007 WL 801647 at *6 (N.D. Cal. 2007). Defense Counsel also have First Amendment protections in the context of their representation of criminal defendants. *Arizona Attorneys for Criminal Justice v. Ducey*, __ F.Supp.3d __, 2022 WL 16631088 at *15 (Dist. AZ. 2022).

Attorneys, as officers of the Court, may have additional limits placed on their speech. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1068 (1991). A gag order on

attorneys involved in a particular case should be ordered only if (1) the attorneys' speech presents a substantial likelihood of material prejudice to the proceedings; (2) the proposed protective order is narrowly tailored; (3) alternatives to the protective order would not be effective; and (4) the order would be effective in achieving the government's goal. *United States v. McGregor, et al.*, 838 F.Supp.2d 1256, 1262 (M.D. Ala. March 11, 2013). Ordinarily, the speech at issue is outside of the courtroom, such as through statements to the press, because the Court has a duty to prevent potential jurors from the taint of improper pretrial publicity. In this case, the Government even seeks to restrict criticism of its prosecution *before* the jury, *in* court. If the Defense cannot criticize this prosecution in court, before jury, then where can it?

## II.  The Government Seeks to Preclude the Defense from Presenting a Defense, Which, if Granted, Would Violate the Fifth and Sixth Amendments.

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense,'" *Crane v. Kentucky,* 476 U.S. 683, 690 (1986). This right includes, "at a minimum, ... the right to put before a jury evidence that might influence the determination of guilt." *Id.* Whether grounded in the Sixth Amendment's guarantee of compulsory process or the Fifth Amendment's guarantee of due process, "the Constitution guarantees criminal defendants a 'meaningful opportunity to present a complete defense.'"

This right to a meaningful opportunity to present a complete defense is secured by the Confrontation Clause of the Sixth Amendment, *Davis v. Alaska,* 415 U.S. 308, 315 (1974), the Compulsory Process Clause of the Sixth Amendment, *Holmes v. South Carolina,* 547 U.S. 319, 324 (2006), and the Due Process Clause of the Fourteenth Amendment, *Chambers v. Mississippi,* 410 U.S. 284, 290 n.3 (1973).

The Defense has a right to show to the jury not only the weaknesses of the Government's case, but also the motives underlying the prosecution and its witnesses. The Government, however, appears to seek a sweeping prohibition of any criticism of its prosecution. The Government's greatest fear, as reiterated throughout its motion

practice, is that the jurors will agree with the Defense that this prosecution is a grievous overreach of Government power and a waste of the resources of the Court, the Government, the Defense, and the jurors.

The Ninth Circuit instructs trial courts to "generally avoid[ ] such interference as would divest juries of their power to acquit an accused, even though the evidence of his guilt may be clear." *United States v. Kleinman*, 800 F.3d 1020, 1033 (9th Cir. 2017) (*en banc*). The Ninth Circuit has reversed convictions after trial courts refused to allow a defendant to present his defense in closing argument based on the specific nature of the evidence. In *United States v. Brown*, for example, the Ninth Circuit found the trial court "violated [Brown's] fundamental right to assistance of counsel and right to present a defense, and it relieved the prosecution of its burden to prove its case beyond a reasonable doubt." 859 F3d 730, 737 (9th Cir. 2017) (*citing Conde v. Henry,* 198 F3d 734, 739 (9th Cir. 1999)). "Preventing a defendant from arguing a legitimate defense theory constitutes structural error." *Brown*, 859 F3d. at 737.

To the extent that the Defense expects to show that this prosecution is not firmly founded in fact or law, in opening statements, the Defense can note to the jury to watch for the Government's overreach, misplaced inferences, and factual inaccuracies. At the end of the trial, the Defense absolutely can criticize the Government's decision to bring this prosecution in the first place, not to mention its expected inability to prove the charges in the Superseding Indictment.

The Government's effort to gag Defense Counsel from daring to impugn its shaky prosecution at any stage of the case invites this Court to commit reversible error. The Defendants ask this Court, therefore, to deny the Government's Motion *in Limine* to Prohibit the Defense from Commenting on the Legitimacy of the Prosecution.

DATED this 15th day of June, 2023.

**JOY BERTRAND LAW**

By     s/ Joy M. Bertrand
        Joy M. Bertrand
        P.O. Box 2734
        Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*

s/Timothy J. Eckstein (with permission)
Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By     s/ Paul J. Cambria, Jr. (w/permission)
        Paul J. Cambria, Jr. (*pro hac vice*)
        Erin E. McCampbell (*pro hac vice*)
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By     s/ Bruce S. Feder (w/permission)
        Bruce S. Feder
        2930 E. Camelback Road, Suite 160
        Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By     s/ Eric W. Kessler (w/permission)
        Eric W. Kessler
        6720 N. Scottsdale Rd., Suite 210

Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By    <u>s/ Gary S. Lincenberg (w/permission)</u>
       Gary S. Lincenberg
       Gopi K. Panchapakesan
       Ariel A. Neuman
       1875 Century Park E., Suite 2300
       Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By    <u>s/ David S. Eisenberg (w/permission)</u>
       David S. Eisenberg
       3550 N. Central Ave., Ste. 1155
       Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*