GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     v.<br><br>Michael Lacey, et al.,<br><br>           Defendants. | CR-18-422-PHX-DJH<br><br>**AMENDED NOTICE OF INTENT TO INTRODUCE EXPERT TESTIMONY – CHRISTINA DECOUFLE**<br>**(Doc. 422)** |

The United States of America, by and through its undersigned attorneys, pursuant to Fed. R. Crim. P. 16(a)(1)(F) and (G), hereby amends its previously filed Notice of Expert Witnesses and Notice of Rebuttal Expert Witnesses. (Docs. 422, 638.) As explained below,

the United States intends to introduce Christi Decouflé as an expert witness in prostitution at trial, and to offer testimony under Fed. R. Evid. 702, 703 and/or 705 during its case-in-chief and/or rebuttal.[1]

**Background**

In December 2018, the United States filed its Notice of Expert Witnesses, identifying ten individuals as potential expert witnesses. (Doc. 422.) In April 2020, Defendants filed a Motion in Limine to Preclude Expert Testimony. (Doc. 928.) Defendants' motion sought to preclude expert testimony related to sex trafficking, specifically, child sex trafficking. (Doc. 928 at 4, 7-12.) In a written order, the Court noted that Defendants did not challenge the qualifications or the reliability of the United States' expert witnesses. (Doc. 1081 at 15.) The Court found four areas of expert testimony relevant; and, due to concerns about overlapping and "unnecessarily cumulative" expert testimony, held that the United States could call one expert witness on each of the following four topics:

1. How human/sex trafficking occurs through online media;
2. How law enforcement conducts trafficking investigations, with a focus on how investigations shifted from craigslist.com to backpage.com;
3. Explanation of terminology often used in trafficking and prostitution industry; and,
4. The relationship between traffickers and pimps and their victims, including common methods a sex trafficker uses to maintain control over a victim.

(Doc. 1081 at 17.)

After September 2021 trial began, the Court decided that "No. 4," expert testimony

---

[1] Except for Matthew Frost, the United States no longer intends to call at trial the remaining witnesses it previously noticed as potential experts and rebuttal experts in Docs. 422 and 638. The United States will be filing a separate amended notice of expert witness for Matthew Frost. However, several other witnesses, specifically, J. Patrick Cullen, Quoc Thai, Staca Shehan, Brian Fichtner, and Donna Gavin will be testifying as fact witnesses in the United States' case-in-chief and/or rebuttal.

regarding the relationship between traffickers and pimps and their victims, was no longer relevant. (Doc. 1343 at 114.) The United States reserved the opportunity to object to that ruling[2]. (Doc. 1343 at 114.)

As trial proceeded, the United States informed the Court that Dr. Cooper would be testifying about how sex trafficking occurs online, and the terminology and vernacular often used in the trafficking and prostitution industry. (Doc. 1345 at 7.) Defendants orally moved to preclude this testimony under relevance grounds. (Doc. 1345 at 8.) The Court denied Defendants' oral motion, finding the topics of testimony were properly noticed, but cautioned that if [Dr. Cooper] testified about prostitution terminology, then the other expert would not be allowed to also testify about it. (Doc. 1345 at 10.) During her testimony, Dr. Cooper testified about words often heard and used when one is involved in prostitution. (Doc. 1346 at 41-47.) The United States does not plan to call Dr. Cooper as a witness in the retrial.

## Updates and Amendments to Expert Notice

The United States will call retired Detective Christi Decouflé to testify as an expert about: (1) how prostitution or trafficking occurs through online media; (2) how law enforcement investigates prostitution, with a focus on how investigations shifted from craigslist.com to backpage.com; and (3) the use and meaning of terminology often used in trafficking and prostitution industry. (*See* Doc. 1081 at 17.)

Detective Decouflé has a Bachelor of Science in Psychology and Military Science from Northern Kentucky University, and a Masters of Education in Human Services from Northern Arizona University.

Detective Decouflé was employed by the Phoenix Police Department from 2000 until her retirement in December 2021. For most of her career, Detective Decouflé was

---

[2] Regarding the relevance of testimony describing the relationship between a trafficker or pimp and the victim, the Court agreed there was "potential that the defense may have already opened the door or may in the future. So [United States] can re-urge it at a later time for rebuttal if necessary." (Doc. 1345 at 10-11.)

part of the Phoenix Police Department's Vice Unit (now the Human Exploitation and Trafficking Unit, or HEAT), where she investigated prostitution and trafficking offenses.

