Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                           Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>                           Defendants. | NO. CR-18-00422-PHX-DJH<br><br>**DEFENDANT LACEY'S SUPPLEMENTAL CITATION OF AUTHORITIES IN SUPPORT OF DEFNDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT** |

Defendant Michael Lacey submits this supplemental citation of authorities in support of Defendants' pending Motion for Reconsideration of Order Denying Defendants' Motion to Dismiss the Superseding Indictment to inform the Court of two pertinent and controlling decisions of the Ninth Circuit Court of Appeals.  In the first, the Ninth Circuit ordered the dismissal of an indictment that failed to allege an implied, but necessary, *mens rea* element (acting knowingly or willingly), rendering the indictment fatally deficient—a deficiency that could not be cured through the findings of a petit jury at trial, *United States v. Du Bo*, 186 F.3d 1177, 1179-81 (9th Cir. 1999):

> "Du Bo was charged by indictment with a violation of 18 U.S.C. § 1851 ('the Hobbs Act').  More than two months before trial, he unsuccessfully challenged the indictment as defective for failing to specify the necessary *mens rea*.  On appeal, he argues

**Error! Unknown document property name.**

that the indictment is fatally flawed and that he need not show prejudice from the flaw to obtain reversal. We agree.

Although not stated in the Hobbs Act itself, criminal intent—acting 'knowingly or willingly'—is an implied and necessary element that the government must prove for a Hobbs Act conviction. '[I]mplied, necessary elements, not present in the statutory language, must be included in an indictment.' The indictment charges Du Bo only with 'unlawfully' affecting commerce by the 'wrongful' use of force. Under our Hobbs Act jurisprudence, such terms do not connote the proper mens rea for a Hobbs Act conviction. The indictment on its face is deficient….

Du Bo's conviction requires reversal because his indictment fails to ensure that he was prosecuted only 'on the basis of the facts presented to the grand jury….' At common law, 'the most valuable function of the grand jury was … to stand between the prosecutor and the accused, and to determine whether the charge was founded upon credible testimony….' … The Fifth Amendment thus requires that a defendant be convicted only on charges considered and found by a grand jury.

Failing to enforce this requirement would allow a court to 'guess as to what was in the minds of the grand jury at the time they returned the indictment….' Such guessing would 'deprive the defendant of a basic protection that the grand jury was designed to secure,' by allowing a defendant to be convicted 'on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him.' We may only guess whether the grand jury received evidence of, and actually passed on, Du Bo's intent. We may never know if the grand jury would have been willing to ascribe criminal intent to Du Bo. Refusing to reverse in such a situation would impermissibly allow conviction on a charge never considered by the grand jury.

Du Bo's conviction also must be overturned because his indictment lacks a necessary allegation of criminal intent, and as such does not 'properly allege an offense against the United States.' Such a failure 'generally constitutes a fatal defect' that can not be cured through jury instructions, because a 'completely missing essential element' leaves 'nothing for a petit jury to ratify.' Specifically, the 'failure to include the element of willfulness … renders [an] indictment constitutionally defective.' It is not amenable to harmless error review….

The error was no mere clerical error; the indictment listed specific legal terms that do not, for purposes of the Hobbs Act, state the requisite intent."

(internal citations omitted).

In the second, the Ninth Circuit ordered the dismissal of an indictment that the government and district court said tracked the statutory language because the indictment

2

failed to allege an essential *mens rea* element (knowledge of status as a felon), construing *Du Bo* as requiring that an indictment missing an essential element "*must*" be dismissed and that "automatic dismissal" on appeal is required even if the missing element was proven beyond a reasonable doubt at trial, *United States v. Qazi*, 975 F.3d 989, 991-92 (9th Cir. 2020):

> "In this circuit an indictment missing an essential element that is properly challenged before trial *must* be dismissed....If a defendant properly challenges an indictment before trial and, on de novo appellate review, we determine the indictment omitted an essential element, *Du Bo* requires automatic dismissal regardless of whether the omission prejudiced the defendant.... Indeed, following this rule, we have dismissed an indictment and reversed the district court even when the missing element was proven beyond a reasonable doubt at trial."

(emphasis in original).

RESPECTFULLY SUBMITTED this 17th day of July, 2023,

Paul J. Cambria, Jr.
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA LLP

By:   /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

On July 17, 2023, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal of a Notice of Electronic Filing to the to the CM/ECF registrants who have entered their appearance as counsel of record