GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>   v.<br><br>Michael Lacey, et al.,<br><br>            Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' OBJECTION TO PROPOSED LIMITING INSTRUCTION [Doc. 1730]** |

1     In its Trial Brief, the United States proposed several safeguards to address any

2  potential risk of unfair prejudice to Defendants from the use of exhibits and testimony that

3  reference terms like "sex trafficking," "child sex trafficking," or "human trafficking." Doc.

4  1642 at 4-9. Defendants now take issue with the limiting instruction that the United States

5  proposed. Doc. 1730. The United States respectfully submits that the Court should use the

6  government's instruction, either as originally proposed in the Trial Brief or as modified

7  below.

8

9          Jurors: The evidence and testimony that you will receive at trial will

10         occasionally involve terms such as "sex trafficking," "child sex trafficking,"

11         or "human trafficking." As used in this case, those terms should be

12         understood as referring to the exchange of sex for money—what is

13         commonly known as "prostitution." Any use of those terms is not meant to

14         imply that any Defendant has been charged with, or may be guilty of, the

15         separate crimes of sex trafficking, child sex trafficking, or human trafficking,

16         or promoting or facilitating those crimes. Instead, Defendants are charged

17         only with the crime of conspiracy to promote, or facilitate the promotion of,

18         business enterprises involving prostitution offenses (Count 1); individual

19         crimes of promoting, or facilitating the promotion of, business enterprises

20         involving prostitution offenses (Counts 2-51); and money laundering

21         (Counts 52-100).

22

23         When evidence that includes the word "trafficking" is offered at trial, it often

24         will be presented for a purpose other than proving the truth of the matters

25         asserted in that evidence. When such evidence is offered for a purpose other

26         than for the truth, I will instruct you on the purpose for which you may

27         consider the evidence.

28

1    This modified instruction addresses Defendants' concern about "clearly stating"

2    that Defendants are not charged with crimes involving trafficking. Doc. 1270 at 3. It also

3    incorporates Defendants' suggestion that the instruction inform the jury that "trafficking"-

4    related evidence often will not be offered for the truth, and that the Court will provide

5    instruction on the purpose for which the jury may consider the evidence. Doc. 1270 at 3-4.

6    The remainder of Defendants' instruction misdescribes the charges in the Superseding

7    Indictment, and is lengthy and repetitive. It should not be adopted.

8    The rest of Defendants' Objection attempts to relitigate the Court's prior orders,

9    including Docs. 1156 and 1643.  The Court has already held that evidence showing

10   Defendants' knowledge of sex trafficking and child sex trafficking is admissible and not

11   unfairly prejudicial, particularly when linked to Defendants' notice, knowledge, or intent

12   concerning their website's operations. Doc. 1156 at 3-4. The Court recently reaffirmed its

13   rulings regarding this evidence. *See* Doc. 1643 at 4 (agreeing with the United States that

14   "there are no new facts, and the law of the case permits them to show that Defendants knew

15   about and intended to promote or facilitate prostitution, and that sex trafficking and child

16   sex trafficking are both subsets of prostitution"); *id*. at 5 ("**reiterating** the prior court's

17   Order (Doc. 1156) that the Government may not illicit irrelevant and cumulative testimony

18   about the abuse sex trafficking victims suffered"). The Court should reject Defendants'

19   latest attempt to relitigate these rulings.

20

21

22

23

24

25

26

27

28

1      Respectfully submitted this 28th day of August, 2023.

2                             GARY M. RESTAINO
                            United States Attorney
3                             District of Arizona

4                             NICOLE M. ARGENTIERI
                            Acting Assistant Attorney General
5                             Criminal Division, U.S. Department of Justice

6                            *s/ Peter S. Kozinets*
                            KEVIN M. RAPP
7                             MARGARET PERLMETER
                            PETER KOZINETS
8                             ANDREW STONE
                            DANIEL BOYLE
9                             Assistant U.S. Attorneys

10                             AUSTIN M. BERRY
                            Trial Attorney
11

12                      **CERTIFICATE OF SERVICE**

13      I hereby certify that on August 28, 2023, I electronically transmitted the attached

14 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

15 Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

16 as counsel of record.

17

18 *s/ Daniel Parke*
Daniel Parke
19 U.S. Attorney's Office

20

21

22

23

24

25

26

27

28