Jonathan M. Baum  (admitted *Pro Hac Vice*)
STEPTOE & JOHNSON LLP
One Market Plaza, Steuart Tower Ste 1070
San Francisco, CA 94105
Tel: (415) 365-6700
Fax: (415) 365-6700
jbaum@steptoe.com

Tahir L. Boykins (admitted *Pro Hac Vice*)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 439-9437
Fax: (213) 439-9599
tboykins@steptoe.com

Attorneys for Movant
CARL FERRER

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CASE NO. CR-18-422-PHX-DJH<br><br>**NOTICE RE: WITNESS'S ASSERTION OF ATTORNEY-CLIENT PRIVILEGE** |

Having reviewed the trial brief recently filed by Defendants' in this matter (Dkt. No. 1840), Mr. Ferrer submits this response in order to specifically assert the attorney-client privilege over the May 18, 2017 email that Defendants seek to use in cross-examining him.

The May 18, 2017 document is a privileged email message that Mr. Ferrer sent to two of his lawyers at the time, James Grant of Davis Wright Tremaine LLP and Dan Quigley of Rusing Lopez & Lizardi, PLLC. The subject line of Mr. Ferrer's email is "Comments on California – Attorney Client Privileged." The email contains two attachments, one with Mr. Ferrer's comments on the transcript of an April 28, 2017 hearing in the Sacramento criminal case, and the other with Mr. Ferrer's comments on the First Amended Criminal Complaint in that case.

At the time Mr. Ferrer sent that email, Mr. Grant personally represented Mr. Ferrer in that criminal case in California (*see* Dkt. No. 1827, at 5), and Mr. Quigley personally represented Mr. Ferrer in a civil case in this court, *Sojourner Center v. Backpage.com LLC, et al.*, Case No. 2:17-cv-00399-GMS. (Although Mr. Quigley represented many defendants in that case, he appeared for Mr. Ferrer personally and Mr. Ferrer considered him to be his lawyer.)

It is unclear how the Defendants obtained this privileged email, but it certainly was not pursuant to the Joint Defense Agreement they reference in their brief, which did not exist at the time this email was sent. Dkt. No. 1840, at 15. As Defendants indicate, Mr. Ferrer signed that JDA in June 2017, but the email at issue was sent a month earlier, in May 2017. Additionally, Mr. Quigley was never a party to that JDA, so even if the JDA had been operative in May (which it was not), the JDA would not have applied to communications with Mr. Quigley.

Like all people, Mr. Ferrer is owed a duty of confidentiality and a duty of loyalty from his lawyers, including Mr. Grant and Mr. Quigley. Judge Logan carefully reviewed the unredacted JDA and other related documents in this case, and on October 12, 2018, Judge Logan held that Mr. Ferrer's former lawyers remain bound by the duties of loyalty

and confidentiality to him. Specifically, Judge Logan held: "Moving forward, the Court will rely on the representations of HCM, DWT, and their respective counsel that the firms will continue to preserve the confidences of Ferrer as a former client, create ethical walls where necessary, refrain from engaging in trial preparation or participating as trial counsel, and only participate in the limited capacity set forth in the pleadings, without an order from the Court." Dkt. No. 338, at 10. Although Judge Logan's Oct. 12, 2018 order only directly named one of the law firms listed in the May 18, 2017 email (Mr. Grant of DWT), Judge Logan's ruling was clear: the JDA and related documents do not permit Mr. Ferrer's prior lawyers to violate their ethical duties and hand over his privileged communications to the Defendants in this case so they can use them against Mr. Ferrer.

Lastly, the Defendants' argument that Mr. Ferrer's proffer agreement waived his personal privilege over the May 17, 2017 email is incorrect. *See* Dkt. No. 193-9, at ¶ 45 (Ferrer: "On April 5, 2018, I signed a Proffer/Interview agreement. My intent in that agreement was to waive Backpage.com's corporate attorney-client privilege, not any personal privilege."). Additionally, throughout this case, Defendants have argued that Mr. Ferrer's privilege waiver should not be given effect, and the Court has agreed with them. *See* Dkt. No. 345. Defendants should not now be permitted to use Mr. Ferrer's privileged materials for impeachment purposes when they have been successful for years in blocking Mr. Ferrer from providing the government with a number of highly incriminating documents involving them, all of which are ostensibly covered by Backpage.com's corporate attorney-client privilege.

Dated: October 6, 2023　　　　　　　　**STEPTOE & JOHNSON LLP**

　　　　　　　　　　　　　　　　　　　　By: */s/ Jonathan Baum*
　　　　　　　　　　　　　　　　　　　Jonathan Baum (*admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　Tahir L. Boykins (*admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　Attorneys for Movant Carl Ferrer

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

/s/ Debbie DeRivero
Debbie DeRivero