**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:18-cr-00422-DJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | November 6, 2023 |
| Michael Lacey, et al. | ) | 1:02 p.m. |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DIANE J. HUMETEWA, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**IN-COURT HEARING**

Official Court Reporter:
Hilda Elizabeth Lopez, RMR, FCRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 30
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2
     For the Government:
 3       UNITED STATES ATTORNEY'S OFFICE
         By:  Mr. Kevin M. Rapp, Esq. - Appeared by Zoom
 4            Mr. Peter S. Kozinets, Esq.
              Mr. Andrew C. Stone, Esq.
 5            Mr. Daniel Boyle, Esq. - Appeared by Zoom
         40 North Central Avenue, Suite 1200
 6       Phoenix, Arizona 85004
         kevin.rapp@usdoj.gov
 7       peter.kozinets@usdoj.gov
         andrew.stone@usdoj.gov
 8       margaret.perlmeter@usdoj.gov

 9
     For the Defendant Michael Lacey:
10       LIPSITZ GREEN SCIME CAMBRIA, L.L.P.
         By:  Mr. Paul J. Cambria, Jr., Esq. - Appeared by Zoom
11       42 Delaware Avenue, Suite 120
         Buffalo, NY 14202
12       pcambria@lglaw.com

13
     For the Defendant Scott Spear:
14       FEDER LAW OFFICE, P.A.
         By:  Mr. Bruce S. Feder, Esq. - Appeared by Zoom
15       2930 East Camelback Road, Suite 160
         Phoenix, AZ 85016
16       bf@federlawpa.com
         - and -
17       KESSLER LAW OFFICE
         By:  Mr. Eric Walter Kessler, Esq. - Appeared by Zoom
18       6720 N. Scottsdale Road, Suite 210
         Scottsdale, AZ 85253
19       eric.kesslerlaw@gmail.com

20
     For the Defendant John Brunst:
21       BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
         LINCENBERG & RHOW, P.C.
22       By:  Mr. Gopi K. Panchapakesan, Esq. - Appeared by Zoom
         and Gary S. Lincenberg, Esq. - Appeared by Zoom
23       1875 Century Park E, Suite 2300
         Los Angeles, CA 90067
24       gpanchapakesan@birdmarella.com
         glincenberg@birdmarella.com
25
```

```
 1
     For the Defendant Andrew Padilla:
 2       DAVID EISENBERG, P.L.C.
         By:  Mr. David S. Eisenberg, Esq.
 3       3550 North Central Avenue, Suite 1155
         Phoenix, AZ 85012
 4       david@deisenbergplc.com

 5
     For the Defendant Joye Vaught:
 6       JOY BERTRAND, ESQ., L.L.C.
         By:  Ms. Joy M. Bertrand, Esq. - Appeared by Zoom
 7       P.O. Box 2734
         Scottsdale, AZ 85252
 8       joy@joybertrandlaw.com

 9
     Appeared telephonically:
10
     Michael Lacey
11   John Brunst
     Scott Spear
12   Andrew Padilla
     Joye Vaught
13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

**P R O C E E D I N G S**

(Proceedings commence at 1:02 p.m.)

COURTROOM DEPUTY: This is Case No. 18-422, United States of America vs. Lacey and others, on for in-court hearing.

MR. STONE: Good afternoon, Your Honor, Andy Stone and Peter Kozinets here in court. AUSA Dan Boyle on Zoom. I think AUSA Kevin Rapp is also Zoom or attempting to get on Zoom.

THE COURT: All right. Good afternoon.

MR. CAMBRIA: Good afternoon, Your Honor, Paul Cambria, and Mr. Lacey is on the phone.

MR. EISENBERG: Good afternoon, Your Honor, David Eisenberg on behalf of Andrew Padilla, and he is on the phone.

THE COURT: Good afternoon. I see Ms. Bertrand appears to be in a nice outdoor area.

