GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

Nicole M. Argentieri
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | |
| v. | **NOTICE TO COURT** |
| Michael Lacey, et al., | |
| Defendants. | |

The United States files this Notice to the Court regarding the media's intent to attempt to communicate with the jurors after the trial. On November 15, 2023, the United States received an email from David Morgan, a reporter, of the media's intent to communicate with jurors after they have been discharged from jury service. (Exhibit A).

Attached to Mr. Morgan's email is a flyer stating that jurors may discuss the verdict, their deliberations, their opinions of the jury, prosecutors, defense attorney and the defendants - "any aspect of their experience as a juror – with anyone, including the media, *the lawyers*, or your family." (emphasis added). (Exhibit B).

The flyer misstates the Local Rules. Interviews with jurors after trial by or on behalf of parties involved in the trial are prohibited except on condition that the attorney or party involved desiring such an interview file with the Court written interrogatories proposed to be submitted to the juror(s), together with an affidavit setting forth the reasons for such proposed interrogatories. L.R. Civ. P. 39.2(b). Absent a showing of good cause, and approval by the Court, the parties involved in the trial, or individuals acting on behalf of parties, are not permitted to interview with jurors.

The United States respectfully requests the Court inform the jurors at the conclusion of their service that while they may be approached by members of the media or the public, they have no obligation to speak to or communicate with anyone about their jury service. L.R.Civ.P. 39.2(c) (no juror is compelled to communicate with anyone concerning any trial in which the juror has been a participant.)

Respectfully submitted this 16th day of November, 2023.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>Nicole M. Argentieri
>Acting Assistant Attorney General
>Criminal Division, U.S. Department of Justice
>
> *s/Peggy Perlmeter*
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER KOZINETS
>ANDREW STONE
>DANIEL BOYLE
>Assistant U.S. Attorneys
>
>AUSTIN M. BERRY
>Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office