1

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:18-cr-00422-DJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | November 17, 2023 |
| Michael Lacey, et al. | ) | 11:04 a.m. |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DIANE J. HUMETEWA, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TRIAL - DAY 34**

**(JURY QUESTION/VERDICT)**

Official Court Reporter:
Hilda Elizabeth Lopez, RMR, FCRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 30
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
1                           A P P E A R A N C E S

2

3    For the Government:
          UNITED STATES ATTORNEY'S OFFICE
          By:  Mr. Kevin M. Rapp, Esq.
4              Mr. Peter S. Kozinets, Esq.
               Mr. Andrew C. Stone, Esq.
5              Ms. Margaret Wu Perlmeter, Esq.
               Mr. Daniel Boyle, Esq.
6         40 North Central Avenue, Suite 1200
          Phoenix, Arizona 85004
7         kevin.rapp@usdoj.gov
          peter.kozinets@usdoj.gov
8         andrew.stone@usdoj.gov
          margaret.perlmeter@usdoj.gov
9
     For the Government:
10        UNITED STATES DEPARTMENT OF JUSTICE
          By:  Mr. Austin Berry, Esq.
11        1301 New York Avenue, NW, 11th Floor
          Washington, DC 20005
12        austin.berry2@usdoj.gov

13   For the Defendant Michael Lacey:
          LIPSITZ GREEN SCIME CAMBRIA, L.L.P.
14        By:  Mr. Paul J. Cambria, Jr., Esq.
          42 Delaware Avenue, Suite 120
15        Buffalo, NY 14202
          pcambria@lglaw.com
16

17   For the Defendant Scott Spear:
          FEDER LAW OFFICE, P.A.
18        By:  Mr. Bruce S. Feder, Esq.
          2930 East Camelback Road, Suite 160
19        Phoenix, AZ 85016
          bf@federlawpa.com
20        - and -
          KESSLER LAW OFFICE
21        By:  Mr. Eric Walter Kessler, Esq.
          6720 N. Scottsdale Road, Suite 210
22        Scottsdale, AZ 85253
          eric.kesslerlaw@gmail.com
23

24

25
```

```
 1

 2   For the Defendant John Brunst:
         BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
         LINCENBERG & RHOW, P.C.
 3       By:  Mr. Gopi K. Panchapakesan, Esq. (Telephonic)
              Mr. Gary S. Lincenberg, Esq.
 4       1875 Century Park E, Suite 2300
         Los Angeles, CA 90067
 5       gpanchapakesan@birdmarella.com
         glincenberg@birdmarella.com
 6
     For the Defendant Andrew Padilla:
 7       DAVID EISENBERG, P.L.C.
         By:  Mr. David S. Eisenberg, Esq.
 8       3550 North Central Avenue, Suite 1155
         Phoenix, AZ 85012
 9       david@deisenbergplc.com

10   For the Defendant Joye Vaught:
         JOY BERTRAND, ESQ., L.L.C.
11       By:  Ms. Joy M. Bertrand, Esq.
         P.O. Box 2734
12       Scottsdale, AZ 85252
         joy@joybertrandlaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

 

   (Proceedings commence at 11:04 a.m.)

     THE COURT:  Please be seated.  All right.  The record
will reflect we have all counsel here, all defendants.
Government's counsel is present.  We do have a question this
morning from the jury.  The question reads -- the question
reads, "Per the Court, each count stands on its own merit for
each" -- I think it's supposed to be "defendant."  "If a
defendant fails to meet an element of Count 1, they should be
found not guilty; correct?  Therefore, by being not guilty to
Count 1," and in parentheses -- I may have misread that.  Oh,
parentheses, "(not part of the conspiracy)" and it looks like
an attempt to a closed parentheses, "can they still satisfy the
element #4 in Counts 2-51; a defendant was a member of the same
conspiracy," and there's a reference to page 27.  And it's
signed by Juror No. 5.

     Did the government have an opportunity to review?

     MR. STONE:  Yes, Your Honor.

     THE COURT:  Did the defendants?

     MS. BERTRAND:  Yes, ma'am.

     THE COURT:  And on consideration of the question, I'm
inclined to answer the question in the following way:  "If a
defendant does not meet an element of Count 1, they cannot be
found guilty of Count 1.  If you find a defendant is not guilty

11:04:32

11:05:16

11:05:49

11:06:09

11:06:43

1   of Count 1, that defendant cannot satisfy element 4 on page 27

2   of the jury instructions."

3        And I think adding, "because that defendant cannot be

4   held responsible for the acts of a co-conspirator," is

5   clarifying.  I'll read that again.  In answer to the first          11:07:26

6   question, which is a question and a statement related to Count

7   1, I would say, "If a defendant does not meet an element of

8   Count 1, they cannot be found guilty of Count 1."

9        In attempt to read the second portion, I would answer,

10  "If you find a defendant is not guilty of Count 1, that           11:08:10

11  defendant cannot satisfy element 4 on page 27 of the jury

12  instructions because that defendant cannot be held responsible

13  for the acts of a co-conspirator."

14        Mr. Stone.

15        MR. STONE:  First part, no issue, Your Honor.             11:08:37

16        Second part, I think is clarifying and I think is

17  appropriate, but I do think we need a third part here because

18  we are, I think, risking confusing the jury about these

19  instructions.

20        In the preliminary instructions, Your Honor, when you      11:09:01

21  instructed this jury, we gave the substantive Travel Act count

22  first, which is the instruction that's now on page 30, and then

23  the instructions read, "And further, you may find a given

24  defendant guilty if," and then you laid out the *Pinkerton*

25  instructions.  So it made it clear that these were alternative    11:09:22

1    theories of liability.  The way the instructions read now you

2    have on page 27, the *Pinkerton* theory without, we don't have

3    any explanation that it's an alternative theory.  They very

4    well could be thinking the government needs to prove beyond a

5    reasonable doubt *Pinkerton* and page 30.                                  11:09:41

6          And it's confusing because the question here:  Can a

7    defendant be found guilty of Counts 2 through 51 if they are

8    not guilty on Count 1?  No, they cannot under a *Pinkerton*

9    theory, and we absolutely should tell the jury that, so we have

10   no disagreement there.                                                     11:10:01

11         But I think we need to clarify for the jury so there

12   is no confusion that there are -- that there's a separate

13   theory of criminal liability for Counts 2 through 51, and point

14   them back to instruction 30.  What I would recommend for a

15   starting point, Your Honor, is what you had offered yesterday            11:10:20

16   afternoon initially, and you stated that it may be more concise

17   to answer the question that a defendant who you find not guilty

18   in Count 1 can be found guilty in charges, or in Counts 2

19   through 51 if not a member of the conspiracy, and then point

20   them to the instruction on page 30.                                       11:10:44

21         So I think what you've read would be perfectly

22   acceptable for the government.  We just need to be -- 'cause

23   this is the third question on this exact same issue, and I

24   think we need to do our best to clarify as best we can for the

25   jury and letting them know that there is another theory that            11:11:02

1    they should evaluate for these defendants is perfectly

2    acceptable when they continue to ask questions in this regard.

