Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANT MICHAEL LACEY'S RENEWED MOTION TO SET A STATUS CONFERENCE** |
| vs. | |
| Michael Lacey, *et al.*, | (Oral argument requested) |
| Defendants. | |

Defendant Michael Lacey, by and through his undersigned counsel, files the instant Renewed Motion to Set a Status Conference ("Renewed Motion"). On March 22, 2024, Mr. Lacey filed a Motion to Continue / Set a Status Conference ("Motion") (Doc. 2046), which is incorporated herein by reference. The government filed its response, indicating that, although a brief continuance would be acceptable, this Court should, nonetheless, sentence Mr. Lacey on Count 100 without any

resolution as to whether the remaining counts would be retried, and without a status conference. (*See* Doc. 2049.)

Since then, the Court has scheduled Mr. Lacey's sentencing for Count 100 for June 17, 2024, with the August 6, 2024 retrial date remaining on the calendar.

Mr. Lacey submits the Renewed Motion for two reasons. First, the government's position on Mr. Lacey's retrial has been unclear, and this lack of clarity has led to a lack of clarity on other pressing matters, such as whether a *Monsanto* motion should be filed, whether counsel should prepare for sentencing or trial, and whether Mr. Lacey has the ability to exercise his appellate rights. Second, it does not appear that the government can pursue its newly disclosed position on Mr. Lacey's sentencing/retrial because a judgment sentencing Mr. Lacey on Count 100 would not be a final judgment subject to appeal unless the government dismisses all the remaining charges, which means that the government does not have the "option" to decide whether to retry Mr. Lacey after an appeal of Count 100. In light of these complicated issues, Mr. Lacey renews his request for a status conference.

**I.     There are many balls in the air.**

Since the jury issued the verdict, there have been many balls in the air, resulting from, among other things, the government's varying positions on Mr. Lacey's retrial. On January 18, 2024, counsel for Mr. Lacey and counsel for the government spoke about the then 84 outstanding counts. At that time, counsel for the government indicated that the government intended to retry Mr. Lacey, that his retrial had been discussed with and approved by the Department of Justice, and that the government could be ready by early 2024 to retry Mr. Lacey. On January 23, 2024, the government filed its Notice of Retrial, indicating its intent to retry Mr. Lacey. (Doc. 2025.) In response, among other things, Mr. Lacey indicated that he had not yet retained counsel for a third trial, and he would need to file a *Monsanto* motion to retain the undersigned, his long-term counsel. (Doc. 2038.)

On January 29, 2024, the parties appeared for a status conference concerning the retrial. At that time, the government stated that it had not "fully explored" the "couple options" for retrial and "would want a little more time to understand all of the implications." (Jan. 29, 2024

2

Tr. at 5.) The government suggested that, one "scenario . . . would be that Mr. Lacey is sentenced on the count of conviction, it goes up on appeal, the Ninth Circuit does whatever the Ninth Circuit does, and then there's a decision on whether or not the trial will commence on the 84 hung counts." (*Id.*) Counsel indicated that he was "not stating that that's the United States' position as we sit here today." (*Id.* at 6.) "Option two, we have a trial date set . . . ." (*Id.* at 6.) With respect to the trial date, the government asked for a date "as soon as possible." (*Id.* at 12.)

Mr. Lacey's counsel asserted that, if the Court denied the pending Rule 29 and 33 motions, it would be most efficient for the Court to schedule Mr. Lacey's third trial and sentencing on any convictions (Count 100, included) after the Ninth Circuit ruled on the appeals to be taken by Mr. Lacey's co-defendants because any rulings by the Ninth Circuit would be applicable to, and controlling of, the issues to be tried in Mr. Lacey's retrial, as well as his sentencing. Otherwise, Mr. Lacey faces the potential of a retrial on the outstanding counts (his third trial in this case), and then the need for a fourth trial, if the Ninth Circuit finds legal error in the second trial. Mr. Lacey indicated that he had not yet retained his long-term trial counsel for the third trial, and would need to file a *Monsanto* motion to do so.

After hearing from the parties, this Court set a "placeholder" trial date of August 6, 2024 for the retrial, which was anticipated to last six weeks. (*Id.* at 13.) This Court further stated that, "at some point we probably will meet again in terms of a status hearing or something of that sort before that time depending on how all these moving parts play out." (*Id.*) Shortly thereafter, this Court set a sentencing date for Mr. Lacey for May 1, 2024, approximately three months prior to the date set for the retrial.

