GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendant. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANT LACEY'S RENEWED MOTION TO SET A STATUS CONFERENCE**<br>**[Doc. 2080]** |

Defendant Lacey continues to complicate a straightforward issue. On May 7, 2024, in accordance with the Court's Order (Doc. 2088), the parties met and conferred. The United States presented Lacey with two options: (1) to move forward with sentencing and then take his appeal with Defendants Brunst and Spear while the outstanding counts are held in abeyance until after the appeal; or (2) set the case for trial before Lacey's sentencing hearing. Lacey chose option three—hold his trial *and his sentencing hearing* in abeyance until after the Ninth Circuit issues a mandate on Defendants Brunst's and Spear's appeals. This option isn't tenable. Lacey should be sentenced now and take his appeal with Brunst and Spear. This is an option that is supported by law, and assuages Lacey's concern (shared by the United States) that proceeding to trial before the Ninth Circuit rules on the appellate issues is inefficient.

**I.  Sentencing Lacey And Holding Remaining Counts In Abeyance Is Appropriate And Supported By Law.**

**a.  Lacey's Arguments About Permitting the Ninth Circuit to Rule Before Further Trials Commence Are Well Reasoned.**

Defendant Lacey has consistently urged this Court to delay any retrial until the Ninth Circuit has had an opportunity to rule on issues that will be raised on appeal. (Doc. 2038 at 2 ("As a matter of efficiency for the court, the parties, the witnesses, and the jury, Lacey respectfully requests that this Court hold his retrial in abeyance until the Ninth Circuit has the opportunity to address the appellate issues that are common to all three remaining Defendants . . . ."); Doc. 2046 at 4 ("Mr. Lacey and his counsel believe [retrial after the appeal] is the most efficient way to try him because any issues resolved by the Ninth Circuit would be applicable to the retrial . . . ."); Doc. 2080 at 3 ("[I]t would be most efficient for the Court to schedule Mr. Lacey's third trial . . . after the Ninth Circuit ruled on the appeals . . . because any rulings by the Ninth Circuit would be applicable to, and controlling of, the issues to be tried in Mr. Lacey's retrial . . . .").)

The United States agrees that judicial efficiency is best served by allowing the appeal to run its course before Lacey's retrial. But Lacey wants his co-Defendants to carry

the water on appeal, while his entire case is stayed.  As the Court has previously noted, that's imprudent.  Defendants Brunst and Spear can't fully represent Lacey's interests before the Ninth Circuit.  Lacey should have an opportunity to raise issues on appeal in the manner he deems appropriate.

> **b.     Applicable Law Permits Lacey to Appeal His Sentence to Count 100, Even with Unresolved Counts.**

Contrary to Lacey's protestations, the Ninth Circuit permits a defendant to take an appeal after sentencing when indicted counts remain unresolved.  The Ninth Circuit has permitted this practice for at least 30 years.  *See United States v. Sehnal*, 930 F.3d 1420 (9th Cir. 1991).  In *Sehnal*, a case tried before Judge Rosenblatt in this District, a jury returned guilty verdicts for two counts, but hung on two other charges.  *Id.* at 1421.  After the jury failed to convict on the two counts, the defendant moved for acquittal, which the district court denied.  *Id.*  On appeal, the Ninth Circuit considered the defendant's issues related to the counts of conviction, but found that "[b]ecause the denial of Sehnal's motion for acquittal is not a final judgment, we do not have jurisdiction to review that denial" and dismissed that portion of the appeal.  *Id.* at 1424.

The most expansive analysis of this issue comes from the Second Circuit.  *United States v. Abrams*, 137 F.3d 704, 706-707 (2d Cir. 1998).  In *Abrams*, the defendant had been convicted and sentenced on three counts of conviction, while the district court declared a mistrial on ten other counts.  *Id.* at 707.  The trial court then deferred retrial on those ten counts until after the appeal.  *Id.*  Accordingly, the question before the Second Circuit was "whether [the appellate court has] jurisdiction over an appeal from the judgment when other counts of the indictment (as to which the district court declared a mistrial) are unresolved and await retrial."  *Id.*

The *Abrams* court had no trouble finding that it had jurisdiction to consider such an appeal.  *Id.*  It reasoned: "Although the litigation as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution."  *Id*.  The *Abrams* court then cited a Ninth Circuit decision to support its

1 holding, finding that "[t]he unresolved counts have in effect been severed, and will be
2 resolved another time in a separate judgment." *Id.* (citing *United States v. Powell*, 24 F.3d
3 28, 30 (9th Cir. 1994)).  Finally, the court referenced a Seventh Circuit case that reached
4 the opposite conclusion under similar facts.  *Id.* (citing *United States v. Kaufmann*, 951
5 F.2d 793, 795 (7th Cir. 1992)).  But a later Seventh Circuit decision recognized that this
6 represented the minority approach, and the *Abrams* court found that such an approach
7 "would substantially delay the execution of a valid conviction and sentence, force trials
8 that may never be needed, and impose expense and burden on the prosecution and the
9 defense—undesirable results that are not mandated by the jurisdictional statute." *Id*. (citing
10 *United States v. Kaufmann*, 985 F.2d 884, 891 (7th Cir. 1993)).  So too here.

11 The Ninth Circuit agrees with the *Abrams*-analysis.  In *United States v. King*, the Ninth Circuit found, "the [appellate] court's interest in ensuring a defendant has the right to appeal a sentence when he begins serving it outweighs the government's concerns about piecemeal appellate review." 257 F.3d 1013, 1021 (9th Cir. 2001).  The *King* court, which cited *Abrams* approvingly, found it had jurisdiction to consider an appeal from a defendant who had pleaded guilty to 19 counts of a 50-count indictment when the remaining counts were not dismissed at sentencing.  *Id.* at 1018.  In that case, the government argued that the Ninth Circuit lacked jurisdiction to hear the appeal under 28 U.S.C. § 1291, because the judgment in the district court was not final, given the 31 outstanding counts.  *Id.* at 1019.  The *King* court held, "[b]ecause the court imposed sentence on counts 24 through 42, King was entitled to appeal the sentence despite the pending charges." *Id.* at 1020.  The same rationale applies here.  Defendant Lacey has been convicted of Count 100.  The Court should sentence him on that count and Lacey can then argue his appeal to the Ninth Circuit. After the Ninth Circuit issues its mandate, the United States will determine whether it will proceed to a retrial or simply dismiss the remaining counts.

26 **II.    Conclusion.**

27 The issue before this Court is clear.  Both parties agree that the appeal should occur
28 before any retrial.  The most efficient manner for that to occur is for this Court to sentence

Lacey with the other two Defendants and hold the outstanding counts alleged against him in abeyance. This approach is permitted by law and ensures that Defendant Lacey can make whatever arguments he believes appropriate to the Ninth Circuit.

Respectfully submitted on this 10th day of May 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Andrew C. Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
DAN G. BOYLE
Assistant U.S. Attorneys

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Zufan Yegezu*
Zufan Yegezu
U.S. Attorney's Office