Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANT MICHAEL LACEY'S REPLY IN FURTHER SUPPORT OF RENEWED MOTION TO SET A STATUS CONFERENCE** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral argument requested) |

Defendant Michael Lacey, by and through his undersigned counsel, files the instant Reply in Further Support of Renewed Motion to Set a Status Conference ("Renewed Motion").

## BACKGROUND

On April 26, 2024, Mr. Lacey filed the Renewed Motion, indicating that, under guiding Ninth Circuit and Supreme Court precedent, it did not appear that Mr. Lacey would be able to take an appeal of his conviction and sentence for Count 100 while there are 34 outstanding counts pending

against him because the judgment would not be deemed "final" and the Ninth Circuit does not have jurisdiction over non-final judgments. (*See* Doc. 2080.) On May 3, 2024, this Court ordered the parties to meet and confer regarding the issues raised in the Renewed Motion. (*See* Doc. 2088.)

On May 7, 2024, the parties met and conferred. The government presented Mr. Lacey's counsel with two options: (1) Mr. Lacey would be sentenced on Count 100 and would appeal, with the government deciding at the conclusion of the appeal whether to retry him on the 34 outstanding counts; or (2) Mr. Lacey would be retried on the 34 outstanding counts before the end of the year (perhaps in the fall, rather than in August as currently scheduled), after which Mr. Lacey would be sentenced and could appeal. Mr. Lacey's counsel explained that the first "option" was not available because it ignores the Supreme Court's holding that a judgment is not final until "the conclusion of the 'whole matter litigated' between the Government and the petitioner" and the imposition of sentence. *Berman v. United States*, 302 U.S. 211, 212 (1937). If the Court were to sentence Mr. Lacey on Count 100 with 34 counts still outstanding, the judgment would not be final (regardless of how denominated), the sentence could not be executed because it would not be final,[1] and Mr. Lacey could not appeal because the judgment would not be final. Further, Mr. Lacey's counsel explained that it did not make sense to proceed to trial on the outstanding counts until after the Ninth Circuit rules on the appeals of his co-Defendants, which should not materially delay Mr. Lacey's retrial.[2]

---

[1] *United States v. Kaufmann*, 951 F.2d 793, 795 (7th Cir. 1992) ("[A] sentence cannot be executed, however, until there is a final judgment on all counts of the indictment…. A judgment which lacks finality cannot authorize the imprisonment of a defendant."). Imprisoning a defendant based on a non-final judgment also could create serious due process issues, if a defendant could be incarcerated with no ability to appeal the non-final judgment on which he was sentenced.

[2] For example, when the Defendants appealed the denial of the motion to dismiss after the mistrial, the appeal took approximately 9 months from start to finish. (*See* Doc. 1445 (filing notice of appeal on January 3, 2022); Doc. 1469 (Ninth Circuit issues mandate on October 13, 2022).) If Mr. Lacey is retried in the fall, as the government suggests, the decision from the Ninth Circuit on his co-Defendants' appeals should be issued no more than a few months later. It would be an unfortunate use of court, attorney, jury, and witness time if Mr. Lacey is tried in the fall and then, based on Ninth Circuit rulings, tried again a few months later. But that is the scenario the government advances.

2

The parties were unable to reach an agreement on how the Court should proceed and the government indicated that it would file its opposition. On May 10, 2024, the government filed its Response to the Renewed Motion ("Response"). (*See* Doc. 2091.)

**ARGUMENT**

Since its inception, nothing about this case has been straightforward and the government's proposal that the Court sentence Mr. Lacey on one of 35 pending counts, with Mr. Lacey then appealing while the Court holds 34 counts in abeyance follows suit. Mr. Lacey will be obligated to inform the Ninth Circuit that he believes that judgment is not final and not subject to appeal because of the remaining 34 untried counts, likely resulting in a dismissal of the appeal and a significant waste of resources for the parties and the Ninth Circuit. Mr. Lacey maintains that the most sensible approach and the most efficient use of court, attorney, jury, and witness time is to postpone retrying Mr. Lacey until the Ninth Circuit rules on the appeals of his co-Defendants, sentencing him at the conclusion of any retrial on all counts of conviction.[3]

