GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
JOSEPH BOZDECH (CA Bar No. 303453, Joseph.Bozdech@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **PARTIES' MEMO RE: AMENDMENTS TO DEFENDANT LACEY'S RELEASE CONDITIONS AND PROPOSED CHANGES PURSUANT TO THE COURT'S ORDER (Doc. 2255)** |
| v. | |
| Michael Lacey, | |
| Defendant. | |

The Government and Counsel for Defendant Lacey have met and conferred regarding release conditions and undersign counsel can report as follows:

**A. Defendant Lacey's request regarding release conditions.**

Defense counsel recommends the release conditions-imposed pre-conviction, set forth in Doc. 61 (Order setting Conditions of Release) as amended by Doc. 1561 (removing the location monitoring), and requests that this Court impose those conditions now that Lacey is released pending appeal. In addition, pretrial services have issued a recent report

on November 21, 2024, that reaffirms those previously imposed conditions. (Doc. 2255)

**B. Government's request regarding additional release conditions.**

The conditions in Doc. 1561 were imposed pretrial when Defendant Lacey was presumed innocent. Several things have changed since April 2023. First, Lacey is now a convicted felon. Moreover, he is facing trial in the District of Arizona on 34 counts charging violations of the Travel Act and money laundering offenses where the jury was unable to reach a verdict. He also is facing trial in the State of California on 34 counts of money laundering. Facing a prison sentence and two additional trials in separate sovereigns provides Lacey an incentive to flee. *United States v. Zinnel*, No. 2:11-cr-00234-TLN (E.D. Cal. May. 11, 2021) ("[N]ow that the reality of conviction is undeniable to him, [Defendant is] going to start moving around money . . . [and] needs to be in custody, recorded, so that [doing so] is much harder."); *United States v. Sani*, 557 F. Supp. 2d 97, 98-99 (D.D.C. 2008) ("Defendant's alleged access to funds in foreign bank accounts, and Defendant's alleged purposeful and illegal concealment of that access, is directly relevant to Defendant's flight risk."). Accordingly, electronic monitoring and home detention should be imposed.

Second, the conditions do not include the prohibition of possessing or attempting to acquire any firearm, destructive device, or other dangerous weapon or ammunition. (Doc. 61) As a convicted felon this condition should now be imposed. *See* 18 U.S.C. 922(g)(1).

Third, this Court imposed a $3 million fine that is due immediately as a term of Lacey's sentence. (Doc. 214) In order to ensure that Lacey does not dissipate assets that would otherwise be subject to seizure to satisfy this fine, the Government recommends that the U. S. Attorney's Financial Litigation Unit ("FLU") be substituted for pretrial services and now require that Lacey seek permission from FLU AUSA Scott Turk before any major expenditures exceeding $1,000.00 are transacted. This excludes any current recurring expenses.

Fourth, the court previously imposed a secured bond of $1,000,000. (Doc. 71) The Government is requesting clarification on what properties are securing the bond. Doc. 71

1  redacts the addresses of the real property, so it is unclear if the subject properties are
2  already encumbered. In addition, the security is signed by Lacey's then wife and it is
3  unclear if they are still legally married.

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ████████████████████████████████████████
5 ████████████████████████████████████████
6 ████████████████████████████████████████
7 ████████████████████████████████████████
8 ████████████████████████████████████████
9 ████████████████████████████████████████
10 ██████████████████████████████████

12  Respectfully submitted this 26th day of November 2024.

13  GARY M. RESTAINO
    United States Attorney
14  District of Arizona

15  NICOLE M. ARGENTIERI
    Acting Assistant Attorney General
16  Criminal Division, U.S. Department of Justice

17   *s/Kevin M. Rapp*
    KEVIN M. RAPP
18  MARGARET PERLMETER
    PETER KOZINETS
19  JOSEPH BOZDECH
    Assistant U.S. Attorneys
20
    AUSTIN M. BERRY
21  Trial Attorney

26 ████████████████████████████████████████
27 ████████████████████████████████████████
28 ████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

<u>s/ Daniel Parke</u>
U.S. Attorney's Office