1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
   MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4  PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
   JOSEPH BOZDECH (CA Bar No. 303453, Joseph.Bozdech@usdoj.gov)
5  Assistant U.S. Attorneys
   40 N. Central Avenue, Suite 1800
6  Phoenix, Arizona 85004-4408
   Telephone (602) 514-7500
7
   NICOLE M. ARGENTIERI
8  Acting Assistant Attorney General
   Criminal Division, U.S. Department of Justice
9
   AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
10 U.S. Department of Justice
   Child Exploitation and Obscenity Section
11 1301 New York Avenue, NW, 11th Floor
   Washington, D.C. 20005
12 Telephone (202) 412-4136
   *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT MICHAEL LACEY'S MOTION FOR RECONSIDERATION OF BAIL CONDITIONS [CR 2270]** |
| v. | |
| Michael Lacey, | |
| Defendant. | |

## SUMMARY OF ARGUMENT

This Court should reject Defendant Michael Lacey's motion to reconsider the imposition of home confinement because this Court found that his history, characteristics, and conviction that resulted in a five-year prison sentence and $3 million fine supports home detention without electronic monitoring. Based on the Court's statements at the December 2nd hearing, there was no confusion about this Court's intent. In addition, this

Court should order Lacey to post two properties as security for his bond that were in place pre-conviction. In sum, now that Lacey is a convicted felon who, in addition, faces a re-trial on scores of Travel Act counts and money laundering in this Court—in addition to facing separate criminal charges in the State of California—his conditions of release should be more, not less, restrictive than the conditions-imposed pre-conviction when he was presumed innocent.

**RELEVANT FACTS**

On November 20, 2024, the Ninth Circuit granted Defendant Lacey's bail pending release. (C.A. 24-5374, Doc. 50; Doc. 2254). On the same date PTS was immediately directed to set conditions of release. (Doc. 2256.) The author of the PTS report, filed on November 21, 2024, did not have sufficient time to review Lacey's PSR nor consult with the government regarding the conditions imposed. This Court issued an order directing the parties to meet and confer regarding any conditions and setting a hearing for December 2, 2024. (Doc. 2255.) The undersigned and the defense counsel conferred by email about what conditions, if any, should be included in Lacey's release conditions. The United States informed defense counsel that, among other conditions, it was seeking home confinement. In addition, the United States filed a joint motion setting forth the parties' position on what conditions, if any, should be imposed. (Doc. 2262.) At the December 2nd hearing, this Court heard argument on release conditions. (Doc. 2269.) After argument, this Court imposed conditions that Lacey be placed on home detention. (Doc. 2264.) On December 13, 2024, Lacey moved to reconsider the imposition of home detention. (Doc 2270.) On December 16, 2024, the court ordered a response within 7 days. (Doc. 2271.)

**LAW AND ARGUMENT**

**A. The Hearing on December 2, 2024.**

    1. <u>Properties Securing Lacey's Bond</u>

The government argued for the several conditions raised in the joint motion. (Doc. 2262.) First, it was unclear which properties Lacey was using to secure his bond. (*Id.*) The

government pointed out in his previous conditions imposed upon his arrest in April 2018 included a surety and two properties.( *See* Doc 71.) During argument the government raised with this Court the need to clarify the address of the two properties that were securing bond now that he was released. Doc. 2269 at 7-9. This Court agreed that Lacey needed to clarify which properties were securing his bond:

> THE COURT: I think there's a transparency issue here, Mr. Cambria. And so I think -- I don't necessarily need to know, but I think the Court should have some clarity in terms of what the properties are that are listed as part of this bond agreement. And in addition, if I am going to impose this additional condition that he report expenditures beyond $1,000, that's all relevant, I think. We'll go ahead and have you, Mr. Cambria, work with Mr. Lacey and identify what those two properties are along with whatever the bond -- bonder is.

(*Id*.)

To date, there has never been any clarification about the additional properties securing the Defendant's Lacey's bond as his conditions make no reference to those properties that were posted to support his bond *pre-conviction*. (Doc. 2264.) In sum, the current conditions do not include the properties that were pledged for his security bond pre-conviction. (Compare Doc. 71 with Doc. 2264.)

   2. Home Detention

At the December 2, 2024, hearing, the Court clearly imposed home detention, but stopped short of imposing electronic monitoring, stating:

> THE COURT: -- Mr. Lacey be placed on a curfew; in other words, during the daytime hours he can engage in community services, church services, meeting with his counsel, health, mental health appointments and so on, but that during the evening hours I would suggest from 10:00 to at least 6:00 a.m

(Doc. 2269 at 13.)

The United States sought clarification of this court's intent:

> MR. RAPP: Just a point of clarification. That sounds like home detention, which is what we ask for, is that what you're imposing? Home detention would be with the exclusion of --
> THE COURT: Of the location monitoring. That's my intent, yes.
> (*Id.*)

Defense counsel further sought clarification of whether the court meant home confinement.

> MR. CAMBRIA: So it's a curfew?
> THE COURT: It's a curfew, **but confined to his residence and confined to his residence with those exceptions.** If he decides he wants to take on a part-time job somewhere and he has the verifiable information as to where that place is, we can cross that bridge if it comes to that. But if he needs to attend a church, if he needs to go to medical appointments, if he needs to meet with counsel, if he needs to go to court, those, those items, but beyond that, he's a retired man and he's got serious matters hanging over his head. I don't think he ought to be vacationing anywhere, and I think he needs to stay home.

