**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey,<br><br>Defendant. | No. CR-18-00422-001-PHX-DJH<br><br>**ORDER** |

Defendant Michael Lacey has filed a Motion for Reconsideration of his Bail Conditions. (Doc. 2270). The Government has filed a Response. (Doc. 2276). The Court will deny the Defendant's Motion.

First, as recognized by the Defendant, both parties were given an opportunity to inform the Court of their respective proposed release conditions. (Doc. 2270 at 2–3). At a hearing on Defendant Lacey's release conditions, the parties were also provided an opportunity to be heard on their respective release condition requests. (*Id*. at 3). After considering the parties' respective positions, the Court orally pronounced that pending his appeal, Defendant Lacey be placed on a curfew, and specified that "during the daytime hours he can engage in community services, church services, meeting with his counsel, health, mental health appointments and so on, but that during the evening hours I would suggest from 10:00 to at least 6:00 a.m. he is to be confined to his residence." (Doc. 2269 at 13). The Court then clarified that it was imposing home detention, *without location monitoring*, that exempts his attendance at church, medical or legal appointments and court

appearances. (*Id*. at 13–14). Upon being informed that Defendant Lacey has two residences, the Court then permitted him to inform the pretrial services as to which residence he would be located. (*Id*. at 14–15).[1]

Second, before the Court imposed Defendant Lacey's release conditions, it observed that circumstances had changed since the Court initially pronounced his bail conditions, including that there is now a case pending in California against him, a pending sentence and a large fine against him that this Court imposed, and that he is also facing a retrial by the Government in this Court on a number of counts. (*Id*. at 9–10). So, the Court stated "the posture of Mr. Lacey has now changed. The presumption of innocence has now been gone by the jury's verdict. And so I do find that there are circumstances here by Mr. Lacey's own account that require that he undergo at least a mental health assessment. And that dependent on the mental health assessment, that he participate in a mental health treatment program as directed by his reviewing officer." (*Id*.) In imposing these and the other related release conditions, including assessment for alcohol and/or substance use and firearms prohibitions, the Court considered the Defendant's conviction, his pending retrial, and information gathered in the presentence report as to his mental, physical, and financial health. All of these matters had substantially changed from his pre-trial release status.

Third, generally, the Court "will ordinarily deny a motion for consideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *See* LRCiv 7.2. Nothing in the Defendant's Motion reaches this threshold. Rather, he states that "[h]ad counsel understood that the Court intended to deprive Mr. Lacey of the ability to leave his home . . . he would have, at the very least, made a record about why that condition has no support in the record." (Doc. 2270 at 6). But whether Mr. Lacey's bail conditions were to include home detention was an issue that was clearly before the Court. It was raised both in the pleadings filed prior to Defendant Lacey's release hearing, and then

---

[1] The Court also orally stated that it "should have some clarity in terms of what the properties are that are listed as part of his bond agreement." The Court reiterates that the Defendant shall provide the Court with the addresses of these two properties.

discussed at length during the release hearing.

Nothing in Defendant Lacey's Motion provides this Court with reason to reconsider its prior Order. Accordingly,

**IT IS ORDERED denying** Defendant Lacey's Motion for Reconsideration (Doc. 2270).

**IT IS FURTHER ORDERED** that within seven (7) days of this Order, Defendant Lacey is to file under seal, the addresses of the two properties that are listed as part of his 2018 pre-trial bond agreement.

Dated this 3rd day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge