**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Michael Lacey,

Defendant.

No. CR-18-00422-001-PHX-DJH

**ORDER**

Defendant Michael Lacey filed a Motion to Modify Bail (Doc. 2405). Defendant asks the Court to modify his bail to allow him to sell his real property located at XXXX Union Street #700, San Francisco, CA, 94109 ("Union Street") and use the proceeds to "cover outstanding costs related to that property that he has been unable to pay." The subject property is currently posted as a surety for his pretrial release. The Government filed a Response in opposition. (Doc. 2407). The Court did not authorize a reply (Doc. 2406), and none was filed. For the reasons stated herein, the Court will deny the Defendant's Motion.

Originally arrested in April 2018, the Defendant was released on $1,000,000.00 bail. Two of his properties, the Union Street residence, and Defendant's primary residence in Paradise Valley, Arizona, were also held as property bonds. (Docs. 65, 67). Today, the Defendant is on post-trial release after having been convicted by a jury of International Concealment Money Laundering (18 U.S.C. § 1956(a)(2)(B)(i)). The Court adjudicated

him guilty on August 29, 2024. (Doc. 2174).[1] The Court sentenced the Defendant to sixty months in custody and ordered him to pay a $3,000,000.00 fine. (*Id.*) The Court ordered the Defendant to self-surrender on September 11, 2024, and he did.

The Defendant filed an appeal of his conviction, which remains pending. (*See* Appeal No. 24-5376). In the Appellate Court, he then filed a Motion for Bail Pending Appeal. (*See id*. at Docket Entry No. 15). On November 21, 2024, the Ninth Circuit Court of Appeals granted the Defendant's Motion and remanded his case to this Court "for the limited purpose of establishing appropriate conditions of release." (*Id.*) In response, the Court then ordered the Defendant to be placed on home confinement and affirmed all other conditions of his pretrial release, including maintaining the Union Street property bond as a surety (Doc. 2176).

Defendant now asks the Court to release the Union Street property as a surety on the grounds that including it "is not necessary to reasonably assure his appearance, as required by 18 U.S.C. § 3142(c)(1(B)." (Doc. 2405 at 3). He says the Union Street property is causing him financial hardship due to the large homeowner's association fees and tax payments, which total over $400,000.00 to date. (*Id.*) He would like to sell the property and use the proceeds to pay off this debt.[2] (*Id.*)

The Court, however, does not have jurisdiction over Defendant's request. Given Defendant's pending appeal, this Court has been generally divested of its jurisdiction to modify any part of the Defendant's case. *See Griggs v. Provident Consumer Dis. Co*. 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divest the district court of its control over those aspects of the case involved in the appeal."). While Federal Rule of Criminal Procedure 38(c) permits a court to "*stay* a sentence" pending appeal, nothing in the rule permits a district court to otherwise change other conditions of release pending appeal. The Government assumes that the Court retains the authority to modify

[1] The Defendant waived his Speedy Trial Act rights as to the pending federal law violations alleged in the superseding Indictment (Doc. 230) for which no verdict was returned.

[2] The Motion says nothing about how he will distribute the excess proceeds from any sale.

Defendant's conditions under 18 U.S.C. § 3142(c)(3) which states that a court "may at any time amend the order to impose additional or different conditions of release." But Section 3142 addresses "Release or detention of a defendant *pending trial*," not pending appeal. *Id*. (emphasis added). The Ninth Circuit reinvested the Court with limited jurisdiction after granting Defendant's Motion for Bail Pending Appeal to specify release conditions, not decide whether subsequent modifications were warranted. Moreover, the Union Street property was arguably maintained with "proceeds from Backpage revenue" that may have been intertwined with proceeds Defendant was found guilty of laundering internationally. (Doc. 2407 at 2). Thus, the Union Street property that the Defendant seeks to sell is arguably related to the conviction he has appealed. (Doc. 2405 at 1:26). Absent instruction from the Ninth Circuit, the Court will not affect any aspect of the case that may be involved in Defendant's appeal. Accordingly, having been divested of its jurisdiction to consider the Motion, it will be denied.

**IT IS ORDERED** denying Defendant's Motion to Modify Bail (Doc. 2405).

Dated this 1st day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge