Lee Stein (AZ Bar No. 012368)
lee@mscclaw.com
Anne Chapman (AZ Bar No. 025965)
anne@mscclaw.com
Karen Smith (AZ Bar No. 033494)
karen@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
2600 North Central Avenue, Suite 1000
Phoenix, AZ 85004
Telephone: (602) 358-0290

Eric McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
eparis@mauricewutscher.com
MAURICE WUTSCHER LLP
50 Fountain Plaza, Suite 1400
Buffalo, NY 14202
Telephone: (716) 261-4703

*Attorneys for Michael Lacey*

MITCHELL STEIN CAREY CHAPMAN PC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>Defendants. | 2:18-cr-00422-PHX-DJH<br><br>**REPLY TO UNITED STATES' RESPONSE TO MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant Michael Lacey, through undersigned counsel, respectfully submits this reply to the United States' response (Doc. 2412) to his motion to modify conditions of release (Doc. 2410), requesting that this Court modify his release conditions by removing the conditions of home detention and curfew and permitting him to travel to

and reside at his California residence.[1] As explained in Mr. Lacey's motion, the current conditions, which include home detention, curfew, and restrictions on travel, are not the least restrictive conditions necessary to ensure Mr. Lacey's appearance at future proceedings or to protect public safety, and thus modification is warranted under the standards of 18 U.S.C. §§ 3143(b)(1) and 3142(c)(1)(B), (c)(3).

Mr. Lacey has an exemplary record of compliance with conditions of release—pre-trial, post-verdict, and during the two years that his appeal has been pending before the Ninth Circuit. Notably, his pretrial services officer does not oppose his request. Nevertheless, the government asks this Court to ignore these compelling facts and deny the motion in its entirety because Mr. Lacey has not, in the government's view, demonstrated a "change in circumstances" sufficient to warrant a modification to his conditions of release. (Doc. 2412 at 4–5.) The Ninth Circuit has never held that a defendant must first establish a change in circumstances before a court may consider a request to modify his conditions of release. *See, e.g., United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir. 1979) (holding that the Bail Reform Act provides a "broad grant of discretionary power to change terms of release" and that "most questions that arise in connection with a defendant's bail" "should resolve in favor of release"). The text of the statute contains no such requirement but instead orders that a judicial officer "may at any time amend" the "conditions of release." 18 U.S.C. § 3142(c)(3). Further, the statute demands that the Court "shall" impose the "least restrictive" conditions necessary to "reasonably assure" the defendant's appearance and the community's safety. 18 U.S.C.

[1] Mr. Lacey also filed a motion (Doc. 2409) asking the Court to reconsider its order (Doc. 2408) denying his motion to modify bail (Doc. 2405). The Court ordered the United States to file a combined response to Mr. Lacey's motion for reconsideration and his motion to modify release conditions (Doc. 2411), which it did. Because replies may not be filed in support of a motion for reconsideration without express permission of the Court, *see* L.R.Civ. 7.2(g)(2), this reply only addresses Mr. Lacey's motion to modify release conditions.

§ 3142(c)(1)(B);[2] *see also United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) ("Release pending trial is governed by the Bail Reform Act . . . which . . . mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required."); *United States v. Zucker*, 2015 WL 10381701 at *2 (E.D. Wash. July 24, 2015) (applying the 'least restrictive" conditions language of 18 U.S.C. § 3142(c) in granting a motion to modify conditions of release after granting motion for release pending appeal under 18 U.S.C. § 3143(b)(1)); *United States v. Smith*, No. CR-12-1298-PHX-GMS, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012) ("A district court has the authority to approve the modification of pretrial release conditions mindful of the factors set forth in 18 U.S.C. 3142(g) that such conditions would reasonably assure a defendant's appearance at trial and the safety of the community.") (citing 18 U.S.C. § 3142(c)(3)); *Id.* at *5 ("[A] judicial officer must impose 'the *least restrictive . . . condition*, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required . . . .'" (quoting 18 U.S.C. § 3142(c)(1)(B); emphasis in original).