The United States intends to elicit opinion testimony from Detective Decouflé. *See* Rule 16(a)(1)(G)(iii). Specifically, Detective Decouflé will offer the opinion that the vast majority of the ads posted in the adult or escort section of backpage.com were ads for prostitution. Detective Decouflé will opine that while the term "escorting" may also mean paying a person for companionship only, it is frequently used as a code word for prostitution. Indeed, "escorting" is just the word used to not make it look so bad, or to attempt to make it appear legal. As she explained during her expert testimony in *United States v. Terrill Smith*, CR-16-0734-PHX-SPL (previously disclosed to Defendants in this case), Detective Decouflé will explain that during her 13 years of work as a Vice Detective, the term "escorting" is used interchangeably with prostitution or a commercial sex act.

Detective Decouflé's opinions are based on her training and experience in her 13 years as a Vice Detective. During this time, she conducted over 300 forensic interviews of adult and child sex trafficking victims and approximately 200 interviews of sex traffickers and witnesses. (Doc. 422-5 at 2.) Detective Decouflé has worked in an undercover capacity posing as a prostitute on the street, in motels, and online. Detective Decouflé has participated in numerous undercover sting operations where law enforcement posts an ad on Backpage in an attempt to arrest traffickers, johns, rescue prostitutes, and to generally disrupt prostitution activity in the Phoenix area. Detective Decouflé has attended and presented at numerous conferences and trainings related to sex trafficking, prostitution, interviewing trafficking victims, and undercover law enforcement investigations. (Doc. 422-5 at 3-6.) Her experience enables her to understand how prostitution works and the methods utilized by individuals to facilitate prostitution services.

Additionally, Detective Decouflé will testify about topics previously identified in Docs. 422 and 1081 that the Court previously deemed relevant and admissible.[3] She will

---

[3] Testimony will not include testimony related to "the day in the life of a prostitute."

testify that, in her observations and experience as a Vice Detective, after Craigslist closed its "adult services" section in 2010, the vast majority of online prostitution activity migrated to Backpage. After that, and through 2018, almost all of Detective Decouflé's online prostitution investigations involved ads posted on Backpage.

Detective Decouflé will testify about terminology often used in the prostitution industry, including, but not limited to prostitution code words and emojis. Some examples of prostitution code words include, but are not limited to, in call/out call, roses, GFE, and 100% independent. Detective Decouflé will testify that posters engaged in techniques to avoid detection by law enforcement. One example was to list a telephone number as a combination of words and numbers, to make it less searchable. 602-123-4567 would become 6o2-one-23-4-5-six 7. Another example would be to include in the ad, "by contacting me you agree you are not affiliated with any kind of law enforcement," "all donations are for time and companionship only anything else that may occur is between two consenting adults," or "any cash exchanged is for companionship." These words, phrases and emojis are commonly observed on Backpage ads, and Detective Decouflé's testimony would assist the jury in understanding the evidence.

Detective Decouflé has not authored any publications in the previous 10 years. Within the previous four years, Detective Decouflé testified as an expert witness in child sex trafficking in *State of Arizona v. William McElroy Jr.*[4], CR2018-002562-001 in July 2021 (Superior Court of Maricopa County). The United States provides this information out of an abundance of caution because the United States will be calling Detective Decoufle as an expert in prostitution and not *child* sex trafficking. The United States has provided

//

---

(Doc. 1347 at 4-5.)

[4] Detective Decouflé was the case agent for this matter and testified as both a fact and expert witness.

the defense with Detective Decouflé's curriculum vitae, which lists cases where she has testified both as a fact and expert witness. (Doc. 422, Exhibit E.)

I, Christi Decouflé, have read and approved the contents of this disclosure regarding my anticipated testimony in the above captioned matter.

_____
Christi Decouflé

     Respectfully submitted this 3rd day of July, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> KENNETH POLITE
> Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
> *s/Margaret Perlmeter*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER KOZINETS
> ANDREW STONE
> DANIEL BOYLE
> Assistant U.S. Attorneys
>
> AUSTIN M. BERRY
> Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office

- 5 -