MS. BERTRAND: Hi, Your Honor. Good afternoon. I am still positive for COVID, so yes, I'm doing this from my backyard. Ms. Vaught appears by phone.

THE COURT: Thank you, and good afternoon.

MR. PANCHAPAKESAN: Gopi Panchapakesan on behalf of Mr. Brunst, who is present on the phone.

THE COURT: And good afternoon to you.

MR. KESSLER: Eric Kessler. Eric Kessler for

```
 1  Mr. Spear.  I don't know if he's yet joined us by phone.
 2              THE COURT:  It appears he has.
 3              All right.  Anyone else?
 4              MR. FEDER:  Bruce Feder also here.
 5              THE COURT:  Was that Mr. Feder?                           13:04:00
 6              MR. FEDER:  Yes.
 7              THE COURT:  All right.  The primary purpose for
 8  convening this is I wanted to double-check as to Ms. Bertrand's
 9  status, and it does appear that she is still positive for
10  COVID, and I'm certain in isolation, and so what I wanted to do  13:04:16
11  then, Ms. Bertrand, for the benefit of you and your client is
12  to get assurances that you can appear tomorrow by video.  And
13  I'm assuming that your client, Ms. Vaught, is not positive for
14  COVID; is that right?
15              MS. BERTRAND:  That's my understanding.  She's been   13:04:47
16  tested and just consistently not tested positive.  My paralegal
17  has, Yadira, who you saw throughout the trial, but Ms. Vaught
18  is not.
19              THE COURT:  All right.  So what I would do then is
20  have her appear in person.  You can appear remotely.  And the    13:05:07
21  items that I wish to go through with the jury tomorrow will
22  only take a few minutes.  I want to remind them of the jury
23  instruction about how they are to proceed with their
24  deliberations, the instruction related to selecting a
25  foreperson, to not contacting the Court except for in writing,   13:05:35
```

1  telling them how to do that.

2           And what I also intend to do is also give them
3  alternative lengths of days to deliberate.  Of course, Friday
4  is a federal holiday.  The building will be closed.  And so I'm
5  going to suggest to them if they could at least begin their
6  deliberations at 8:45, and at the latest 9:00 a.m., and if they
7  go to 4:30 or 5:00 o'clock each day.  I'll suggest that to
8  them.

9           The other thing that I think is necessary is I want to
10 inform them that by Court order I will extend their service
11 date up through the 17th.  Now, recall that this is a combined
12 jury.  The original pool that was to have begun on the 8th of
13 August, and then a later pool that was drawn in, and so some of
14 them were only screened until their availability to the 9th.  I
15 will inform them that the reason for this is that week that we
16 lost in the very beginning of trial due to COVID, as well as
17 the most recent days that we had to take off due to COVID.

18          I think at that point any juror who has a conflict, a
19 bona fide conflict, either prepaid travel or some work
20 commitment, then will have an ability to let us know if that
21 indeed is going to interfere.  Of course, I will not at this
22 juncture indicate that they will be, if needed, retained for
23 the forfeiture proceeding, and I suspect at that point we will
24 know whether or not someone has a conflict.  And if that is the
25 case, then those individuals will be selected as the