3    So that would be -- I just think we need a little more language

4    on this, Your Honor.

5            THE COURT:  And what was your proposed language?      11:11:23

6            MR. STONE:  I think what you said yesterday would be a

7    good way to go.

8            THE COURT:  I said lots of things yesterday.

9            MR. STONE:  Well, I am going to read back what you

10   said.  We think would be a good way to go:                    11:11:35

11           "A defendant who you find not guilty in Count 1 can be

12   found guilty in Counts 2 through 51 even if not a member of the

13   conspiracy under the elements listed on page 30."

14           THE COURT:  All right.  I'll hear from Ms. Bertrand.

15           MS. BERTRAND:  Thank you, Your Honor.  Good morning,   11:12:55

16   Your Honor.

17           THE COURT:  Good morning.

18           MS. BERTRAND:  The language that the Court proposes is

19   appropriate without any amendment proposed by the government.

20   The jury has told us the sticking point is page 27.  They have 11:13:21

21   never referenced page 30.  They've been referred to 30 before.

22   The government is asking the Court to presume that the jury

23   hasn't done its job over the past two weeks in reviewing the

24   other jury instructions.

25           And what is highly likely is that initially they did   11:13:45

1    go through page 30, which is the specific intent theory, and

2    they've rejected it because there is no evidence that supports

3    it.  And that leaves the *Pinkerton* liability, which is frankly

4    the case both parties have tried.  And their sticking point is

5    simply, does element four mean that if you're not a member of          11:14:08

6    the conspiracy element four has not been meant?  The answer is

7    correct.  It hasn't been met.

8         And to accept the government's suggestion is to take

9    this exercise from simply asking the question that's asked into

10   leading the jury by the nose and pushing them into a theory           11:14:43

11   that they haven't asked about that has never been presented as

12   an issue.  So I'd suggest the safest way to approach this is to

13   answer the specific question only.

14        So as to their first question, they are correct.  So

15   the answer to the first question would be "Correct" or "Yes."          11:15:10

16   The answer to the second question would be, "Element four is

17   not satisfied if the defendant was not a member of the

18   conspiracy," or the language that the Court used.  I was

19   working off of my notes.

20        What I'm reading from this, and this comes from a               11:15:30

21   different jury than has written to us before, this juror is

22   getting frustrated that they are not getting an answer to their

23   question, and so I'd respectfully ask that we simply limit the

24   answer to what they are asking.  They have asked it three times

25   now.  And if they need more help, we will be there to help            11:15:49

1   them.

2          I don't think -- I don't know if my colleagues have

3   anything to add, but those are my comments about this.

4          MR. EISENBERG:  Your Honor, I would.  Respectfully, I

5   would add to this that it appears that the government wants to       11:16:06

6   send the jury back to the charge on page 30.  May I approach

7   the lectern, Your Honor?  And that is the Travel Act charge as

8   it is concede without *Pinkerton*.

9          It appears to me, and I am not going to conjecture

10  what the jury has done, but it appears to me that they have        11:16:35

11  considered that.  And the more, a way for them to approach the

12  issue of guilt or innocence, is to then go to the *Pinkerton*

13  charge, which is 27, page 27, and it appears as though they

14  have a problem with the fourth element in the *Pinkerton* charge.

15         So sending them back to the more difficult chore that       11:17:03

16  they would have in parsing through the elements of the Travel

17  Act makes -- it doesn't make any sense, and I will echo my

18  colleague's concern that continuing to force them back there

19  is -- puts pressure on them that I think is not necessary, and

20  certainly is -- that's not where they're at.  Thank you, Your       11:17:29

21  Honor.

22         MR. LINCENBERG:  Your Honor, just to add to what

23  Mr. Eisenberg is stating, I think it's also relevant to

24  consider that we are in a post-Allen environment, and so I

25  think the Court has to be -- I think that the government's          11:17:53

UNITED STATES DISTRICT COURT

1   recommendation could send a coercive suggestion that for the

2   second time in two days they've asked about page 27, element

3   four, and the government is saying:  Send them to page 30.

4   That's better for us.  And I think that's, I think, in the

5   current environment it even makes Mr. Eisenberg's argument          11:18:17

6   stronger.

7           MR. STONE:  It's not coercive.  It's one of the

8   instructions that they were given that would allow them to find

9   the defendants guilty of Counts 2 through 51 outside or after

10  finding them not guilty of Count 1.  It's direct answer to          11:18:35

11  their question.

12          And if the jury has, as Ms. Bertrand and Mr. Eisenberg

13  conjectured, already considered the instruction on page 30,

14  then they can disregard the response.  Then it would be very

15  easy for them to move on.  But if they are confused as to what      11:18:56

16  the elements are for what they would need to find the

17  defendants guilty of on the Travel Act, it could be helpful and

18  clarifying, and that's the position we are in right now is

19  trying to help them figure this out after their third question.

20          THE COURT:  I hope they are not disregarding the            11:19:13

21  answer.  But in any event, I think the very first line tells me

22  that they've gotten the point that every count stands alone,

23  and I think that that statement then negates the necessity to

24  point them back to the Travel Act instruction, and so --

25  silence the phones, please.                                         11:19:52

1          So I'm think, in my way of thinking, the Court's

2    original reaction would answer the question.

3          Again, please, whomever has their phone on, please

4    step out of the courtroom or silence your phone.  It is a

5    simple request.                                              11:20:35

6          So I do think they have been previously referred to

7    the Travel Act charge in a previous answer.  They now

8    understand that they are to view each count independently, and

9    I do think it's a way to clarify and directly respond to the

10   question.                                                    11:21:21

11         And so let me reread what I intend to give to them,

12   which I do think relates back to element four.  "If a defendant

13   does not meet an element of Count 1, they cannot be found

14   guilty of Count 1."  That's in response to the second question

15   that they, or the second sentence.                           11:22:12

16         "If you find a defendant is not guilty under Count

17   1" -- I'm sorry -- "If you find a defendant is not guilty of

18   Count 1, that defendant cannot satisfy element 4 on page 27 of

19   the jury instruction because that defendant cannot be held

20   responsible for the acts of a co-conspirator."               11:22:44

21         And that is how the Court will respond.  Before I

22   conclude the proceeding, let me just verify, does the

23   government intend to respond to what Mr. Feder filed last

24   evening?