As these dates approached, and there was no further indication as to what "option" the government intended to pursue, Mr. Lacey's counsel contacted the government to discuss a forthcoming motion to continue sentencing until after the retrial. The basis for the motion was that, with the August 6, 2024 trial date set, and without knowing whether the government intended to retry Mr. Lacey in August 2024 or after an appeal, and additionally with the Rule

3

29 and 33 motions pending, it did not make sense to sentence Mr. Lacey on Count 100 on May 1, 2024.  In response, counsel for the government indicated that, if Mr. Lacey wanted to go to trial in August, the parties needed to inform the Court that week.  The government indicated that it was "open" to the idea of not trying Mr. Lacey until the Ninth Circuit ruled, but only if Mr. Lacey was sentenced on Count 100 at the same time as his co-defendants.

On March 22, 2024, Mr. Lacey filed his Motion, indicating that, without clarity from the government as to which "option" it was pursuing, and with a trial date on the calendar, a status conference and continuance of sentencing were needed.  (Doc. 2046.)  If the government really intended to try Mr. Lacey on August 6, 2024, it made no sense to sentence him three months prior to the start of the third trial and would be an inefficient use of the Court's, Probation's, and counsel's time because it could result in the need for two sentencings, just months apart (on top of the numerous constitutional problems if the government sought to have Mr Lacey incarcerated when his counsel was attempting to prepare for trial).  (*See id.*)

On March 29, 2024, the government filed its response – indicating for the first time – that the "option" it intends to pursue is that Mr. Lacey would be sentenced on Count 100 at the same time of the sentencings of his co-Defendants, then Mr. Lacey would proceed to appeal, and then, depending on the Ninth Circuit's opinion, the government would determine whether or not to retry Mr. Lacey on the 84 outstanding counts. (Doc. 2049 at 2.)

Shortly thereafter, this Court reset Mr. Lacey's sentencing for June 17, 2024.

Because the government only recently made clear that it does not intend to try Mr. Lacey on August 6, 2024, and because the "option" the government seeks to pursue is contrary to settled law (as discussed below), a status conference is needed.  Moreover, Mr. Lacey has not yet retained the undersigned for the third trial, and cannot do so without filing a *Monsanto* motion, but counsel would only have the need for filing such a motion if the government intended to pursue the third trial, which is still unclear.

Although the Court's ruling on the Rule 29 motions has streamlined the case against Mr. Lacey, 34 counts remain outstanding at this time.

4

## II. A "Judgment" Imposing Sentence on Count 100 Would Not Be a "Final Judgment" Subject to Appeal.

Given the jury's partial verdict as to Mr. Lacey, sentencing Mr. Lacey on Count 100 would not result in a final judgment as to that count, given the counts in the indictment remaining open and outstanding against Mr. Lacey. Long ago, the Supreme Court explained that "a 'judgment' or 'decision' is final for the purpose of appeal only 'when it *terminates the litigation between the parties on the merits of the case*, and leaves nothing to be done but to enforce by execution what has been determined.'" *Parr v. United States*, 351 U.S. 513, 518 (1956) (rejecting defendant's appeal of a decision that did not terminate a prosecution on the merits) (emphasis added). "This rule applies in criminal as well as civil cases." *Id.* In a criminal case, a judgment is not final until "the conclusion of the 'whole matter litigated' between the Government and the petitioner" *and* the imposition of sentence. *Id.* ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *Berman v. United States*, 302 U.S. 211, 212 (1937).

Because the Ninth Circuit generally can review only final judgments, and a judgment on one of 35 counts would not be a final judgment, a judgment on Count 100 would not be subject to appeal. *United States v. Witten*, 965 F.2d 774, 775 (9th Cir. 1992) ("Federal courts of appeal have jurisdiction to review 'all final decisions of the district courts.'") (quoting 28 U.S.C. § 1291)); *United States v. Luciano-Mosquera*, 63 F.3d 1142, 1148 n.2 (1st Cir. 1995) (rejecting the government's claim that the district court's judgment imposing sentence on five of six counts was a final judgment, because "a criminal judgment involving multiple counts is not final and appealable unless the record discloses the precise disposition (*e.g.*, the sentence) for each count."); *see also United States v. Russell*, 804 F.2d 571, 573 (9th Cir. 1986) (recognizing that "the district court order is not a final judgment . . . because it does not dispose of the remaining 16 counts").