The government argues against the approach suggested by Mr. Lacey saying Lacey needs to be part of the appeal with his co-Defendants because they cannot "fully represent Lacey's interests before the Ninth Circuit," as if nothing would be gained by an appeal without him. (Resp. at 3.) The government is wrong. First, Mr. Lacey obviously cannot appeal any issues that pertain solely to the 34 outstanding counts against him, as that would be an interlocutory appeal as to counts for which there is no judgment. Second, the issues unique to Mr. Lacey relating to his single crime of conviction are unlikely to have any bearing on a retrial of the 34 outstanding counts. Third, a ruling by the Ninth Circuit on the appeals by Messrs. Spear and Brust addressing the propriety of the jury instructions as to the First Amendment, the Travel Act counts, the remaining money laundering counts, or the conspiracy accounts likely would apply equally to Mr. Lacey's retrial. The same likely

---

[3] Alternatively, the Court could sentence Mr. Lacey on Count 100 at the same time his co-Defendants are sentenced, but the order or judgment addressing his sentence would not be final and could not be executed, with his retrial postponed until after his co-Defendants' appeals.

would be true with respect to any ruling by the Ninth Circuit as to the sufficiency of the evidence, as to the propriety of evidentiary rulings (such as the "notice" evidence), or addressing topics such as *Brady* or Jencks violations, good faith, or privilege, to name a few. As a result, a retrial could be streamlined or even obviated based on guidance from the Ninth Circuit on the co-Defendants' appeals. At the conclusion of the appeal and any retrial that included Mr. Lacey, Mr. Lacey then could take an appeal of Count 100 and fully litigate any remaining issues relevant to him.

In its responses, the government suggests that its proposed approach accords with settled law, but the opposite is true. First, the government ignores the Supreme Court's pronouncement about what constitutes a final judgment—a judgment at "the conclusion of the 'whole matter litigated' between the Government and the petitioner" and the imposition of sentence. *Berman*, 302 U.S. at 212.

Second, the government cites three Ninth Circuit cases it claims support its position, but two actually support *Mr. Lacey's* position that a judgment on Count 100 would not be final and the third has no relevant holding or *dicta*. In *United States v. Powell*, 24 F.3d 28, 30 (9th Cir. 1994), the Ninth Circuit considered "whether an appeal from convictions on **severed** counts deprives the district court of jurisdiction over the remaining count" and concluded that it does not. In reaching that conclusion, the Ninth Circuit said that the district court's pre-trial severance of one count was "analogous to charging the defendant in two separate indictments." *Id.* at 30. Notably, the Ninth Circuit also cited the Supreme Court's holding in *Berman*, saying that "[i]n criminal cases, as well as civil, the judgment is final for the purposes of appeal when it terminates **the litigation** on the merits." *Id.* at 31 (emphasis added). The resolution of Count 100 plainly will not terminate this litigation on the merits, with 34 counts yet to be resolved.

The Ninth Circuit's decision in *United States v. King*, 257 F.3d 1013 (9th Cir. 2001), was similar. There the defendant was charged with three unrelated fraudulent schemes. Before trial, he plead guilty to the charges relating to one of the three schemes. The Ninth Circuit found that those counts were "**wholly severable**" and held that "King's pleading guilty to a subset of charges in effect

*severed the indictment into two parts*." *Id.* at 1020-21.  Because of the severance, the Ninth Circuit held that King's sentence and judgment were final for purposes of appeal.