(*Id.* at 14) (emphasis added)

Defense counsel apparently met with the court clerk and probation without the involvement of the government, and concluded that the Court did not order home confinement. (*See* Mot. at 3). Later, this Court ordered a condition of home confinement consistent with what was ordered during the hearing detailed above.

### B. Bail Reform Act

The Bail Reform Act directs a district court to assess a variety of factors in determining whether there are conditions that would reasonably assure the defendant's presence. *United States v. Diaz-Hernandez*, 943 F.3d 1196 (9th Cir. 2019) These include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged. *See* 18 U.S.C. § 3142(g).

Here, this Court was clear in its intent to impose the least restrictive conditions for a defendant who is *post-conviction*. In lieu of location monitoring, this Court ordered home

detention that allowed for the defendant to leave his residence to attend church services, medical appointments, meet with counsel, and go to court. (Doc. 2269 at 14; Doc. 2264 at 2.) The Court even found that Defendant could reside under the same conditions at both a primary and a secondary residence. (*Id*.) These conditions rendered location monitoring unnecessary. (*Id*.) But this Court observed that the defendant is "a retired man and he's got serious matters hanging over his head. I don't think he ought to be vacationing anywhere, and I think he needs to stay home." (*Id*.) Simply put, the record shows that the Court's statements and intent were crystal clear.

In assessing his characteristics when considering release conditions this court commented that "Mr. Lacey, has presented with a history of not only drinking, but also using marijuana, and so there's at least some indication of a desire to engage in substance abuse for whatever purpose whatever the effects are that he's seeking the use of these substances for ." (Doc. 2269 at 12.)

In addition, noting his DUI conviction, the Government pointed out in its filing that his various public statements indicate he boasts about his drinking in response to the pending criminal prosecution. (Doc. 2262 at 3-4, fn. 2.) Again, Defendant Lacey acknowledges drinking three to four glasses of wine three to four times a week. (PSR ¶ 227.) Defense counsel's dismissed Defendant Lacey's drinking by stating that, "he consumes is, you know, a normal, a normal amount". (Doc. 2269 at 11.) He went on to characterize Lacey's drinking as "light" offering anecdotal support for Lacey's chronic drinking, stating, "I say that because having a little experience with heart disease, not me, but a relative, you know, light drinking like this is actually beneficial for them." (*Id.*)

In addition, in assessing his mental health concerns this Court noted, "but the fact of the matter is Mr. Lacey has undergone stressful conditions. By his own accounting, he has had severe bouts of depression that have been reoccurring throughout his adult life, he went through an incredibly stressful condition related to the suicide of his partner, and that, in addition to the mental health treatment, should determine whether this is something that he needs to protect against." ( Doc. 2269 at 12.)

Defendant's argument that "nothing new has occurred in this case to justify the Government's request for home confinement" is unavailing for several reasons. (Mot. at 5.) First, following a guilty verdict Lacey pursued post-trial motions seeking a judgment of acquittal and or a new trial. (Docs. 2004,2009,2033) Those motions were rejected, in part, leaving his felony conviction in place and additional serious Travel Act counts pending. Second, once he was sentenced, he was ordered to self-surrender less than two weeks after being sentenced and the Ninth Circuit rejected his emergency motion to stay that deadline. (CA 24-5374, Doc. 22.1) The Ninth Circuit later granted Lacey release pending appeal, finding that he was not a flight risk, but that finding was dependent on previously-imposed conditions that secured his attendance. (Doc. 2254)

The Government acknowledged that Lacey was not a flight risk because it had a bond and other restrictions. Considering mental health, substance abuse issues detailed in the PSR, and pending trials in two jurisdictions, the government fully intended to request home confinement as an additional condition. In sum, the changed circumstances are that at the time conditions were originally imposed in 2018, the government was unaware of his chronic drinking and mental health issues chronicled in the PSR that this Court referenced in the December 2nd hearing. And he was not a convicted felon facing trial on Travel Act counts.

Lastly, it bears repeating that Lacey is facing trial in the District of Arizona and a related trial in California and, importantly, he has numerous civil trials brought by sex trafficking victims pending. The count of conviction that resulted in his five-year sentence involves his secreting of millions of dollars of prostitution-related proceeds to Hungary for purpose of placing them well beyond the reach not only of the government, but also "litigious parties" that presumably included underage trafficking victims seeking justice through civil suits for damages.

In the final analysis, this Court should order Lacey to clarify what properties he is using to secure the bond (in addition to what surety or bonding company he's using)

that was originally set in 2018, *pre-conviction*, and the Court should reject Lacey's claim that home confinement is unnecessary.

Respectfully submitted this 23th day of December 2024.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>Criminal Division, U.S. Department of Justice
>
>*s/Kevin M. Rapp*
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER KOZINETS
>JOSEPH BOZDECH
>Assistant U.S. Attorneys
>
>NICOLE M. ARGENTIERI
>Acting Assistant Attorney General
>Criminal Division, U.S. Department of Justice
>
>AUSTIN M. BERRY
>Trial Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
U.S. Attorney's Office