The United States cites two district court cases from the District of Nevada in support of the proposition that "there must be a showing of new information not known or offered at a prior hearing to justify a change in conditions." (Doc. 2412 at 4–5.) These cases essentially treat motions to modify release conditions under 18 U.S.C. § 3142(c)(3) as motions to reopen detention hearings pursuant to 18 U.S.C. § 3142(f), which requires a showing that "information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue of whether there are

---

[2] As explained in Mr. Lacey's motion to modify, because the Ninth Circuit has already found that Mr. Lacey satisfied the factors set out in 18 U.S.C. § 3143(b)(1)(A), (B)(i)–(iv) in granting his motion for release pending appeal, this Court must determine the appropriate conditions for release "in accordance with the provisions of 18 U.S.C. § 3142(c)." *United States v. Handy*, 761 F.2d 1279, 1284 (9th Cir. 1985); *see also* 18 U.S.C. § 3143(b)(1) (once the findings are made, the court "shall order the release of the person in accordance with section 3142(b) or (c)").

conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See, e.g., United States v. Ebonka*, 733 F.Supp.3d 967, 969 (D. Nev. 2024). While many district courts have adopted this view, *see, e.g.,United States v. Gay*, No. 4:20-CR-40026-JES-JEH, 2020 WL 5983880, at *2 (C.D. Ill. Oct. 7, 2020) (collecting cases), no United States Circuit Court of Appeals has held that a threshold showing of changed circumstances is required when considering a motion to modify under 18 U.S.C. § 3142(c)(3). Because 18 U.S.C. § 3142(c)(3) does not explicitly require a showing of changed circumstances, and the Ninth Circuit has not held otherwise, the Court should not adopt the United States' suggestion to import this requirement of § 3142(f) into Mr. Lacey's request.

In contrast to the authorities cited by the government, other district courts have found that a motion for modification of release conditions is appropriate—without requiring a showing of changed circumstances—where the defendant has demonstrated that the current conditions are not "the *least restrictive* conditions that will *reasonably assure* the defendant's appearance." *United States v. Hutchins*, 298 F.Supp.3d 1205, 1207–08 (E.D. Wisc. 2017) (emphasis in original). Both 18 U.S.C. § 1342(f) and (g) apply to situations in which a court is considering "*whether* there are conditions of release that will reasonably assure the appearance of the person as required, not what those conditions ought to be." *Id.* at 1207 (internal quotation marks omitted). In *Hutchins*, the court explained that once a court concludes that detention is not necessary (as the Ninth Circuit has done here) the court must conduct a "more precise assessment" pursuant to 18 U.S.C. § 3142(c)—not 18 U.S.C. §§ 3142(f) or (g)—of why more restrictive conditions may or may not be necessary. *Id.* at 1208. In granting the defendant's motion to modify conditions, the court held that:

> When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens. Put differently, if the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the defendant's appearance, then consistent compliance with

> existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice.

*Id.* (internal citations omitted). *But see Ebonka*, 733 F.Supp.3d at 970 ("The fact that defendant has complied with his conditions of release is what allows him to remain out of custody and is not new information that has a material bearing on his conditions to reopen the detention hearing.").

Similarly, in *United States v. Virgen-Mendoza*, the district court modified the conditions of release *pending appeal* to remove the condition of location monitoring, because it was not the least restrictive condition that would assure the defendant's appearance at future court proceedings. No. 1:19-CR-00015-ADA-BAM, 2023 WL 2058882, at *3 (E.D. Cal. Feb. 16, 2023). The court explicitly rejected the government's argument "that compliance with release conditions is not enough to warrant modification of release conditions," instead holding that "Defendant's continuous compliance with the release conditions for the past four years supports a change in conditions." *Id.* at *3–*4. *See also United States v. Lee*, No. 4:24-CR-06018-MKD-4, 2025 WL 2375295, at *1 (E.D. Wash. Aug. 14, 2025) (granting defendant's renewed motion to modify pretrial release conditions to remove GPS monitoring after "be[ing] on pretrial release for over one year without facing allegations of violating conditions"). As explained in Mr. Lacey's motion, his exemplary compliance with his conditions of release over the past eight years demonstrates that he is not a flight risk and can be trusted to both travel and appear for court proceedings without the current restrictive conditions.