13:06:03
13:06:22
13:06:55
13:07:21
13:07:49

1  alternates.
2           That's how I intend to proceed, and are there any
3  objections or concerns from the government, Mr. Stone?
4           MR. STONE:  Your Honor, no objection.  The only
5  thought, again, is --                                              13:08:32
6           THE COURT:  What I would suggest, if someone has --
7           COURTROOM DEPUTY:  Are one of you dialed in?
8           THE COURT:  Can I ask those that are on the phone to
9  mute themselves?  We're getting feedback.  Let's test it.
10 Test.  Okay.  Can you still hear us?                               13:09:52
11          MR. STONE:  Your Honor, no objection.  The only thing
12 we would note is that we still -- if there's nobody that does
13 have a conflict for that second week in terms of the jurors, we
14 would still urge that Juror No. 7, who watched the final two
15 summations via Zoom, be one of the alternates just in an           13:10:14
16 abundance of caution on that issue, but certainly if there are
17 other jurors who have a bona fide conflict, as Your Honor has
18 laid out, they would take precedent, take precedence to be
19 removed or to serve as alternates.  But other than that, Your
20 Honor, the United States doesn't have any other issues.            13:10:36
21          THE COURT:  Are there any issues or concerns by any
22 defense counsel?  I will go first, Mr. Cambria?
23          MR. CAMBRIA:  No, Your Honor.
24          THE COURT:  Mr. Eisenberg.
25          MR. PANCHAPAKESAN:  Your Honor, I don't think we can     13:10:50

```
 1  hear you on the Zoom.  Is it just me or --
 2              MR. FEDER:  I could not hear.
 3              MS. BERTRAND:  I could not hear.
 4              MR. BOYLE:  Neither could I.
 5              THE COURT:  Could you hear me now?                          13:11:04
 6              MR. PANCHAPAKESAN:  Yes.
 7              THE COURT:  The government offers -- I don't know if
 8  you heard, Mr. Stone, they offered no objection to that
 9  process, but they indicated that they would prefer that Juror
10  No. 7 be selected as an alternate should none of the others            13:11:21
11  have a conflict with extending through the 17th.
12              All right.  So Mr. Cambria had no objection to that
13  process.  Mr. Eisenberg.
14              MR. EISENBERG:  Your Honor, I don't have an objection
15  to the process, but I do believe the Court previously indicated        13:11:42
16  that Juror No. 7 would not be considered an alternate, I think,
17  depending upon how she felt as the case went on.
18              And that leads me to a question of Your Honor.  Has
19  the Court heard whether any of the other jurors are ill?
20              THE COURT:  We have not received any word.                 13:12:05
21              MR. KOZINETS:  Your Honor, I just saw a note that you
22  may be muted at this point.
23              THE COURT:  Am I muted?  Can you hear me,
24  Mr. Panchapakesan?
25              MR. PANCHAPAKESAN:  We can hear you, Your Honor.           13:12:17
```

1  MR. BOYLE: We can hear you.

2  MR. EISENBERG: Those were my two concerns.

3  THE COURT: With regard to Juror No. 7, the government
4  had asked that she be released rather than view the closing,
5  the two summation arguments by video, and released as an
6  alternate, and so at that juncture I denied that request.

7  But I think this is a little bit of a different kind
8  of request, as I understand it, but I certainly am going to be
9  making the first decision with regard to alternates as to those
10 individuals who may not be able to extend their service through
11 the 17th. That's going to be the priority.

12 All right. Mr. Panchapakesan, any objection?

13 MR. PANCHAPAKESAN: Your Honor, I just had one
14 question. I think the Court indicated about informing the jury
15 of the possibility of a forfeiture phase. I just wanted to get
16 a sense as to when you intended to do that?

17 THE COURT: Upon the return of a verdict, and that
18 may -- I'll cross that bridge when I get there.

19 MR. PANCHAPAKESAN: And then in terms of the
20 alternate, I don't know if Mr. Lincenberg wants to chime in,
21 but I don't think we have an objection.