25         MR. RAPP:  Yes.                                        11:23:12

1          THE COURT:  And if so, when do you think you'll have

2    that?

3          MR. RAPP:  When would the Court want it?

4          THE COURT:  Sooner rather than later.

5          MR. RAPP:  Okay.                                    11:23:21

6          THE COURT:  I think he filed his within 24 hours.  I

7    think I can give you to the end of today or this evening.

8          MR. RAPP:  Very well.

9          THE COURT:  Thank you.  And I want to make sure that

10   you answer the question as to why the late disclosure, and do   11:23:33

11   be very specific in terms of your answer.

12          All right.  Is there anything further from the

13   government?

14          MR. STONE:  No, Your Honor.

15          THE COURT:  Anything further from the defendants?     11:23:51

16          MS. BERTRAND:  Yes --

17          MR. LINCENBERG:  Your Honor, with regard to our motion

18   regarding Exhibit A, that 2021 Quoc Thai report, the Court was

19   still taking under consideration -- the Court made a ruling

20   that it wasn't Jencks.  The Court was going to then further     11:24:12

21   consider whether there was impeachment material and the like

22   that would have required disclosure.  I know that the Court has

23   a lot of hearings.  It's not the only thing on the Court's

24   plate, but I want to remind the Court that that is also still

25   pending.                                                       11:24:32

1         THE COURT:  Yes, I know.  Thank you.

2         Ms. Bertrand, were you going to say something?

3         MS. BERTRAND:  I said, "Thank you."

4         THE COURT:  If there is nothing further, then we are

5    adjourned.                                                         11:24:41

6        (Proceedings concluded at 11:24 a.m.)

7        (Proceedings reconvened at 4:06 p.m.)

8         THE COURT:  Please be seated.  All right.  The record

9    will reflect the presence of all government counsel.

10   Defendants are all present with their counsel.  I understand        16:06:59

11   Mr. Panchapakesan is on the telephone.

12         This afternoon we did receive the following

13   communication:  "We the jury have come to a unanimous agreement

14   on the majority of the counts, however, we are unable to reach

15   a consensus on the remaining counts."                              16:07:27

16         And it is signed Juror No. 2.

17         And so having received that communication and having

18   previously read the Allen charge to the jury, is there any

19   objection to having the jury come in by the government?

20         MR. RAPP:  There is no objection.                           16:07:56

21         THE COURT:  Any objection from the defendants,

22   Mr. Eisenberg?

23         MR. EISENBERG:  No, Your Honor.

24         THE COURT:  Mr. Kessler?

25         MR. KESSLER:  No, Your Honor.                               16:08:05

```
 1              THE COURT:  Mr. Lincenberg?

 2              MR. LINCENBERG:  No, Your Honor.

 3              THE COURT:  Ms. Bertrand?

 4              MS. BERTRAND:  No.

 5              THE COURT:  Mr. Cambria?                        16:08:12

 6              MR. CAMBRIA:  No, Your Honor.

 7              THE COURT:  All right.  Let's have the jury in.

 8              All rise for the jury.

 9                        (Jury is present)

10              THE COURT:  Please be seated.  By juror number, who is  16:09:28

11   the foreperson of this jury?  What is your juror number?

12              THE FOREPERSON:  Number 2.

13              THE COURT:  Juror No. 2, in your opinion, is the jury

14   unable to agree on a verdict as to one or more counts?

15              THE FOREPERSON:  Yes.                          16:09:57

16              THE COURT:  I pose this question to all jurors:  If

17   any of you disagree with the foreperson's answer, please tell

18   me now.

19              Foreperson No. 2, is there a reasonable probability

20   that the jury can reach a unanimous verdict if sent back to the  16:10:21

21   jury room for further deliberations?

22              THE FOREPERSON:  No.

23              THE COURT:  And again, to all jurors, without stating

24   where any juror stands, do any of you believe there is a

25   reasonable probability that the jury can reach a unanimous   16:10:41
```

1    verdict if sent back to the jury room for further

2    deliberations?

3          And Foreperson No. 2, has the jury been able to reach

4    a verdict on some of the counts?