The Ninth Circuit has never directly addressed a situation like that which the United States proposes that this Court create, but the Supreme Court's holdings about the finality of judgments are unambiguous. Moreover, the Ninth Circuit has directly addressed the importance of the policy against piecemeal appellate review of criminal cases that underlies the rule that only final judgments

5

generally are appealable—and, here, the United States' proposed course of action flies directly in the face of that policy. In *United States v. Vela*, 624 F.3d 1148 (9th Cir. 2010), the defendant appealed from a judgment of not guilty by reason of insanity, which resulted in his commitment to a mental health institution, but with no criminal conviction and no sentence. *Id.* at 1150. The defendant appealed and the government argued that the Ninth Circuit had no jurisdiction to hear the appeal because there was no final judgment absent a criminal conviction and imposition of sentence. The Ninth Circuit rejected the government's argument, despite recognizing the well-settled rule that its jurisdiction was limited to "final judgments" as codified in 28 U.S.C. § 1291 and that, in a criminal case, a "final judgment" ordinarily means the imposition of a sentence, with nothing left to do but execution of the sentence. *Id.* at 1150-52. In determining that the judgment presented a "final judgment" for jurisdictional purposes, the Court held that the primary rationale underlying the final judgment rule was that courts of appeal should avoid "piecemeal appellate review of trial court decisions *which do not terminate the litigation*." *Id.* at 1152 (emphasis added). The Court held that this policy consideration, which is "at its strongest" in criminal cases, was not implicated by the appeal because:

> Permitting [the defendant] to appeal from a verdict of not guilty by reason of insanity raises none of these concerns. His case is over; an appeal cannot interfere with or delay the progress of his criminal trial. It will not lead to multiple appeals. Thus, the rationales underlying the final judgment rule render appellate jurisdiction appropriate here.

*Id.* Unlike *Vela*, Mr. Lacey's case is *not* over, a judgment on one count will *not* terminate the litigation, and the government's proposal certainly could lead to piecemeal appellate review after mutliple trials.

The government has not said whether it would seek to have Mr. Lacey incarcerated if the Court were to sentence him on Count 100, but just as a non-final judgment as to Count 100 would not be subject to appeal, a non-final judgment obviously could not be executed unless and until it became final (whether because the government dismisses the other pending counts or because those counts are tried to final judgment).

6

Critically, if the Ninth Circuit declines jurisdiction over an appeal of a sentence on Count 100 because it does not qualify as a "final judgment" due to the outstanding counts, and the sentence has been executed, Mr. Lacey would be incarcerated but unable to challenge his sentence and that scenario "would raise fundamental notions of due process." *United States v. King*, 257 F.3d 1013, 1020 (9th Cir. 2001). Under this scenario, the Ninth Circuit has suggested that a stay of the execution of sentence until the outstanding counts are resolved is one option that would satisfy due process concerns as well as maintain adherence to the rules on finality of judgments. *See id.* Another option is that, if the sentenced counts and outstanding counts are not "closely-related counts," the district court could sever the outstanding counts, which would allow the defendant to proceed on appeal on the sentenced counts, and then proceed on appeal of conviction of any of the severed counts after trial on the severed counts. *See id.* Of these two options, it does not appear that severance is an option here because Count 100 is "closely-related" to Mr. Lacey's outstanding counts. The plain text of Count 100 incorporates by reference all allegations found in the superseding indictment which means that the "specified unlawful activity" that forms the basis of Count 100 is the same as that for all other money laundering counts. (*See* Doc. 230 at ¶¶ 210-11.) The government's proof at trial confirms the same. (*See* Ex. 1479.) Further, Mr. Lacey's outstanding counts are closely related to the counts of his co-Defendants because those counts are the exact same charges his co-Defendants faced.

## CONCLUSION

In light of this controlling law from the Ninth Circuit, and in an effort to economize the time of the court, counsel, the parties, and jurors, Mr. Lacey maintains that the best option for resolution of the charges against him is to allow his co-Defendants to take their appeals, and then, to retry him with guidance from the Ninth Circuit, sentencing him on any convictions, including Count 100, at the conclusion of the third trial. Mr. Lacey respectfully requests that this Court set a status conference to address these complicated issues in person.

7

RESPECTFULLY SUBMITTED this 26th day of April, 2024,

                                        Paul J. Cambria, Jr.
                                        Erin McCampbell Paris
                                        LIPSITZ GREEN SCIME CAMBRIA LLP

                                        By:    /s/ Paul J. Cambria, Jr.
                                                        Paul J. Cambria, Jr.
                                                        Attorneys for Michael Lacey

On April 26, 2024, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Austin Maxwell Berry, austin.berry2@usdoj.gov

8