Here, the government does not contend, nor could it contend, that Count 100 has been severed, whether as a matter of law or in effect, or that Count 100 could be severed.  Moreover, having tried Mr. Lacey on all the pending counts in a single trial, the government cannot now seek to sever Count 100 in an attempt to manufacture a final judgment for that one count.  As the Supreme Court held in *Berman* and the Ninth Circuit reiterated in *Powell*, the final judgment in this case will come only when the litigation is terminated on the merits.[4]

Additionally, the government mischaracterizes the holdings of the Seventh Circuit in the two *Kaufmann* decisions, which directly support Mr. Lacey's position and are diametrically opposed to the government's position.  In the first *Kaufmann* case, *United States v. Kaufmann*, 951 F.2d 793, 795 (7th Cir. 1992), the Seventh Circuit unequivocally held that a "defendant may not appeal a single count until final judgment is imposed upon all the counts that were considered together in a single criminal trial."  Explaining its decision, the Seventh Circuit said:

> "Counts three and four resulted in a hung jury and a mistrial.  The judgment is obviously not final as to counts of the indictment which remain outstanding…. This court does not have jurisdiction to consider defendant's challenges to counts three and four…. The fact that counts three and four are unresolved prevents our jurisdiction over the appeal from the sentence on count five as well."

*Id.* at 794-95.  Moreover, the Seventh Circuit also counseled that "in future cases like the present one the district court should not pronounce any sentence until it has disposed of *all counts*."  *Id.* at 796 (emphasis added).

After the Seventh Circuit dismissed the appeal in the first *Kaufmann* case, the government dismissed the unresolved counts without prejudice, after which the defendant again appealed.  The

---

[4] Although the facts in *United States v. Senhal*, 930 F.2d 1420 (9th Cir. 1991), involved counts as to which there had been a conviction and also counts as to which the jury had hung, the decision said nothing about when the defendant had been sentenced, about the finality of the counts of conviction, or about the Ninth Circuit's jurisdiction to hear an appeal of the counts of conviction.  As such, that decision is *not* authority supporting the government's position.

5

government then sought to dismiss the second appeal, arguing the judgment was not final because the dismissal had been without prejudice. The Seventh Circuit rejected the government's argument and declined to further extend the holding from the first *Kaufmann* case. *United States v. Kaufmann*, 985 F.2d 894, 891 (7th Cir. 1993). The Seventh Circuit noted the existence of three appellate decisions from other circuits that involved appeals of one count of a criminal indictment while other counts were unresolved, but expressly noted that each of those decisions failed to "address[] the question of appellate jurisdiction." *Id.* The Seventh Circuit neither undermined the holding in the first *Kaufmann* case nor, as the government claimed, recognize its holdings as a "minority approach." *Id.* Indeed, the Seventh Circuit cited no contrary holdings.

The only decision cited by the government that actually supports its position is an out-of-circuit decision that simply cannot be squared with the holdings of the Supreme Court in *Berman*, the Ninth Circuit in *Powell*, or the Seventh Circuit in the *Kaufmann* cases. In *United States v. Abrams*, 137 F.3d 704 (2nd Cir. 1998), a defendant was convicted on three counts at trial, but ten other counts were mistried. The government "represented to the district court that it [did] not intend to retry those counts if the conviction on the three counts [was] affirmed." *Id.* at 707. The Second Circuit allowed the appeal on expediency grounds, saying that would be "faithful to the articulation…by the Supreme Court as to the nature of a final judgment in criminal proceedings," citing *Berman*, 302 U.S. at 212-13, but that simply was inconsistent with the holding in *Berman* that a final judgment must **terminate the litigation**. Additionally, here, the government has made no commitment not to retry Mr. Lacey on the remaining 34 counts if his conviction on Count 100 was to be upheld on appeal.

## **CONCLUSION**

For all the reasons stated in the Renewed Motion and herein, Mr. Lacey maintains that the best option for resolution of the charges against him is to allow his co-Defendants to take their appeals, and then, to retry him with guidance from the Ninth Circuit, sentencing him on any convictions, including Count 100, at the conclusion of the third trial.

6

RESPECTFULLY SUBMITTED this 12th day of May, 2024,

                        Paul J. Cambria, Jr.
                        Erin McCampbell Paris
                        LIPSITZ GREEN SCIME CAMBRIA LLP

By:    /s/ Paul J. Cambria, Jr.
        Paul J. Cambria, Jr.
        Attorneys for Michael Lacey

On May 12, 2024, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Austin Maxwell Berry, austin.berry2@usdoj.gov