Even if a showing of changed circumstances were required, Mr. Lacey can make that showing here: since the December 2024 hearing, Mr. Lacey has paid the $3 million fine imposed as part of his sentence, which will be held by the District Court's Registry pending resolution of the merits of his appeal.

The government's claim that Mr. Lacey's request would result in a "substantial erosion of the Court's and Pretrial Services' ability to supervise the release" (Doc. 2412 at 4) is contradicted by the fact that Mr. Lacey's supervising Pretrial Services officer

*does not oppose this request*. (Doc. 2410 at 2.) Thus, Pretrial Services does not share the United States' view that it would be "hamstrung to effectively supervise him" (Doc. 2412 at 5) if Mr. Lacey's motion were granted.

Courts have granted motions to modify release conditions to remove home detention, travel restrictions, and/or location monitoring under similar circumstances. In *United States v. Zucker*, the court granted the defendant's motion to modify conditions of release *pending appeal*, finding "in light of Mr. Zucker's past compliance with his conditions of release, his family ties, and combination of conditions that are presently applicable to his release—that curfew and out-of-state travel restrictions are no longer necessary to assure Mr. Zucker's appearance and the safety of the community." 2015 WL 10381701, at *2. Similarly, in *United States v. Brock*, the court modified release conditions to eliminate home detention and location monitoring and allow travel within the Northern District of Texas without prior approval and refused the government's request to impose a curfew, finding that the government had failed to demonstrate that the defendant was a flight risk or that the strict conditions were necessary to protect the safety of the community, noting that the defendant had fully complied with release conditions to date and that his supervising officer did not believe the conditions were necessary. *United States v. Brock*, No. CR 21-140 (JDB), 2021 WL 3616892, at *3–4 (D.D.C. Aug. 16, 2021). And, as described above, in *Hutchins* the court found it was appropriate to modify the defendant's conditions of release to remove location monitoring and curfew where the government failed to demonstrate that defendant was a flight risk in light of the defendant's previous travel within the United States without attempt to flee and Pretrial Services' support of the elimination of the strict conditions. 298 F.Supp.3d at 1209–10. Mr. Lacey's situation is indistinguishable from these cases. He has demonstrated that home confinement, a curfew, and the current restrictions on his travel are not the "least restrictive" conditions required to ensure his appearance or the community's safety, and thus they should be removed pursuant to 18 U.S.C. § 3142(c).

Moreover, as the Ninth Circuit stated, "[this Court] found, and the government does not dispute, that Lacey is not likely to flee or to pose a danger to the safety of any other person or the community if released." (Doc. 2254 at 3.) Under these circumstances, it is difficult to see how the current conditions—including a curfew and home detention that effectively amount to punishment—could be seen as the "least restrictive" to ensure Mr. Lacey's appearance or the safety of the community as required by 18 U.S.C. § 3142(c). *See Hutchins*, 298 F.Supp.3d at 1206 (noting that court previously declined to impose home confinement as a condition of release because it is "essentially punitive").

Accordingly, Mr. Lacey respectfully requests that this Court grant his motion (Doc. 2410) to modify his conditions of release.

RESPECTFULLY SUBMITTED on October 8, 2026.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By: *\/s/ Karen Smith*

Lee Stein
Anne Champan
Karen Smith

MAURICE WUTSCHER LLP

Erin McCampbell Paris

*Attorneys for Michael Lacey*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and copy of the transmittal to the following ECF registrant:

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
KEVIN M. RAPP
JOSEPH BOZDECH
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Attorneys for Plaintiff

*/s/ G. Armstrong*