22 THE COURT: All right. Ms. Bertrand.

23 MS. BERTRAND: I have nothing to add from what my
24 colleague just said.

25 THE COURT: And I would just ask, Ms. Bertrand, if you

1   could chime in tomorrow a bit early so we can make sure that we
2   have your connection all ready to go.
3           MS. BERTRAND:  Yes.  Thank you.  I will.  Appear by
4   Zoom?
5           THE COURT:  Yes.  Yes.                                      13:14:22
6           MS. BERTRAND:  Thank you.
7           THE COURT:  Mr. Kessler.
8           MR. KESSLER:  No objection, Judge.
9           THE COURT:  All right.
10          Did I miss anyone?                                          13:14:31
11          All right.  So the last thing I wanted to get clear
12  for my purposes, last week Mr. Boyle, I think, or Mr. Stone, I
13  can't remember who, you indicated that your two forfeiture
14  witnesses would be Mr. Ferrer and Mr. Quoc Thai; is that
15  correct?                                                            13:15:01
16          MR. STONE:  Yes, Your Honor.
17          THE COURT:  Who are the anticipated defense witnesses?
18          MR. PANCHAPAKESAN:  Your Honor, we're still conferring
19  amongst the group, but we may have one witness.  We can inform
20  the Court of that by tomorrow, I think, if that's acceptable.      13:15:21
21          THE COURT:  Yes, tomorrow morning you'll have those,
22  whomever it is that you anticipate calling as a witness.  I did
23  receive your filings this morning.  I will go through those.
24          And finally, I wanted to just clarify, with regard to
25  the listed property, is it the government's intention to call      13:15:48

1  Mr. Quoc Thai for that purpose?

2        MR. STONE:  Let me defer to AUSA Boyle on that

3  question.

4        MR. BOYLE:  Yes, Your Honor, that is correct.

5        THE COURT:  All right.  And as I mentioned, I will not  13:16:07

6  inform the jury of future service in the event that we don't

7  need to, but I will certainly reserve that obligation upon

8  their return, and so that's how we will proceed.  I think that

9  we -- I am hopeful that we should not get any jurors who have

10 to leave service, but certainly, in any event, not until the  13:16:38

11 end of the week, and we will, like I said, cross that bridge

12 when we get there.

13       All right.  Is there anything more to be taken up from

14 the government's perspective?

15       MR. STONE:  No, Your Honor.  Thank you.  13:16:54

16       THE COURT:  Anything from you, Mr. Cambria?

17       MR. CAMBRIA:  No, Your Honor.

18       THE COURT:  Mr. Eisenberg?

19       MR. EISENBERG:  Yes, Your Honor.  During the hearing

20 on Thursday the Court indicated that you had not heard from  13:17:03

21 myself and Ms. Bertrand concerning a couple of issues, and I

22 did want to note that I concur in my fellow defense counsel's

23 argument with respect to the summation, the concern about

24 shifting the burden to the defense.  I'm not going to continue

25 to argue that.  13:17:28

Case 2:18-cr-00422-DJH   Document 1963   Filed 11/07/23   Page 12 of 16

12

```
 1            The other issue, though, is the 51 ads, and I do want
 2   to be heard briefly on that, Your Honor.  This has to do with
 3   whether the specific -- the extent to which specific intent
 4   applies here.
 5            THE COURT:  Well, I guess the problem I have,                13:17:44
 6   Mr. Eisenberg, is I didn't -- I don't think the government
 7   anticipated that you were going to argue with regard to the 51
 8   ads.  Are you -- is this a supplement to your Motion for
 9   Directed Verdict, or what is this -- what is the form of your
10   argument?                                                             13:18:06
11            MR. EISENBERG:  It's a form of oral argument, Your
12   Honor, and it is in support of the dismissal of those counts.
13   And I know it was argued briefly to the -- I believe it was
14   argued briefly to the Court the other day and Your Honor
15   indicated that you hadn't heard, Your Honor hadn't heard from        13:18:23
16   myself and Ms. Bertrand on either one of those two issues, so I
17   would like to be heard.
18            THE COURT:  I guess I'm confused, Mr. Eisenberg.  I
19   thought the issue that I didn't hear from you on was related to
20   a forfeiture issue.                                                  13:18:45
21            MR. EISENBERG:  Respectfully, Your Honor, no, that's
22   not how I read the minutes, and I indicated to your chambers
23   that we're not part of the forfeiture.  Mr. Padilla, that one
24   property has been taken away.  This has to do with something
25   else, and so that's what I was prepared to argue today.              13:19:05
```