5          THE FOREPERSON:  Yes.                              16:11:05

6          THE COURT:  And I'd like the Courtroom Deputy, if you

7    could retrieve the form of verdict to -- retrieve that from

8    Juror No. 2.

9          I will ask my Courtroom Deputy to publish the verdict.

10         COURTROOM DEPUTY:  We, the jury, find the defendants,   16:14:16

11   Michael Lacey, Scott Spear, John Jed Brunst, Andrew Padilla and

12   Joye Vaught, as to the charges of the indictment, Count 1:

13   Conspiracy

14         Michael Lacey, no verdict.

15         Scott Spear, guilty.                               16:14:46

16         John Jed Brunst, guilty.

17         Andrew Padilla, not guilty.

18         Joye Vaught, not guilty.

19         Count 2:  Michael Lacey, no verdict.

20         Scott Spear, guilty.                               16:15:07

21         John Jed Brunst, not guilty.

22         Andrew Padilla, not guilty.

23         Joye Vaught, not guilty.

24         Count 3:  Michael Lacey, no verdict.

25         Scott Spear, guilty.                               16:15:23

```
 1          John Jed Brunst, not guilty.

 2          Andrew Padilla, not guilty.

 3          Joye Vaught, not guilty.

 4          Count 4:  Michael Lacey, no verdict.

 5          Scott Spear, guilty.                          16:15:41

 6          John Jed Brunst, not guilty.

 7          Andrew Padilla, not guilty.

 8          Joye Vaught, not guilty.

 9          Count 5:  Michael Lacey, no verdict.

10          Scott Spear, guilty.                          16:15:57

11          John Jed Brunst, not guilty.

12          Andrew Padilla, not guilty.

13          Joye Vaught, not guilty.

14          Count 6:  Michael Lacey, no verdict.

15          Scott Spear, guilty.                          16:16:13

16          John Jed Brunst, not guilty.

17          Andrew Padilla, not guilty.

18          Joye Vaught, not guilty.

19          Count 7:  Michael Lacey, no verdict.

20          Scott Spear, guilty.                          16:16:28

21          Jot Jed Brunst, not guilty.

22          Andrew Padilla, not guilty.

23          Joye Vaught, not guilty.

24          Count 8:  Michael Lacey, no verdict.

25          Scott Spear, guilty.                          16:16:43
```

```
 1              John Jed Brunst, not guilty.

 2              Andrew Padilla, not guilty.

 3              Joye Vaught, not guilty.

 4              Count 9:  Michael Lacey, no verdict.

 5              Scott Spear, guilty.                    16:16:57

 6              John Jed Brunst, not guilty.

 7              Andrew Padilla, not guilty.

 8              Joye Vaught, not guilty.

 9              Count 10:  Michael Lacey, no verdict.

10              Scott Spear, guilty.                    16:17:12

11              John Jed Brunst, not guilty.

12              Andrew Padilla, not guilty.

13              Joye Vaught, not guilty.

14              Count 11:  Michael Lacey, no verdict.

15              Scott Spear, guilty.                    16:17:24

16              John Jed Brunst, not guilty.

17              Andrew Padilla, not guilty.

18              Joye Vaught, not guilty.

19              Count 12:  Michael Lacey, no verdict.

20              Scott Spear, guilty.                    16:17:38

21              John Jed Brunst, not guilty.

22              Andrew Padilla, not guilty.

23              Joye Vaught, not guilty.

24              Count 13:  Michael Lacey, no verdict.

25              Scott Spear, guilty.                    16:17:51
```

```
 1              John Jed Brunst, not guilty.

 2              Andrew Padilla, not guilty.

 3              Joye Vaught, not guilty.

 4              Count 14:  Michael Lacey, no verdict.

 5              Scott Spear, guilty.                      16:18:05

 6              John Jed Brunst, not guilty.

 7              Andrew Padilla, not guilty.

 8              Joye Vaught, not guilty.

 9              Count 15:  Michael Lacey, no verdict.

10              Scott Spear, guilty.                      16:18:19

11              John Jed Brunst, not guilty.

12              Andrew Padilla, not guilty.

13              Joye Vaught, not guilty.

14              Count 16:  Michael Lacey, no verdict.

15              Scott Spear, guilty.                      16:18:32

16              John Jed Brunst, not guilty.

17              Andrew Padilla, not guilty.

18              Joye Vaught, not guilty.

19              Count 17:  Michael Lacey, no verdict.

20              Scott Spear, guilty.                      16:18:46

21              John Jed Brunst, not guilty.

22              Andrew Padilla, not guilty.

23              Joye Vaught, not guilty.

24              Count 18:  Michael Lacey, no verdict.

25              Scott Spear, guilty.                      16:19:00
```

```
 1           John Jed Brunst, not guilty.

 2           Andrew Padilla, not guilty.

 3           Joye Vaught, not guilty.

 4           Count 19:  Michael Lacey, no verdict.

 5           Scott Spear, not guilty.                    16:19:15

 6           John Jed Brunst, not guilty.

 7           Andrew Padilla, not guilty.

 8           Joye Vaught, not guilty.

 9           Count 20:  Michael Lacey, no verdict.

10           Scott Spear, not guilty.                    16:19:29

11           John Jed Brunst, not guilty.

12           Andrew Padilla, not guilty.

13           Joye Vaught, not guilty.

14           Count 21:  Michael Lacey, no verdict.

15           Scott Spear, not guilty.                    16:19:43

16           John Jed Brunst, not guilty.

17           Andrew Padilla, not guilty.

18           Joye Vaught, not guilty.

19           Count 22:  Michael Lacey, no verdict.

20           Scott Spear, not guilty.                    16:19:57

21           John Jed Brunst, not guilty.

22           Andrew Padilla, not guilty.

23           Joye Vaught, not guilty.

24           Count 23:  Michael Lacey, no verdict.

25           Scott Spear, not guilty.                    16:20:11
```

```
1              John Jed Brunst, not guilty.

2              Andrew Padilla, not guilty.

3              Joye Vaught, not guilty.

4              Count 24:  Michael Lacey, no verdict.

5              Scott Spear, not guilty.                         16:20:24

6              John Jed Brunst, not guilty.

7              Andrew Padilla, not guilty.

8              Joye Vaught, not guilty.

9              Count 25:  Michael Lacey, no verdict.

10             Scott Spear, not guilty.                         16:20:36

11             John Jed Brunst, not guilty.

12             Andrew Padilla, not guilty.

13             Joye Vaught, not guilty.

14             Count 26:  Michael Lacey, no verdict.

15             Scott Spear, not guilty.                         16:20:51

16             John Jed Brunst, not guilty.

17             Andrew Padilla, not guilty.

18             Joye Vaught, not guilty.

19             Count 27:  Michael Lacey, no verdict.

20             Scott Spear, not guilty.                         16:21:04

21             John Jed Brunst, not guilty.

22             Andrew Padilla, not guilty.

23             Joye Vaught, not guilty.

24             Count 28:  Michael Lacey, no verdict.

25             Scott Spear, not guilty.                         16:21:17
```

```
 1              John Jed Brunst, not guilty.

 2              Andrew Padilla, not guilty.

 3              Joye Vaught, not guilty.

 4              Count 29:  Michael Lacey, no verdict.

 5              Scott Spear, not guilty.                     16:21:31

 6              John Jed Brunst, not guilty.

 7              Andrew Padilla, not guilty.

 8              Joye Vaught, not guilty.

 9              Count 30:  Michael Lacey, no verdict.

10              Scott Spear, not guilty.                     16:21:43

11              John Jed Brunst, not guilty.

12              Andrew Padilla, not guilty.

13              Joye Vaught, not guilty.

14              Count 31:  Michael Lacey, no verdict.

15              Scott Spear, not guilty.                     16:21:55

16              John Jed Brunst, not guilty.

17              Andrew Padilla, not guilty.

18              Joye Vaught, not guilty.

19              Count 32:  Michael Lacey, no verdict.

20              Scott Spear, not guilty.                     16:22:08

21              John Jed Brunst, not guilty.

22              Andrew Padilla, not guilty.

23              Joye Vaught, not guilty.

24              Count 33:  Michael Lacey, no verdict.

25              Scott Spear, not guilty.                     16:22:22
```

```
 1              John Jed Brunst, not guilty.

 2              Andrew Padilla, not guilty.

 3              Joye Vaught, not guilty.

 4              Count 34:  Michael Lacey, no verdict.

 5              Scott Spear, not guilty.                    16:22:34

 6              John Jed Brunst, not guilty.

 7              Andrew Padilla, not guilty.

 8              Joye Vaught, not guilty.

 9              Count 35:  Michael Lacey, no verdict.

10              Scott Spear, not guilty.                    16:22:48

11              John Brunst, not guilty.

12              Andrew Padilla, not guilty.

13              Joye Vaught, not guilty.

14              Count 36:  Michael Lacey, no verdict.

15              Scott Spear, not guilty.                    16:23:01

16              John Jed Brunst, not guilty.

17              Andrew Padilla, not guilty.

18              Joye Vaught, not guilty.

19              Count 37:  Michael Lacey, no verdict.

20              Scott Spear, not guilty.                    16:23:14

21              John Jed Brunst, not guilty.

22              Andrew Padilla, not guilty.

23              Joye Vaught, not guilty.

24              Count 38:  Michael Lacey, no verdict.

25              Scott Spear, not guilty.                    16:23:28
```

```
1              John Jed Brunst, not guilty.

2              Andrew Padilla, not guilty.

3              Joye Vaught, not guilty.

4              Count 39:  Michael Lacey, no verdict.

5              Scott Spear, not guilty.                    16:23:40

6              John Jed Brunst, not guilty.

7              Andrew Padilla, not guilty.

8              Joye Vaught, not guilty.

9              Count 40:  Michael Lacey, no verdict.

10             Scott Spear, not guilty.                    16:23:55

11             John Jed Brunst, not guilty.

12             Andrew Padilla, not guilty.

13             Joye Vaught, not guilty.

14             Count 41:  Michael Lacey, no verdict.

15             Scott Spear, not guilty.                    16:24:05

16             John Jed Brunst, not guilty.

17             Andrew Padilla, not guilty.

18             Joye Vaught, not guilty.

19             Count 42:  Michael Lacey, no verdict.

20             Scott Spear, not guilty.                    16:24:19

21             John Jed Brunst, not guilty.

22             Andrew Padilla, not guilty.

23             Joye Vaught, not guilty.

24             Count 43:  Michael Lacey, no verdict.

25             Scott Spear, not guilty.                    16:24:32
```

```
 1            John Jed Brunst, not guilty.

 2            Andrew Padilla, not guilty.

 3            Joye Vaught, not guilty.

 4            Count 44:  Michael Lacey, no verdict.

 5            Scott Spear, not guilty.                    16:24:46

 6            John Jed Brunst, not guilty.

 7            Andrew Padilla, not guilty.

 8            Joye Vaught, not guilty.

 9            Count 45:  Michael Lacey, no verdict.

10            Scott Spear, not guilty.                    16:24:58

11            John Jed Brunst, not guilty.

12            Andrew Padilla, not guilty.

13            Joye Vaught, not guilty.

14            Count 46:  Michael Lacey, no verdict.

15            Scott Spear, not guilty.                    16:25:12

16            John Jed Brunst, not guilty.

17            Andrew Padilla, not guilty.

18            Joye Vaught, not guilty.

19            Count 47:  Michael Lacey, no verdict.

20            Scott Spear, not guilty.                    16:25:25

21            John Jed Brunst, not guilty.

22            Andrew Padilla, not guilty.

23            Joye Vaught, not guilty.

24            Count 48:  Michael Lacey, not -- no verdict.

25            Scott Spear, not guilty.                    16:25:41
```

```
1              John Jed Brunst, not guilty.

2              Andrew Padilla, not guilty.

3              Joye Vaught, not guilty.

4              Count 49:  Michael Lacey, no verdict.

5              Scott Spear, not guilty.                    16:25:53

6              John Jed Brunst, not guilty.

7              Andrew Padilla, not guilty.

8              Joye Vaught, not guilty.

9              Count 50:  Michael Lacey, no verdict.

10             Scott Spear, not guilty.                    16:26:08

11             John Jed Brunst, not guilty.

12             Andrew Padilla, not guilty.

13             Joye Vaught, not guilty.

14             Count 51:  Michael Lacey, no verdict.

15             Scott Spear, not guilty.                    16:26:22

16             John Jed Brunst, not guilty.

17             Andrew Padilla, not guilty.

18             Joye Vaught, not guilty.

19             As to Count 52:
```