1        THE COURT:  All right.  I will give you a few minutes.
2    I have another calendar coming up.
3        MR. EISENBERG:  All right, Your Honor.  Briefly, what
4    it is is that with respect to these ads, the jury instruction
5    on them is helpful because to me it indicates that there has to
6    be knowledge by a defendant with respect to the publication of
7    the ad.  And the jury instruction reads, "In order for the
8    defendants to be found guilty of Counts 2 through 51, the
9    government must prove for each count the following elements:
10       First, the defendant used any facility in interstate
11   commerce with the intent, specific intent to promote or
12   facilitate any business enterprise, et cetera.
13       Second, after doing so, the defendant performed an
14   act."  And I will repeat that, "the defendant performed an act
15   that did promote or facilitate the promotion of any business
16   enterprise specifically by publishing on Backpage the ads
17   listed in Counts 2 through 51."  And to my knowledge, there
18   hasn't been any evidence of that.
19       Finally, Your Honor, the Court gave a *Pinkerton*
20   instruction, that's on page 27 of the jury instructions, and
21   this has to do with finding a defendant guilty of the Travel
22   Act crime as charged in Counts 2 through 51.  If the government
23   has proved each of the following elements, first, a member of
24   the conspiracy committed a Travel Act offense; and second, that
25   person was a member of the conspiracy charged in Count 1 of the

1  indictment; and third, that the person committed the Travel Act
2  offense in furtherance of the conspiracy.
3         These elements, Your Honor, indicated to me that you
4  have to be a member of the conspiracy as charged.  There are
5  five of us are charged, five remaining defendants have been          13:21:09
6  charged.  Now, the government would extend that to other
7  conspirators, I suppose, but who has been named as another
8  conspirator who is involved in publishing of the ads?  I do not
9  know, Your Honor.  Certainly not any other moderator.  And to
10 my knowledge, no one else who might be considered a conspirator     13:21:27
11 was involved in publishing any of the ads, so that's my
12 supplement, Your Honor.  Thank you.
13        THE COURT:  All right.  Thank you, Mr. Eisenberg.  All
14 right.  Anyone else, Ms. Bertrand?
15        MS. BERTRAND:  Your Honor, I join in my colleagues'         13:21:46
16 argument, and I joined in the argument that was made last week
17 that Mr. Eisenberg and I were not present for.
18        THE COURT:  All right.
19        MR. CAMBRIA:  I, if I might, Your Honor, also comment
20 on that.  I join in what they've said.  The thing that bothers     13:22:01
21 me was the way I read prior decision by Judge Brnovich, the
22 prosecution had to prove knowledge of the 50 ads, and in the
23 rebuttal part of summation the position was taken by the
24 government that they did not have to so prove, and I think that
25 that is an error that needs to be corrected.                        13:22:28

|   |   |   |
|---|---|---|
| 1 | THE COURT: All right. All right. We will reconvene |   |
| 2 | tomorrow promptly at 9:00. We will have the jury in, I will |   |
| 3 | read them the final instruction, and then leave them to their |   |
| 4 | deliberations. |   |
| 5 | And if we need to, I'll take up any of the forfeiture | 13:22:48 |
| 6 | matters. In particular, I just had a moment to glance at what |   |
| 7 | Mr. Panchapakesan submitted, and it's my understanding that |   |
| 8 | it's the defense's position that the government is required to |   |
| 9 | prove, or at least the jury is going to be asked in his |   |
| 10 | perspective to come up with some fraction or percentage of | 13:23:13 |
| 11 | alleged forfeiture amounts, and that's what I would like to |   |
| 12 | focus on if we can do that tomorrow. |   |
| 13 | And so if there's nothing further, then we will |   |
| 14 | reconvene tomorrow at 9:00 a.m. All right. We are adjourned. |   |
| 15 | (Proceedings concluded at 1:23 p.m.) | 13:23:46 |

## **C E R T I F I C A T E**

I, HILDA E. LOPEZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 7th day of November, 2023.

s/Hilda E. Lopez_____
HILDA E. LOPEZ, RMR, FCRR