20    Conspiracy to Commit Money Laundering                16:26:34

```
21             Michael Lacey, no verdict.

22             Scott Spear, guilty.

23             John Jed Brunst, guilty.

24             Count 53:
```

25    Concealment Money Laundering                         16:26:47

```
 1              Michael Lacey, no verdict.

 2              Scott Spear, guilty.

 3              John Jed Brunst, guilty.

 4              Count 54:  Michael Lacey, no verdict.

 5              Scott Spear, guilty.                        16:26:59

 6              John Jed Brunst, guilty.

 7              Count 55:  Michael Lacey, no verdict.

 8              Scott Spear, guilty.

 9              John Jed Brunst, guilty.

10              Count 56:  Michael Lacey, no verdict.      16:27:15

11              Scott Spear, guilty.

12              John Jed Brunst, guilty.

13              Count 57:  Michael Lacey, no verdict.

14              Scott Spear, guilty.

15              John Jed Brunst, guilty.                   16:27:30

16              Count 58:  Michael Lacey, no verdict.

17              Scott Spear, guilty.

18              John Jed Brunst, guilty.

19              Count 59:  Michael Lacey, no verdict.

20              Scott Spear, guilty.                        16:27:46

21              John Jed Brunst, guilty.

22              Count 60:  Michael Lacey, no verdict.

23              Scott Spear, guilty.

24              John Jed Brunst, guilty.

25              Count 61:  Michael Lacey, no verdict.       16:27:58
```

```
 1              Scott Spear, guilty.

 2              John Jed Brunst, guilty.

 3              Count 62:  Michael Lacey, no verdict.

 4              Scott Spear, guilty.

 5              John Jed Brunst, guilty.                    16:28:13

 6    International Promotional Money Laundering, Counts 63 through

 7    68.

 8              Count 63:  Michael Lacey, not guilty.

 9              Scott Spear, not guilty.

10              John Jed Brunst, not guilty.               16:28:27

11              Count 64:  Michael Lacey, no verdict.

12              Scott Spear, not guilty.

13              John Jed Brunst, guilty.

14              Count 65:  Michael Lacey, no verdict.

15              Scott Spear, not guilty.                    16:28:44

16              John Jed Brunst, guilty.

17              Count 66:  Michael Lacey, no verdict.

18              Scott Spear, not guilty.

19              John Jed Brunst, guilty.

20              Count 67:  Michael Lacey, no verdict.       16:28:59

21              Scott Spear, not guilty.

22              John Jed Brunst, guilty.

23              Count 68:  Michael Lacey, no verdict.

24              Scott Spear, not guilty.

25              John Jed Brunst, guilty.                    16:29:13
```

1    <u>Transactional Money Laundering</u>, Count 69 through 99.

2            Count 69:  Michael Lacey, no verdict.

3            John Jed Brunst, guilty.

4            Count 70:  Michael Lacey, no verdict.

5            John Jed Brunst, guilty.                    16:29:30

6            Count 71:  Scott Spear, guilty.

7            Count 72:  Scott Spear, guilty.

8            Count 73:  Scott Spear, guilty.

9            Count 74:  Scott Spear, guilty.

10           Count 75:  Scott Spear, guilty.             16:29:48

11           Count 76:  Scott Spear, guilty.

12           Count 77:  Scott Spear, guilty.

13           Count 78:  Scott Spear, guilty.

14           John Jed Brunst, guilty.

15           Count 79:  John Jed Brunst, guilty.         16:30:06

16           Count 80:  John Jed Brunst, guilty.

17           Count 81:  Michael Lacey, no verdict.

18           John Jed Brunst, guilty.

19           Count 82:  John Jed Brunst, guilty.

20           Count 83:  Michael Lacey, no verdict.       16:30:27

21           John Jed Brunst, guilty.

22           Count 84:  Michael Lacey, no verdict.

23           John Jed Brunst, guilty.

24           Count 85:  Scott Spear, guilty.

25           Count 86:  Michael Lacey, no verdict.       16:30:45

```
 1              John Jed Brunst, guilty.

 2              Count 87:  John Jed Brunst, guilty.

 3              Count 88:  Michael Lacey, no verdict.

 4              John Jed Brunst, guilty.

 5              Count 89:  Michael Lacey, no verdict.      16:31:02

 6              John Jed Brunst, guilty.

 7              Count 90:  Michael Lacey, no verdict.

 8              John Jed Brunst, guilty.

 9              Count 91:  Michael Lacey, no verdict.

10              John Jed Brunst, guilty.                   16:31:19

11              Count 92:  Michael Lacey, no verdict.

12              John Jed Brunst, guilty.

13              Count 93:  Scott Spear, guilty.

14              John Jed Brunst, guilty.

15              Count 94:  Michael Lacey, no verdict.      16:31:36

16              Count 95:  Michael Lacey, no verdict.

17              Count 96:  Michael Lacey, no verdict.

18              Count 97:  Michael Lacey, no verdict.

19              Count 98:  Michael Lacey, no verdict.

20              Count 99:  Michael Lacey, no verdict.      16:31:57

21    International Concealment Money Laundering

22              Count 100:  Michael Lacey, guilty.

23              THE COURT:  Thank you.  Does the government wish to

24    have the jury polled?

25              MR. RAPP:  No, Your Honor.                 16:32:24
```

```
 1              THE COURT:  Mr. Eisenberg, do you wish to have the
 2     jury polled?
 3              MR. EISENBERG:  No, Your Honor.
 4              THE COURT:  Mr. Kessler, do you wish to have the jury
 5     polled?                                                          16:32:31
 6              MR. KESSLER:  Yes, Your Honor.
 7              THE COURT:  Mr. Lincenberg, do you wish to have the
 8     jury polled?
 9              MR. LINCENBERG:  Yes, Your Honor.
10              THE COURT:  Ms. Bertrand, do you wish to have the jury  16:32:38
11     polled?
12              MS. BERTRAND:  No.  Thank you.
13              THE COURT:  Mr. Cambria, do you wish to have the jury
14     polled?
15              MR. CAMBRIA:  Yes.                                      16:32:45
16              THE COURT:  The Courtroom Deputy will poll the jury.
17              COURTROOM DEPUTY:  Members of the jury, this will be
18     asked of all of you:  Is this your true and correct verdict,
19     Juror No. 1?
20              JUROR NO. 1:  Yes, ma'am.                               16:32:59
21              COURTROOM DEPUTY:  Juror No. 2?
22              JUROR NO. 2:  Yes.
23              COURTROOM DEPUTY:  Juror No. 3?
24              JUROR NO. 3:  Yes.
25              COURTROOM DEPUTY:  Juror No. 5?                         16:33:02
```

```
 1              JUROR NO. 5:  Yes.

 2              COURTROOM DEPUTY:  Juror No. 6?

 3              JUROR NO. 6:  Yes.

 4              COURTROOM DEPUTY:  Juror No. 7?

 5              JUROR NO. 7:  Yes.                          16:33:06

 6              COURTROOM DEPUTY:  Juror No. 8?

 7              JUROR NO. 8:  Yes.

 8              COURTROOM DEPUTY:  Juror No. 10?

 9              JUROR NO. 10:  Yes.

10              COURTROOM DEPUTY:  11?                      16:33:13

11              JUROR NO. 11:  Yes.

12              COURTROOM DEPUTY:  13?

13              JUROR NO. 13:  Yes.  Yes.

14              COURTROOM DEPUTY:  14?

15              JUROR NO. 14:  Yes.                         16:33:22

16              COURTROOM DEPUTY:  15?

17              JUROR NO. 15:  Yes.

18              THE COURT:  Members of the jury, I want to thank you

19    for an incredible service.  When I reflect upon when your

20    service began, it began in earnest when some of you received    16:33:48

21    very voluminous jury questionnaire early in the summer.  Some

22    of you, I recognize, took days to fill out, resubmitted to our

23    court.  Some of you came in mid-August and sat in the jury

24    assembly room and completed that questionnaire.  In any event,

25    you showed up and that was the first critical part.           16:34:25
```

1          And I say that because we are unique in the United

2    States in that we wholly rely on our citizens to participate to

3    ensure that our system of justice works.  And here you have

4    given remarkable service because you were not only sworn in as

5    potential jurors, but as the jury on August the 29th.                    16:35:00

6          You have shown up every morning, you have paid close

7    attention, you have taken notes, and it was obvious to me that

8    the oath that you took you adhered to everyday.  You withstood

9    many urgent matters that we had to discuss out of your

10   presence, you endured delays, and you endured disruption to       16:35:41

11   your work, your family, everything that you are used to to

12   serve, and you have indeed served diligently through your

13   attention during the trial and importantly during your daily

14   deliberations.  We could not ask more.

15         And at this time I will release you from the                       16:36:22

16   admonition not to discuss the matters that you've heard, the

17   matters that you've been deliberating on.  You may discuss them

18   with whomever you wish, but I want you to leave with the

19   understanding that your service has been remarkable.  This

20   Court could not ask for more.                                            16:36:52

21         And I will at this time release the jury, but I want

22   to ask you if you would just stay just for a few minutes

23   longer.  I'd like to come in and just briefly visit with you

24   before you depart to your daily lives.

25         With that, please all rise for the jury.                          16:37:12

```
 1                    (Jury is not present.)
 2          THE COURT:  All right.  Please be seated.  Counsel,
 3    there are a number of matters that I do need to confer with you
 4    on.  It is the Court's obligation at this time to declare a
 5    mistrial as to those counts upon which the jury was not able to    16:38:03
 6    return a verdict.
 7          And as to any of the counts of conviction, I do want
 8    to just state and remind the defendants as appropriate that you
 9    remain under the conditions of the Court that have been
10    previously set.                                                    16:38:29
11          When I return from speaking with the jury, I'd like to
12    just put a couple of matters on the record and then we would
13    necessarily have to set a calendar going forward, and I'd like
14    to do that.  So I will return certainly within ten minutes of
15    time.  And in the meantime, we will stand at recess.               16:38:51
16          (Recess was taken at 4:38 p.m.)
17        (Proceedings reconvened at 4:56 p.m.)
18          THE COURT:  Can I see the form of verdict?
19          COURTROOM DEPUTY:  Yes.
20          THE COURT:  All right.  Please be seated.                    16:56:51
21          Mr. Cambria, is your client present?
22          MR. CAMBRIA:  Yes.  Well, he was.
23          THE COURT:  As to Mr. Padilla and Ms. Vaught, as a
24    result of the jury verdict on Count 1 through 51, the Court
25    will enter a judgment of acquittal.  They are released from any    16:58:26
```

```
 1   further conditions, although I think as a technical matter they

 2   may need to check in with the supervising officer just to

 3   resolve some likely paperwork issues, but make sure that the

 4   officers reach out to Mr. Padilla and Ms. Vaught with respect

 5   to that.                                                      16:58:58

 6          MS. BERTRAND:  Your Honor, would it -- could the Court

 7   please order that Ms. Vaught and Mr. Padilla's passports be

 8   returned?  I believe they had to be surrendered as a condition

 9   of their release.

10          THE COURT:  Yes, I will do that.  But as I said, there  16:59:18

11   might be other matters that the supervising officer will have

12   to take up with them separately, and we will reach out to them,

13   and I am sure they will be contacting you as soon as possible

14   to arrange whatever needs to be done with regard to that.

15          MS. BERTRAND:  Okay.  Thank you.                       16:59:36

16          THE COURT:  With regard to the counts of conviction,

17   as I mentioned, there is the Motion for Judgment of Acquittal

18   that is still pending that the Court left for later

19   consideration.  I would suggest -- I think we should reconvene

20   on Tuesday the 28th at 2:30 for the purposes of that motion as  17:00:43

21   to the defendants who received counts of conviction.

22          Is there any objection to that date?  Beyond that, I

23   won't be able to take anything up until after the following

24   week or the entirety of the remainder of that week, I should

25   say.  I'm out of state.  So it would have to then -- it would  17:01:29
```

1   have to occur some time after the 5th of December, and I'd

2   rather not put it off, and so 2:30 on the 28th we will

3   reconvene in my sixth floor courtroom.

4       And at that time I would hope that the government

5   would have a position in terms of the counts in which the jury          17:02:08

6   could not reach a verdict and would let me know at least

7   preliminarily what you intend to do because, of course, that's

8   a scheduling issue that we would have to take up, and so that's

9   how we will proceed on that.

10      All right.  Is there anything further from the                      17:02:38

11  government?

12      MR. RAPP:  Judge, there's an outstanding motion that's

13  due this evening.

14      THE COURT:  Tonight, yes.

15      MR. RAPP:  We would ask if we could have an extension             17:02:49

16  until 12:00 o'clock tomorrow?

17      THE COURT:  Yes, you may.  I guess let me just ask the

18  defendants, given the schedule that we've been under, I haven't

19  necessarily seen a lot of replies, do you wish to have leave to

20  file a reply?                                                          17:03:11

21      MR. CAMBRIA:  Yes, we do.  The other question I have

22  is under 29(c) post verdict.  We have 14 days to make the

23  motion.  Now, we did make one motion, obviously this is a

24  little bit different because of the actual count of conviction,

25  would you -- I keep doing this.  Here.  Try that -- would you          17:03:37

1  give us a date within that 14 days to file any supplemental 29?

2  According to the rule, we have to file within 14 days of

3  verdict.

4         THE COURT:  Okay.  So as I understand it, this will be

5  a supplement to the already oral motion for judgment of          17:04:07

6  acquittal.

7         MR. CAMBRIA:  Yes.  We have a record, an evidentiary

8  record we can refer to.

9         THE COURT:  Do you need the full 14 days?

10        MR. CAMBRIA:  No, but with --                             17:04:22

11        THE COURT:  And --

12        MR. CAMBRIA:  -- Thanksgiving and all that.

13        THE COURT:  By necessity then that's going to end up

14  delaying the hearing that I set, and so do you think ten days?

15        MR. CAMBRIA:  That would be fine.  Absolutely.           17:04:47

16        THE COURT:  All right.  So within ten days you will

17  file your supplement.  The government will have the time to

18  respond, or I guess in this case reply, and I'm going to review

19  the form of verdict because I may have -- in my head I had

20  formulated a question that I think Mr. Eisenberg raised at the  17:05:18

21  very last hearing in which he made an additional argument, and

22  I think it was related to the -- it was related to the overt

23  act in the Travel Act count, and it's related to the conspiracy

24  count as it pertains to the Travel Act count.

25        I say that only because there are counts of conviction   17:06:03

1    in the Travel Act counts, and I don't quite recall how

2    Mr. Eisenberg formulated the statement, but I would suggest the

3    government go back and look at his supplemental argument.  It

4    was made, I think, on the last day of the oral motions, and

5    take a close look at his statement because I don't think you            17:06:35

6    had an opportunity to respond to it, at least by my

7    recollection, and that's why I had a question in my head as to

8    what your response is or would be.  And so if you look at the

9    record and you can't examine it, I'll do the same because I

10   know that it prompted a question in my head --                          17:07:06

11         MR. STONE:  Your Honor.  Sorry for interrupting.

12   Point of clarification, are you talking about the Rule 29

13   argument?

14         THE COURT:  Yes, the Rule 29 argument.  To be clear,

15   because I am going to give the defendants ten days to file             17:07:24

16   their supplement, I'll give you, can you file something within

17   a five-day response time, do you think?

18         MR. KOZINETS:  Your Honor, I think it depends on the

19   timing.  I think ten days from today -- I'm sorry.  So just to

20   be clear, when would the defense supplement be due?                    17:07:50

21         MR. CAMBRIA:  Ten days from today.

22         MR. LINCENBERG:  Your Honor, ten days would be the day

23   after, I guess, the Thanksgiving weekend.  Perhaps we could

24   have until November 29th.

25         THE COURT:  Yes.  Why don't you set the 29th as your             17:08:18

```
1    deadline, and I will give the government --
2           MR. KOZINETS:  Your Honor, I may need more than five
3    days.
4           THE COURT:  I was going to suggest by the 8th, the end
5    of the business day on the 8th.  Does that sound reasonable?    17:08:44
6           MR. KOZINETS:  Okay.
7           THE COURT:  In that interim period, I will set then a
8    time for the hearing on that motion and the response, and that
9    will obviously be probably the next week toward the latter part
10   of the week, the week after that being the holidays, and so     17:09:06
11   I'll look at the calendar and see what we can do with regard to
12   setting the hearing.
13          And I think the Court does still have the pending
14   issue related to Exhibit A, and as well as the most recent
15   filing that the government will respond to tomorrow.            17:09:40
16          MR. CAMBRIA:  Jencks.
17          THE COURT:  Whatever deadline I said.
18          MR. STONE:  Your Honor, just to clarify, sounded like
19   they wanted a reply for that.  If they want a reply, I would
20   suggest that we set it out more so that we have a little more    17:09:55
21   time to really do our best to respond to the original motion.
22   So maybe ours could be due next Wednesday or Thursday and they
23   could have a week on the reply.
24          THE COURT:  Next Wednesday -- next Thursday is
25   Thanksgiving, so you can have that if you want.                 17:10:12
```

1          MR. STONE:  We'll file it before then.

2          THE COURT:  Aim for Wednesday.

3          MR. STONE:  Thanks, Your Honor.

4          THE COURT:  All right.  And so that's how we will

5     proceed.                                                    17:10:22

6          Is there anything further from the government?

7          MR. BERRY:  Only thing, Your Honor, is we filed a

8     Motion For Protective Order regarding some exhibits, and I

9     don't know if the defense intends to respond to that, and then

10    I know that there was a Motion to Intervene by one of the     17:10:38

11    journalists, and I am not sure how the Court wants to handle

12    that.

13         THE COURT:  Well, I was aware of the pending motion

14    and I had intended today to issue an order directing an

15    expedited response so I can get to that, and I will probably do  17:10:52

16    that if I can by tomorrow.  So if anybody wishes to respond to

17    it, the response will be expedited and the Court will not delay

18    in getting that done.  And so yes, I am aware of it.

19         Anything further from the government?

20         MR. RAPP:  No, Your Honor.  Thank you.              17:11:24

21         MR. CAMBRIA:  Yes.  I want to try to make sure I know

22    the date.  Within ten days?

23         THE COURT:  Yes.

24         MR. CAMBRIA:  All right.  Thank you.

25         THE COURT:  It can be tomorrow or it could be five   17:11:35

```
1    days.

2              MR. CAMBRIA:  And we're still meeting on the 28th at

3    2:30?

4              THE COURT:  No, because of the timing of your filing

5    and the government's response, I will set that hearing out.        17:11:45

6              MR. CAMBRIA:  Okay.

7              MR. LINCENBERG:  As I understand it, Mr. Cambria, Your

8    Honor, the date is November 29th.  I don't know if that's

9    within ten days, but the date for our filing is November 29th?

10             THE COURT:  No.  Mr. Cambria asked for at least ten     17:12:07

11   days in which to file a supplement Rule 29 motion.

12             MR. LINCENBERG:  Right.

13             THE COURT:  I gave him that grace period and he will

14   file something within that time frame, therefore, we are not

15   going to have a hearing on the 29th.                              17:12:25

16             MR. LINCENBERG:  I will --

17             THE COURT:  I will set that out at a later time

18   because there's also the government's -- I want them to file a

19   reply because there's a particular issue that I want them to

20   look at with regard to Mr. Eisenberg's argument, and so I'm      17:12:44

21   going to permit them to do that.  It will help me in the

22   decisional process.  So there is no hearing on the 29th.

23             MR. LINCENBERG:  I understand there is no hearing on

24   the 28th, I think the Court said, but what I'm confused about

25   was when Mr. Cambria asked for ten days, and I mentioned that    17:13:01
```

```
 1    that sort of runs into the Sunday of Thanksgiving weekend.  Can
 2    we have until I think the 29th, and Your Honor said that would
 3    be fine.  So in terms of the date for this filing, I am
 4    confused as to that date.
 5         THE COURT:  Well, Mr. Cambria said he could have        17:13:19
 6    something filed within ten days, so...
 7         MR. LINCENBERG:  That would be Sunday the 28th, I
 8    think, of Thanksgiving, so we may also file something
 9    supplemental.  I would just request that that date be set for
10    the 29th.                                                    17:13:38
11         THE COURT:  So 11-29 is your deadline.  The government
12    has until December the 8th.  And at this juncture I don't
13    necessarily think I need a reply, but I certainly will let you
14    know if that's going to help me.
15         All right.  And so, and then you will look forward to   17:14:16
16    a hearing being set by the Court in the interim period sometime
17    the following week.
18         Anything further from you, Mr. Cambria?
19         MR. CAMBRIA:  No except -- no except to thank you for
20    your courtesies during my visit here, Your Honor, and your   17:14:34
21    staff.
22         THE COURT:  Well, I appreciate that, Mr. Cambria.  I
23    have the hardest working staff, I think, in the courthouse, and
24    they have shown remarkable patience with me and with you and so
25    I appreciate your recognition.                               17:14:55
```

UNITED STATES DISTRICT COURT

1              Ms. Bertrand.

2              MS. BERTRAND:  I am just sitting here being quiet.

3      Thank you.

4              THE COURT:  Mr. Lincenberg.

5              MR. LINCENBERG:  Your Honor, I would echo with what          17:15:04

6      Mr. Cambria said.  I have gratitude to you and your staff.

7              THE COURT:  And I appreciate that, Mr. Lincenberg, and

8      convey my appreciation as well to Mr. Panchapakesan, and my

9      sympathies to him.

10             All right.  Anything further from you, Mr. Feder?          17:15:20

11             MR. FEDER:  The same thank-yous, and nothing further.

12             THE COURT:  Thank you.  Mr. Kessler.

13             MR. KESSLER:  I think Mr. Feder speaks for me

14     sometimes and that was one of those times.

15             THE COURT:  Is that possible?  All right.  Well, thank     17:15:38

16     you.

17             Mr. Eisenberg?

18             MR. EISENBERG:  Thank you, Your Honor, for all of your

19     courtesies.

20             MS. BERTRAND:  Agreed, Your Honor.  I got caught off       17:15:47

21     guard.  I was a little tired.  Thank you so much.

22             THE COURT:  All right.  Well, with that, we will stand

23     in recess, and have a good evening everyone.

24             COURTROOM DEPUTY:  All rise.

25          (Proceedings concluded at 5:16 p.m.)                         17:16:04

1

2

3

4

5                        **C E R T I F I C A T E**

6

7          I, HILDA E. LOPEZ, do hereby certify that I am duly

8   appointed and qualified to act as Official Court Reporter for

9   the United States District Court for the District of Arizona.

10         I FURTHER CERTIFY that the foregoing pages constitute

11  a full, true, and accurate transcript of all of that portion of

12  the proceedings contained herein, had in the above-entitled

13  cause on the date specified therein, and that said transcript

14  was prepared under my direction and control.

15         DATED at Phoenix, Arizona, this 17th day of November,

16  2023.

17

18

19                              s/Hilda E. Lopez_____
20                              HILDA E. LOPEZ, RMR, FCRR

21

22

23

24

25